# EXHIBIT 4



## Conselho Nacional de Justiça

Autos: **PROCEDIMENTO DE CONTROLE ADMINISTRATIVO - 0005439-16.2023.2.00.0000**
Requerente: **CLAUDIO ANTONIO COSER**
Requerido: **JUÍZO DA VARA ÚNICA DA COMARCA DE FLÓRIDA PAULISTA - SP**

### DECISÃO

1. Trata-se de Procedimento de Controle Administrativo (PCA), com pedido liminar, apresentado por CLÁUDIO ANTONIO COSER em que noticia inúmeras irregularidades no Processo n.º 1064319-92.2016.8.26.0100, em trâmite na Vara Única da Comarca de Flórida Paulista/SP.

Pelo id 5297444 o Relator Substituto Conselheiro João Paulo Schoucair determinou a remessa deste procedimento a Corregedoria Nacional de Justiça para análise quanto à competência para instruir o presente feito, conforme disposto no art. 8º, inciso I, do Regimento Interno do Conselho Nacional de Justiça.

Recebidos os autos, esta Corregedoria Nacional de Justiça entendeu que os fatos veiculados autorizam a sua atuação de modo a apurar a conduta dos Magistrados mencionados, ante a necessidade de se perquirir, na esfera administrativa, se os eventos narrados por Claudio Antonio Coser, peticionante no PCA nº 0005439-16.2023.2.00.0000, constitui conduta a macular o previsto na Constituição Federal, na LOMAN e no regramento traçado pelo Conselho Nacional de Justiça.

Diante disso, foi instaurada a Reclamação Disciplinar nº 0007075-17.2023.2.00.0000 em desfavor dos Magistrados JÉSSICA DE PAULO COSTA MARCELINO, RUTH DUARTE MENEGATTI e RODRIGO ANTONIO MENEGATTI, constando a seguinte da decisão do id 5343791:

> **DECISÃO**
> **1.** Os autos do Procedimento de Controle Administrativo (PCA) nº 0005439-16.2023.2.00.0000, de relatoria do Conselheiro João Paulo Schoucair, foram encaminhados à Corregedoria Nacional de Justiça para o exame de questões relacionadas à competência para instrução do feito, nos termos do artigo 8º, I, do Regimento Interno do Conselho Nacional de Justiça (despacho proferido no Id. 5297444 do referido PCA).
> O referido Procedimento de Controle Administrativo foi apresentado por Claudio Antonio Coser, em que aponta fatos que considera atinentes a inúmeras ilegalidades no Processo n.º 1064319-92.2016.8.26.0100, em curso na Vara Única da Comarca de Flórida Paulista/SP.
> Narra o requerente que, após a elaboração da lista de credores e decorrido o prazo para impugnação, instaurou-se incidente sigiloso n.º 1002059-

1


Assinado eletronicamente por: LUIS FELIPE SALOMAO - 30/12/2023 07:18:31, LUIS FELIPE SALOMAO - 30/12/2023 07:20:28
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23123007202763900000004883273
Número do documento: 23123007202763900000004883273

Num. 5370164 - Pág. 1



**Conselho Nacional de Justiça**

64.2020.8.26.0673, sem que fosse oportunizado aos credores o acesso ao feito e com a contratação do escritório Duarte Forssell Advogados que, em conluio com os administradores judiciais – e com a suposta conivência do Juízo – foram cometidas várias ilegalidades.

Menciona que, a partir de um incidente sigiloso, ao qual não teve acesso, seu crédito foi reclassificado de quirografário para subordinado, de ofício, sem justificativa e fora do prazo legal.

Aduz que, com base nos elementos colhidos no mencionado procedimento – que sequer teve acesso – tornou-se réu em um incidente de desconsideração da personalidade jurídica, cuja decisão antecipada da lide resultou na extensão dos efeitos da falência em seu desfavor.

Destaca que que essas irregularidades também ocorreram em outros processos de falência que tramitam no Tribunal de Justiça do Estado de São Paulo (TJSP), e que há indícios de que administradores judiciais, de forma clandestina, contratam escritórios de advocacia, com recebimento de 30% dos ativos, à título de honorários, para investigar supostos desvios e realizar inúmeras ilegalidades em incidentes sigilosos, dos quais os credores não são partes e não têm acesso. Explica o peticionante:

> (...)
> 13. Administradores judiciais têm agido em conluio – isso quando não em verdadeira sociedade oculta – com "prestadores de serviço" que avocam para si o rótulo de investigadores de ativos desviados, ludibriando magistrados e os induzindo a erros que, em situações normais, não cometeriam. Tempos estranhos, como costumava dizer o Min. Marco Aurélio Mello em alusão às atuais barbaridades judiciárias.
> 14. Sob o pretexto de recuperar recursos para as massas falidas, esses profissionais são contratados de forma clandestina, em incidentes sigilosos dos quais os credores não são parte e não têm conhecimento, no formato de contratação por sucesso. Isto é, eles ficam com uma fatia enorme a título de honorários, superando, inclusive, o limite legal da remuneração do próprio administrador judicial (LFR, art. 24, §1º5), fixado em no máximo 5% (cinco por cento) do valor das dívidas. Os prestadores de serviços acabam se tornando os maiores credores da massa falida, uma vez que normalmente a verba de sucesso é de 30% dos ativos identificados.
> 15. Tal modalidade de contratação, em vez de fomentar uma busca séria por ativos, incentiva a criação de estórias pelo investigador. O prestador de serviço não investiga desvios; ele busca alguém que se relacionava com a falida e tenha recursos e bens passíveis de expropriação. Identificada essa pessoa, ele "marca um X em suas costas" e fabrica um enredo que permita responsabilizá-la. Este é o modus operandi.
> 16. E para conferir ares de bom direito às teses criadas pelos investigadores, os administradores judiciais, **que gozam da confiança dos juízes**, iniciam **incidentes processuais sigilosos** pedindo a quebra

