**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,                                    Chapter 15
                                                        Case No.: 23-11719-MAM
      Debtor in a Foreign Proceeding.

_____/


AJ RUIZ CONSULTORIA EMPRESARIAL
S.A., solely as Judicial Administrator and
foreign representative of TINTO HOLDING
LTDA.,

      Plaintiff,
                                                        Adv. Case No. 23-01118
v.

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY
MENDONÇA BATISTA, and JBS S.A.,

      Defendants.

_____/


**DEFENDANTS J&F INVESTIMENTOS S.A., JJMB PARTICIPAÇÕES LTDA., WWMB**
**PARTICIPAÇÕES LTDA., JOESLEY MENDONÇA BATISTA, AND WESLEY**
**MENDONÇA BATISTA'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL**


      1.      Defendants J&F Investimentos, S.A. ("**J&F**"), JJMB Participações Ltda.

("**JJMB**"), WWMB Participações Ltda. ("**WWMB**"), Joesley Mendonça Batista ("**Joesley**"), and

Wesley Mendonça Batista ("**Wesley**") (collectively, the "**Brazilian Defendants**") respectfully

submit this Opposition to Plaintiff's Motion to Seal (ECF No. 81).

2.      On March 11, 2024, Plaintiff filed a Motion to Seal, through which Plaintiff seeks the disfavored and discouraged relief of sealing both its accompanying Motion to Strike portions of the Brazilian Defendants' Motion to Dismiss (ECF No. 79) as well as any subsequent responses to the Motion to Strike.  *See* Pl.'s Mot. to Seal, ECF No. 81; *see also Osborne v. Am. Express Travel Related Servs. Co. (In re Glob. Vending, Inc.)*, 2006 Bankr. LEXIS 1249, at *7 (Bankr. S.D. Fla. 2006); *In re Chitwood*, 2015 Bankr. LEXIS 3926, at *2 (Bankr. M.D. Fla. 2015). Plaintiff's primary basis for seeking to file its Motion to Strike under seal is that "[b]ecause the Motion to Strike discusses" the disputed "allegations to defend against them, [ ] such 'scandalous or defamatory' matter ought to be considered by the Court without further publicizing the allegations and deepening the harm caused by them." Mot. to Seal ¶ 2. The Motion to Seal should be denied.

3.      As set out in the Brazilian Defendants' concurrently-filed Opposition to Plaintiff's Motion to Strike, Plaintiff comes nowhere close to meeting the high bar of establishing that any of the arguments Plaintiff seeks to strike from the Brazilian Defendants' Motion to Dismiss are "scandalous or defamatory" within the meaning of 11 U.S.C. § 107(b)(2) and Rule 9018 of the Federal Rules of Bankruptcy Procedure.  Accordingly, there is no reason for Plaintiff's Motion to Strike or the Brazilian Defendants' Opposition and any further responses to be under seal in this Court, and these documents should be filed publicly.[1]  *See Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Glob. Corp.)*, 422 F.3d 1, 16-17 (1st Cir. 2005); *see also, e.g.*, *Neal v. Kan. City Star (In re Neal)*, 461 F.3d 1048, 1054 (8th Cir. 2006) ("The unintended, potential secondary consequence of negative publicity . . . is regrettable but not a basis for sealing the filing.").  Indeed,

---

[1] Until further ruling by this Court, and as a matter of professional courtesy, the Brazilian Defendants have nonetheless filed their Opposition to Plaintiff's Motion to Strike under seal at this time.

Plaintiff's repeated attempts to file material under seal in this proceeding further emphasizes the bad faith with which this case was initiated.  *See, e.g.*, Mot. to Dismiss at 9 n.5.

4.      Plaintiff also contends that "the Motion to Strike and accompanying exhibits contain information about confidential proceedings that are sealed in Brazil," which Plaintiff included "in the Motion to Strike for the sole purpose of responding to the 'scandalous or defamatory' allegations in the Motion to Dismiss, and therefore seeks to keep that sealed information out of the public eye in this Chapter 15 case as well."  Mot. to Seal ¶ 3.  Neither Plaintiff, in its Motion to Seal and Motion to Strike, nor the accompanying declaration of Brazilian counsel Marcelo Lucidi (the "Lucidi Declaration"), identify what information or exhibits to the Lucidi Declaration are confidential and/or under seal in Brazil.  In any event, rather than sealing its entire Motion to Strike, Plaintiff could have easily sought to seal the exhibits to the Lucidi Declaration and redacted the specific references to any such 'confidential' information in its Motion to Strike.  Plaintiff offers no credible basis for sealing the Motion to Strike and subsequent oppositions and responses in their entirety.

5.      The Motion to Seal should be denied and Plaintiff's Motion to Strike should be made available on the public docket.

Dated: March 25, 2024

Respectfully submitted,

/s/ *Jason N. Zakia*

**WHITE & CASE**
Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606-4302
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: jzakia@whitecase.com
Florida Bar No. 698121

Laura J. Garr (*pro hac vice pending*)
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: laura.garr@whitecase.com

*Attorneys for Defendants J&F Investimentos S.A.,
JJMB Participações Ltda., WWMB Participações
Ltda., Joesley Mendonça Batista, and Wesley
Mendonça Batista*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon all interested parties and the Court on March 25, 2024.

Dated: March 25, 2024                                    /s/ *Jason N. Zakia*