**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,

      Debtor in a Foreign Proceeding.

Chapter 15
Case No.: 23-11719-MAM

_____/

AJ RUIZ CONSULTORIA EMPRESARIAL
S.A., solely as Judicial Administrator and
foreign representative of TINTO HOLDING
LTDA.,

      Plaintiff,

v.

Adv. Case No. 23-01118

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY
MENDONÇA BATISTA, and JBS S.A.,

      Defendants.

**ORAL ARGUMENT REQUESTED**

_____/

**REPLY IN SUPPORT OF DEFENDANTS J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB PARTICIPAÇÕES LTDA., JOESLEY MENDONÇA
BATISTA, AND WESLEY MENDONÇA BATISTA'S MOTION TO DISMISS THE
AMENDED COMPLAINT OR IN THE ALTERNATIVE TO ABSTAIN FROM
EXERCISING JURISDICTION**

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................i

**TABLE OF AUTHORITIES** ....................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................1

**ARGUMENT**................................................................................................................1

    I.    THERE IS NO PERSONAL JURISDICTION OVER THE BRAZILIAN DEFENDANTS..............................................................................................................1

        A.   Plaintiff's Attempt to Shift Its Burden Fails...................................................1

        B.   There is No Specific Jurisdiction Over the Brazilian Defendants ...................................2

            1.   The Complaint Fails to Allege the Brazilian Defendants "Purposefully Availed" Themselves of the United States...............................................................................2

            2.   Plaintiff's Claims Do Not Arise Out of the Few U.S. Contacts Alleged...................7

    II.   THIS COURT IS A FORUM NON CONVENIENS ...........................................................8

    III.  THE PLAINTIFF CANNOT CURE ITS DEFICIENCIES THROUGH DISCOVERY OR A THIRD COMPLAINT ..............................................................................................9

**CONCLUSION** ............................................................................................................9

i

# TABLE OF AUTHORITIES

## CASES

*Alt. Debt Portfolios, L.P. v. EZ Pay Servs. (In re EZ Pay Servs.)*,
390 B.R. 445 (Bankr. M.D. Fla. 2008)............................................................4, 5

*AmTrust N. Am. v. Sennebogen Maschinenfabrik GmbH*,
2020 U.S. Dist. LEXIS 166344 (M.D. Fla. Aug. 25, 2020) ....................................6

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*,
722 F. App'x 870 (11th Cir. 2018) ........................................................................9

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017) ...............................................................................................7

*Brohm v. Nautic*,
2019 U.S. Dist. LEXIS 239184 (N.D. Ga. July 23, 2019) ....................................6

*Bryant v. Avado Brands, Inc.*,
187 F.3d 1271 (11th Cir. 1999)..............................................................................6

*Bryant v. Dupree*,
252 F.3d 1161 (11th Cir. 2001)..............................................................................6

*Diulus v. Am. Express Travel Related Servs. Co.*,
823 F. App'x 843 (11th Cir. 2020) .....................................................................2, 9

*Ford Motor Co. v. Montana Eighth Judicial Dist. Court*,
141 S. Ct. 1017 (2021) ..........................................................................................7

*Home Design Servs. v. Banyan Constr. & Dev., Inc.*,
2007 U.S. Dist. LEXIS 43634 (M.D. Fla. June 15, 2007) ....................................2

*Iervolino v. Miller*,
2009 U.S. Dist. LEXIS 151857 (S.D. Fla. June 15, 2009) ...................................2

*In re Takata Airbag Prods. Liab. Litig.*,
396 F. Supp. 3d 1101 (S.D. Fla. 2019)..................................................................4

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
2020 U.S. Dist. LEXIS 220610 (S.D. Fla. Nov. 24, 2020) ...........................1, 2, 5

*J.P. Morgan Trust Co., N.A. v. Potash Corp. of Sask., Inc. (In re Farmland Indus.)*,
2007 U.S. Dist. LEXIS 23872 (M.D. Fla. Mar. 30, 2007) ....................................3

*Kipperman v. Onex Corp.*,
411 B.R. 805, 883 (N.D. Ga. 2009) .......................................................................8

*Kozma Investmentos, LTDA v. Duda*,
2018 U.S. Dist. LEXIS 53028 (M.D. Fla. Mar. 29, 2018) ........................................................3

