UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>TINTO HOLDING LTDA.,<br><br>    Debtor in a Foreign Proceeding.<br>_____/ | Chapter 15<br>Case No.: 23-11719-MAM |
| AJ RUIZ CONSULTORIA EMPRESARIAL S.A., solely as Judicial Administrator and foreign representative of TINTO HOLDING LTDA.,<br><br>    Plaintiff,<br><br>v.<br><br>COLORADO INVESTMENT HOLDINGS LLC, J&F INVESTIMENTOS S.A., JJMB PARTICIPAÇÕES LTDA., WWMB PARTICIPAÇÕES LTDA., JOESLEY MENDONÇA BATISTA, WESLEY MENDONÇA BATISTA, and JBS S.A.,<br><br>    Defendants.<br>_____/ | Adv. Case No. 23-01118-MAM |

**DEFENDANTS' JOINT OBJECTION TO CONDITIONAL
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendants Colorado Investment Holdings LLC ("Colorado"), J&F Investimentos S.A. ("J&F"), JJMB Participações Ltda. ("JJMB"), WWMB Participações Ltda. ("WWMB"), Joesley Mendonça Batista ("Joesley"), Wesley Mendonça Batista ("Wesley"), and JBS S.A. ("JBS," and together with each of Colorado, J&F, JJMB, WWMB, Joesley, and Wesley, the "Defendants"), each by and through their undersigned counsel, hereby object (this "Objection") to the *Conditional Motion for Leave to File a Second Amended Complaint* [Docket No. 85] (the "Motion") of the above-captioned plaintiff (the "Plaintiff"), filed on March 11, 2024, and in

1

support thereof, respectfully state as follows:

## INTRODUCTION

1. Plaintiff seeks an order of this Court, to the extent this Court grants the various motions of the Defendants to dismiss this adversary proceeding [Docket Nos. 67, 74, 79] (collectively, the "Motions to Dismiss"), granting Plaintiff leave to file a second amended complaint. The Motion should be denied, as set forth herein.

2. As a preliminary matter, the Motion fails to identify with sufficient particularity what additional facts Plaintiff would allege to withstand further motions to dismiss and fails to otherwise attach a proposed amended complaint. This lack of particularity is not surprising where, as here, the relevant transactions occurred some fifteen years ago and Plaintiff has been in possession of the relevant documents since that time and has already occasioned to amend its complaint once as a matter of course. Even after this first amendment, Plaintiff has alluded (improperly) to *additional* factual allegations in its Oppositions to the Motions to Dismiss [Docket Nos. 82, 83, 84], and many of the documents on which Plaintiff relies in bringing these additional allegations *also* pre-date the operative amended Complaint, sometimes by years. There is seemingly no limit to the additional, already available facts that Plaintiff could have raised in its prior complaints but elected not to, and the Motion seeks a carte blanche to continue drip-feeding allegations in an effort to cure Plaintiff's lack of diligence in its first two complaints; under these circumstances, this Court should not grant it leave to file a third.

3. Moreover, the Motion makes clear that any additionally alleged facts, whatever they may be, would be directed at (i) the *forum non conveniens* dispute and (ii) the personal jurisdiction dispute. There is simply nothing that Plaintiff can allege (and certainly nothing identified in the Motion that Plaintiff would allege) in an amended pleading that will not already have been presented to, considered by, and disposed of by this Court in the event this Court

2

occasions to grant the Motions to Dismiss.

4. While the Motion correctly identifies that leave to amend pursuant to Civil Rule[1] 15(a), applicable to these proceedings pursuant to Bankruptcy Rule 7015, should be "freely given," it should only be done so "when justice so requires." Where, as here, such amendment would be an exercise in futility, justice does not require leave to amend and indeed, requires such leave be withheld. In light of the record already before the Court, the scant presentation in the operative complaint, and the dearth of specific amended allegations in the Motion, the Court should deny the Motion and withhold leave to amend.

## ARGUMENT

5. Civil Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, a motion for leave to amend may be properly denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014) (applying *Foman v. Davis*, 371 U.S. 178 (1962) and collecting Eleventh Circuit precedent). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

6. The Motions to Dismiss lodge various bases for dismissal, including, *inter alia*, *forum non conveniens*, lack of personal jurisdiction, principles of comity, appeals to abstention

---

[1] As used here, the Defendants shall refer to the Federal Rules of Civil Procedure as the "<u>Civil Rules</u>," the Federal Rules of Bankruptcy Procedure as the "<u>Bankruptcy Rules</u>," and the Local Rules for the United States Bankruptcy Court for the Southern District of Florida as the "<u>Local Rules</u>," as applicable.

doctrines, the claims being time barred under the relevant statutes of limitations, preclusion doctrines (including *res judicata* and collateral estoppel), and failure to state a claim upon which relief can be granted. Each of these bases provide independent justification for dismissal of the instant action. More importantly for the purposes of the present leave Motion, however, irrespective of which basis under which this Court may dismiss this case, granting leave to amend would be futile as the Motion does not set forth any reason why the as-amended complaint would not be immediately susceptible to dismissal on the very same bases.

