UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,

    Debtor in a Foreign Proceeding.
_____/

AJ RUIZ CONSULTORIA EMPRESARIAL S.A., solely as Judicial Administrator and foreign representative of TINTO HOLDING LTDA.,

    Plaintiff,

v.

COLORADO INVESTMENT HOLDINGS LLC, J&F INVESTIMENTOS S.A., JJMB PARTICIPAÇÕES LTDA., WWMB PARTICIPAÇÕES LTDA., JOESLEY MENDONÇA BATISTA, WESLEY MENDONÇA BATISTA and JBS S.A.,

    Defendants.
_____/

Chapter 15
Case No.: 23-11719-MAM

Adv. Case No. 23-01118

**PLAINTIFF'S MOTION TO WITHDRAW IN PART
THE REFERENCE OF ADVERSARY PROCEEDING**

Plaintiff AJ Ruiz Consultoria Empresarial S.A., solely as Judicial Administrator and foreign representative of Tinto Holding Ltda. ("Plaintiff"), files this Motion to Withdraw In Part the Reference of Adversary Proceeding pursuant to Rule 5011 of the Federal Rules of Bankruptcy Procedure, Local Rule 5011-1, and Paragraph 2 of this Court's Scheduling Order (Dkt. 4).[1]

---

[1] Plaintiff submits this Motion now, rather than two business days before the Scheduling Conference, out of an abundance of caution. The Court previously scheduled the Scheduling Conference for April 17, Dkt. 71 ¶ 10, and incorporated by reference (at ¶ 9) its order that, "not later than 4:00 p.m. two business days before the scheduling conference, each party requesting a jury trial on any issue in this proceeding must file with this Court a motion for withdrawal of the reference pursuant to Local Rule 5011-1," Dkt. 4 at 1. The Court's recent order rescheduling the

Plaintiff seeks to withdraw the reference solely for purposes of the jury trial in this matter and only if all parties do not consent to a jury trial before the Bankruptcy Court. Plaintiff otherwise consents to the Bankruptcy Court's management of this action and entry of final orders. *See* Am. Compl., Dkt. 56, at 5 n.2.

The district courts have "original but not exclusive jurisdiction of all civil proceedings . . . arising in or related to cases under title 11." 28 U.S.C. § 1334(b). And each district may refer "any or all proceedings . . . arising in or related to a case under title 11" "to the bankruptcy judges for the district." *Id.* § 157(a). The Southern District of Florida has referred to the bankruptcy courts all proceedings related to title 11 cases, including this adversary proceeding. *See* Administrative Order 2012-25, In the Matter of Bankruptcy Proceedings, Order of Reference (S.D. Fla. Mar. 27, 2012) ("Standing Order"). But this referral can be withdrawn, and the proceeding returned to the district court. *See* Local Rule 5011-1. This Court's scheduling order requires that a "party requesting a jury trial on any issue in this proceeding must file with this Court a motion for withdrawal of the reference" two business days before the scheduling conference or waive the right to a trial by jury. Dkt. 4 at 1.

Most of Plaintiff's Brazilian-law claims seek to enforce a right and obtain a remedy traditionally legal in nature. *See* Am. Compl. ¶¶ 92-109 (Counts 3-5); ¶¶ 118-23 (Count 7). Plaintiff is thus entitled to a trial by jury on these claims. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40-41 (1989); *see also* Am. Compl. at 1, 33 (requesting jury trial on all issues properly triable). And while jury trials are authorized in bankruptcy cases and the District Court has authorized bankruptcy judges to conduct jury trials, *see* 28 U.S.C. § 1411, Fed. R. Bankr. P. 9015,

---

Scheduling Conference did not include similar language. Instead, it noted that "[t]his Order does not extend any other deadline in this Adversary Proceeding." Dkt. 101 at 2. Plaintiff brings this Motion now solely to preserve its rights if the Court intended for today to remain the deadline for moving to withdraw the reference.

