UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,                                    Chapter 15
                                                        Case No.: 23-11719-MAM
     Debtor in a Foreign Proceeding.
_____/

AJ RUIZ CONSULTORIA EMPRESARIAL
S.A., solely as Judicial Administrator and
foreign representative of TINTO HOLDING
LTDA.,

     Plaintiff,
                                                        Adv. Case No. 23-01118
v.

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY
MENDONÇA BATISTA and JBS S.A.,

     Defendants.
_____/


**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFAMATORY AND
SCANDALOUS MATERIAL PURSUANT TO 11 U.S.C. § 107(b)(2) AND RULE 9018 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Plaintiff AJ Ruiz Consultoria Empresarial S.A., solely as Judicial Administrator and foreign representative of Tinto Holding Ltda. ("Plaintiff"), hereby submits this Reply in Support of its Motion to Strike certain paragraphs in the Motion to Dismiss the Amended Complaint or in the Alternative to Abstain from Exercising Jurisdiction filed by Defendants J&F Investimentos S.A., JJMB Participações LTDA., WWMB Participações LTDA., Joesley Mendonça Batista, and Wesley Mendonça Batista (collectively "Defendants").

## ARGUMENT

### I.  DEFENDANTS' ACCUSATIONS OF BAD FAITH ARE SCANDALOUS AND DEFAMATORY AND SHOULD BE STRICKEN FROM THE RECORD

1.     Defendants do not dispute that the material that Plaintiff seeks to strike brings discredit onto Plaintiff and counsel and harms their professional reputations.  Under the correct reading of "scandalous or defamatory" in § 107(b)(2) and Rule 9018, that concession ends the matter.  *See* ECF No. 86 (Motion to Strike) at 6-7 (citing *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 432-33 (9th Cir. 2011) (holding that § 107(b)(2) and Rule 9018 require the court to protect information that is "disgraceful, offensive, [or] shameful")).

2.     Instead, Defendants argue (at 2) that this Court should follow the First Circuit's decision in *Gitto* and impose a higher standard:  striking material only if it is untrue, potentially untrue and irrelevant, or included for an improper purpose.  *See In re Gitto Glob. Corp*., 422 F.3d 1, 16-17 (1st Cir. 2005).  But as Plaintiff explained, *Gitto* did not properly construe the phrase "scandalous or defamatory," and it only evaluated whether the statements were "defamatory." Motion to Strike at 6-7 & n.2.  Therefore, this Court should not adopt *Gitto*'s legal standard, which is not controlling here.

3.     Defendants concede that the Eleventh Circuit has not followed *Gitto*.  But they nonetheless cite (at 2) three bankruptcy court decisions holding that certain information was not

protected under *Gitto*.  None of these cases is binding on this Court.  And even if they were, and assuming *Gitto* applied, Plaintiff has met that standard because Defendants' accusations of bad faith are irrelevant and untrue (or at least potentially untrue) and were included for an improper purpose.  *See* Motion to Strike at 1-5, 7-10.

4.      In *Carter*, the court denied relief under § 107(b)(2) when the defendant included the plaintiff's social security number and other identifying information in a public filing.  *In re Carter*, 411 B.R. 730, 734, 739 (Bankr. M.D. Fla. 2009).  Unlike here, the plaintiff did not allege that the information was "untrue or even potentially untrue" or "would cause a reasonable person to alter their opinion" of the plaintiff, and the defendant had "already taken the necessary steps to have the information redacted."  *Id.* at 739.  *Health* is a similarly inapposite case where the bankruptcy court denied a debtor's request to expunge the bankruptcy record.  *In re Heath*, 2022 WL 993959, at *1 (Bankr. N.D. Ga. Apr. 1, 2022).  The court's holding centered on the standard for expungement, which differs from the standard under § 107(b)(2) and typically permits a debtor's bankruptcy record to be expunged when the filing was "caused by either error or because of fraud."  *Id.* at *2.  The court then construed the debtor's motion as seeking relief under § 107(b)(2) in the alternative.  *Id.* at *3.  It denied relief on that basis because, unlike here, the debtor merely argued (more than five years after the underlying bankruptcy case was closed) that the bankruptcy record affected her credit, but she made no showing that the record was "untrue, potentially untrue, irrelevant, or made with an improper purpose."  *Id.* at *2-3.  Finally, in *Chitwood*, the court vacated in part an order sealing a settlement agreement that (1) had been filed under seal merely as "a condition of the agreement itself," and (2) spoke "only in broad terms about the claims being settled and the manner and amount of the settlement."  *In re Chitwood*, 2015 WL 7180624, at *2 (Bankr. M.D. Fla. July 23, 2015).  That is nothing like the situation here,

where Defendants accuse Plaintiff and counsel of "gross misconduct" and "bad faith" conduct. *See* ECF No. 79 at 2, 26-27.

