UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,

    Debtor in a Foreign Proceeding.

_____/

AJ RUIZ CONSULTORIA EMPRESARIAL S.A., solely as Judicial Administrator and foreign representative of TINTO HOLDING LTDA.,

    Plaintiff,

v.

COLORADO INVESTMENT HOLDINGS LLC, J&F INVESTIMENTOS S.A., JJMB PARTICIPAÇÕES LTDA., WWMB PARTICIPAÇÕES LTDA., JOESLEY MENDONÇA BATISTA, WESLEY MENDONÇA BATISTA and JBS S.A.,

    Defendants.

_____/

Chapter 15
Case No.: 23-11719-MAM

Adv. Case No. 23-01118

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO WITHDRAW IN PART THE REFERENCE OF ADVERSARY PROCEEDING**

    Plaintiff has a right to a jury trial and asks this Court to withdraw the reference only when the time comes for that trial. The relief sought is simple, and Plaintiff's Motion concise. Yet rather than engage with the issue at hand, Colorado uses its objection largely to repeat—at length—other Defendants' motion-to-dismiss arguments. *See* Resp., Dkt. 113, at 1-5 & nn. 9-10. But looking past that impropriety, the parties actually agree that the Court need not address this motion until the case is ready for trial.[1] Resp. at 11-12. When the time comes, however, the Court should

---

[1] Colorado urges delay on resolving this Motion because it believes the motions to dismiss will moot the issue. *See*

grant the Motion. The Seventh Amendment entitles Plaintiff to a jury trial, and Plaintiff intends to exercise that right.

\*   \*   \*

The Seventh Amendment jury right attaches to "suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] . . . administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). The claim need not have existed at common law in 1791. *Id.* at 42. Instead, courts ask whether: (1) the action brought is more "analogous" to an action at law or in equity at common law; and (2) the remedy sought is legal or equitable in nature. *Id.* at 41-42. As Plaintiff's Motion explained, Counts 3-5 and 7 seek to enforce a right and obtain a remedy traditionally legal in nature. *See* Mot., Dkt. 107, at 2 (citing *Granfinanciera*, 492 U.S. at 40-41). Plaintiff is thus entitled to a trial by jury on these claims. *Id.*

Against this, Colorado raises three points. None is persuasive.

*First*, Colorado argues (at 6-7) that there is no right to a jury trial on the Brazilian-law claims because Brazil only has juries for criminal trials involving grave bodily harm. But the limitations on juries in civil-law jurisdictions say nothing about a plaintiff's right to a jury trial in the United States. As the First Circuit explained, "[t]he Seventh Amendment . . . most decidedly affords litigants in federal court . . . the right to trial by jury" for legal claims brought under Puerto Rico civil law even though "Puerto Rico, a civil law jurisdiction, never uses juries in civil cases." *Marshall v. Perez Arzuaga*, 828 F.2d 845, 849 (1st Cir. 1987); *see also Castillo v. Cessna Aircraft Co.*, 2010 WL 11505791, at \*1-2 (S.D. Fla. July 22, 2010) ("[Defendant] argues that because

---

Resp. at 11-12. Plaintiff, of course, strongly disagrees. But a Motion to Withdraw the Reference is not the place to litigate that issue—especially given the Court's clear page limitations when briefing the motions to dismiss. Besides noting that personal jurisdiction here is based on nationwide contacts—not contacts with West Palm Beach, Florida, *contra id.* at 12—Plaintiff refers the Court to its briefs in opposition to the Defendants' motions to dismiss. *See* Dkts. 82-84.

Guatemalan law governs this action, and because Guatemala is a civil law jurisdiction that does not provide for a trial by jury, Plaintiffs' jury demands are improper and must be stricken. This argument is without merit."). As another example, federal courts have long provided jury trials for claims under Louisiana law, even though Louisiana courts would not. *See* Wright & Miller, Fed. Prac. & Proc. § 2303 & n.11 (4th ed.) (collecting authority).[2]

Colorado cites no case supporting its argument otherwise. Instead, every case that Colorado cites (at 7) stands only for the proposition that there are no juries for civil claims in civil-law jurisdictions. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 252 n.18 (1981), for example, notes that foreign plaintiffs may choose to sue in the United States because "jury trials are almost always available in the United States, while they are never provided in civil law jurisdictions," a point that would be nonsensical if U.S. courts had to follow foreign courts' practice. Similarly, the quote from *Recognition and Enforcement of U.S. Money Judgments in Brazil*, 19 N.Y. Int'l L. Rev. 1, 21 (Winter 2006), asserting that civil juries are incompatible with the Brazilian system, was an argument raised by a Brazilian defendant to a Brazilian court on why a jury verdict against him should not be recognized. The article goes on to explain that this argument was rejected, because the Supreme Federal Court, the highest court of Brazil, "has a specific precedent stating that the system of civil jury adopted by the United States law does not constitute any violation of public policy in Brazil." *Id.* at 23-24.

