```
                  UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF FLORIDA - MIAMI

IN THE MATTER OF:            .   Case #23-01118-MAM
                             .
AJ RUIZ CONSULTORIA          .   Video Conference
EMPRESARIAL S.A.             .   May 15, 2024
                             .   10:34 a.m.
     v.

COLORADO INVESTMENT
HOLDINGS, LLC, et al.


TINTO HOLDING LTDA,              Adv. Case # 23-11719-MAA
     Debtor.

_____
```

                        TRANSCRIPT OF HEARING RE:
    Motion to File Document UNDER SEAL.  This Document WILL be
    Available for Public Viewing.  Filed by Defendants Joesley
     Mendonca Batista, Wesley Mendonca Batista, & Investimentos
     S.A., JJMB Participacoes LTDA, WWMB Participacoes LTDA (92)

     Amended Complaint by AJ Ruiz Consultoria Empresarial S.A.,
    against all defendants.  Complaint Amended to Joesley Mendona
      Batista, Defendant; Wesley Mendona Batista, Defendant; and
        JBS S.A., Defendant.  (RE: 1 Adversary case 23- 01118.
       Complaint by Deloitte Touche Tohmatsu Consultores Ltda.
       against COLORADO INVESTMENT HOLDINGS LLC, & INVESTIMENTOS
      S.A,. JJMB PARTICIPAES LTDA, WWMB PARTICIPAES LTDA.  Nature
        of Suit:  (14 (Recovery of money/property - other)),(91
    (Declaratory judgment)) (Miller, Nyana) (Entered: 05/24/2023)
          filed by Plaintiff Deloitte Touche Tohmatsu Consultores
                     Ltda.). (Miller, Nyana) (56)

      Motion to File Document UNDER SEAL.  This Document WILL be
      Available for Public Viewing.  Filed by Plaintiffs AJ Ruiz
        Consultoria Empresarial S.A., Deloitte Touche Tohmatsu
                      Consultores Ltda. (81)

```
APPEARANCES:

For Plaintiff AJ Ruiz          ANDREW GOLDSMITH, ESQ.
 Consultoria:                  GRACE KNOFCZYNSKI, ESQ.
                               ANDREW HETHERINGTON, ESQ.
                               ALEJANDRA AVILA, ESQ.
                               CHASE ROBINETT, ESQ.
                               Kellogg Hansen Todd Figel &
                               Frederick, PLLC
                               Sumner Square
                               1615 M Street NW, Suite 400
                               Washington, DC 20036
                               NYANA ABREU MILLER, ESQ.
                               Sequor Law
                               1111 Brickell Avenue, Suite 1250
                               Miami, FL  33131
For Defendant Colorado         JAMES TECCE, ESQ.
 Investment Holdings:          DAN HUMPHREY, ESQ.
                               Quinn Emmanuel Urquhart &
                                Sullivan, LLP
                               51 Madison Avenue, 22$^{nd}$ Floor
                               New York, NY 10010
                               JESSEY KREHL, ESQ.
                               JOE PACK, ESQ.
                               Pack Law
                               51 Northeast 24$^{th}$ St., Suite 108
                               Miami, FL  33137
For Defendant JBS S.A.:        GABRIELLA RUIZ, ESQ.
                               MALLORIE THOMAS, ESQ.
                               Ford O'Brien Landy
                               One Biscayne Tower
                               2 South Biscayne Blvd., Ste 3200
                               Miami, FL  33131
For Defendants J&F             LAURA GARR, ESQ.
 Investimentos, JJMB           White & Case, LLP
 Participacoes, WWMB           1221 Avenue of the Americas
 Participacoes, Joesley        New York, NY  10020-1095
 And Wesley Batista:
Listen Only:                   ARTHUR TRABALLI
Party in the case              LUCA GAVINI
                               HANNELORE SKLAR
                               JOICE RUIZ


            ELECTRONIC SOUND RECORDING OPERATOR:

      Proceedings Recorded by FTR Gold Digital Recording
     Transcript Produced by Certified Transcription Service
```

1    (At 10:34 a.m.)

