UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,

      Debtor in a Foreign Proceeding.

_____/

Chapter 15
Case No.: 23-11719-MAM

AJ RUIZ CONSULTORIA EMPRESARIAL
S.A., solely as Judicial Administrator and
foreign representative of TINTO HOLDING
LTDA.,

      Plaintiff,

v.

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY
MENDONÇA BATISTA, and JBS S.A.,

      Defendants.

_____/

Adv. Case No. 23-01118

**JOINT MOTION (A) OF COLORADO INVESTMENT HOLDINGS LLC FOR ENTRY
OF AN LF-68 CONDITIONED ON DENIAL OF MOTIONS TO DISMISS IN FULL AND
(B) OF PLAINTIFF FOR ENTRY OF AN LF-68**

**PRELIMINARY STATEMENT**

1.    To be efficient, this joint motion is submitted by both Defendant, Colorado Investment

Holdings LLC ("**Colorado**")—without the objection of the other Defendants who have not taken

action to preserve their jurisdictional defenses,[1] and Plaintiff AJ Ruiz Consultoria Empresarial

---

[1]    Defendants J&F Investimentos S.A., JJMB Participações Ltda., WWMB Participações Ltda., Joesley Mendonça
Batista, Wesley Mendonça Batista, and JBS S.A. (collectively the "**Brazilian Defendants**," and, with Colorado,

S.A. ("**Plaintiff**").  The parties have worked in good faith to resolve disputes and agree upon dates

for the Local Form 68 ("**LF-68**") should the Court deny the Motions To Dismiss[2] in their entirety.

The only remaining issue is when the LF-68 applies.

## BACKGROUND

2.      On May 14, 2024, Plaintiff filed an Agreed Motion (ECF No. 122) to adopt an order that

would modify deadlines established by the original Scheduling Order[3] and establish future pretrial

and trial deadlines.  The next day, the Court held a status conference on the Adversary Proceeding

during which it indicated it would announce a decision on the Motions To Dismiss as soon as June

5.  On May 21, the Court denied the Agreed Motion.  ECF No. 129.  The May 21 Order "authorizes

(and encourages) the parties to work collaboratively to advance litigation pending the Court's

ruling upon the motions to dismiss."  It directs the parties "to submit … on or before June 4 …

[an] LF-68," which "must use the standard Local Form, making the adjustments necessary for date

and time of the Pre-trial Conference" and "may agree to extend deadlines but may not substantially

modify the form of order."  Finally, the May 21 Order provides that "[n]otwithstanding entry of

this Order, the parties may file an agreed motion to extend the time for submission of the required

LF-68 until after the Court rules upon the pending motions to dismiss."  The parties then met and

conferred.  After Plaintiff declined to file a joint agreed motion to extend the time for submission

of the LF-68 until after the Court rules on the Motions To Dismiss, the parties negotiated dates.

They have agreed to the following as set forth in the LF-68s:  initial disclosures (June 19, 2024),

---

the "**Defendants**") do not object to this Motion but do not join solely to preserve their jurisdictional defenses, which are expressly reserved.

[2]      The Motions to Dismiss are ECF No. 67 (filed by Colorado), ECF No. 74 (filed by JBS S.A.), and ECF No. 79 (filed by the other Brazilian Defendants) (collectively, the "**Motions to Dismiss**").

[3]      *Order Setting Scheduling Conference Establishing Procedures and Deadlines* (ECF No. 4) (the "**Scheduling Order**").

expert disclosures (March 5, 2025), the close of discovery (April 5, 2025), motions for summary judgment (May 5, 2025), adding additional parties (October 5, 2025), FRE 702 motions/motions-in-limine, Federal Rule 26(a)(3)(A) pretrial disclosures (October 25, 2025), and, subject to the Court's availability, the pre-trial conference (November 5, 2025).

## COLORADO'S POSITION

3.    Colorado respectfully submits the Motions To Dismiss should be granted in their entirety. Without rearguing them here, Colorado notes this proceeding presents a prime candidate for dismissal considering, inter alia, the parties (except Colorado) are Brazilian; the transactions were consummated in Brazil under agreements that confer exclusive jurisdiction in Brazil; the glaring inconvenience of the Bankruptcy Court as a forum; its inability to exercise personal jurisdiction over the Brazilian Defendants; and the failure to state claims.