2





**Conselho Nacional de Justiça**

> dos sigilos bancários e fiscais das vítimas, as quais não participam ou sequer têm conhecimento desses expedientes.
> 17. A partir desses incidentes clandestinos, coleta-se um ou outro documento que pode se encaixar na ficção montada pelo investigador para "embasá-la" (e aqui com todas as aspas). Então são instaurados incidentes de desconsideração da personalidade jurídica – muitas vezes de modo separado, "a conta gotas", para ir testando o Poder Judiciário e os magistrados que conduzem os casos e as vítimas e seus respectivos patrimônios.
> 18. Veja: não são ajuizadas ações revocatórias ou propostas demandas de responsabilização previstas na LRF. Nunca são iniciadas ações de conhecimento autônomas. As discussões se dão no âmbito de um mero incidente. Isso não apenas para evitar o risco de sucumbência, mas, também, por se saber que é comum, ao arrepio da lei, não se produzir prova exauriente no âmbito de IDPJs.
> 19. A vítima, então, é surpreendida com liminares de arresto oriundas desses IDPJs, os quais, repita-se, foram construídos a partir de provas recortadas de expedientes sigilosos, aos quais as vítimas custam a ter acesso ou, como no caso de Cláudio, que até hoje não teve acesso. Ou seja, gravíssimas violações das regras e garantias mais básicas do devido processo legal.
> (...)
> (Id. 5264146 do PCA nº 0005439-16.2023.2.00.0000, fls. 4-5/ sublinhamos)

Afirma ser preocupante o fato de o Juízo da Comarca de Flórida Paulista/SP e o Administrador Judicial serem coniventes com as práticas que relata, e desejarem preservar o sigilo das investigações.

Consigna haver indicativos de parceria entre Gustavo Sauer, antigo administrador judicial, e Henrique Forssell, sócio fundador e proprietário do escritório Forsell Advogados. Enfatiza que "(...) O Dr. Gustavo Sauer não estava preocupado em preservar os bens das Massas Falidas. Ele queria, apenas e tão somente, colocar seu parceiro, Dr. Forssell, dentro do processo para executar os expedientes ilegais que tem adotado contra terceiros de boa-fé nessa falência, auferindo, consequentemente, polpuda remuneração." (Id. 5264146 do PCA nº 0005439-16.2023.2.00.0000, fl. 9).

Afirma que a magistrada Marina Degani Maluf, provida ao cargo de Juíza de Direito da Vara da Comarca de Flórida Paulista/SP, em nada contribuiu ou nunca participou de quaisquer dos eventos narrados, não podendo se afirmar o mesmo sobre os antigos magistrados.

E continua:

> (...)
> 84. Atualmente, deve se destacar que recentemente foi provida ao cargo de Juíza de Direito da Vara da Comarca de Flórida Paulista a Excelentíssima Senhora Doutora Marina Degani Maluf. A nova Magistrada em nada contribuiu ou nunca participou de quaisquer um dos eventos que

3


Assinado eletronicamente por: LUIS FELIPE SALOMAO - 30/12/2023 07:18:31, LUIS FELIPE SALOMAO - 30/12/2023 07:20:28
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23123007202763900000004883273
Número do documento: 23123007202763900000004883273

Num. 5370164 - Pág. 3



**Conselho Nacional de Justiça**

aqui narrados. Todas as interações com a Exma. Juíza e os serventuários do cartório, desde seu provimento, foram realizados em estrita observância às prerrogativas dos advogados e em respeito às garantias constitucionais dos jurisdicionados.
85. Contudo, o mesmo não se pode afirmar sobre os antigos magistrados. Evidentemente, tudo o quanto reportado acima ocorreu sob as asas dos antigos magistrados designados ao MM. Juízo de Flórida Paulista. Um Juízo que tudo viu, tudo assistiu e, estranhamente, nada fez.
86. Mais que isso, que contribuiu para esses malfeitos.
87. Como dito acima, de credor quirografário, Cláudio se tornou credor subordinado e réu em um IDPJ, lastreado em uma investigação secreta, em ofensa ao devido processo legal e aos princípios da ampla defesa, em que houve, dentre outras coisas, a quebra dos sigilos bancário e fiscal de Claudio.
88. Ao longo do IDPJ Cláudio buscou ter acesso aos termos do referido incidente secreto. Isso foi negado pelo Juízo de Flórida Paulista. Também foi negado a Cláudio o direito de uma fase probatória, com a coleta de prova oral e pericial.
89. Na sentença proferida no IDPJ, que não apenas responsabilizou Cláudio pelo passivo falimentar, mas a ele estendeu os efeitos da falência, aduziu o MM. Juízo de Flórida Paulista que Claudio teria acesso ao incidente secreto em momento posterior, em contraditório diferido:
(...)
90. Ou seja, Cláudio teria acesso ao fundamento do IDPJ após tal incidente já ter sido decidido, sendo Cláudio, a partir daquele dia, um empresário falido. Algo surreal, para se dizer o mínimo.
91. Portanto, não apenas Forssell Advogados e Expertisemais não queriam dar acesso ao tal incidente secreto. O MM. Juízo de Flórida Paulista, conduzido à época Excelentíssimo Senhor Doutor Juiz de Direito Rodrigo Antônio Menegatti e pela Excelentíssima Senhora Doutora Juíza de Direito Ruth Duarte Menegatti – que se alternavam na condução do caso – também não, proferindo uma decisão teratológica, criando um contraditório diferido em um processo já julgado.
92. Após o IDPJ de Cláudio, sabe-se que outro sem número de incidentes do mesmo jaez foram a conta gostas ajuizados, em todos sido deferidas medidas cautelares de arresto, sempre sem a realização do contraditório e sem acesso ao tal incidente secreto, o que poderá ser apurado por esse C. CNJ, dado o segredo de justiça existente em cada um desses incidentes.
93. Portanto, vê-se que houve uma situação no Juízo de Flórida Paulista, repetindo condutas ocorridas em outros Juízos e processos falimentares, que nitidamente reclamam a intervenção do C. CNJ, a fim de que o modus operandi em questão seja percebido, avaliado e extirpado.
(...)