*Lane v. XYZ Venture Partners, L.L.C.*,
322 F. App'x. 675 (11th Cir. 2009).......................................................................................4

*Louis Vuitton Malletier, S.A. v. Mosseri*,
736 F.3d 1339 (11th Cir. 2013)............................................................................................2

*Marsar v. Smith & Nephew, Inc.*,
2013 U.S. Dist. LEXIS 114743 (M.D. Fla. Aug. 13, 2013) ....................................................6

*Mason v. Sony Pictures Entm't, Inc.*,
2021 U.S. Dist. LEXIS 81497 (N.D. Ga. Apr. 28, 2021)........................................................7

*MSP Recovery Claims, Series LLC v. Northland Ins. Co.*,
2022 U.S. Dist. LEXIS 108423 (S.D. Fla. June 16, 2022).......................................................9

*Oueiss v. Saud*,
2022 U.S. Dist. LEXIS 80547 (S.D. Fla. Mar. 28, 2022) .......................................................3

*Powell Coker v. Norfolk S. Corp.*,
2019 U.S. Dist. LEXIS 15451 (N.D. Ala. Jan. 31, 2019) .......................................................6

*Rogers v. Coloplast Corp.*,
2022 U.S. Dist. LEXIS 15177 (M.D. Fla. Jan. 27, 2022) .......................................................3

*Spetner v. Palestine Inv. Bank*,
70 F.4th 632 (2d Cir. 2023) ...................................................................................................8

*St. James Entm't LLC v. Crofts*,
2010 U.S. Dist. LEXIS 70571 (N.D. Ga. July 13, 2010) ........................................................8

*Storms v. Haugland Energy Grp., LLC*,
2018 U.S. Dist. LEXIS 141122 (S.D. Fla. Aug. 17, 2018) .....................................................2

*Turi v. Stacey*,
2014 U.S. Dist. LEXIS 181228 (M.D. Fla. Jan. 28, 2015).....................................................8

*Turi v. Stacey*,
627 F. App'x. 904 (11th Cir. 2015)........................................................................................8

*United States SEC v. Carrillo*,
115 F.3d 1540 (11th Cir. 1997)..............................................................................................3

*UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings*,
2017 U.S. Dist. LEXIS 69817 (S.D. Fla. May 8, 2017).........................................................5

iii

*Valle v. Trivago GmbH*,
    56 F.4th 1265 (11th Cir. 2022) ........................................................................................7

*Wyndham Vacation Ownership, Inc. v. CLS, Inc.*,
    2018 U.S. Dist. LEXIS 230617 (S.D. Fla. Nov. 5, 2018) .........................................6

*Yacino v. James C. Flores*,
    2022 U.S. Dist. LEXIS 37732 (S.D. Fla. Mar. 3, 2022) ..........................................2

**PRELIMINARY STATEMENT**

1.      This case does not belong here.  It concerns three decade-old transactions that occurred entirely in Brazil, among Brazilian parties, with no U.S. connections that would allow this Court to exercise personal jurisdiction over six of the seven defendants.  Plaintiff has brazenly misstated its burden, disregarded applicable law, and reinvented the allegations in its Complaint to recast this dispute as "intimately focused and reliant on the United States."  But none of Plaintiff's post-hoc distortions of its claims or contacts of the Brazilian Defendants with this forum are supported by its Complaint.  Plaintiff admits, and the Share Transfer Agreements make plain, that Brazil is the designated forum, Brazilian law applies, and all acts giving rise to the claims— *i.e.*, the merger, the negotiation and execution of the agreements, and the share transfers—occurred in Brazil.  Accordingly, no amendment or discovery can cure the Complaint's fatal jurisdictional defects.  Plaintiff commenced this action in bad faith, knowing that it could offer no reason why this Court can, or should, exercise jurisdiction.  The case should be dismissed with prejudice.

**ARGUMENT**

**I.  THERE IS NO PERSONAL JURISDICTION OVER THE BRAZILIAN DEFENDANTS**

**A.  Plaintiff's Attempt to Shift Its Burden Fails**

2.      Plaintiff repeatedly contends that in moving to dismiss for lack of personal jurisdiction, the Brazilian Defendant had an obligation to support their *facial* challenge to the sufficiency of the Complaint with "evidence."  *See* Opp'n 4, 9, 13, 14, 16.  This is wrong.