I. **If this Court Grants the Motions to Dismiss on Grounds Other Than *Forum non Conveniens* or Personal Jurisdiction, Leave to Amend Should be Denied Because the Motion Fails to Even Indicate the Substance of Amendment.**

7. "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *see also McGinley v. Fla. Dep't of High. Saf. & Motor Vehs.*, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming district court's denial of leave to amend where plaintiff neither attached the proposed amendment nor set forth its substance). Accordingly, because the Motion fails to identify, *even speculatively*, how Plaintiff could amend the operative complaint in the event this Court grants the pending Motions to Dismiss, the Motion should be denied to the extent this Court so dismisses. However, for the sake of completeness, and because the Motion indicates amendment is appropriate "as to personal jurisdiction ***as well as the other grounds for dismissal***," Motion, pg. 3 (emphasis added), the Defendants briefly address why amendment after dismissal on these "other grounds" would be futile.[2]

8. Because the bases for dismissal—other than *forum non conveniens* and lack of

---

[2] The Defendants similarly allege that amendment would be futile in the event this Court were to dismiss for reasons of *forum non conveniens* or lack of personal jurisdiction, and these arguments are set forth in Part II *infra*.

personal jurisdiction—are purely legal and/or deferential matters, there are no facts that Plaintiff could allege in an amended complaint that would not render the same immediately susceptible to renewed dismissal. With respect to the exercise of abstention (whether permissive or mandatory) and considerations of comity, to the extent this Court determines that it should yield to the numerous Brazilian proceedings identified by the Defendants, such abstention would be based on, *inter alia*, lack of core bankruptcy claims, Brazil's competing interest in the litigation, and the inability of Plaintiff to enforce any judgment of this Court in Brazil. Amendment could not cure these considerations, and therefore the Motion should be denied if the Court grants the Motions to Dismiss on these grounds. *See Peterson v. Snohomish Cty. Superior Court*, No. 2:23-cv-01093-MJP-BAT, 2023 U.S. Dist. LEXIS 203914, at *4 (W.D. Wash. July 24, 2023) (denying leave even to a *pro se* litigant because amendment would be futile where, *inter alia*, the court properly abstained on grounds of equity and state court comity).

9. Similarly, to the extent this Court dismisses this action due to the time-barred nature of Plaintiff's claims or the preclusive effect of prior judgments, amendment would be futile as no additional allegation could resurrect claims that are already dead. *See Adams v. Kellett*, 360 F. App'x 67, 70 (11th Cir. 2010) ("[E]ven if Plaintiffs had followed the proper procedures in seeking leave to amend, such an amendment would have been futile because the claims that Plaintiffs seek to add would also be time-barred."); *see also McNear v. Wells Fargo Bank, N.A.*, 651 F. App'x 928, 933 (11th Cir. 2016) ("The amendments . . . arise from the same set of operative facts . . . which the district court properly dismissed on the basis of res judicata. Thus, the amendment would be futile.").

10. Finally, with respect to Defendants' Civil Rule 12(b)(6) arguments that Plaintiff fails to state a claim upon which relief can be granted, amendment would similarly be futile. As

set forth above, Plaintiff has not alleged in the Motion any possible allegations that would bolster their claims. The Motions to Dismiss set forth in exhaustive detail the specific debilities as to each of the counts asserted by Plaintiff, and the Defendants are content to rest on the strength of those arguments for the purposes of this Objection and the Motion. Nowhere in the Motion nor in the relevant portions of Plaintiff's oppositions to the Motions to Dismiss, *see* Docket No. 82, pgs. 21–30; Docket No. 84, pgs. 13–14, does Plaintiff even indicate what additional facts would cure the pleading deficiencies, so the Motion should accordingly be denied. *Hampton-Muhamed v. James B. Nutter & Co.*, 687 F. App'x 890, 893 (11th Cir. 2017) ("[L]eave to amend . . . would be futile because [the plaintiff] has indicated no additional facts she would have pled that would have changed the result.").