2

the Bankruptcy Court must have the consent of all parties to do so, *see* 28 U.S.C. § 157(e). The parties have not yet entered such consent here. The deadline to consent to a jury trial before the Bankruptcy Court is not until fourteen days after Defendants file their answer. *See* Local Rule 9015-1.

Plaintiff thus respectfully requests that the reference for this adversary proceeding be withdrawn when the time for trial comes, if all parties have not consented to conducting a jury trial before this Court. *See, e.g.*, Order on Motion to Withdraw Reference at 1, *Stower v. Jimenez*, No. 23-cv-20144 (Bankr. S.D. Fla. Jan. 24, 2023), Dkt. 6 ("The Court withdraws the reference to the Bankruptcy Court, in part, for the purpose of a jury trial should [the moving party] ultimately be entitled to one."); *see also Dunn, Tr. of Ests. of Pacifico Sur Grp., LLC v. Ricci*, 2022 WL 3154187, at *3 (S.D. Fla. Aug. 8, 2022) (denying motion to withdraw the reference without prejudice as premature because, "when courts in this District have elected to withdraw bankruptcy referrals, they have customarily allowed the Bankruptcy Court to conduct all pre-trial matters"); *Slott v. Anan Enter., Inc.*, 2020 WL 8834712, at *2 ("'[I]t is the regular practice of the District Court to withdraw the reference,' if at all, 'for purposes of the jury trial only.'"); *In re Armenta*, 2013 WL 4786584, at *2 (S.D. Fla. Sept. 6, 2013) (finding withdraw of the proceeding appropriate when the case is "ready for a jury trial"). Plaintiff otherwise consents to the Bankruptcy Court's continued management of this action, as is common in this District. *See* Am. Compl. at 5 n.2.

Pursuant to Local Rule 5011-1(B)(1), Plaintiff designates the Amended Complaint, Dkt. 56, as the portion of the record of the proceeding that Plaintiff believes is necessary or pertinent to the District Court's ultimate consideration of this Motion.

3

Dated: April 15, 2024

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
      nmiller@sequorlaw.com

By: /s/ *Gregory S. Grossman*
Gregory S. Grossman
Florida Bar No.: 896667
Nyana Abreu Miller
Florida Bar No. 92903

Derek T. Ho (pro hac vice)
Andrew E. Goldsmith (pro hac vice)
Grace W. Knofczynski (pro hac vice)
Chase H. Robinett (pro hac vice)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
crobinett@kellogghansen.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case, as indicated on the service list on April 15, 2024.

/s/ Gregory S. Grossman
Gregory S. Grossman

**SERVICE LIST**

**23-11719-MAM Notice will be electronically mailed to:**

Andrew E Goldsmith on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
agoldsmith@khhte.com, aholloman@khhte.com

Derek T Ho on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
dho@kellogghansen.com, nreyes@kellogghansen.com

Daniel Humphrey on behalf of Defendant Colorado Investment Holdings, LLC
danielhumphrey@quinnemanuel.com, michaelalvarez@quinnemanuel.com

Grace W. Knofczynski on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
gknofczynski@kellogghansen.com

Chase Robinett on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
crobinett@kellogghansen.com

Gabriela Ruiz on behalf of Defendant JBS S.A.
gruiz@fordobrien.com

Olga M Vieira on behalf of Defendant Colorado Investment Holdings, LLC
olgavieira@quinnemanuel.com, ivettegalante@quinnemanuel.com

Jason Zakia on behalf of Defendant J&F Investimentos S.A.
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant JJMB Participacoes LTDA
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant WWMB Participacoes LTDA
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant Joesley Mendonca Batista
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant Wesley Mendonca Batista
jzakia@whitecase.com, mco@whitecase.com

23-01118-MAM Notice will not be electronically mailed to:

Katherine Scherling
c/o Quinn Emanuel et al
51 Madison Ave, Fl 22
New York, NY 10010

James C. Tecce
Quinn Emanuel et al
51 Madison Ave., Floor 22
New York, NY 10010