> **A.    Defendants' allegations involving Brazilian counsel are irrelevant and untrue, and were included for an improper purpose.**

5.      Defendants' accusations that Plaintiff and Brazilian counsel for the bankruptcy estate of Tinto Holding Ltda., Duarte e Forssell Sociedade de Advogados, supposedly colluded with multiple Brazilian judges are entirely irrelevant to these proceedings.  *See* Motion to Strike at 1-3, 7-8.  Defendants concede (at 3) that the allegations merely relate to a disciplinary investigation by the National Council of Justice ("CNJ") into certain magistrates who have nothing to do with Plaintiff or Tinto's bankruptcy proceedings in Brazil.  Defendants also concede that they "did not make the underlying allegations being investigated in Brazil," and that the allegations were made by a party with no connection to this case.  *Id.*  Nor do Defendants dispute (because they cannot) that the CNJ has no authority to adjudicate allegations against Plaintiff or counsel, that the CNJ expressly excluded any individual interests from its judicial misconduct investigation, and that Plaintiff and counsel are not the subject of the CNJ investigation.  *See* Motion to Strike at 3, 8-9.

6.      The allegations are also untrue, or at least potentially untrue, and were included for an improper purpose.  *Id.* at 3-4, 8-9.  Defendants merely emphasize (at 4-5) that it is "true" that the investigation "exists" and is "ongoing," but that fact only proves Plaintiff's point:  Defendants' accusations are nothing but untested allegations by an unrelated party against unrelated judges in an unrelated disciplinary proceeding in Brazil that has not yet been resolved.  Incorporating those irrelevant allegations into this case as statements of fact against Plaintiff and counsel is blatantly misleading and improper.  The accusations amount to nothing but a "highly personal attack" on Plaintiff and counsel that is "unwarranted, unprofessional and unjust."  *In re City of Detroit*, 2014

WL 8396419, at *7, 11 (Bankr. E.D. Mich. Aug. 28, 2014).

7.      Because Defendants' accusations of bad faith are irrelevant and untrue, and were only included for an improper purpose, they should be stricken from the record.

> **B.      Defendants cannot collaterally attack Brazilian Bankruptcy Court orders in this Court.**

8.      As Plaintiff explained, Defendants' accusations that Plaintiff filed this lawsuit in "bad faith" and lied to the bankruptcy court in Brazil are also irrelevant, untrue, and improperly included in Defendants' filings.  *See* Motion to Strike at 4-5, 9-10.  Those allegations amount to an improper collateral attack on the Brazilian Bankruptcy Court rulings.

9.      Defendants claim (at 9) that their improper collateral attack is "highly relevant," but they do not tie the accusations to a single cognizable basis to dismiss this adversary proceeding. Nor do they provide any case law supporting "bad faith" as a freestanding basis to dismiss a claim. Instead, adding even more irrelevant material, Defendants simply make a number of unsupported assertions about Tinto's insolvency and the Brazilian tax authority.  *See id.* at 9-11.  They also speculate about Plaintiff's supposed "motive" in filing "this Chapter 15 proceeding."  *Id.*  Yet Defendants neither include a single legal citation nor connect any of those assertions to any legal argument, further demonstrating that the allegations of bad faith are completely untethered from the issues before the Court.

10.     Defendants continue to complain (at 6-7) that the Bertins are not parties to this proceeding.  But that does not prove Defendants' scandalous and defamatory claim that Plaintiff is trying to deceive the Brazilian Bankruptcy Court.  Quite the opposite:  as Defendants acknowledge (at 7), Plaintiff has attached the complaints in this U.S. proceeding—which disclose the scope of this litigation—to various filings in the bankruptcy proceeding in Brazil.  *See also* Motion to Strike at 4-5, 9-10.

11.     In a clear fishing expedition into Plaintiff's confidential communications with the Brazilian Bankruptcy Court, Defendants complain (at 7-8) that the orders by the Brazilian Bankruptcy Court do not explain Plaintiff's reasons for not naming the Bertins as defendants in this case.  Defendants also insinuate (at 8) that Plaintiff's efforts to protect confidential information and attorney work product show that Plaintiff is operating with a nefarious motive.  But Plaintiff has no obligation to disclose its litigation strategy to Defendants, and protecting confidential information does not amount to bad faith.  These arguments also fundamentally misrepresent Brazilian Bankruptcy Court procedure.  In Brazil, the bankruptcy court supervises the Judicial Administrator's investigation into potential claims on behalf of the estate in multijurisdictional cases, even before those claims are filed or served in foreign jurisdictions.  *See* Suppl. Decl. of Marcelo Lucidi ¶ 5.  Consequently, privileged information—such as legal memoranda and draft materials to be filed in the Chapter 15 case, as well as legal service agreements—can be provided to the court under seal in an investigative file, where the confidential material may be filed without waiving privilege or publicly disclosing attorney work product and litigation strategy.  *Id.*  The decision whether to seal the materials to which Defendants want access rests with the Brazilian Bankruptcy Court.  *Id.* ¶ 8.  Defendants are free to challenge the confidentiality designations of the Bankruptcy Court in Brazil, *id.* ¶ 10, but they cannot do so before this Court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion to Strike.