---

[2] Colorado also offers that Brazilian-law claims can never be construed as "Suits at common law." Resp. at 6 (quoting U.S. Const. amend. VII). But as the *Castillo* court comprehensively explained, "[t]he phrase 'common law' is used in contradistinction to equity, and admiralty, and maritime jurisprudence. By common law, the Framers of the Amendment meant not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered. In a just sense, the amendment then may well be construed to embrace *all suits which are not of equity and admiralty jurisdiction*, whatever might be the peculiar form which they may assume to settle legal rights." *Castillo*, 2010 WL 11505791, at *2 n.1 (quoting *Curtis v. Loether*, 415 U.S. 189, 193 (1974)) (alterations adopted) (emphasis in *Castillo*). It does not limit jury trials to claims brought under the law of common law, rather than civil law, jurisdictions.

*Second*, Colorado suggests (at 8) that, because English courts did not recognize foreign-law claims or the concept of corporate separateness, the Seventh Amendment does not recognize Plaintiff's jury right. Not so. The Seventh Amendment is not limited to claims that could have been brought in 1791. Rather, the test asks whether the claims are *analogous* to claims that would have been brought at courts of law and whether the remedies sought are legal in nature. *See Granfinanciera*, 492 U.S. at 41-42 ("Although the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791, the Seventh Amendment also applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty."). Were it otherwise, the holding of *Granfinanciera* would make no sense—the complex bankruptcy claims at issue there would have been unrecognizable in 1791. Once again, Colorado marshals no case law saying otherwise.

*Finally*, Colorado argues that each of Plaintiff's claims is equitable, not legal. *See* Resp. at 9-11. No doubt, some of the relief Plaintiff seeks is equitable in nature. But that equitable relief relates to Plaintiff's equitable claims, which do not prompt Plaintiff's jury request. Rather, as Plaintiff's Motion makes clear, the jury demand is based solely on Counts 3-5 and 7—claims to declare the absolute nullity of a transaction, to declare void a transaction, to challenge the transfer of an establishment, and to obtain compensation for the damages caused by the illicit acts, respectively. *See* Mot. at 2. Colorado's assertions (at 9-10) about Counts 1-2 and 6 are thus misleading at best. *See In re EZ Pay Servs., Inc.*, 389 B.R. 278, 289 (Bankr. M.D. Fla. 2008) ("When an action involves a combination of both legal and equitable claims, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'").

Even when Colorado addresses the relevant Counts, it offers little of substance. It paints a misleading gloss on Counts 3-5 and 7, before providing a string cite of decades-old cases from miscellaneous districts—some standing for undebated standards,[3] others dealing with irrelevant claims,[4] and one predating and at odds with *Granfinanciera* itself.[5] Indeed, despite citing all these cases, Colorado never explains how the legal remedies Plaintiff seeks should be considered equitable instead. Nor can it. Count 7, for example, seeks monetary compensation for the damages caused by Defendants' illicit acts—a quintessential legal remedy. *See Granfinanciera*, 492 U.S. at 47-49. Colorado concedes that Count 7 seeks at least partly legal relief, asserting (at 10) only that the claim "seeks predominantly equitable relief." But Colorado offers no explanation for why even part of the relief is supposedly equitable.

\* \* \*

Colorado designates four additional categories of documents to the record: the motions to dismiss, Defendants' replies in support of those motions, their declarations and exhibits, and this Court's scheduling Orders. Resp. at 13. Colorado states, without explanation, that these matters are "relevant to [the] decision" of whether to withdraw the reference. *Id.* It is hard to see how

---

[3] *See, e.g.*, Resp. at 10-11 ("*In re Stocks*, 137 B.R. 516, 522 (N.D. Fla. Bankr. 1991) (after *Granfinanciera*, remedy sought in fraudulent conveyance claim is indicative of whether claim is legal or equitable . . .); *Zowayyed v. Lowen Co.*, 735 F. Supp. 1497, 1500 (D. Kan. 1990) ('If the claim is essentially equitable rather than legal, there is no constitutional right to a trial by jury') . . . .").