2    THE COURT:  Okay, the Court next calls AJ Ruiz
3    Consultoria Empresarial S.A. vs. Colorado Investment
4    Holdings, LLC, adversary proceeding 23-1118.  I'm going to
5    ask lead Plaintiff for each side to introduce the appropriate
6    parties for the Plaintiff.

7    MR. ANDREW GOLDSMITH:  Thank you, Your Honor.  Andrew
8    Goldsmith from Kellogg Hansen on behalf of AJ Ruiz
9    Consultoria.  I have with me this morning Grace Knofczynski,
10   Andrew Hetherington, Alejandra Ávila, and Chase Robinett from
11   our firm, and also Nyana Abreu Miller from Sequor Law.

12   THE COURT:  All right, thank you.  And for the
13   Defendant?

14   MR. JAMES TECCE:  Good morning, Judge Mora.  James
15   Tecce of Quinn Emmanuel on behalf of Colorado Investment
16   Holdings.  I'm joined by Dan Humphrey, Jessey Krehl and Joe
17   Pack for Colorado Holdings, and I'd like to introduce our co-
18   Defendants.  We have JBS S.A. counsel at Ford O'Brien, Ms.
19   Ruiz and Ms. Thomas, and we have the counsel to the other
20   Defendants, J&F Investimentos, JJMB Participacoes, WWMB
21   Participacoes, Joesley and Wesley Batista, Ms. Laura Garr
22   from White & Case.

23   THE COURT:  All right, thank you, counsel.  We have
24   three matters set on the docket this morning.  We have
25   Plaintiff's motion to file a document under seal, which was

1  docketed at ECF 81; Defendants' motion to file a document
2  under seal, which was docketed at ECF 92; and we also have
3  the scheduling conference set for today.  So let's move
4  forward with the motions to file under seal.  Before we get
5  started, I want to clarify to each of you that I've read all
6  the moving papers and responses, including those that are not
7  officially listed as being set for hearing today.  I am
8  making that clarification so that everyone here is aware that
9  I am up to date and have reviewed the full docket.  I don't
10  require oral argument today, and so we will forego that in
11  favor of a comprehensive discussion about where this case is
12  going and the timeframe anticipated for litigation.  Although
13  today is not the day on which I will rule upon any of the
14  motions to dismiss, I want to short-circuit some of the
15  discussion today by letting you know that in my experience
16  exceedingly few motions to dismiss meet the standard required
17  for dismissal with prejudice.  Typically if a complaint fails
18  to meet the threshold for the various subsections of Rule 12,
19  the likeliest result is dismissal with leave to amend.  I'm
20  previewing my thoughts for you because I hope that will guide
21  how you conduct yourselves over the next several weeks.  That
22  being said, I'm sure that any of Defendants' counsel who are
23  present today will be quick to assure me that this case is
24  one of the very few where outright dismissal is appropriate.
25  Again, I've read your moving papers and today is not the day

1 for dealing with the motions to dismiss, so please don't take
2 my comments as an invitation to present argument today
3 regarding the propriety or lack thereof as to dismissal.  I
4 am briefly previewing for you where I anticipate this case
5 will land so that you do not feel that I have overlooked
6 arguments that are relevant, even tangentially, to the issues
7 that are noticed for hearing today.  What I will address
8 today are the following two docket entries and their related
9 responsive filings:  ECF 81, Plaintiff's motion to file the
10 document under seal, which I will refer to as the Plaintiff's
11 motion to seal, and for clarification, Plaintiff's motion to
12 seal seeks the sealing of ECF 86 which I'll call Plaintiff's
13 motion to strike.  And then the second document I will be
14 addressing today is ECF 92, Defendants' motion to file
15 document under seal, which I'm going to refer to as Brazilian
16 Defendants' motion to seal, which speaks to preemptively seal
17 docket entry 90 which is the Brazilian Defendants' response
18 to the Plaintiff's motion to strike.  Only the two motions to
19 seal, that is ECF numbers 81 and 92, are noticed for hearing
20 today, but they naturally relate to the underlying filings in
21 question which again are Plaintiff's motion to strike and the
22 Brazilian Defendants' response.  Because I have experienced
23 counsel here today and all affected parties are properly
24 represented, I will not discuss just the motions to seal, but
25 also Plaintiff's motion to strike and Brazilian Defendants'