4.    Still, Defendants understand the Court's May 21 Order[4] instructs parties to *either* submit the LF-68 *or* agree jointly to extend the time for submission of the LF-68 until after the Court announces its ruling on the Motions To Dismiss on June 5.  Defendants believe an extension of time is the most efficient approach given the Court's indication that a decision will be rendered imminently.  But, Plaintiff will not agree to move jointly to extend the time to submit the LF-68 as the May 21 Order requires.  So, under compulsion of the May 21 Order, Colorado submits its own version of the LF-68 (attached hereto as **Exhibit A-2**).  Colorado's LF-68 states its agreement to the dates is limited to the circumstance where the Court denies in full the Motions To Dismiss. And, to reflect that contingency, its LF-68 adds two sentences.[5]

---

[4]    *Order Denying Agreed Motion To Adopt Scheduling Order* dated May 21, 2024 (ECF No. 129) (the "**May 21 Order**").

[5]    See **Ex. A-2.** at 1 & n. 1 (stating (1) the LF-68 is ORDERED "solely to the extent this Court enters an order (or series of orders) denying in toto the Motions to Dismiss on June 5, 2024,  and provided, until the entry of such

5.     Colorado's LF-68 states its agreement to the dates is limited to the circumstance where the Court denies in full the Motions To Dismiss because that is the only outcome that could require the parties to proceed with discovery on a traditional track.   Any other outcome requires the parties to digest the Court's decision and adjust deadlines accordingly.   The Motions To Dismiss, filed by several different Defendants, raise multiple arguments.   The possible outcomes from the Court could change the case trajectory.   And, as the Court noted in August 2023, the case should not proceed on different tracks for different defendants.[6]   Thus, anything other than a complete denial of the Motions To Dismiss may render the LF-68 moot or in need of modification based on the Court's decision.   Separately, while Colorado understands the argument that the LF-68 is a form that needs to be followed, it respectfully submits this case is nuanced, involving claims (which are strongly disputed) for more than one billion dollars under Brazilian law relating to transactions dating back fifteen years.   Applying the standardized LF-68 without accounting for the Court's decision is highly prejudicial to Defendants.   Accordingly, Colorado requests that (a) its LF-68 only become effective if the Court denies the Motions To Dismiss in toto on June 5; (b) if the Court does not deny the Motions To Dismiss in toto, to the extent relevant Defendants will have seven (7) days to file an amended LF-68; and (c) consistent therewith, the Court enter an Order substantially in the form attached hereto as **Exhibit A-1** granting the relief requested herein and such other relief as this Court deems just and proper.

---

order(s) the following shall not be in effect" and (2) "[i]f the Court does not announce a decision on the Motions To Dismiss on June 5, 2024, all rights are reserved.").

[6]     See Tr., Hearing August 23, 2023 (ECF No. 73) p. 20:1-3 ("I am really concerned about this case proceeding on two different tracks").

## PLAINTIFF'S POSITION

6.  The Parties agree that the LF-68 applies if the Court denies the Motions to Dismiss in full. Plaintiff maintains that the Court should deny the Motions to Dismiss in full for all the reasons set forth in Plaintiff's Oppositions, *see* ECF Nos. 82, 83, 84, but will not repeat those arguments here.

7.  The LF-68 should also apply if the Court denies the Motions to Dismiss in part and grants the Motions to Dismiss in part and Plaintiff chooses not to amend its complaint in response. If Plaintiff does not amend its complaint, there is no reason not to move forward under the agreed-upon schedule. Contrary to Defendants' argument, moving forward under the agreed-upon schedule would not result in the case proceeding on different tracks against different Defendants. The case would move to discovery against all current Defendants on all current claims, and there would be no need to modify the schedule. Indeed, Colorado's position conflicts with the Court's May 21 Order and the LF-68 form. The Court ordered the parties to file the LF-68 on June 4, 2024, even though it stated that it would only address the Motions to Dismiss after the June 5, 2024 Hearing. *See* May 15, 2024 Tr. at 8:4-7. But neither the Order nor the LF-68 form conditions the schedule on a specific outcome on the Motions to Dismiss.