4


Assinado eletronicamente por: LUIS FELIPE SALOMAO - 30/12/2023 07:18:31, LUIS FELIPE SALOMAO - 30/12/2023 07:20:28
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23123007202763900000004883273
Número do documento: 23123007202763900000004883273

Num. 5370164 - Pág. 4



**Conselho Nacional de Justiça**

(Id. 5264146 do PCA nº 0005439-16.2023.2.00.0000, fls. 23-25/ sublinhamos)

Requer, ao final, que sejam prestadas informações por cada um dos magistrados indicados em sua petição inicial, sob os seguintes aspectos individualizados segundo sua atuação nos processos falimentares e de recuperação judicial mencionados:

(i) Notificar a Excelentíssima Senhora Doutora Marina Degani Maluf a prestar informações **(a)** sobre o atual andamento dos processos nº. 1064319- 92.2016.8.26.0100 (processo falimentar), nº 1001162- 02.2021.8.26.0673 (IDPJ instaurado contra Claudio), nº 1002059- 64.2020.8.26.0673; e **(b)** se existem outros incidentes instaurados em razão da atuação de Forsell Advogados – públicos, em segredo de justiça ou secretos (aos quais as partes investigadas não têm ciência).

(ii) Notificar a Excelentíssima Senhora Doutora Juíza Jéssica de Paula Costa Marcelino, a Excelentíssima Senhora Doutora Juíza de Direito Ruth Duarte Menegatti e o Excelentíssimo Senhor Doutor Juiz de Direito Rodrigo Antônio Menegatti para prestar informações, dentre outras que este C. Conselho achar pertinente, sobre **(a)** a indicação do Dr. Gustavo Sauer para o cargo de administrador judicial; **(b)** a indicação e contratação do Forsell Advogados como auxiliar do Administrador Judicial; **(c)** se foi realizado certame ou foram procurados outros auxiliares que poderiam realizar as mesmas atividades que o Forsell Advogados; **(d)** a análise dos antecedentes e histórico de trabalhos do Forsell Advogados e seus membros **(e)** o motivo pelo qual foi autorizada a fixação de honorários do Forsell Advogados acima do máximo previsto no art. 24, § 1º da LRF; **(f)** a motivação pela substituição do Dr. Gustavo Sauer como Administrador Judicial pela Expertisemais; **(g)** por qual razão a Expertisemais, logo após assumir o cargo de Administradora Judicial em 2 de junho de 2021, não apresentou informação sobre o Forssell Advogados, tendo-o feito somente em 28 de junho de 203, ao juntar nos autos falimentares cópia do contrato celebrado com Forssell Advogados; **(h)** porque não foi dada a publicidade aos credores sobre a contratação do Forsell Advogados e qual a razão que isso só foi informado nos autos da falência quase 3 (três) anos após a formalização do contrato; e **(i)** a justificativa para que a ExpertiseMais, no dia 22 de setembro de 2022, antes mesmo de o IDPJ ajuizado contra Claudio (processo nº. 1001162- 02.2021.8.26.0673) ter sido julgado, ter espontaneamente alterado o crédito de Claudio de quirografário para subordinado.

(iii) Notificar o Dr. Gustavo Sauer e a Expertisemais sobre, dentre outras que este C. Conselho achar pertinente: **(a)** qual a natureza dos relacionamentos existentes com Forssell Advogados, Dr. Henrique Forssell ou demais membros do mencionado escritório, informando se há ou já houve no passado qualquer relação comercial, societária, familiar, afetiva e etc.; **(b)** quais foram os critérios para se elaborar a lista final de credores e

5




**Conselho Nacional de Justiça**

> quais os motivos para eventuais modificações realizadas na lista; **(c)** quais os critérios para contratação de auxiliares e fixação dos respectivos honorários; **(d)** se há alguma forma de remuneração pactuada entre os administradores judiciais, antigos e atuais, com o Forssell Advogados, seus sócios ou quaisquer pessoas a eles relacionados e **(e)** se têm conhecimento de quaisquer fatos que podem desabonar a conduta ou macular a reputação ilibada de Forssell Advogados ou seus membros, condição necessária para figurar como auxiliar nos processos de insolvência.