3.      It is Plaintiff's burden to "plead sufficient non-conclusory facts to establish a prima facie case of personal jurisdiction."  *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 U.S. Dist. LEXIS 220610, at *23 (S.D. Fla. Nov. 24, 2020).  "[A] defendant may, but is not required to, assert its own counter-facts to challenge the sufficiency of the well-pled jurisdictional facts alleged in

the complaint." *Id.*; *see also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1351 (11th

Cir. 2013).  Because Plaintiff failed to meet its burden (*see* Mot. 9-21, ECF No. 79), the Brazilian

Defendants properly challenged the Complaint's allegations on their face.  *See e.g.*, *Diulus v. Am.*

*Express Travel Related Servs. Co.*, 823 F. App'x 843, 849 (11th Cir. 2020).

4.      To excuse its failure to establish personal jurisdiction over the Brazilian

Defendants, Plaintiff urges the Court to disregard Rule 8 and find that plaintiff need not allege "the

basis for jurisdiction over the defendant's person."  Opp'n 16.  Plaintiff's argument ignores the

well-established pleading standard in this Circuit.  *See, e.g.*, *Storms v. Haugland Energy Grp.,*

*LLC*, 2018 U.S. Dist. LEXIS 141122, at *3-8 (S.D. Fla. Aug. 17, 2018); *Yacino v. James C. Flores*,

2022 U.S. Dist. LEXIS 37732, at *5-6 (S.D. Fla. Mar. 3, 2022).

**B.  There is No Specific Jurisdiction Over the Brazilian Defendants**

**1.  The Complaint Fails to Allege the Brazilian Defendants "Purposefully
Availed" Themselves of the United States**

5.      The Complaint alleges no facts showing that the Brazilian Defendants

"purposefully availed" themselves of the United States.  For Joesley and Wesley, Plaintiff points

to the alleged "establish[ment] and use[]" of Defendant Colorado and the purported existence of

multiple unspecified "business trips to the United States" (Opp'n 9-10), but neither demonstrates

sufficient U.S. contacts.  A single, vague reference to U.S. "visit[s] for business and personal

reasons" (Compl. ¶ 8) does not show purposeful availment.  *See* Mot. 18.[1]  As for the allegations

"[o]n information and belief" that both Joesley and Wesley "traveled to the United States

---

[1] Plaintiff mischaracterizes the Brazilian Defendants' argument and supporting case law that isolated trips to the forum
are insufficient contacts to exercise specific jurisdiction.  *See* Opp'n 10 n.7.  In *Iervolino v. Miller*, there was no
purposeful availment of the forum, notwithstanding allegations that the defendant "traveled to [the forum] on
numerous occasions," including in connection with the disputed loans at issue. 2009 U.S. Dist. LEXIS 151857, at *3,
*8-10 (S.D. Fla. June 15, 2009).  And in *Home Design Servs. v. Banyan Constr. & Dev., Inc.*, the court considered
"travel to Florida on behalf of [] a foreign corporation" as "evidence" of "the Foreign Defendants' contacts with
Florida," and still found it lacked specific jurisdiction. 2007 U.S. Dist. LEXIS 43634, at *11-12 (M.D. Fla. June 15,
2007).

numerous times to conduct business, including with J.P. Morgan in New York" (Compl. ¶ 12), these allegations likewise cannot support a prima facie case of specific jurisdiction. *See* Mot. 17-18 (collecting cases).[2]  Plaintiff tries to shift its burden and fault the Brazilian Defendants for making a facial, rather than a factual challenge, to the inadequate contacts alleged in the Complaint. *See* Opp'n 9 (citing *Rogers v. Coloplast Corp.*, 2022 U.S. Dist. LEXIS 15177, at \*2 (M.D. Fla. Jan. 27, 2022)).  Nothing in *Rogers* stands for the proposition that with a facial challenge, a court should disregard allegations made on information and belief only when "affidavits based on personal knowledge" are supplied by the defendant. *See* 2022 U.S. Dist. LEXIS 15177, at \*4.