## II. If this Court Grants the Motions to Dismiss on Grounds of *Forum non Conveniens* or Personal Jurisdiction, Leave to Amend Should Nevertheless be Denied, Because Amendment Would be Futile.

11. Moreover, even to the extent this Court grants the Motions to Dismiss on grounds of *forum non conveniens* or lack of personal jurisdiction, the Motion fails to carry the "burden" that the interests of justice require leave to amend. *Johnson v. Ga. Dep't of Veterans Serv.*, 791 F. App'x 113, 116 (11th Cir. 2019) ("As the party seeking leave to amend under [Civil] Rule 15(a), he bore the burden of establishing entitlement to it.") (internal citations and quotations omitted). Through the Motion, Plaintiff does not attempt to correct the (numerous) deficiencies present in Plaintiff's first amended complaint. Rather, Plaintiff suggests that it need not first thoroughly review and vet its allegations in bringing an action, but instead it is incumbent on **the Court** to identify the weaknesses in Plaintiff's position. This figurative "throw spaghetti at the wall and see what sticks" approach to complaint drafting and amendment should not be countenanced. *Watkins v. Town of Webster*, 592 F. Supp. 3d 96, 121 (W.D.N.Y. 2022) (noting that "a complaint is not a

fishing expedition").

12. In the Motion, Plaintiff makes vague allusions to the various matters that would be alleged in an amended complaint, but acknowledges that these matters are already before this Court. For example, Plaintiff states that its amendments "would certainly include" the facts put before this Court in that certain Declaration of Nyana Miller [Docket No. 83-1], and argues that those facts "along with others that Plaintiff can allege" support both Plaintiffs' *forum non conveniens* and personal jurisdiction arguments.

13. It should not be overlooked that the transactions that form the basis of Plaintiff's dubious case are some fifteen years old, and the facts alleged in the complaint (and improperly in the oppositions to the Motions to Dismiss) are equally ancient. Plaintiff has had access to the bare-bones facts that comprise its present theory of personal jurisdiction and *forum non conveniens* for years before initiating suit. With those facts available to it, Plaintiff affirmatively chose to include ***even less*** than these bare bones in its initial and first amended complaint, instead electing to misrepresent and embellish existing allegations and provide brand new ones in its opposition to the Motions to Dismiss. Now, in the instant Motion, Plaintiff insists that if this Court rejects these prior failures of diligence, the interests of justice demand Plaintiff be given an opportunity to reallege (this time in the proper pleading) its weak and dubious fifteen-year-old allegations, without even specifically setting out which ones it will ultimately decide to include (or exclude yet again).

14. Setting aside the fact that the Motion fails to state with sufficient particularity which of these additional allegations would ultimately make their way into a second amended complaint, in the event this Court grants the Motions to Dismiss and considers whether to grant the leave requested in the Motion, this Court will already have considered all such facts and found the

arguments stemming therefrom unmeritorious. This Court disposing of these very facts and arguments only to have Plaintiff immediately reallege the same by way of a further amended complaint is textbook futility. In this scenario, the Court necessarily would have determined either or both that (i) it does not have jurisdiction over some of the Defendants, and/or (ii) the United States is not an appropriate forum due to some combination of the binding forum selection clause, Brazil's status as an adequate forum, the private and public interest factors favoring Brazil, and the prejudice to the Defendants. It is axiomatic that where a proposed amendment would not raise any matters that would alter or interfere with the Court's dismissal of an action, such amendment would be futile.

15. The case law is replete with examples of courts in this very Court's position denying leave to amend where they have determined that *forum non conveniens* favors another forum and/or they lack personal jurisdiction. *Herald v. Kohn (In re Herald)*, 540 F. App'x 19, 25–26 (2d Cir. 2013) ("Given that the district court correctly otherwise found dismissal appropriate . . . on the grounds of *forum non conveniens*, the district court appropriately refused leave to amend to add these four defendants . . . as such amendment would have unduly delayed the progress of this already long-running case and would have proved futile in any event."); *AB Data Ltd. v. Ricoh USA Inc.*, No. 23-cv-0978-bhl, 2024 U.S. Dist. LEXIS 15843, at *14 (E.D. Wis. Jan. 30, 2024) ("Nothing in [the plaintiff's] proposed amended complaint would alter the Court's *forum non conveniens* analysis. The motion to amend is, therefore, futile and will be denied."); *Birim Grp., LLC v. Paa Kwesi Nduom*, No. 20 C 07198, 2022 U.S. Dist. LEXIS 26885, at *2 (N.D. Ill. Feb. 15, 2022) ("The Court further held that any remaining claims . . . were properly dismissed under *forum non conveniens*. . . . Having reviewed the parties' submissions, the Court finds that amendment would be futile and denies Plaintiff's motion."); *In re Alcon S'holder Litig.*, 719 F.