Dated:  May 10, 2024                              Respectfully submitted,

                                                 SEQUOR LAW, P.A.
                                                 1111 Brickell Avenue, Suite 1250

Miami, Florida 33131
Phone: (305) 372-8282
Fax: (305) 372-8202
ggrossman@sequorlaw.com
nmiller@sequorlaw.com
jmosquera@sequorlaw.com

By:    _/s/ Nyana Abreu Miller_____
Jennifer Mosquera
Florida Bar No. 1018656
Gregory S. Grossman
Florida Bar No. 896667
Nyana Abreu Miller
Florida Bar No. 92903

Derek T. Ho (*pro hac vice*)
Andrew E. Goldsmith (*pro hac vice*)
Grace W. Knofczynski (*pro hac vice*)
Chase H. Robinett (*pro hac vice*)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
crobinett@kellogghansen.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2024 a true and correct copy of the foregoing was conventionally filed and served via e-mail on all interested parties, as indicated on the service list.

_/s/ Nyana Abreu Miller_
Nyana Abreu Miller

## SERVICE LIST

Gabriela Ruiz on behalf of Defendant JBS S.A.
gruiz@fordobrien.com

Olga M Vieira on behalf of Defendant Colorado Investment Holdings, LLC
olgavieira@quinnemanuel.com, ivettegalante@quinnemanuel.com

Daniel Humphrey on behalf of Defendant Colorado Investment Holdings, LLC
danielhumphrey@quinnemanuel.com, michaelalvarez@quinnemanuel.com

Jason Zakia on behalf of Defendant J&F Investimentos S.A., JJMB Participacoes LTDA, WWMB Participacoes LTDA, Joesley Mendonca Batista, Wesley Mendonca Batista
jzakia@whitecase.com, mco@whitecase.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,                                            Chapter 15
                                                               Case No.: 23-11719-MAM
      Debtor in a Foreign Proceeding.

_____/

AJ RUIZ CONSULTORIA EMPRESARIAL
S.A., solely as Judicial Administrator and
foreign representative of TINTO HOLDING
LTDA.,

      Plaintiff,
                                                               Adv. Case No. 23-01118
v.

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY
MENDONÇA BATISTA and JBS S.A.,

      Defendants.

_____/

**SUPPLEMENTAL DECLARATION OF MARCELO LUCIDI IN SUPPORT
OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFAMATORY
AND SCANDALOUS MATERIAL PURSUANT TO 11 U.S.C. § 107(b)(2)
AND RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

      I, Marcelo Lucidi, under oath and penalty of perjury, pursuant to 28 U.S.C. § 1746, and

duly authorized, declare the following:

      1.      I am a Partner with the law firm of Duarte e Forssell Sociedade de Advogados

("DFA"), located at Alameda Santos 2326, 4th and 10th floors, CEP 01418-200, Sao Paulo, Brazil,

a Brazilian law firm specialized in international asset recovery, international fraud litigation, and

cross-border insolvency cases.  I have been practicing law in Brazil for 12 years, and the focus of

1

my practice is bankruptcy fraud investigations.  I am counsel in Brazil to the bankruptcy estate of Tinto Holding Ltda.

2.     I can read and understand English and make this Supplemental Declaration without the aid of a translator but, as English is not my native language, if called upon to testify, I could testify as to all matters set forth in this Declaration with the aid of a translator.

3.     I am providing this Supplemental Declaration in support of Plaintiff's Reply in Support of the Motion to Strike Defamatory and Scandalous Material Pursuant to 11 U.S.C. § 107(b)(2) and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

4.     Article 22 of Law 11,101/2005 (the Brazilian Bankruptcy Law, or "BBL") outlines the duties of the Judicial Administrator.  Attached as **Exhibit 1** is a true and correct copy of Article 22 of the BBL.

5.     Article 22 of the BBL provides that the Judicial Administrator must carry out its duties "[u]nder the supervision" of the Brazilian Bankruptcy Court.  Therefore, it is common practice in multi-jurisdictional cases for the Court to supervise the Judicial Administrator's investigation into potential claims on behalf of the estate, even before those claims are filed or served in foreign jurisdictions.  Consequently, privileged information—such as legal memoranda and draft materials to be filed in the Chapter 15 case, as well as legal service agreements—may be provided to the Court under seal in an investigative file.  This court practice allows the Judicial Administrator to file confidential material without waiving privilege or publicly disclosing attorney work product and litigation strategy.