[4] *See, e.g.*, Resp. at 10-11. In *Lohmeirer v. Jacobs* (*In re Lohmeirer*), 303 B.R. 335, 338 (Bankr. E.D. Mich. 2004), the court held that a claim for breach of fiduciary duty in sale of property, such that it was impossible to "undo the foreclosure proceedings and reacquire the property," was equitable. And *Mission Bay Campland, Inc. v. Sumner Financial Corp.*, 72 F.R.D. 464, 468 (M.D. Fla. 1976), held there was no jury trial right for a claim seeking "annulment of allegedly fraudulent transfer[] and . . . equitable redistribution of the transferred assets in a way that will render them accessible to the judgment-creditor." Plaintiff does not base its right to a jury trial on such claims and does not ask for traditional equitable annulment based on them.

[5] *Compare* Resp. at 11 ("*In re the Bible Speaks*, 65 B.R. 415, 432 (Bankr. D. Mass. 1986) (' . . . Where a legal claim is merely an alternative to an equitable claim, and where the underlying cause of action is essentially equitable in nature, there is no right to trial by jury under the Seventh Amendment.')"), *with Granfinanciera*, 492 U.S. at 43-44 ("In *Parsons v. Bedford*, [] we contrasted suits at law with 'those where equitable rights *alone* were recognized' in holding that the Seventh Amendment right to a jury trial applies to all but the latter actions.") (alterations adopted) (emphasis in *Granfinanciera*).

5

such filings have any bearing on Plaintiff's entitlement to a jury trial, which turns almost entirely on the relief Plaintiff seeks in the Amended Complaint. But if the Court disagrees, it is only right to designate Plaintiff's responses to Defendants' motions to dismiss, and accompanying declarations and exhibits, as well. *See* Dkts. 82-84.

*   *   *

When the time comes for trial, the Court should grant Plaintiff's Motion and withdraw the reference.

Dated: May 13, 2024

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
nmiller@sequorlaw.com
jmosquera@sequorlaw.com

By:  */s/ Nyana Abreu Miller*
Jennifer Mosquera
Florida Bar No. 1018656
Gregory S. Grossman
Florida Bar No. 896667
Nyana Abreu Miller
Florida Bar No. 92903

Derek T. Ho (pro hac vice)
Andrew E. Goldsmith (pro hac vice)
Grace W. Knofczynski (pro hac vice)
Chase H. Robinett (pro hac vice)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
crobinett@kellogghansen.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was sent via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case, as indicated on the service list on May 13, 2024.

*/s/ Nyana Abreu Miller*
Nyana Abreu Miller

## SERVICE LIST

**23-11719-MAM Notice will be electronically mailed to:**

Andrew E Goldsmith on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
agoldsmith@khhte.com, aholloman@khhte.com

Derek T Ho on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
dho@kellogghansen.com, nreyes@kellogghansen.com

Daniel Humphrey on behalf of Defendant Colorado Investment Holdings, LLC
danielhumphrey@quinnemanuel.com, michaelalvarez@quinnemanuel.com

Grace W. Knofczynski on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
gknofczynski@kellogghansen.com

Chase Robinett on behalf of Plaintiff AJ Ruiz Consultoria Empresarial S.A.,
crobinett@kellogghansen.com

Gabriela Ruiz on behalf of Defendant JBS S.A.
gruiz@fordobrien.com

Olga M Vieira on behalf of Defendant Colorado Investment Holdings, LLC
olgavieira@quinnemanuel.com, ivettegalante@quinnemanuel.com

Jason Zakia on behalf of Defendant J&F Investimentos S.A.
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant JJMB Participacoes LTDA
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant WWMB Participacoes LTDA
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant Joesley Mendonca Batista
jzakia@whitecase.com, mco@whitecase.com

Jason Zakia on behalf of Defendant Wesley Mendonca Batista
jzakia@whitecase.com, mco@whitecase.com

23-01118-MAM Notice will not be electronically mailed to:

Katherine Scherling
c/o Quinn Emanuel et al
51 Madison Ave, Fl 22
New York, NY 10010

James C. Tecce
Quinn Emanuel et al
51 Madison Ave., Floor 22
New York, NY 10010