1   response.  You may wonder why I've taken the time to
2   carefully list each document by ECF number and set up the
3   parameters of today's hearing and the ruling I plan to make.
4   The explanation is simple:  This case has already been
5   procedurally complicated and I want to make sure that it
6   stays on track.  We're going to move forward carefully but
7   efficiently.  I'm taking things one step at a time; we will
8   keep this case moving forward.
9          I'll address the motions to seal first.  For now,
10  both motions to seal are granted.  The documents are
11  presently sealed on the docket and will remain so pending
12  future order from the Court.  I may revisit this ruling later
13  after I have fully addressed Plaintiff's motion to strike and
14  Brazilian Defendants' response.  Accordingly, I would ask
15  both Plaintiff and Defendant to each submit an order granting
16  their respective motion to seal.  That leads me to
17  Plaintiff's motion to strike and Brazilian Defendants'
18  response.  I'm inclined to agree with points made by all
19  parties here.  Brazilian Defendants are correct that the
20  standard for striking a pleading or a portion of a pleading
21  is a high hurdle to meet.  The Plaintiff has identified
22  several paragraphs in Brazilian Defendants' motion to dismiss
23  that appear excessive and might stray too far into
24  allegations that are irrelevant to the matters before this
25  Court.  But I need to make one thing clear now at the

1   beginning of this process.  This is not a jury trial.  I am
2   the finder of fact.  I don't anticipate having any problems
3   discerning what is inflammatory versus what is grounded in
4   fact, and I will not make factual determinations of any kind
5   absent proper evidentiary support.  I explain this because
6   the concept of protecting scandalous and defamatory comments
7   from public view is based primarily upon preventing a jury of
8   lay persons from being misled.  But we don't have that issue
9   here, at least not at this moment.  Although I am granting
10  both motions to seal, I want to share that it is unlikely
11  that I will be persuaded to strike portions of pleadings.  To
12  ensure that the matter proceeds in the proper course,
13  however, I will refrain from any further discussions of that
14  issue today and will reserve ruling until I have fully
15  deliberated and the matter is set for hearing.
16           To keep the case on track, the matter will proceed as
17  follows:  The Court will hold a hearing on Plaintiff's motion
18  to strike on June 5, 2024, at 10 o'clock a.m.  After the
19  Court has ruled on Plaintiff's motion to strike, I will
20  address all three pending motions to dismiss.  Please note
21  that the Court does not take oral argument on motions to
22  dismiss.  Briefing is already complete, and as you may have
23  guessed from my opening comments today, I've started
24  analyzing all the arguments for and against dismissal.  No
25  further briefing or oral argument is necessary or will be

1  entertained, as further discussion would not be helpful to
2  the Court.  As I indicated before, I want to keep this case
3  on track.  Again, Mr. Goldsmith, Mr. Tecce, I'll look to you
4  to draft and circulate orders regarding each of the motions
5  to seal, subject to local counsel verifying they're in the
6  proper format for this Court.  You may state, quote, "for the
7  reasons stated on the record", close quote, in the preamble
8  and note that each of your respective motions to seal are
9  granted without prejudice to a party in interest raising the
10 issues again at a later date.
11       Now I'm going to open up the floor for discussion
12 from counsel regarding the progress of this adversary
13 proceeding to date and the litigation plan.  Local rules
14 require the filing of an LF68 pretrial order.  I don't think
15 one is on the docket yet and it may not be appropriate for
16 one to be entered until after the June 5 hearing where
17 hopefully -- not only on the motion to strike but the motions
18 to dismiss.  So I would encourage the parties to speak,
19 assuming I don't dismiss the case, about how long it will
20 take for discovery to proceed and when they think an
21 appropriate pretrial date can be set.  All right, I'll now
22 entertain brief comment from counsel.  Mr. Goldsmith?
23       MR. GOLDSMITH:  Thank you, Your Honor. My partner,
24 Ms. Knofczynski, is actually going to address the scheduling
25 issues on behalf of Plaintiffs, so I'll turn it over to her.