8.  Colorado's accusation that Plaintiff's position is highly prejudicial to Defendants has it backwards. Plaintiff acknowledges that the schedule will have to be adjusted if Plaintiff amends its complaint. And so that the parties can move forward promptly, Plaintiff commits to informing Defendants in writing within ten days of any order on the Motions to Dismiss whether it will amend its complaint. But Colorado's inexplicable position that the schedule should only apply if the Motions to Dismiss are granted in full, regardless of whether Plaintiff amends, appears

designed to delay discovery and prejudice Plaintiff.[7]  Plaintiff thus requests that the Court enter an

order in the form attached as Exhibit B-1 and enter Plaintiff's LF-68, attached as B-2.

[*Remainder of Page Intentionally Left Blank*]

---

[7] Colorado's reservation of rights if the Court does not rule on June 5, 2024 highlights that the goal is to delay discovery.  The Court stated that it would address the Motions to Dismiss after resolving the Motion to Strike.  *See* May 15, 2024 Tr. at 8:4-7.  It did not state that it would decide the Motions to Dismiss on June 5, 2024.  There is nothing in the Court's May 21 Order or the LF-68 form that suggests it is conditioned on the Court ruling on a particular date.

Dated: June 4, 2024

PACK LAW, P.A.

Joseph A. Pack (FBN 117882)
Jessey J. Krehl (FBN 1025848)
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: 305-916-4500
Email: joe@packlaw.com
Email: jessey@packlaw.com

By: */s/ Jessey J. Krehl*
    Jessey J. Krehl

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Olga Vieira (FBN 29873)
Dan Humphrey (FBN 1024695)
2601 South Bayshore Dr, Suite 1550
Miami, Florida 33133
Telephone: 305-402-4880
Facsimile: 305-901-2975
Email: olgavieira@quinnemanuel.com
Email: danielhumphrey@quinnemanuel.com

-and-

James C. Tecce (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100
Email: jamestecce@quinnemanuel.com

*Counsel to Colorado Investment Holdings LLC*

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Phone: (305) 372-8282
Fax: (305) 372-8202
ggrossman@sequorlaw.com
nmiller@sequorlaw.com
jmosquera@sequorlaw.com

By:    */s/ Nyana Abreu Miller*
Jennifer Mosquera
Florida Bar No. 1018656
Gregory S. Grossman
Florida Bar No. 896667
Nyana Abreu Miller
Florida Bar No. 92903

Derek T. Ho (*pro hac vice*)
Andrew E. Goldsmith (*pro hac vice*)
Grace W. Knofczynski (*pro hac vice*)
Chase H. Robinett (*pro hac vice*)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax: (202) 326-7999
dho@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
crobinett@kellogghansen.com

8

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing was served upon all interested parties and the Court on June 4, 2024.

*/s/ Jessey J. Krehl*

**<u>Exhibit A-1</u>**

**Colorado's Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,

      Debtor in a Foreign Proceeding.

_____/

Chapter 15
Case No.: 23-11719-MAM

AJ RUIZ CONSULTORIA EMPRESARIAL
S.A., solely as Judicial Administrator and
foreign representative of TINTO HOLDING
LTDA.,

      Plaintiff,

v.

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., and WWMB
PARTICIPAÇÕES LTDA.,

      Defendant.

_____/

Adv. Case No. 23-01118

**ORDER GRANTING MOTION OF COLORADO INVESTMENT HOLDINGS LLC FOR
ENTRY OF LF-68 CONDITIONED ON DENIAL OF MOTIONS TO DISMISS IN FULL**

This matter came before the Court without hearing upon the *Motion Of Colorado Investment Holdings LLC For Entry Of LF-68 Condition On Denial Of Motions To Dismiss In Full* (ECF No. __) ("Motion")[8].  The Court hereby **ORDERS** as follows:

1.      The Motion is **GRANTED**.

2.      Colorado's  LF-68 shall only become effective if the Court denies the Motions To Dismiss in toto on June 5, 2024.