Pretende, ainda que seja realizada "diligência na Vara Única do Foro da Comarca de Flórida Paulista, Estado de São Paulo, nos termos dos art. 98 e seguintes do RI-CNJ, para que seja avaliado todo o processo falimentar n. 1064319- 92.2016.8.26.0100 e seus incidente", além da suspensão da eficácia do contrato celebrado com entre as massas falidas e Forssell Advogados," impedindo-se de tomar qualquer atitude em nome das massas falidas", e da apuração integral dos fatos, com a adoção das medidas cabíveis, notadamente:

> (i) rescindir a eficácia do contrato celebrado com entre as massas falidas e Forssell Advogados (**Doc. 4, novamente**), impedindo-se de tomar qualquer atitude em nome das massas falidas e revogação de todos os atos por ele praticados e a proibição de receber qualquer valor, devendo devolver eventuais quantias que tenha recebido, prestando contas às massas falidas
> (ii) remover a empresa Expertisemais como administradora judicial e determinar que a MM. Magistrada Titular da Vara Única de Florida Paulista nomeie alguém de sua confiança para o cargo;
> (...)
> (Id. 5264146 do PCA nº 0005439-16.2023.2.00.0000, fl. 30/ grifos no original)

**2**. Os fatos veiculados autorizam a atuação desta Corregedoria Nacional de Justiça, de modo a apurar a conduta dos magistrados mencionados.

Como será melhor detalhado ao longo desse procedimento, há necessidade de se perquirir, na esfera administrativa, se os eventos narrados por Claudio Antonio Coser, peticionante no PCA nº 0005439-16.2023.2.00.0000, constitui conduta a macular o previsto na Constituição Federal, na LOMAN e no regramento traçado pelo Conselho Nacional de Justiça. Analisando-se a petição inicial e despacho exarado no aludido procedimento de controle administrativo, depreende-se que, aparentemente, os magistrados requeridos podem não ter observado a cautela exigida em relação aos procedimentos levados a efeito nos incidentes sigilosos perpetrados, e em relação aos expedientes utilizados para a nomeação do administrador judicial e a contratação de empresas auxiliares.

**3**. Nestes termos, inobstante a linha tênue entre os atos de natureza jurisdicional e aqueles hábeis a consubstanciar condutas passíveis de apuração pela via administrativa, necessária a abertura de Reclamação Disciplinar, servindo a presente decisão como inicial, e tendo como Reclamante a Corregedoria


Assinado eletronicamente por: LUIS FELIPE SALOMAO - 30/12/2023 07:18:31, LUIS FELIPE SALOMAO - 30/12/2023 07:20:28
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23123007202763900000004883273
Número do documento: 23123007202763900000004883273

Num. 5370164 - Pág. 6



**Conselho Nacional de Justiça**

Nacional de Justiça e, como reclamados os magistrados Jéssica de Paula Costa Marcelina, Ruth Duarte Menegatti, e Rodrigo Antônio Menegatti, todos do Tribunal de Justiça do Estado de São Paulo.

Ressalto que, no que pertine à competência desta Corregedoria Nacional de Justiça, e na esteira do quanto consignado pelo i.relator do Procedimento de Controle Administrativo originário, estará circunscrita à apuração disciplinar correlata e aos atos necessários à sua efetivação, não abarcando providências relacionadas aos interesses individuais das partes, ou a objeto reservado aos procedimentos de controle administrativo.

**4.** Autue-se como Reclamação Disciplinar, com cadastro no PJe.

**5.** Após, DETERMINO a expedição de CARTA DE ORDEM, com prazo de 5 (cinco) dias, à Corregedoria Geral da Justiça do Estado de São Paulo, para que promova a intimação pessoal dos magistrados JÉSSICA DE PAULA COSTA MARCELINA, RUTH DUARTE MENEGATTI, e RODRIGO ANTÔNIO MENEGATTI, para, no prazo de 15 (quinze) dias, querendo, prestar informações (defesa prévia), nos termos do que dispõem os artigos 14, caput, da Resolução CNJ n. 135, de 13 de julho de 2011, e 70 do Regimento Interno do Conselho Nacional de Justiça.

**6.** Solicite-se, ainda, expedição de CARTA DE ORDEM, com prazo de 5 (cinco) dias, à Corregedoria Geral da Justiça do Estado de São Paulo, para que promova a intimação pessoal da magistrada MARINA DEGANI MALUF, em atuação na Comarca de Flórida Paulista/SP, para, no prazo de 15 (quinze) dias, prestar informações:

**a)** sobre o atual andamento dos processos nº 1064319-92.2016.8.26.0100 (processo falimentar), nº 1001162-02.2021.8.26.0673 (IDPJ instaurado contra Claudio), e nº 1002059-64.2020.8.26.0673; e

**b)** se existem outros incidentes instaurados em razão da atuação de Forsell Advogados – públicos, em segredo de justiça ou secretos.

**7.** <u>Encaminhe-se junto às cartas de ordem e às intimações pessoais mencionadas nos itens 5 e 6 desta decisão cópia integral do PCA nº 0005439-16.2023.2.00.0000</u>.

Vindo a resposta ou decorrido o prazo, retornem-me conclusos.

**8.** Sem prejuízo, certifique a Secretaria Processual a eventual existência de procedimentos em curso no Conselho Nacional de Justiça em face dos magistrados requeridos

Intimem-se.

Brasília, data registrada no sistema.
MINISTRO **LUIS FELIPE SALOMÃO**
Corregedor Nacional de Justiça

Com se verifica, restou ressaltado da decisão proferida na reclamação disciplinar que "no que pertine à competência desta Corregedoria Nacional de Justiça, e na esteira do quanto consignado pelo i. relator do Procedimento de Controle Administrativo originário, estará circunscrita à apuração disciplinar correlata e aos atos

7


Assinado eletronicamente por: LUIS FELIPE SALOMAO - 30/12/2023 07:18:31, LUIS FELIPE SALOMAO - 30/12/2023 07:20:28
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23123007202763900000004883273
Número do documento: 23123007202763900000004883273

Num. 5370164 - Pág. 7



**Conselho Nacional de Justiça**

necessários à sua efetivação, não abarcado providências relacionadas aos interesses individuais das partes, ou a objeto reservado aos procedimentos de controle administrativo".