6.      As to Plaintiff's contention that "the Batistas established and used a Delaware LLC [Colorado] to carry out their scheme and stash their looted shares," thereby purposefully availing themselves of the United States (Opp'n 9), even that generous—and improper—reformulation of the Complaint (*e.g.*, ¶ 46) is misguided.  First, without more, incorporating an LLC in Delaware does not constitute purposeful availment of the United States. *See J.P. Morgan Trust Co., N.A. v. Potash Corp. of Sask., Inc. (In re Farmland Indus.)*, 2007 U.S. Dist. LEXIS 23872, at \*23 (M.D. Fla. Mar. 30, 2007).  Second, the Complaint does not allege that the "looted shares" were transferred to Colorado (or J.P. Morgan, or any other U.S. account or entity), and indeed it cannot because on the face of the Share Transfer Agreements, the transfers occurred either through Citibank Distribuidora de Títulos e Valores Mobiliários S.A. in São Paulo or directly to Brazilian entity, J&F. *See* Tecce Decl. Ex. 1 (§ 2.1), ECF No. 67-2; *id.* Ex. 2 (§§ 2.1, 2.2); *id.* Ex. 3 (§ 1.3).[3]

---

[2] Plaintiff tries to distinguish *Oueiss v. Saud* (Opp'n 9-10), which involved dozens of allegations made "upon information and belief" about the defendants' actions, all of which "[were] either speculative, conclusory, or both." 2022 U.S. Dist. LEXIS 80547, at \*11-14, \*45 (S.D. Fla. Mar. 28, 2022).  Plaintiff does not challenge any of the Brazilian Defendants' other authorities on this issue. *See* Mot. 17-18.

[3] This case is nothing like the authorities cited by Plaintiff (Opp'n 9), where the in-forum entities directly received the disputed property. *See United States SEC v. Carrillo*, 115 F.3d 1540, 1546 (11th Cir. 1997) (defendant established a U.S bank account to process payments and facilitate fraudulent sales of unregistered securities to U.S. residents); *Kozma Investmentos, LTDA v. Duda*, 2018 U.S. Dist. LEXIS 53028, at \*1-2, \*9 (M.D. Fla. Mar. 29, 2018) (defendant formed a Florida LLC to receive alleged fraudulent transfer of real property located in Florida).

7.      With respect to J&F, JJMB, and WWMB, their alleged activities occurred in Brazil and have no U.S. connections.  *See* Compl. ¶¶ 10, 24, 26, 32, 36-37, 39-40, 58-59, 61, 71, 79, 90, 114, 116, 123; Mot. 15, 20.  Although the Complaint asserts that "[t]he Batistas, JBS, J&F, JJBM and WWBM," at some unspecified time, "directly or indirectly" held unspecified "stakes in major U.S. companies" (Compl. ¶ 12), that hardly qualifies as purposeful availment of the United States. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1149 (S.D. Fla. 2019).

8.      Apparently recognizing that it failed to allege a sufficient connection between the Brazilian entity Defendants and the United States, Plaintiff now claims that J&F, JJMB, and WWMB "were vital to the larger share-transfer scheme, which was itself intimately focused and reliant on the United States," as "J&F was a signatory to the initial secret merger agreement, conducted one of the share transfers" and JJMB and WWMB "provid[ed] J&F a place to stash its illicitly acquired shares from the Third Share-Transfer agreement."  Opp'n 12-13.  But simply stating that this purported conduct was "intimately focused and reliant on the United States" cannot rewrite what the Complaint actually says—that J&F, JJMB, and WWMB's alleged involvement occurred in Brazil.  *Id.*

9.      Plaintiff also attempts to advance various alter ego and other attribution theories regarding J&F, JJMB, and WWMB's forum contacts, none of which are adequately pleaded in the Complaint.  Plaintiff cannot simultaneously argue that Joesley and Wesley were acting in their corporate capacities ***and*** their individual capacities during their unspecified business trips to the United States.  *See* Opp'n 9-10.  If these trips were undertaken in their capacity as directors, then the fiduciary shield doctrine prevents this Court from exercising jurisdiction over them as individuals based on these contacts. *See Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x. 675, 678 (11th Cir. 2009).  And if these purported trips were undertaken in their personal capacities,

4

then those actions cannot be imputed to the corporations.  *See Alt. Debt Portfolios, L.P. v. EZ Pay Servs. (In re EZ Pay Servs.)*, 390 B.R. 445, 463 (Bankr. M.D. Fla. 2008).  Plaintiff's attempt to have it both ways fails.