Supp. 2d 280, 283 (S.D.N.Y. 2010) ("[E]ven if Plaintiffs were granted leave to file their proposed amended complaint, the Court's *forum non conveniens* analysis would not change, and leave to amend would thus be futile."); *Ny United A-1 Constr., Inc. v. J.P. Mgmt., LLC*, 2023 U.S. Dist. LEXIS 64457, at *2 (S.D.N.Y. Apr. 12, 2023) ("Amending the complaint would be futile because personal jurisdiction over Defendants also does not exist."); *Jastrjembskaia v. Incruises LLC*, No. 22-61704-CV, 2023 U.S. Dist. LEXIS 145758, at *4 (S.D. Fla. Aug. 2, 2023) ("[T]here is good reason to believe that amendment would be futile. After sifting through Plaintiffs' exhibits, it is still not obvious how Plaintiffs can establish personal jurisdiction over these foreign Defendants.").

16. For this Court to even consider granting leave to further amend Plaintiff's Complaint, it will have already weighed the entire record before it, including the Motion, this Objection, the Motions to Dismiss, the oppositions to the Motions to Dismiss [Docket Nos. 82, 83, and 84], the replies thereto, and the amended complaint itself [Docket No. 56], collectively comprising well over 1,000 pages divided between operative pleadings, attachments, and supporting affidavits. If the Court cannot find personal jurisdiction or an adequate U.S. forum anywhere in that gigantic pile of paper, it would surely be futile to engage in the entire exercise *again*.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

17. For the foregoing reasons, the Defendants respectfully submit that the Motion should be DENIED and that the Defendants should be granted such other relief as this Court deems just and proper.

Dated: April 1, 2024

Respectfully submitted,

By: */s/ Joseph A. Pack*

PACK LAW
Joseph Pack (FBN 117882)
Jessey J. Krehl (FBN 1025848)
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: 305-916-4500
Email: joe@packlaw.com
Email: jessey@packlaw.com

*Co-Counsel to Colorado Investment Holdings LLC*

By: */s/ Olga Vieira*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
James C. Tecce (admitted pro hac vice)
Lucas Bento (pro hac vice pending)
Kenneth B. Hershey (pro hac vice pending)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: jamestecce@quinnemanuel.com
Email: lucasbento@quinnemanuel.com
Email: kenhershey@quinnemanuel.com

Eric Winston (pro hac vice pending)
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213-443-3000
Facsimile: 213-443-3100
Email: ericwinston@quinnemanuel.com

Olga Vieira (FBN 29873)
Daniel Humphrey (FBN 1024695)
2601 South Bayshore Dr, Suite 1550
Miami, Florida 33133
Telephone: 305-402-4880
Facsimile: 305-901-2975
Email: olgavieira@quinnemanuel.com
Email: danielhumphrey@quinnemanuel.com

*Counsel to Colorado Investment Holdings LLC*

By: /s/ *Jason N. Zakia*

**WHITE & CASE**
Jason N. Zakia
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606-4302
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: jzakia@whitecase.com
Florida Bar No. 698121

Laura Garr (*pro hac vice pending*)
1221 Avenue of the Americas
New York, New York 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: laura.garr@whitecase.com

*Attorneys for Defendants J&F Investimentos S.A., JJMB Participações Ltda., WWMB Participações Ltda., Joesley Mendonça Batista, and Wesley Mendonça Batista*

By: */s/ Gabriela Ruiz*

FORD O'BRIEN LANDY LLP
Gabriela M. Ruiz (Florida Bar No. 46844)
gruiz@fordobrien.com
Mallorie Thomas (Florida Bar No. 1040370)
mthomas@fordobrien.com
Ford O'Brien Landy LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3200
Miami, Florida 33131
Tel.: (786) 310-1135 (main)

Amy C. Brown (*pro hac vice* pending)
abrown@fordobrien.com
Stephen R. Halpin III (*pro hac vice* pending)
shalpin@fordobrien.com
275 Madison Avenue, 24th Floor
New York, New York 10016
Tel.: (212) 858-0040 (main)

*Attorneys for Defendant JBS S.A.*

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served upon all interested parties and the Court via the Court's Case Management / Electronic Case Files system on April 1, 2024.

By: */s/ Jessey J. Krehl*
Jessey J. Krehl, Esq.
jessey@packlaw.com