6.     Consistent with this practice, as I explained in my March 11, 2024 Declaration, the Judicial Administrator has kept the Brazilian Bankruptcy Court informed throughout this litigation and requested and received permission to file the complaints in this U.S. proceeding.  In doing so,

the Judicial Administrator filed with the Court confidential information, including draft complaints containing work product, under seal in an investigative file.

7.        A party may apply for materials to be sealed pursuant to Article 189 of the Brazilian Civil Procedure Code ("CPC").  Attached as **Exhibit 2** is a true and correct copy of Article 189 of the CPC.

8.        If the Brazilian Bankruptcy Court grants the application to seal, only the parties and their attorneys have the right to access the sealed filings.  Those parties with access to the sealed materials may not disclose them to anyone else without authorization from the Court.  Only the Court can order the confidentiality designation to be removed.  The Court can do so in its sole discretion, for the benefit of either someone in particular or the public in general.  Improper disclosure of sealed materials by the parties or their attorneys without Court authorization carries potential civil and criminal penalties under Brazilian law.

9.        Pursuant to the court practice described above, the Brazilian Bankruptcy Court granted the Judicial Administator's application to seal the case file containing *inter alia* drafts of the complaints filed in this Chaper 15 proceeding, which the Judicial Administrator shared with the Brazilian Bankruptcy Court.

10.        Third parties can request that the Brazilian Bankruptcy Court unseal the materials and reproduce the content of the case files, either in part or in full.  *See* Ex. 2, CPC Art. 189 § 2.

I, Marcelo Lucidi, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 10th of May 2024.

_____
Marcelo Lucidi

# Exhibit 1

Article 22: Under the supervision of the judge and the Committee, and in addition to other duties imposed by this Law, the judicial administrator has the following responsibilities:

I – with regard to judicial reorganization and bankruptcy:

a) send correspondence to the creditors included in the list referred to in subsection III of the main body of Article 51, subsection III of the main body of Article 99 or subsection II of the main body of Article 105 of this Law, stating the date of the petition for judicial reorganization or bankruptcy decree, the nature, value and classification of the claim;

b) promptly provide all information requested by interested creditors;

c) provide extracts of the debtor's accounts, which shall be authenticated ex officio, in order that they may be used as grounds for claims and challenges to claims;

d) demand any information from creditors, the debtor or its administrators;

e) draw up the list of creditors referred to in § 2 of Article 7 of this Law;

f) consolidate the general list of creditors pursuant to Article 18 of this Law;

g) request that the judge to convene a general meeting of creditors in the cases provided for in this Law or when it is deemed necessary to hear the creditors in order to make decisions;

h) with judicial authorization, hire specialized professionals or companies to assist in the performance of the administrator's duties when necessary;

i) make statements in the situations provided for in this Law;

j) whenever possible, encourage conciliation, mediation and other alternative dispute resolution methods related to judicial reorganization and bankruptcy, respecting the rights of third parties, in the manner described in § 3 of Article 3 of Law No. 13.105 of March 16, 2015 (Code of Civil Procedure); (Included by Law No. 14.112 of 2020) (Effective date)

k) maintain a website with updated information on the bankruptcy and judicial reorganization proceedings, with the option of consulting the main pleadings in the proceedings, unless the court rules otherwise; (Included by Law No. 14.112 of 2020) (Effective date)

l) maintain a specific website for receiving requests for authorization or the presentation of disputes, both at the administrative level, with templates that may be used by creditors, unless the court rules otherwise; (Included by Law No. 14.112 of 2020) (Effective date)

m) within a period of no more than 15 (fifteen) days, respond to official letters and requests sent by other courts and public entities, without the need to seek a prior decision from the court; (Included by Law No. 14.112 of 2020) (Effective date)

II – with regard to judicial reorganization:

a) monitor the debtor's activities and compliance with the judicial reorganization plan;

b) file for bankruptcy in the event of failure to comply with an obligation assumed under the terms of the reorganization plan;

c) submit a monthly report on the debtor's activities to the judge, for inclusion in the case file, monitoring the veracity and conformity of the information provided by the debtor; (Text taken from Law No. 14.112 of 2020) (Effective date)

Source: https://www.planalto.gov.br/ccivil_03/_ato2004-2006/2005/lei/l11101.htm

d) submit a report on the implementation of the recovery plan, as referred to in subsection III of the main body of Article 63 of this Law;

e) monitor the progress of negotiations and the regularity of negotiations between the debtor and the creditors; (Included by Law No. 14.112 of 2020) (Effective date)

f) ensure that the debtor and the creditors do not adopt dilatory, ineffective or, in general actions that are prejudicial to the regular progress of the negotiations; (Included by Law No. 14.112 of 2020) (Effective date)

g) ensure that negotiations between the debtor and the creditors are governed by the terms to which the parties have agreed or, in the absence of an agreement, by the rules proposed by the judicial administrator and ratified by the judge, subject to the principle of good faith in order to reach constructive consensuses that lead to greater economic and financial effectiveness and social benefit for the economic agents involved; (Included by Law No. 14.112 of 2020) (Effective date)

h) submit a monthly report on the debtor's activities and a report on the judicial reorganization plan, to be added to the case file and published on the specific website, within a period of up to 15 (fifteen) days after the plan is submitted, monitoring the veracity and conformity of the information provided by the debtor, in addition to reporting any occurrence of the conduct provided for in Article 64 of this Law; (Included by Law No. 14.112 of 2020) (Effective date)