1  But before I do, with respect to the motions to seal, I just
2  wanted to note that last week Plaintiff filed a reply in
3  support of its motion to strike, and similar to the motion to
4  seal, for the motion to strike itself and Defendants' motion
5  to seal their opposition to the motion, that was filed with a
6  motion to seal; that motion to seal is docket 118, seeking to
7  seal the reply brief, docket 119.  So if the Court would like
8  us to submit an order granting that motion to seal consistent
9  with the other two, we're happy to do that or proceed however
10 the Court likes.
11         THE COURT:  That makes sense, Mr. Goldsmith.
12         MR. GOLDSMITH:  Thank you, Your Honor.  And then I
13 will turn it over to Ms. Knofczynski for Plaintiff.
14         THE COURT:  Okay.
15         MS. KNOFCZYNSI:  Good morning, Your Honor.
16         THE COURT:  Thank you.
17         MS. KNOFCZYNSKI:  And so the Plaintiff and Defendants
18 have been discussing the scheduling conference and the
19 progress in this case, and we submitted an LF68 form late
20 yesterday evening, and the key dates -- and the parties are
21 in agreement on all of the dates in that scheduling order,
22 and there was a motion accompanying that order as well,
23 laying out the parties' agreement.  But the parties have
24 agreed to conduct -- to file initial disclosures and to work
25 on the protective order and ESI protocol while the Court is

1   still considering the motions to dismiss, and then to move
2   forward with discovery after the Court's ruling, or if the
3   parties ask the Court for permission to move forward prior to
4   that.
5           THE COURT: All right. And have you picked a
6   pretrial conference date?
7           MS. KNOFCZYNSKI: We have not picked a specific date,
8   Your Honor. We ask that it be scheduled two months after an
9   entry on order for motions for summary judgment, which we
10  anticipate would be filed in this case.
11          THE COURT: Okay. I think -- that's not our normal
12  protocol, but it probably makes sense if MSJs are anticipated
13  to be filed here. All right, we'll take a look at the LF68
14  that's been submitted and see whether that is an acceptable
15  form.
16          MS. KNOFCZYNSKI: Thank you, Your Honor.
17          THE COURT: Anything further?
18          MR. TECCE: Just for the Plaintiff, Your Honor, or
19  the defense side, rather. We -- to reiterate that we stand
20  by our arguments in the order. The order was heavily
21  negotiated by the parties, and all the Defendants are a party
22  to it. You may remember at our last hearing there was some
23  concern that some Defendants had appeared and others did not.
24  Everyone is here to state the obvious, and all the Defendants
25  have agreed to be bound by that order, they've all moved to

1   dismiss.  And so we stand by the order, and I think based on
2   what we said -- first of all, I appreciate you reading all
3   the papers.  That was no small task.  But I think based on
4   what you said, if you take a look at the order, it still
5   works, because the dates in the order are all keyed off the
6   decision on the motion to dismiss.  And so I'd submit that
7   the scheduling order can be entered.
8           THE COURT:  All right, we'll take a look at it.
9   Thank you for those comments.  All right, anyone else have
10  any comments they wish to address to the Court with on this
11  matter?  All right, hearing none, then this hearing will be
12  concluded.  Thank you for your attendance today.  Court will
13  be in recess until 1 p.m.
14          ALL:  Thank you, Your Honor.
15      (Proceedings concluded at 10:51 a.m.)

```
 1                         CERTIFICATE

 2    I, Julie Davids, court approved transcriber, certify that the

 3    foregoing is a correct transcript from the official

 4    electronic sound recording of the proceedings in the above-

 5    entitled matter.

 6

 7

 8    [signature: Julie Davids]                      May 24, 2024

 9       JULIE DAVIDS                                    DATE
```