3.      If the Court does not deny the Motions To Dismiss in toto on June 5, 2024, to the extent relevant Defendants will have seven (7) days to file an amended LF-68; and

4.      This Order is without prejudice to further written requests as may be agreed upon or requested by the Parties.

5.      Any and all rights, claims, defenses, and objections of Colorado with respect to the Complaint are reserved, and nothing herein or in the Motion shall constitute a waiver of any such right, claim, defense, or objection by Colorado or an admission by Colorado with respect thereto.

6.      The Court shall retain jurisdiction to hear and determine any disputes arising out of or related to the Motion.

# # #

Submitted by:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Olga Vieira (FBN 29873)
Dan Humphrey (1024695)
2601 South Bayshore Dr, Suite 1550
Miami, Florida 33133
Telephone: 305-402-4880
Facsimile:  305-901-2975

---

[8]      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Email: olgavieira@quinnemanuel.com
Email: danielhumphrey@quinnemanuel.com

-and-

James C. Tecce (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile:  212-849-7100
Email: jamestecce@quinnemanuel.com

*Counsel to Colorado Investment Holdings LLC*

*(Counsel to Colorado Investment Holdings LLC shall serve a conformed copy of the foregoing order upon all interested parties and file a Certificate of Service with this Court)*

**Exhibit A-2**

**Colorado's Proposed LF-68**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                    Case Number: 23-11719-MAM

TINTO HOLDING LTDA.,

      Debtor in a Foreign Proceeding.

_____/

AJ RUIZ CONSULTORIA                          Adversary Number: 23-01118
EMPRESARIAL S.A., solely as Judicial
Administrator and foreign representative
of TINTO HOLDING LTDA.,

      Plaintiff,

vs.

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY
MENDONÇA BATISTA, and JBS S.A.,

      Defendants.

_____/

**ORDER SETTING FILING AND DISCLOSURE**

**REQUIREMENTS FOR PRETRIAL AND TRIAL**

To expedite and facilitate the trial of this adversary proceeding, in accordance with Fed. R. Civ. P. 16, made applicable here by Fed. R. Bankr. P. 7016, and consistent with that Order Denying Agreed Motion to Adopt Scheduling Order [ECF No. 129], after having held a scheduling conference, it is **ORDERED** as follows, solely to the extent this Court enters an order (or series of orders) denying *in toto* the Motions to Dismiss on June 5, 2024,[1] and provided, until the entry of such order(s) the following shall not be in effect:

1. **ATTENDANCE AT PRETRIAL CONFERENCE**. Unless judgment has been entered or the Court advises the parties that the pretrial conference has been continued or canceled, counsel for all parties (or the parties themselves, if unrepresented) must appear at the pretrial conference.

2. **PRETRIAL CONFERENCE DATE AND TRIAL DATE**. The pretrial conference will be held at:

   **Date:**        **November 2025, consistent with the Court's schedule.**

   **Time:**        **Consistent with the Court's schedule.**

   **Location:**   **1515 N. Flagler Drive,**
   **Courtroom A, Room 801,**
   **West Palm Beach FL 33401**

At the pretrial conference, the Court will set the trial of this adversary proceeding.

3. **CONTINUANCES**. Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

4. **DEADLINES TO JOIN ADDITIONAL PARTIES AND TO MOVE TO AMEND PLEADINGS.**  Unless otherwise ordered by the Court, the deadlines to join additional parties and to file motions to amend the pleadings are October 5, 2025.

5. **DEADLINES FOR DISPOSITIVE AND OTHER PRETRIAL MOTIONS**. The deadlines for filing motions for judgment on the pleadings, motions in *limine*, and Fed. R. Evid. 702 motions are **October 5, 2025**.  The deadline for filing motions for summary judgment is **May 5, 2025**.  Absent good cause, failure to file and serve

---

[1] As used herein, the "Motions to Dismiss" mean, collectively, ECF No. 67, filed by Colorado Investment Holdings LLC; ECF No. 74, filed by JBS S.A.; and ECF No. 79, filed by J&F Investimentos, S.A., JJMB Participações Ltda., WWMB Participações Ltda., Joesley Mendonça Batista, and Wesley Mendonça Batista.  If the Court does not announce a decision on the Motions To Dismiss on June 5, 2024, all rights are reserved.

such a motion in a timely manner constitutes waiver of the right to do so. All dispositive motions, responses, and replies must comply with the page limits set forth in the Order Setting Scheduling Conference and Establishing Procedures and Deadlines. Any motion for summary judgment must also comply with paragraph 8 of the Order Setting Scheduling Conference and Establishing Procedures and Deadlines – including the requirement to file a separate Statement of Material Facts and Local Rule 7056−1, if applicable.