Com base nesse entendimento, retornem os autos deste Procedimento de Controle Administrativo ao i. Relator Conselheiro João Paulo Schoucair, dando ciência da abertura da Reclamação Disciplinar n. 0007075-17.2023.2.00.0000, bem como para a tomada de providências que entender cabíveis, no que se refere ao objeto reservado aos procedimentos de controle administrativo.

Brasília, data registrada no sistema.

MINISTRO **LUIS FELIPE SALOMÃO**
Corregedor Nacional de Justiça

J12/F64

8


Assinado eletronicamente por: LUIS FELIPE SALOMAO - 30/12/2023 07:18:31, LUIS FELIPE SALOMAO - 30/12/2023 07:20:28
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23123007202763900000004883273
Número do documento: 23123007202763900000004883273

Num. 5370164 - Pág. 8



**Conselho Nacional de Justiça**

Autos: **PROCEDIMENTO DE CONTROLE ADMINISTRATIVO - 0005439-16.2023.2.00.0000**
Requerente: **CLAUDIO ANTONIO COSER**
Requerido: **JUÍZO DA VARA ÚNICA DA COMARCA DE FLÓRIDA PAULISTA - SP**

**CERTIDÃO**

Certifico, em cumprimento ao Despacho 1735825 SG do SEI 13868/2023, a juntada do Id 1735593 daquele expediente ao presente feito.
Brasília, 15 de dezembro de 2023.

**Secretaria Processual do Conselho Nacional de Justiça**

**Seção de Protocolo e Digitalização**



Assinado eletronicamente por: INALDO DO NASCIMENTO - 15/12/2023 12:32:53
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23121512364855300000004906772
Número do documento: 23121512364855300000004906772

Num. 5395926 - Pág. 1



# National Council of Justice

| | |
|---|---|
| Case Files: | **ADMINISTRATIVE CONTROL PROCEDURE - 0005439-16.2023.2.00.0000** |
| Plaintiff: | **CLAUDIO ANTONIO COSER** |
| Defendant: | **SOLE DISTRICT COURT OF THE JUDICIAL DISTRICT OF FLÓRIDA PAULISTA - SP [SÃO PAULO]** |

## RULING

1. This is an Administrative Control Procedure [*Procedimento de Controle Administrativo*, PCA], with a request for an injunction, submitted by CLÁUDIO ANTONIO COSER, which reports several irregularities in Case No. 1064319-92.2016.8.26.0100, currently being heard at the Sole District Court of the Judicial District of Flórida Paulista/SP.

Under ID 5297444, the Acting Rapporteur, Counselor João Paulo Schoucair, ordered this procedure to be submitted to the National Justice Department Comptroller for review with regard to the jurisdiction to hear this case, pursuant to Art. 8, item I, of the National Council of Justice By-Laws.

After receipt of the case files, this National Justice Department Comptroller took the view that the facts disclosed were grounds for it to act and investigate the conduct of the aforementioned Magistrates, in view of the need to ascertain, in the administrative sphere, whether the events described by Claudio Antonio Coser, the plaintiff in PCA No. 0005439-16.2023.2.00.0000, constitutes conduct in breach of the provisions of the Federal Constitution, as set forth in the Federal Constitution, the LOMAN (*Lei Orgânica da Magistratura Nacional* [Organic Law of the National Magistrature]) and the rules governing the National Council of Justice.

In light of the foregoing, Disciplinary Complaint No. 0007075-17.2023.2.00.0000 was filed against the Magistrates JÉSSICA DE PAULO COSTA MARCELINO, RUTH DUARTE MENEGATTI and RODRIGO ANTONIO MENEGATTI, with the ruling under ID 5343791 stating the following:

> **RULING**
> 1. The case files of Administrative Control Procedure (PCA) No. 0005439-16.2023.2.00.0000, for which the rapporteur was Counselor João Paulo Schoucair, were submitted to the National Justice Department Comptroller for analysis of issues related to the jurisdiction for hearing the case, pursuant to Article 8, I, of the National Council of Justice By-Laws (order issued in ID. 5297444 of the aforementioned PCA).
> The aforementioned Administrative Control Procedure was lodged by Claudio Antonio Coser, in which he raises facts that he considers related to numerous unlawful acts in Case

1



### National Council of Justice

No. 1064319-92.2016.8.26.0100, currently being heard at the Sole District Court of the Judicial District of Flórida Paulista/SP.

The plaintiff states that, after having prepared the list of creditors and with the expiry of the statute of limitations for any challenge, an under seal motion No. 1002059-64.2020.8.26.0673 was filed, without the creditors having been given the opportunity to access the case and with the procurement of the services of the Duarte Forssell Advogados law firm, which, in collusion with the judicial administrators - and with alleged connivance on the part of the Court - perpetrated several unlawful acts.

He states that, based on an under seal motion, to which he did not have access, his credit was reclassified ex officio from unsecured to subordinated, without any justification and outside the legal deadline.

He argues that, based on the evidence gathered in the aforementioned procedure – to which he did not even have access – he was made a defendant in a motion for piercing of the corporate veil, for which summary judgment resulted in the extension of the effects of bankruptcy against him.