10.     In any case, any form of alter ego or attribution theory fails because Plaintiff does not specify for which entity Joesley or Wesley were purportedly acting.  Nor does it include facts explaining how and why any trip was purportedly conducted on behalf of any entity.  The Complaint instead makes a conclusory allegation that Joesley and Wesley "traveled to the United States numerous times to conduct business, including with J.P. Morgan in New York, in their capacities as (i) directors and officers of J&F, JJMB, and WWMB; and (ii) the ultimate beneficial owners of Colorado."  Compl. ¶ 12.  Conclusory group allegations do not have the specificity and tailoring necessary to plead a prima facie case.  *See In re Zantac*, 2020 U.S. Dist. LEXIS 220610, at *23, *27.[4]  Furthermore, the "mere presence" of a company's officer or director in the forum is not enough to subject a company to personal jurisdiction.  *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings*, 2017 U.S. Dist. LEXIS 69817, at *14 (S.D. Fla. May 8, 2017).  Particularly so here where there is no allegation such trips related to the claims at issue and no dispute that Joesley and Wesley are domiciled in Brazil.

11.     Plaintiff also argues "[t]hat the Batistas acted on behalf of these companies is further supported by the allegations that there is little functional difference between them."  Opp'n 11.  But the Complaint contains one allegation about piercing the corporate veils among the Brazilian Defendants: "JJMB and WWMB, for their part, are alter egos of Joesley Batista, Wesley

---

[4] Plaintiff's attempt to support its extensive group pleading fails.  *See* Opp'n 13-14; *see also* Mot. § I.B.1.  For example, Plaintiff tries to distinguish *Elson v. Black*, asserting that the plaintiffs there did not say *which* defendants undertook business in the forum, and instead characterized them all as simply 'defendants.'  *See* Opp'n 14.  But Plaintiff has done the exact same here.  *See* Compl. ¶¶ 12, 39-40, 71, 77-81, 83, 90, 96-97, 102, 108, 113-16, 121, 123.  And Plaintiff now appears to be trying to throw JBS into the mix.  *See* Opp'n 6.

Batista, and J&F." Compl. ¶ 114.  Mere conclusions, without factual support, are not enough to plead an alter ego theory of jurisdiction.  *See Marsar v. Smith & Nephew, Inc.,* 2013 U.S. Dist. LEXIS 114743, at *7-8 (M.D. Fla. Aug. 13, 2013); *AmTrust N. Am. v. Sennebogen Maschinenfabrik GmbH,* 2020 U.S. Dist. LEXIS 166344, at *42 n.19 (M.D. Fla. Aug. 25, 2020). No such factual allegations exist in the Complaint.

12.     Lacking any jurisdictional basis, Plaintiff resorts to introducing entirely new facts in its Opposition—facts supported by materials that pre-date (often by years) the Amended Complaint.[5]  Plaintiff makes assertions about the entities' names and officer status, and refers to JBS S.A.'s 2023 SEC filings[6]—none of which are mentioned in the Complaint.  Opp'n 11.  But even if they had been alleged, these new facts do not suffice to plead alter ego.  Eponymous company names do not cause alter ego relationships with the founder.  Statements about a company's ownership structure in SEC filings do not establish that it and its shareholder are alter egos.  *See Powell Coker v. Norfolk S. Corp.,* 2019 U.S. Dist. LEXIS 15451, at *13-14 (N.D. Ala. Jan. 31, 2019).  And none of this overcomes the requirements that Plaintiff plead facts to support an alter ego relationship between each individual and each of J&F, JJMB, and WWMB and not engage in "impermissible group pleading." *Wyndham Vacation Ownership, Inc. v. CLS, Inc.,* 2018 U.S. Dist. LEXIS 230617, at *6 (S.D. Fla. Nov. 5, 2018).