III - in bankruptcy:

a) give notice, through the official gazette, of the place and time where creditors will have the bankrupt company's accounts and documents available to review on a daily basis;

b) examine the debtor's registration documents;

c) list the proceedings and assume the judicial and extrajudicial representation of the bankruptcy estate; (Text taken from Law No. 14.112 of 2020) (Effective date)

d) receive and open correspondence addressed to the debtor, handing over to the debtor anything that is not of interest to the estate;

e) submit a report on the causes and circumstances that led to the bankruptcy situation within 40 (forty) days following the signature of the commitment agreement, which may be extended for the same period, in which it will point out the civil and criminal liability of those involved, in compliance with the provisions of Article 186 of this Law;

f) collect the debtor's assets and documents and draw up the collection document, pursuant to Articles 108 and 110 of this Law;

g) appraise the collected assets;

h) hire appraisers, preferably official ones, with court authorization, to appraise the assets if the judicial administrator does not believe it has the technical capacity for the task;

i) perform the acts necessary to capitalize the assets and pay the creditors;

j) proceed with the sale of all the assets of the bankruptcy estate within a period of no more than 180 (one hundred eighty) days, calculated from the date on which the record of collection is filed, under penalty of removal from office, with the exception of justified impossibility recognized by a court ruling; (Text taken from Law No. 14.112 of 2020) (Effective date)

l) perform all acts that preserve rights and actions, take steps to collect debts and give the respective settlement and release;

Source: https://www.planalto.gov.br/ccivil_03/_ato2004-2006/2005/lei/l11101.htm

m) for the benefit of the estate and with judicial authorization, redeem assets that have been seized, pledged or legally withheld;

n) represent the bankruptcy estate in court, hiring an attorney if necessary, whose fees shall be agreed upon in advance and approved by the Committee of Creditors;

o) request all measures and steps necessary for compliance with this Law, the protection of the estate or the efficiency of the administration;

p) before the 10th (tenth) day of the month following the due date, submit an account to the judge for filing showing the administration, clearly specifying income and expenditures;

q) hand over to their replacement all assets and documents of the estate in their possession, under penalty of liability;

r) submit a report at the end of the process, when the administrator is replaced, removed or resigns.

s) collect the amounts of deposits made in administrative or judicial proceedings in which the bankrupt company is a party, resulting from attachments, embargos, seizures, auctions, judicial sales and other cases involving judicial restrictions, subject to the provisions of Laws No. 9.703 of November 17, 1998, and 12,099, of November 27, 2009, and Complementary Law no. 151 of August 5, 2015. (Included by Law no. 14,112 of 2020) (Effective date)

§ 1. The remuneration of the judicial administrator's assistants shall be set by the judge, who shall take into account the complexity of the work to be carried out and the prices charged in the market for the performance of similar services.

§ 2. In the situation described in paragraph d of subsection I of the main body of this article, in the event of recusal, at the request of the judicial administrator, the judge shall summon those persons to appear before the court, under penalty of contempt, at which time he shall question them in the presence of the judicial administrator, taking their depositions in writing.

§ 3. In bankruptcy, the judicial administrator may not settle the obligations and rights of the bankruptcy estate or grant debt relief without court authorization, after hearing the Committee and the debtor within a common period of two (2) days, even if the debts are deemed to be difficult to collect.

§ 4. If the report referred to in paragraph e of subsection III of the main body of this article provides evidence of the criminal liability of any party involved, the Public Prosecutor's Office will be notified of the contents of the report.

Source: https://www.planalto.gov.br/ccivil_03/_ato2004-2006/2005/lei/l11101.htm

**THE STATE OF FLORIDA   }**
                         }
**COUNTY OF MIAMI DADE }**

### AFFIDAVIT OF ACCURACY

BEFORE ME, the undersigned authority, on this day personally appeared Cristina Gomez who, by oath and by presentation of identification, is personally known to me to be the person subscribing her name below and, after being by me duly sworn according to law, upon her oath deposes and says in due form of law that to the best of her knowledge, information and belief:

1. "My name is Cristina Gomez and I am over the age of twenty-one years and competent to make this affidavit.

2. I speak, read, and write fluently in both the English and Portuguese languages.

3. I have worked as a professional legal translator since 2002, and I hold a Juris Doctor degree from the UNED, Madrid, Spain. Additionally, I graduated with a degree in Linguistics from the Ecole de Langues in Geneva, Switzerland. I hereby state that I am qualified to translate from Portuguese into English. Furthermore, I am a voting member at the American Translators Association (#260303).