6. **DISCLOSURES**. The disclosures required by Fed. R. Civ. P. Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A) must be made by the following deadlines:

   a. The initial disclosures required by Fed. R. Civ. P. 26(a)(1), must be made on or before **June 19, 2024**.

   b. The disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2), must be made on or before April 5, 2025. The party disclosing an expert witness must **on or before March 5, 2025**, provide to each opposing party a written report prepared and signed by the witness as required by Fed. R. Civ. P. 26(a)(2)(B).

   c. The pretrial disclosures under Fed. R. Civ. P. 26(a)(3)(A), must be made no later than March 5, 2025.

   d. All disclosures under Fed. R. Civ. P. 26(a)(1), 26(a)(2), and 26(a)(3)(A), must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, filed with the Court.

7. **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Fed. R. Evid. 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than **seven days** before the pretrial conference.

8. **DISCOVERY**. The parties must complete discovery not later than **April 5, 2025**, except that any previously scheduled depositions may be completed up to one business day before the pretrial conference. The Court will allow discovery after the pretrial conference only upon a showing of good cause.

9. **JOINT PRETRIAL STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. If <u>any</u> party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply. All parties to this proceeding must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than **14 days** before the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff must file the fully executed Joint Pretrial Stipulation no later than **one business day** before the pretrial conference. The Court will not accept unilateral statements and will strike sua

sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

10. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

   a. All parties must comply with the requirements regarding exhibits set forth in Local Rule 9070-1.

   b. **OBJECTIONS TO EXHIBITS.** Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received no later than **4:00 p.m. two business days** before the scheduled trial or evidentiary hearing. All objections must: (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. An objection not so made − except for one under Federal Rule of Evidence 402 or 403 − is waived unless excused by the Court for good cause.

11. **PRESENTATION OF EXHIBITS DURING TRIAL.** The parties are strongly encouraged to use the Court's information technology equipment to show exhibits at trial. The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial. Unless otherwise ordered, each party must bring at least one paper copy of its exhibit register for the Court's use, and at least two hard-copy books of all its exhibits, for witnesses and the Court.

12. **FINAL ARGUMENT**. At the conclusion of the trial, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages**. If specifically requested, the Court may *also* direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

13. **FAILURE TO ATTEND PRETRIAL CONFERENCE; SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

14. **SERVICE**. Plaintiff's counsel must serve a copy of this Order on the defendants and file an appropriate certificate of service in accordance with Local Rule 5005-1(G)(2).

**# # #**

Submitted by:

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Olga Vieira (FBN 29873)
Dan Humphrey (1024695)
2601 South Bayshore Dr, Suite 1550
Miami, Florida 33133
Telephone: 305-402-4880
Facsimile:  305-901-2975
Email: olgavieira@quinnemanuel.com
Email: danielhumphrey@quinnemanuel.com

-and-

James C. Tecce (admitted pro hac vice)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: 212-849-7000
Facsimile:  212-849-7100
Email: jamestecce@quinnemanuel.com

*Counsel to Colorado Investment Holdings LLC*

*(Counsel to Colorado Investment Holdings LLC shall serve a conformed copy of the foregoing order upon all interested parties and file a Certificate of Service with this Court)*

## Exhibit B-1

**Plaintiff's Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,                                          Chapter 15
                                                             Case No.: 23-11719-MAM

      Debtor in a Foreign Proceeding.
_____/

AJ RUIZ CONSULTORIA EMPRESARIAL
S.A., solely as Judicial Administrator and
foreign representative of TINTO HOLDING
LTDA.,

      Plaintiff,

                                                             Adv. Case No. 23-01118
v.