He says that these irregularities also occurred in other bankruptcy proceedings that are currently being heard by the District Court of the State of São Paulo [*Tribunal de Justiça do Estado de São Paulo*, TJSP], and that there is evidence that the judicial administrators, in a clandestine manner, procure the services of law firms that receive 30% of the assets as legal fees, in order to investigate alleged deviations and undertake several unlawful acts in under seal motions, to which the creditors are not parties and do not have access. The plaintiff explains:

> (...)
>
> 13. The judicial administrators have colluded – when not in outright hidden partnership – with the "service providers" who call themselves investigators of diverted assets, deceiving magistrates and leading them into errors that they would not normally make. These are strange times indeed, as Justice Marco Aurélio Mello used to say, in reference to current judicial barbarities.
>
> 14. Under the pretext of recovering resources for the bankruptcy estates, the services of these professionals are procured in a clandestine manner, in under seal motions to which the creditors are not parties and of which they are not aware, in the using a contingency fee structure. That is, they receive a huge share of the pay-out by way of legal fees, even exceeding the legal limit for compensation stipulated for judicial administrators (LFR (*Lei de Responsabilidade Fiscal* [Fiscal Responsibility Law]), Art. 24, §1°5), which is set at a maximum of 5% (five percent) of the value of the debts. The service providers end up becoming the largest creditors of the debtor since contingency fees are usually 30% of the identified assets.
>
> 15. This method of procurement, rather than fostering a robust search for assets, encourages investigators to invent stories. Service providers do not investigate any deviations: they seek others who have some kind of relationship with the debtor and who have assets that can be expropriated. Once these people are identified, they "put an X on their backs" and come up with a plot in order to hold them accountable. This is the *modus operandi*.


Digitally signed by: LUIS FELIPE SALOMAO - 12/30/2023 7:18:31 a.m., LUIS FELIPE SALOMAO - 12/30/2023 7:20:28 a.m.
https://www.cnj.jus.br:443/pjecnj/Processo/ConsultaDocumento/listView.seam?x=23123007202763900000004883273
Document number: 23123007202763900000004883273

No. 5370164-Page 2



**National Council of Justice**

16. In order to provide an air of legality to the stories made up by the investigators, the judicial administrators, **who are trusted by the** judges**, initiate under seal procedural motions** requesting the lifting of bank and fiscal secrecy against the victims, who are not parties to or are even aware of these proceedings.

17. In these clandestine motions, the investigators cherry-pick one or another document to "support" the fiction they create (here with all possible quotation marks). Subsequently motions for piercing of the corporate veil are filed, often separately and always sparingly, in order to test the Judiciary and the magistrates who conduct the cases and the victims and their respective assets.

18. No revocation actions are filed, or any liability claims as set forth under the LRF. Autonomous discovery actions are never initiated. The discussions take place within the scope of a mere motion. This is not only to avoid the risk of incurring legal fees to be borne for loss of suit, but also because it is known to be common, contrary to the law, not to produce exhaustive evidence within the scope of IDPJs (*Incidentes de Desconsideração da Personalidade Jurídica* [Motions for Piercing of the Corporate Veil]).

19. The victim is then surprised by the seizure warrants originating from these IDPJs, which, it is worth repeating, are based on cherry-picked evidence from secret proceedings, to which the victims have little or no access or, as in the case of Cláudio, have had no access to this day. In other words, these are very serious violations of the most basic rules and guarantees of due legal process.

(...)

(ID 5264146 of PCA No. 0005439-16.2023.2.00.0000, pgs. 4-5/our emphasis) He states that the fact that the Court of the Judicial District of Flórida Paulista/SP and the Judicial Administrator are in cahoots with regard to the reported practices, along with their desire to preserve the secrecy of the investigations, is concerning.

He says there is evidence of a partnership between Gustavo Sauer, erstwhile judicial administrator, and Henrique Forssell, founding partner and owner of the Forsell Advogados law firm. He emphasizes that "(...) Dr. Gustavo Sauer was not concerned about preserving the assets of the Bankruptcy Estate. The only thing he desired was to include his partner, Dr. Forssell, in the proceedings in order to execute illegal proceedings he has filed against good-faith third parties to this bankruptcy, whilst consequently earning considerable compensation." (ID. 5264146 of PCA No. 0005439-16.2023.2.00.0000, pg. 9).

He states that magistrate Marina Degani Maluf, Judge of the District Court of the Judicial District of Flórida Paulista/SP, did not contribute to, or ever participate in, any of the events outlined herein, and he cannot categorically state that this was also the case with the former magistrates.

And he continues:

(...)

84. Currently, it should be noted that the position of Judge of the District Court of the Judicial District of Flórida Paulista was recently filled by The Honorable Marina Degani Maluf. The new Magistrate in no way contributed to, or ever participated in, any of the events set forth herein. All interactions with the Honorable Judge and

3





**National Council of Justice**

notary officials, since she took the position, have been in strict compliance with attorneys' prerogatives and in respect of the constitutional guarantees of the jurisdictional parties.

85. However, the same cannot be said for the erstwhile magistrates. Of course, all the facts reported above occurred under the oversight of the erstwhile magistrates assigned to the Honorable Court of Flórida Paulista. A Court that saw everything, heard everything but, strangely, did nothing.

86. Even more egregiously, it contributed to this misconduct.

87. As stated above, from being an unsecured creditor, Cláudio became a subordinated creditor and defendant in an IDPJ, grounded on a secret investigation, in violation of the due legal process and the principles of the fair hearing, which involved, among other things, the lifting of Claudio's banking and fiscal secrecy.

88. Throughout the IDPJ, Cláudio sought to gain access to the terms of the aforementioned secret motion; this was denied by the Court of Flórida Paulista, and Cláudio was also denied the right to an evidentiary stage, with the production of oral and expert evidence.