---

[5] Plaintiff alleges—in its argument on *forum non conveniens* (*see* Opp'n 17-18; Declaration of Nyana Miller, ECF No. 83-1)—new facts not in the Complaint. The Court cannot consider these new allegations in its jurisdictional determination.  *See, e.g., Brohm v. Nautic,* 2019 U.S. Dist. LEXIS 239184, at *10 n.8 (N.D. Ga. July 23, 2019) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

[6] Plaintiff cites *SEC v. Monterosso*, a one-page decision on an unopposed Motion to Take Judicial Notice, asserting that this Court can take judicial notice of SEC filings (Opp'n 12 n.8), but ignores the Eleventh Circuit decisions cited by *Monterosso* that cabins its holding to securities fraud cases. *See Bryant v. Dupree,* 252 F.3d 1161 (11th Cir. 2001); *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271 (11th Cir. 1999).  Even if courts may take judicial notice of the *existence* of an SEC filing, the Court cannot take judicial notice of the *facts* stated within them.  *See Powell,* 2019 U.S. Dist. LEXIS 15451, at *13.  In any event, JBS S.A.'s 2023 SEC filings and Plaintiff's statement that "JBS . . . is currently seeking to become directly listed on the New York Stock Exchange" in no way relate to the claims in connection with transactions occurring between 2009 and 2014.  Opp'n 3, 11-12.

### 2. Plaintiff's Claims Do Not Arise Out of the Few U.S. Contacts Alleged

13.     Even if Plaintiff sufficiently alleged that the Brazilian Defendants purposefully availed themselves of the United States (it has not), this Court lacks specific jurisdiction over the Brazilian Defendants because none of the claims arise out of or relate to the scant U.S. contacts alleged in the Complaint. *See* Mot. 16, 18-19, 21.  Nor could they.  As Plaintiff admits, this action concerns "a series of transactions between 2009 and 2014 connected to [a] merger" between JBS and Bertin S.A, all of which took place in Brazil among Brazilian parties.  Compl. ¶¶ 1-5, 35-64.

14.     The Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Judicial Dist. Court* did not do away with the requirement of a causal relationship between a defendant's contacts and the plaintiff's claims, as Plaintiff suggests.  *See* Opp'n 5.  There must be a substantial connection between the claims, the defendant, and the forum contacts. *See Valle v. Trivago GmbH*, 56 F.4th 1265, 1275 (11th Cir. 2022).  "Although this does not demand proof of 'but for' causation," *Mason v. Sony Pictures Entm't, Inc.*, 2021 U.S. Dist. LEXIS 81497, at *8-9 (N.D. Ga. Apr. 28, 2021) (quoting *Ford*, 141 S. Ct. 1017, 1034 (2021) (Alito, J. concurring)), the Supreme Court made clear in *Ford* that this "does not mean anything goes."  141 S. Ct. at 1026.  Vague references to unidentified business trips, unrelated property ownership, and unspecified interests in other U.S. companies at unspecified times, do not give rise or relate to Plaintiff's claims regarding the three Brazilian share transfers. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (specific jurisdiction exists only for claims that are "deriving from, or connected with, the very controversy that establishes jurisdiction").

15.     Plaintiff does not dispute this (Opp'n 5-8, 11), but now contends that the creation of Colorado was the "crux" to all of Plaintiff's alleged harms (Opp'n 6, 8) and that "alone is enough for this Court to exercise personal jurisdiction" over Joesley and Wesley (and the Brazilian entity

7

Defendants via Plaintiff's various unsubstantiated theories of attributed contacts). Opp'n 6, 12-13. But the establishment of Colorado did not give rise or relate to Plaintiff's claims. The claims all arise out of the three Share Transfer Agreements—transactions that occurred in Brazil. Compl. ¶¶ 1-5, 35-64. Plaintiff alleges no negotiations or execution of the transactions in the United States. And Colorado was not a recipient of the disputed shares. *See supra* § I.B.1.

16.    None of Plaintiff's authorities supports a different conclusion.[7] *See* Opp'n 7-8. *St. James Entm't LLC v. Crofts* concerned breach of the instrument that created the in-forum company itself. *See* 2010 U.S. Dist. LEXIS 70571, at *9 (N.D. Ga. July 13, 2010). That is not the case here. *See, e.g.*, Opp'n 3, 7, 8; *see also supra* § I.B.1. Plaintiff cannot impute Colorado's contacts to Joesley or Wesley as alleged "ultimate beneficial owners," or to any of the entities through some complex and inadequately pled route of multiple veil piercings. *See supra* § I.B.1; Mot. 14.[8]

## II.    THIS COURT IS A FORUM NON CONVENIENS

17.    The Court also should dismiss this entire proceeding for *forum non conveniens*. The Brazilian Defendants join Defendant Colorado's arguments in support of dismissal. *See* Colorado Reply Supp. Mot. to Dismiss §§ A-F.[9]

---

[7] *Kipperman v. Onex Corp.* is irrelevant, as there the court was considering—on a motion for summary judgment following merits discovery—whether it had jurisdiction under the Georgia long-arm statute. *See* 411 B.R. 805, 883 (N.D. Ga. 2009). In *Spetner v. Palestine Inv. Bank*, the claims concerned "the 'unlawful provision of banking services'" and involved "the defendant bank's repeated, intentional execution of U.S.-dollar-denominated wire transfers on behalf of its clients'" through U.S. correspondent accounts, which were "'an instrument to achieve the very wrong alleged.'" 70 F.4th 632, 645-46 (2d Cir. 2023). That also is not the case here.