I hereby certify that the Portuguese to English translation of the *Article 22 of the Brazilian Bankruptcy Code* attached hereto is true, accurate, and complete English translations, to the best of my ability, of the original document in Portuguese.

Cristina Gomez
Professional Legal Translator
American Translators Association #260303

Sworn to before me this 8th day of May 2024

Notary Public in and for the State of Florida
My commission expires: Jun 19th, 2027

DAYRI NICOLAS
Notary Public - State of Florida
Commission # HH 412477
My Comm. Expires Jun 19, 2027

Certified Translations. 713.444.5964

Art. 22. Ao administrador judicial compete, sob a fiscalização do juiz e do Comitê, além de outros deveres que esta Lei lhe impõe:

I – na recuperação judicial e na falência:

a) enviar correspondência aos credores constantes na relação de que trata o inciso III do **caput** do art. 51, o inciso III do **caput** do art. 99 ou o inciso II do **caput** do art. 105 desta Lei, comunicando a data do pedido de recuperação judicial ou da decretação da falência, a natureza, o valor e a classificação dada ao crédito;

b) fornecer, com presteza, todas as informações pedidas pelos credores interessados;

c) dar extratos dos livros do devedor, que merecerão fé de ofício, a fim de servirem de fundamento nas habilitações e impugnações de créditos;

d) exigir dos credores, do devedor ou seus administradores quaisquer informações;

e) elaborar a relação de credores de que trata o § 2º do art. 7º desta Lei;

f) consolidar o quadro-geral de credores nos termos do art. 18 desta Lei;

g) requerer ao juiz convocação da assembléia-geral de credores nos casos previstos nesta Lei ou quando entender necessária sua ouvida para a tomada de decisões;

h) contratar, mediante autorização judicial, profissionais ou empresas especializadas para, quando necessário, auxiliá-lo no exercício de suas funções;

i) manifestar-se nos casos previstos nesta Lei;

j) estimular, sempre que possível, a conciliação, a mediação e outros métodos alternativos de solução de conflitos relacionados à recuperação judicial e à falência, respeitados os direitos de terceiros, na forma do § 3º do art. 3º da Lei nº 13.105, de 16 de março de 2015 (Código de Processo Civil);    (Incluído pela Lei nº 14.112, de 2020)    (Vigência)

k) manter endereço eletrônico na internet, com informações atualizadas sobre os processos de falência e de recuperação judicial, com a opção de consulta às peças principais do processo, salvo decisão judicial em sentido contrário;    (Incluído pela Lei nº 14.112, de 2020)    (Vigência)

l) manter endereço eletrônico específico para o recebimento de pedidos de habilitação ou a apresentação de divergências, ambos em âmbito administrativo, com modelos que poderão ser utilizados pelos credores, salvo decisão judicial em sentido contrário;    (Incluído pela Lei nº 14.112, de 2020)    (Vigência)

m) providenciar, no prazo máximo de 15 (quinze) dias, as respostas aos ofícios e às solicitações enviadas por outros juízos e órgãos públicos, sem necessidade de prévia deliberação do juízo;    (Incluído pela Lei nº 14.112, de 2020)    (Vigência)

II – na recuperação judicial:

a) fiscalizar as atividades do devedor e o cumprimento do plano de recuperação judicial;

b) requerer a falência no caso de descumprimento de obrigação assumida no plano de recuperação;

c) apresentar ao juiz, para juntada aos autos, relatório mensal das atividades do devedor;

c) apresentar ao juiz, para juntada aos autos, relatório mensal das atividades do devedor, fiscalizando a veracidade e a conformidade das informações prestadas pelo devedor;    (Redação dada pela Lei nº 14.112, de 2020)   (Vigência)

d) apresentar o relatório sobre a execução do plano de recuperação, de que trata o inciso III do **caput** do art. 63 desta Lei;

e) fiscalizar o decurso das tratativas e a regularidade das negociações entre devedor e credores;   (Incluído pela Lei nº 14.112, de 2020)   (Vigência)

f) assegurar que devedor e credores não adotem expedientes dilatórios, inúteis ou, em geral, prejudiciais ao regular andamento das negociações; (Incluído pela Lei nº 14.112, de 2020)   (Vigência)

g) assegurar que as negociações realizadas entre devedor e credores sejam regidas pelos termos convencionados entre os interessados ou, na falta de acordo, pelas regras propostas pelo administrador judicial e homologadas pelo juiz, observado o princípio da boa-fé para solução construtiva de consensos, que acarretem maior efetividade econômico-financeira e proveito social para os agentes econômicos envolvidos;   (Incluído pela Lei nº 14.112, de 2020)   (Vigência)

h) apresentar, para juntada aos autos, e publicar no endereço eletrônico específico relatório mensal das atividades do devedor e relatório sobre o plano de recuperação judicial, no prazo de até 15 (quinze) dias contado da apresentação do plano, fiscalizando a veracidade e a conformidade das informações prestadas pelo devedor, além de informar eventual ocorrência das condutas previstas no art. 64 desta Lei;   (Incluído pela Lei nº 14.112, de 2020)   (Vigência)