COLORADO INVESTMENT HOLDINGS
LLC, J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY
MENDONÇA BATISTA and JBS S.A.,

      Defendants.
_____/

2

## ORDER GRANTING PLAINTIFF'S
## <u>MOTION FOR ENTRY OF AN LF-68</u>

This cause came before the Court on June 4, 2024, upon Plaintiff's Motion for Entry of an

LF-68 (the "Motion").  The Court has reviewed the Motion and all relevant filings.  Accordingly,

it is hereby:

ORDERED and ADJUDGED that:

1. The Motion is **GRANTED**.

2. The LF-68 contemporaneously entered by the Court in this matter shall be operative so

   long as Plaintiff does not further amend its currently operative complaint.

### ###

Submitted by:

Nyana Abreu Miller
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Phone: 305-372-8282
Fax: 305-372-8202
nmiller@sequorlaw.com

*Attorney Miller is directed to serve this order upon all non-registered users or registered users
who have yet to appear electronically in this case and file a conforming certificate of service.*

**<u>Exhibit B-2</u>**

**Plaintiff's Proposed LF-68**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

TINTO HOLDING LTDA.,                                Chapter 15
                                                    Case No.: 23-11719-MAM
            Debtor in a Foreign Proceeding.
_____/


AJ RUIZ CONSULTORIA EMPRESARIAL S.A.,
solely as Judicial Administrator and foreign
representative of TINTO HOLDING LTDA.,

            Plaintiff,

                                                    Adv. Case No. 23-01118
v.

COLORADO INVESTMENT HOLDINGS LLC,
J&F INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA., WWMB
PARTICIPAÇÕES LTDA., JOESLEY
MENDONÇA BATISTA, WESLEY MENDONÇA
BATISTA, and JBS S.A.,

            Defendants.
_____/


**[PROPOSED] ORDER SETTING FILING AND DISCLOSURE**
**REQUIREMENTS FOR PRETRIAL AND TRIAL**

Page 1 of 5

To expedite and facilitate the trial of this adversary proceeding, in accordance with Fed. R. Civ. P. 16, made applicable here by Fed. R. Bankr. P. 7016, after having held a scheduling conference, it is **ORDERED** as follows:

1. **ATTENDANCE AT PRETRIAL CONFERENCE**. Unless judgment has been entered or the Court advises the parties that the pretrial conference has been continued or canceled, counsel for all parties (or the parties themselves, if unrepresented) must appear at the pretrial conference.

2. **PRETRIAL CONFERENCE DATE AND TRIAL DATE**. The pretrial conference will be held at:

   | | |
   |---|---|
   | **Date:** | November 5, 2025 (Date to be adjusted to available November 2025 date when pretrial conference dates released) |
   | **Time:** | 9:00 AM |
   | **Location:** | United States Bankruptcy Court<br>Flagler Waterview Building<br>1515 North Flagler Drive, 8th Floor<br>Courtroom A<br>West Palm Beach, FL 33401 |

At the pretrial conference, the Court will set the trial of this adversary proceeding.

3. **CONTINUANCES**. Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order must set forth the status of discovery, including exchange of disclosures required under this order, must state the reasons why the party or parties seek a continuance, and must state whether the client and other parties consent to a continuance. The stipulation of all parties is not sufficient grounds, standing alone, for a continuance.

4. **DEADLINES TO JOIN ADDITIONAL PARTIES AND TO MOVE TO AMEND PLEADINGS.** Unless otherwise ordered by the Court, the deadlines to join additional parties and to file motions to amend the pleadings are **1 month** before the pretrial conference.

5. **DEADLINES FOR DISPOSITIVE AND OTHER PRETRIAL MOTIONS**. The deadlines for filing motions for judgment on the pleadings and motions for summary judgment are **6 months** before the pretrial conference. The deadlines for filing motions in *limine* and Fed. R. Evid. 702 motions are **1 month** before the pretrial conference. Absent good cause, failure to file and serve such a motion in a timely manner constitutes waiver of the right to do so. All dispositive motions, responses, and replies must comply with the page limits set forth in the Order Setting Scheduling Conference and Establishing Procedures and Deadlines. Any

LF-68 (rev. 12/12/2022)

motion for summary judgment must also comply with paragraph 8 of the Order Setting Scheduling Conference and Establishing Procedures and Deadlines – including the requirement to file a separate Statement of Material Facts and Local Rule 7056−1, if applicable.