89. In the ruling handed down for the IDPJ, which not only held Cláudio liable for the bankruptcy liabilities, but also extended the effects of the bankruptcy to him, the Honorable Court of Flórida Paulista ruled that Claudio would have access to the secret motion at a later date, in deferred adversary proceedings:

(...)

90. In other words, Cláudio would have access to the grounds of the IDPJ after the motion had already been decided, and Cláudio, from that day onwards, was a bankrupt entrepreneur. Somewhat surreal, to say the least.

91. Therefore, it was not only the Forssell Advogados firm and the Expertisemais firm that did not want to allow access to the secret motion. The Court of Flórida Paulista, at the time presided over by the Honorable Judges Rodrigo Antônio Menegatti and Ruth Duarte Menegatti, who alternated in presiding over the case in question, also did not wish so, which is evident in their teratological ruling, creating deferred adversary proceedings in a case that had already been decided.

92. After the IDPJ involving Cláudio, numerous other incidents of the same nature were also filed little by little, and in all of them, provisional seizure remedies were granted, always without adversary proceedings and without access to the respective secret motion, which may be investigated by the CNJ (*Conselho Nacional da Justiça* [National Council of Justice]), given the *in camera* legal proceedings involving each of these motions.

93. Therefore, it is obvious that a situation occurred at the Flórida Paulista Court, repeating the conduct of other Courts and bankruptcy proceedings, which clearly required intervention by the CNJ, in order for the *modus operandi* in question to be investigated, evaluated and corrected.

(...)

4





## National Council of Justice

(ID 5264146 of PCA No. 0005439-16.2023.2.00.0000, pgs. 23-25/our emphasis)

Finally, he motions for individualized information to be provided by each of the magistrates indicated in this complaint, regarding the following aspects, according to their respective actions in the aforementioned bankruptcy and court-ordered restructuring proceedings:

(i) Notify the Right Honorable Marina Degani Maluf to provide information **(a)** on the current status of cases No. 1064319-92.2016.8.26.0100 (bankruptcy proceedings), No. 1001162-02.2021.8.26.0673 (IDPJ lodged against Claudio), No. 1002059-64.2020.8.26.0673; and **(b)** on any other motions filed by initiative of the Forsell Advogados law firm - either public, *in camera* legal proceedings or secret proceedings (of which the respective investigated parties are not aware).

(ii) Notify the Right Honorable Judge Jéssica de Paula Costa Marcelino, the Right Honorable Judge Ruth Duarte Menegatti and the Right Honorable Judge Rodrigo Antônio Menegatti to provide information, in addition to any other that this Council deems pertinent, on **(a)** the appointment of Dr. Gustavo Sauer to the position of Judicial Administrator; **(b)** the appointment and procurement of the Forsell Advogados law firm as assistant to the Judicial Administrator; **(c)** whether a selection process was conducted or other assistants were sought that could undertake the same activities as the Forsell Advogados law firm; **(d)** analysis of the background and work history of the Forsell Advogados law firm and its partners **(e)** the reason for authorization of the fees charged by the Forsell Advogados law firm, which were above the maximum stipulated under art. 24, §I of the LRF; **(f)** the grounds under which Dr. Gustavo Sauer was replaced as Judicial Administrator by the Expertisemais firm; **(g)** why the Expertisemais firm, shortly after assuming the position of Judicial Administrator on June 2, 2021, did not present any information on the Forssell Advogados law firm, only subsequently doing so on June 28, 203 [*sic*], when it included a copy of the agreement entered into with the Forssell Advogados law firm in the bankruptcy case files; **(h)** why the creditors were not advised with regard to the procurement of the Forsell Advogados law firm and why this information was only included in the bankruptcy case files almost 3 (three) years after the agreement had been formalized; and **(i)** the rationale for the ExpertiseMais firm spontaneously changing Claudio's credit status from unsecured to subordinated on September 22, 2022, even before the IDPJ was brought against Claudio (process No. 1001162-02.2021.8.26.0673).

(iii) Notify Dr. Gustavo Sauer and the Expertisemais firm to provide information on the following, among any other aspects this Council deems relevant: **(a)** the nature of their existing relationships with the Forssell Advogados law firm, Dr. Henrique Forssell or other partners of the aforementioned firm, stating whether there is or ever has been any business, corporate, family, personal, etc. relationship between them; **(b)** the criteria for producing the final list of creditors and the reasons for any

5





## National Council of Justice

    modifications made to the list; **(c)** the criteria for procuring assistants and establishing their respective fees; **(d)** whether there is any form of compensation agreed between the judicial administrators, current and former, and the Forssell Advogados law firm, its partners or any persons related to them; and **(e)** whether they are aware of any facts that may discredit the conduct or tarnish the good reputation of the Forssell Advogados law firm or its partners, a condition necessary for being made an assistant in insolvency proceedings.

He also motions for an "investigation of the Sole District Court of the Judicial District of Flórida Paulista, State of São Paulo, pursuant to Art. 98, and following articles, of the CNJ By-Laws, so that the entire bankruptcy process No. 1064319-92.2016.8.26.0100, and its motions, can be reviewed, in addition to suspension of the performance of the agreement entered into between the bankruptcy estates and the Forssell Advogados law firm, thus preventing it from taking any action on behalf of the bankruptcy estates," and the full investigation into the facts, with the adoption of appropriate measures, notably:

    (i) termination of the agreement entered into between the bankruptcy estates and the Forssell Advogados law firm **(Doc. 4, again),** preventing it from taking any action on behalf of the bankruptcy estates and reversing all acts undertaken by it and prohibiting it from receiving any amount and obliging it to return any amounts it has so far received in its services to the bankruptcy estates;

    (ii) remove the Expertisemais firm from the position of judicial administrator and determine that the current Magistrate of the Sole District Court of Flórida Paulista appoint someone she trusts to the position;

    (...)