[8] Plaintiff asserts that the "Batistas do not attempt to show that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." Opp'n 10-11. The Court need not reach that issue because Plaintiff failed to allege sufficient U.S. contacts from which its claims arise. But the exercise of personal jurisdiction here would offend fair play and substantial justice given that "all of the [documents] and records [] are maintained in [Brazil]," many if not "all of the witnesses [] reside there," and the U.S. "interest in the issue is quite limited," if not nonexistent. *See Turi v. Stacey*, 2014 U.S. Dist. LEXIS 181228, at *44 (M.D. Fla. Jan. 28, 2015), *aff'd*, 627 F. App'x. 904 (11th Cir. 2015); *see also* Colorado Mot. to Dismiss § B.3, ECF No. 67; Colorado Reply Supp. Mot. to Dismiss § D.

[9] The Brazilian Defendants do not, as alleged, advance a *forum non conveniens* argument "on behalf of Colorado." Opp'n 18. The Brazilian Defendants have independently asserted grounds for dismissal under *forum non conveniens*, including arguing that the Court's lack of personal jurisdiction over nearly all defendants is an important private

### III.   THE PLAINTIFF CANNOT CURE ITS DEFICIENCIES THROUGH DISCOVERY OR A THIRD COMPLAINT

18.    The grounds for denying jurisdictional discovery are straightforward: (1) Plaintiff has failed to make a prima facie case of personal jurisdiction over the Brazilian Defendants and is not entitled to discovery; and (2) where this entire case also should be dismissed for *forum non conveniens*, any jurisdictional discovery would waste the parties' and the Court's time and resources.  *See, e.g.*, *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 886-887 (11th Cir. 2018); *see also* Mot. 27-29.  Plaintiff tries to shirk its burden by recasting the Brazilian Defendants' facial challenge to personal jurisdiction as a factual dispute so that Plaintiff may go on a fishing expedition to supplement the jurisdictional facts in the Complaint.  *See* Opp'n 15-17.  This should not be allowed.  *See MSP Recovery Claims, Series LLC v. Northland Ins. Co.*, 2022 U.S. Dist. LEXIS 108423, at *19 (S.D. Fla. June 16, 2022) (jurisdictional discovery is inappropriate where "plaintiff has not met its initial burden to allege a prima facie case of personal jurisdiction") (citing *Diulus*, 823 F. App'x at 849).

19.    And because Plaintiff does not and cannot dispute that all acts occurred in Brazil, Brazil is the designated forum, the claims are all governed by Brazilian law, and all private and public factors weigh in favor of Brazil, no amendment could establish specific jurisdiction over the Brazilian Defendants or transform the United States into the more convenient forum.

## CONCLUSION

20.    Each of J&F, JJMB, WWMB, Joesley Batista, and Wesley Batista respectfully submits that the Motion should be granted, the case should be dismissed with prejudice, and the Brazilian Defendants should be awarded such other relief as the Court deems appropriate.

---

convenience factor further weighing in support of dismissal.  *See* Mot. 22-24.  This is a well-supported and not a "remarkable" proposition.  Opp'n 19.

Dated: April 1, 2024

Respectfully submitted,

/s/ *Jason N. Zakia*

**WHITE & CASE**
Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606-4302
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: jzakia@whitecase.com
Florida Bar No. 698121

Laura Garr (*pro hac vice pending*)
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: laura.garr@whitecase.com

*Attorneys for Defendants J&F Investimentos S.A.,
JJMB Participações Ltda., WWMB Participações
Ltda., Joesley Mendonça Batista, and Wesley
Mendonça Batista*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all interested parties and the Court on April 1, 2024.

Dated: April 1, 2024                              /s/ *Jason Zakia*

11