III – na falência:

a) avisar, pelo órgão oficial, o lugar e hora em que, diariamente, os credores terão à sua disposição os livros e documentos do falido;

b) examinar a escrituração do devedor;

c) relacionar os processos e assumir a representação judicial e extrajudicial, incluídos os processos arbitrais, da massa falida;   (Redação dada pela Lei nº 14.112, de 2020)   (Vigência)

d) receber e abrir a correspondência dirigida ao devedor, entregando a ele o que não for assunto de interesse da massa;

e) apresentar, no prazo de 40 (quarenta) dias, contado da assinatura do termo de compromisso, prorrogável por igual período, relatório sobre as causas e circunstâncias que conduziram à situação de falência, no qual apontará a responsabilidade civil e penal dos envolvidos, observado o disposto no art. 186 desta Lei;

f) arrecadar os bens e documentos do devedor e elaborar o auto de arrecadação, nos termos dos arts. 108 e 110 desta Lei;

g) avaliar os bens arrecadados;

h) contratar avaliadores, de preferência oficiais, mediante autorização judicial, para a avaliação dos bens caso entenda não ter condições técnicas para a tarefa;

i) praticar os atos necessários à realização do ativo e ao pagamento dos credores;

j) proceder à venda de todos os bens da massa falida no prazo máximo de 180 (cento e oitenta) dias, contado da data da juntada do auto de arrecadação, sob pena de destituição, salvo por

impossibilidade fundamentada, reconhecida por decisão judicial;      (Redação dada pela Lei nº 14.112, de 2020)   (Vigência)

l) praticar todos os atos conservatórios de direitos e ações, diligenciar a cobrança de dívidas e dar a respectiva quitação;

m) remir, em benefício da massa e mediante autorização judicial, bens apenhados, penhorados ou legalmente retidos;

n) representar a massa falida em juízo, contratando, se necessário, advogado, cujos honorários serão previamente ajustados e aprovados pelo Comitê de Credores;

o) requerer todas as medidas e diligências que forem necessárias para o cumprimento desta Lei, a proteção da massa ou a eficiência da administração;

p) apresentar ao juiz para juntada aos autos, até o 10º (décimo) dia do mês seguinte ao vencido, conta demonstrativa da administração, que especifique com clareza a receita e a despesa;

q) entregar ao seu substituto todos os bens e documentos da massa em seu poder, sob pena de responsabilidade;

r) prestar contas ao final do processo, quando for substituído, destituído ou renunciar ao cargo.

s) arrecadar os valores dos depósitos realizados em processos administrativos ou judiciais nos quais o falido figure como parte, oriundos de penhoras, de bloqueios, de apreensões, de leilões, de alienação judicial e de outras hipóteses de constrição judicial, ressalvado o disposto nas Leis nºs 9.703, de 17 de novembro de 1998, e 12.099, de 27 de novembro de 2009, e na Lei Complementar nº 151, de 5 de agosto de 2015.    (Incluído pela Lei nº 14.112, de 2020)    (Vigência)

§ 1º As remunerações dos auxiliares do administrador judicial serão fixadas pelo juiz, que considerará a complexidade dos trabalhos a serem executados e os valores praticados no mercado para o desempenho de atividades semelhantes.

§ 2º Na hipótese da alínea *d* do inciso I do **caput** deste artigo, se houver recusa, o juiz, a requerimento do administrador judicial, intimará aquelas pessoas para que compareçam à sede do juízo, sob pena de desobediência, oportunidade em que as interrogará na presença do administrador judicial, tomando seus depoimentos por escrito.

§ 3º Na falência, o administrador judicial não poderá, sem autorização judicial, após ouvidos o Comitê e o devedor no prazo comum de 2 (dois) dias, transigir sobre obrigações e direitos da massa falida e conceder abatimento de dívidas, ainda que sejam consideradas de difícil recebimento.

§ 4º Se o relatório de que trata a alínea *e* do inciso III do **caput** deste artigo apontar responsabilidade penal de qualquer dos envolvidos, o Ministério Público será intimado para tomar conhecimento de seu teor.

# Exhibit 2

Code of Civil Procedure

BOOK IV
PROCEDURAL ACTS


TITLE I
FORM, TIME AND PLACE OF PROCEDURAL ACTS


CHAPTER I
FORM OF PROCEDURAL ACTS


**Section I**
**Acts in General**

Art. 189. Procedural acts are public; however, the following proceedings are processed under judicial secrecy:

I – those in which secrecy is required due to public or social interests;

II – those dealing with marriage, division of assets, divorce, common-law marriage, parentage, child support and custody of children and adolescents;

III – those related to data protected by the constitutional right to privacy;

IV – those dealing with arbitration, including compliance with the arbitration agreement, if the confidentiality stipulated in the arbitration is proven in court.

§ 1 The right to consult case records of cases processed under judicial secrecy and to request certifications of their acts is restricted to the parties and their attorneys.

§ 2 A third party who demonstrates a legal interest may request that the judge provide certification of the judgment, as well as an inventory of the division of assets resulting from divorce or separation.

**THE STATE OF FLORIDA** }
}
**COUNTY OF MIAMI DADE** }

### AFFIDAVIT OF ACCURACY

BEFORE ME, the undersigned authority, on this day personally appeared Cristina Gomez who, by oath and by presentation of identification, is personally known to me to be the person subscribing her name below and, after being by me duly sworn according to law, upon her oath deposes and says in due form of law that to the best of her knowledge, information and belief:

1. "My name is Cristina Gomez and I am over the age of twenty-one years and competent to make this affidavit.

2. I speak, read, and write fluently in both the English and Portuguese languages.

3. I have worked as a professional legal translator since 2002, and I hold a Juris Doctor degree from the UNED, Madrid, Spain. Additionally, I graduated with a degree in Linguistics from the Ecole de Langues in Geneva, Switzerland. I hereby state that I am qualified to translate from Portuguese into English. Furthermore, I am a voting member at the American Translators Association (#260303).

I hereby certify that the Portuguese to English translation of the *Article 189 of the Brazilian Code of Civil Procedure* attached hereto is true, accurate, and complete English translations, to the best of my ability, of the original document in Portuguese.

Cristina Gomez
Professional Legal Translator
American Translators Association #260303

Sworn to before me this 6th day of May 2024

Notary Public in and for the State of Florida
My commission expires: __10/26/2027__

KELLY JOHANNA BELLO
Notary Public - State of Florida
Commission # HH 458879
My Comm. Expires Oct 26, 2027

§ 2º Não se aplica o benefício da contagem em dobro quando a lei estabelecer, de forma expressa, prazo próprio para o ente público.

🔑 Art. 184. O membro da Advocacia Pública será civil e regressivamente responsável quando agir com dolo ou fraude no exercício de suas funções

TÍTULO VII
DA DEFENSORIA PÚBLICA

🔑 Art. 185. A Defensoria Pública exercerá a orientação jurídica, a promoção dos direitos humanos e a defesa dos direitos individuais e coletivos dos necessitados, em todos os graus, de forma integral e gratuita.

🔑 Art. 186. A Defensoria Pública gozará de prazo em dobro para todas as suas manifestações processuais.

§ 1º O prazo tem início com a intimação pessoal do defensor público, nos termos do art. 183, § 1º .

§ 2º A requerimento da Defensoria Pública, o juiz determinará a intimação pessoal da parte patrocinada quando o ato processual depender de providência ou informação que somente por ela possa ser realizada ou prestada.

§ 3º O disposto no caput aplica-se aos escritórios de prática jurídica das faculdades de Direito reconhecidas na forma da lei e às entidades que prestam assistência jurídica gratuita em razão de convênios firmados com a Defensoria Pública.

§ 4º Não se aplica o benefício da contagem em dobro quando a lei estabelecer, de forma expressa, prazo próprio para a Defensoria Pública.

🔑 Art. 187. O membro da Defensoria Pública será civil e regressivamente responsável quando agir com dolo ou fraude no exercício de suas funções.

LIVRO IV
DOS ATOS PROCESSUAIS

TÍTULO I
DA FORMA, DO TEMPO E DO LUGAR DOS ATOS PROCESSUAIS

CAPÍTULO I
DA FORMA DOS ATOS PROCESSUAIS

**Seção I**
**Dos Atos em Geral**

🔑 Art. 188. Os atos e os termos processuais independem de forma determinada, salvo quando a lei expressamente a exigir, considerando-se válidos os que, realizados de outro modo, lhe preencham a finalidade essencial.

🔑 Art. 189. Os atos processuais são públicos, todavia tramitam em segredo de justiça os processos:

I - em que o exija o interesse público ou social;

II - que versem sobre casamento, separação de corpos, divórcio, separação, união estável, filiação, alimentos e guarda de crianças e adolescentes;

III - em que constem dados protegidos pelo direito constitucional à intimidade;

IV - que versem sobre arbitragem, inclusive sobre cumprimento de carta arbitral, desde que a confidencialidade estipulada na arbitragem seja comprovada perante o juízo.

§ 1º O direito de consultar os autos de processo que tramite em segredo de justiça e de pedir certidões de seus atos é restrito às partes e aos seus procuradores.

§ 2º O terceiro que demonstrar interesse jurídico pode requerer ao juiz certidão do dispositivo da sentença, bem como de inventário e de partilha resultantes de divórcio ou separação.