6. **DISCLOSURES**. The disclosures required by Fed. R. Civ. P. Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A) must be made by the following deadlines:

   a. The initial disclosures required by Fed. R. Civ. P. 26(a)(1), must be made not later than **14 days** after entry of this Order.

   b. The disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2), must be made (i) at least **8 months** before the pretrial conference or (ii) within **14 days** after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness must, on the day of the disclosure, provide to each opposing party a written report prepared and signed by the witness as required by Fed. R. Civ. P. 26(a)(2)(B).

   c. The pretrial disclosures under Fed. R. Civ. P. 26(a)(3)(A), must be made no later than **1 month** before the pretrial conference.

   d. All disclosures under Fed. R. Civ. P. 26(a)(1), 26(a)(2), and 26(a)(3)(A), must be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, filed with the Court.

7. **SUMMARIES TO PROVE CONTENT**. If any party intends to offer in evidence at trial a summary, chart or calculation to prove content as permitted by Fed. R. Evid. 1006, that party must provide to the other parties a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties, as soon as practicable but in no event later than **seven days** before the pretrial conference.

8. **DISCOVERY**. The parties must complete discovery not later than **7 months** before the pretrial conference. The Court will allow discovery after the pretrial conference only upon a showing of good cause.

9. **JOINT PRETRIAL STIPULATION WHERE ALL PARTIES REPRESENTED BY COUNSEL**. If any party is not represented by counsel in this proceeding as of the date of entry of this Order, this paragraph will not apply. All parties to this proceeding must meet (in person, if geographically feasible, and otherwise by video conference or by telephone) not later than **14 days** before the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff must file the fully executed Joint Pretrial Stipulation no later than **one business day** before the pretrial conference. The Court will not accept unilateral statements and will strike sua sponte any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion

LF-68 (rev. 12/12/2022)

requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt and sanctioned for failure to comply with this order.

10. **SUBMISSION AND EXCHANGE OF EXHIBITS**.

    a. All parties must comply with the requirements regarding exhibits set forth in Local Rule 9070-1.

    b. **OBJECTIONS TO EXHIBITS.**  Any objection to the admissibility of any proposed exhibit must be filed and served, so as to be received no later than **4:00 p.m. two business days** before the scheduled trial or evidentiary hearing. All objections must: (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. An objection not so made − except for one under Federal Rule of Evidence 402 or 403 − is waived unless excused by the Court for good cause.

11. **PRESENTATION OF EXHIBITS DURING TRIAL.** The parties are strongly encouraged to use the Court's information technology equipment to show exhibits at trial. The parties are further encouraged to contact the courtroom deputy in advance of the trial for access to the equipment to ensure counsel can properly use the equipment at trial. Unless otherwise ordered, each party must bring at least one paper copy of its exhibit register for the Court's use, and at least two hard-copy books of all its exhibits, for witnesses and the Court.

12. **FINAL ARGUMENT**. At the conclusion of the trial, in lieu of final argument, the Court may request that each party file with the Court (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment. Each submission must contain individually numbered paragraphs and follow the formatting requirements set forth in Part Two of the Court's Guidelines for Preparing, Submitting, and Serving Orders. Each proposed finding of fact must be supported by a citation to the record, or it will be disregarded. Each proposed conclusion of law must be supported by a citation to applicable law, or it will be disregarded. Absent prior permission of the Court, submissions may not exceed a total of **twenty pages**. If specifically requested, the Court may *also* direct the parties to submit a copy of the proposed memorandum opinion with findings of fact and conclusions of law, along with a copy of the separate proposed final judgment, in word processing format to an electronic mailbox designated by the Court. The filer must include in the "subject" line of the email the case name and number and the date of the relevant hearing.

13. **FAILURE TO ATTEND PRETRIAL CONFERENCE; SANCTIONS**. Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

14. **<u>SERVICE</u>**. Plaintiff('s)(s') counsel must serve a copy of this Order on the defendant(s) and file an appropriate certificate of service in accordance with Local Rule 5005-1(G)(2).

**# # #**

Submitted by:

Nyana Abreu Miller
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Phone: 305-372-8282
Fax: 305-372-8202
E-Mail: nmiller@sequorlaw.com

*Attorney Miller is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.*

LF-68 (rev. 12/12/2022)