    (ID 5264146 of PCA No. 0005439-16.2023.2.00.0000, pg. 30/our emphasis in the original)

2. The facts disclosed herein are grounds for intervention by the National Justice Department Comptroller, in order to ascertain the conduct of the aforementioned magistrates.

As will be explained in greater detail throughout this procedure, there is a need to investigate, in the administrative sphere, whether the events narrated by Claudio Antonio Coser, plaintiff in PCA No. 0005439-16.2023.2.00.0000, constitutes conduct that undermines the Federal Constitution, the LOMAN and the rules governing the National Council of Justice. Analyzing the complaint and order issued under the aforementioned administrative control procedure, it can be understood that, apparently, the magistrates in question may not have used the required caution with regard to the procedures implemented in the under seal motions brought, and with regard to the proceedings used for the appointment of the judicial administrator and the procurement of assistant firms.

3. Under these terms, regardless of the fine line between jurisdictional acts and those capable of representing conduct subject to investigation in the administrative sphere, a Disciplinary Complaint needs to be filed, with this ruling serving as a complaint, wherein the Plaintiff is the National Justice Department Comptroller and the Defendants are the magistrates Jéssica





**National Council of Justice**

de Paula Costa Marcelina, Ruth Duarte Menegatti and Rodrigo Antônio Menegatti, all of the District Court of the State of São Paulo.

I should emphasize that, with regard to the jurisdiction of the National Justice Department Comptroller, and in the context of what is concluded by the rapporteur in the original Administrative Control Procedure, it shall be restricted to the related disciplinary investigation and the acts necessary for its implementation, not including measures related to individual interests of the parties involved, or the purpose reserved for administrative control procedures.

**4**. To be notified as a Disciplinary Complaint, with registration as PJe (*Processo Judicial Eletrônico* [Electronic Court Proceedings]).

**5.** I DETERMINE the dispatch of a MANDATE, within five (5) days, to the National Justice Department Comptroller of the State of São Paulo, to personally subpoena the magistrates JÉSSICA DE PAULA COSTA MARCELINA, RUTH DUARTE MENEGATTI, and RODRIGO ANTÔNIO MENEGATTI, to, within fifteen (15) days, should they so desire, provide information (preliminary statement), pursuant to Articles 14, introductory paragraph, of CNJ Resolution No. 135, dated July 13, 2011, and 70 of the National Council of Justice By-Laws.

6. A request is also made for a MANDATE, valid for a period of 5 (five) days, to be issued to the National Justice Department Comptroller of the State of São Paulo, in order to personally subpoena magistrate MARINA DEGANI MALUF, presiding over the Judicial District of Flórida Paulista/SP, to provide, within 15 (fifteen) days, information:

**a)** on the current status of cases No. 1064319- 92.2016.8.26.0100 (bankruptcy proceedings), No. 1001162-02.2021.8.26.0673 (IDPJ filed against Claudio), and No. 1002059-64.2020.8.26.0673; and

**b)** whether any other motions have been brought due to the action of the Forsell Advogados law firm - either public, *in camera* legal proceedings or secret proceedings.

**7.** A full copy of PCA No. 0005439-16.2023.2.00.0000 is to be sent with the mandates and personal subpoenas mentioned in items 5 and 6 of this ruling.

After a response is received or the deadline has passed, I will take the case files under advisement.

8. Without derogating from the foregoing, the Procedural Department is to ascertain the possible existence of ongoing proceedings with the National Council of Justice against the defendant magistrates.

Notify all parties.

Brasília, date recorded in the system.

JUSTICE **LUIS FELIPE SALOMÃO**

National Justice Department Comptroller

As observed, it was emphasized in the ruling handed down in the disciplinary complaint that "with regard to the jurisdiction of the National Justice Department Comptroller, and in the context of what is concluded by the rapporteur in the original Administrative Control Procedure, the related disciplinary investigation is restricted to the acts necessary for its implementation, not including measures

7





### National Council of Justice

related to individual interests of the parties involved, or the purpose reserved for administrative control procedures."

Based on this understanding, the case files of this Administrative Control Procedure have been returned to the Rapporteur, João Paulo Schoucair, with notification of the opening of Disciplinary Complaint No. 0007075-17.2023.2.00.0000, as well as for any measures he deems appropriate, with regard to the purpose reserved for administrative control procedures.

Brasília, date recorded in the system.

### JUSTICE **LUIS FELIPE SALOMÃO**

National Justice Department Comptroller

J12/F64

8





**National Council of Justice**

Case Files: **ADMINISTRATIVE CONTROL PROCEDURE - 0005439-16.2023.2.00.0000**
Plaintiff: **CLAUDIO ANTONIO COSER**
Defendant: **SOLE DISTRICT COURT OF THE JUDICIAL DISTRICT OF FLÓRIDA PAULISTA - SP**

**CERTIFICATE**

I hereby certify, in compliance with Order 1735825 SG (*Sistema de Gestão* [Management System]) of the SEI (*Sistema Eletrônico de Informações* [Digital Information System]) 13868/2023, the inclusion of ID 1735593 of that file in this case.

Brasília, December 15, 2023.

**Procedural Department of the National Council of Justice**

**Registration and Scanning Section**



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**2123-12-15 Decision_National Board of Justice**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Jacqueline Yorke

Sworn to before me this
February 2, 2024

_____
Signature, Notary Public

```
WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27
```

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE