```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF:          .   Case #23-1118
                           .
AJ RUIZ CONSULTORIA        .   C. Clyde Atkins US Courthouse
EMPRESARIAL S.A.,          .   301 North Miami Avenue, Rm 150
                           .   Miami, Florida  33128
      v.                   .
                           .   June 5, 2024
COLORADO INVESTMENT HOLDINGS.
LLC, ET AL.                .   10:08:26 a.m.
_____
```

                    TRANSCRIPT OF HEARING RE:
      SEALED DOCUMENT.  THIS DOCUMENT IS SEALED AND WILL **NOT** BE
      AVAILABLE FOR PUBLIC VIEWING FILED BY PLAINTIFF AJ RUIZ
    CONSULTORIA EMPRESARIAL S.A., (RE: 81 MOTION TO FILE DOCUMENT
      **UNDER SEAL**.  THIS DOCUMENT  **WILL** BE AVAILABLE FOR PUBLIC
        VIEWING. FILED BY PLAINTIFF DELOITTE TOUCHE TOHMATSU
    CONSULTORES LTDA., PLAINTIFF AJ RUIZ CONSULTORIA EMPRESARIAL
                            S.A.), (86)
          BEFORE THE HONORABLE MINDY A. MORA, J.U.S.B.C.

```
ZOOM APPEARANCES:

 For the Plaintiff:            GRACE KNOFCZYNSKI, ESQ.
                              Kellogg, Hansen, Todd, Figel and
                              Frederick, PLLC


  For the Defendants:          GABRIELA DELGADO, ESQ.
                              White and Case

COURTROOM APPEARANCES:

  For the Plaintiff:           ANDREW GOLDSMITH, ESQ.
                              Kellogg, Hansen, Todd, Figel and
                              Frederick, PLLC
   AJ RUIZ CONSULTORIA
                              NYANA MILLER, ESQ.
                              Sequor Law


  For the Defendants:

  JOESLEY MENDOCA BATISTA,    LAURA GARR, ESQ.
  WESLEY MENDOCA BATISTA,     White and Case
  J&F INVESTIMENTOS, S.A.,
  JJMB PARTICIPACOES LTD,
  WWMB PARTICIPACOES LTDA

   JBSSA                       GABRIELA RUIZ, ESC.
                              Ford, O'Brien, Landy, LLP


   COLORADO HOLDINGS, LLC     JESSY KREHL, ESQ.
                              JOSEPH PACK, ESQ.
                              DAN HUMPHREY, ESQ.
                              JAMES TEACY, ESQ.
                              Pack Law



              ELECTRONIC SOUND RECORDING OPERATOR:


         Proceedings Recorded by FTR Gold Digital Recording
          Transcript Produced by Certified Transcription Service
```

1     (At 10:08:26 a.m.)

2          THE COURTROOM DEPUTY:  All rise.  The United States

3     Bankruptcy Court in and for the Southern District of Florida

4     is now in session.  The Honorable Minday A. Mora presiding.

5          THE COURT:  Please be seated.  All right, good

6     morning.  We are here on June 5, 2024 on a specially set

7     matter at 10:00 a.m. in the adversary proceeding AJ Ruiz

8     Consultoria Empresarial S.A. versus Colorado Investment

9     Holdings, LLC, adversary proceeding 23-1118.  All right, let

10    me go ahead and take appearances please.  And if you would

11    introduce not only yourselves, as the attorney who will be

12    addressing the Court, but any colleagues that you have either

13    on the phone or here in the courtroom.

14         MR. ANDREW GOLDSMITH:  Good morning, Your Honor.

15    Andrew Goldsmith, from Kellog, Hanson, and Washington, for

16    the Plaintiff, AJ Ruiz Consultoria.  Here in the courtroom

17    with me is Nyana Abru Miller, from Secora Law, and I believe

18    on the ZOOM is my partner, Grace Knofczynski.

19         THE COURT:  Okay, thank you.  I am not seeing anybody

20    who doesn't have their video on.  All right, great, thank you.

21         MS. NYANA MILLER:  Good morning, Your Honor.

22         THE COURT:  Good morning.  All right, and here for

23    the Defendants?

24         MS. LAURA GUARD:  Good morning, Your Honor.  Laura

25    Guard, from White and Case, counsel for J&F Investimentos,

1    S.A., JJMB Limited, WWMB Limited, Joesley Batista and Wesley

2    Batista.  On the phone, from White and Case, is a colleague,

3    Gabriela Delgado, on listen only.

4         THE COURT:  Thank you.

5         MS. GABRIELA RUIZ:  Good morning, Your Honor.

6    Gabriela Ruiz with Ford, O'Brien Landy, for Defendant JBSSA.

7         THE COURT:  All right, thank you.

8         MR. JESSY KREHL:  good morning, Your Honor.  Jessy

9    Krehl, K-R-E-H-L, for Colorado Investment Holdings, LLC,

10   together with Dan Humphrey, Joseph Pack, and James Teacy.

11        THE COURT:  All right, thank you.

12        MR. JAMES TEACY:  Good morning, Your Honor, James

13   Teacy.

14        THE COURT:  Good morning.  All right, we are back

15   today on Plaintiff's motion to strike, which is ECF's 86, and

16   the Brazilian Defendant's response that was filed with docket

17   entry 90.  As you have seen from past hearings, I do read all

18   the papers submitted to the Court in advance.  I don't

19   require oral argument today.  I have read the papers.  I am

20   aware of your arguments.  If there is any brief -- and I am

21   talking five minutes or less -- additional information that

22   you think the Court should know, before I rule, I am going to

23   give you each an opportunity to make a statement now.  Again,

24   if it is already in your papers, it doesn't need to be

25   repeated.  If there is anything you would like to add, now is

1    the opportunity.

2            MR. GOLDSMITH:  Thank you, Your Honor.  Andrew

3    Goldsmith for the Plaintiff.  There is one item just strictly

4    that is not in the papers, which is that the assertions made

5    in Defendant's papers that we are asking to be stricken

6    include discussion of disciplinary proceedings that were

7    brought in Brazil, against certain Judges.  It is my

8    understanding that now, since the papers went in, in this

9    case, that disciplinary body has rejected the allegations and

10   dismissed that case.

11           THE COURT:  Thank you.  Ms. Guard?

12           MS. GUARD:  Thank you, Your Honor.  I -- I don't

13   believe -- and I'm sorry, I don't believe that's accurate.  I

14   think there are two separate proceedings.  The one that

15   involves Duarte Forcel, which is the law firm at issue here

16   is still ongoing and active.  So, I just want to correct that.

17   And that is my understanding based on a review that the last

18   submission in that case was in March, and it is still ongoing

19   and active, as it relates to the ongoing investigation here.

20               I also just want to note, Your Honor, that

21   separate from our papers  that here the Plaintiff's are

22   seeking to strike ten separate paragraphs from the brief.

23   Based on some statements within those paragraphs that they

24   deem scandalous.  And they are inviting this Court to make a

25   determination that those statements are scandalous and

defamatory, by being the first Court in the Circuit to adopt

a Ninth Circuit case that Plaintiff's rely on, the In Re:

Roman.  While it is correct that the Eleventh Circuit has not

had occasion to construe the phrase scandalous and defamatory,

we have not been able to find a single case, in this Circuit

-- a single Court in the Circuit that has ever adopted the

Ninth Circuit case relied on by Plaintiffs.  For the

proposition that under 107B, Plaintiff need only show that

the materials at issue are disgraceful or shameful.  All of

the cases that we have seen, where Courts in the Circuit have

looked to the meaning of those terms, have followed the case,

Gitto, that is cited, In Re:  Gitto Global Court.

   And I just want to also point out, Your

Honor, that -- which -- which should be construed narrowly,

and I just want to point out, Your Honor, that we -- as Your

Honor pointed out, at the May 15th hearing, this is not a

jury trial.  This is not before, you know, laymen that need

to understand this.  We don't believe, by any standard, under

any standard that these statements are scandalous or

defamatory.  But -- and importantly, we think it is proper

for the Court to consider the -- it goes to one of the heart

of our claims, which that this case was brought in bad faith.

And that this proceeding is being used to undermine, not

assist, Brazilian Courts.  And the statements that are at

issue here support that.  And all of those statements are

1   supported -- are -- our paragraphs 21 and through 24 are the

2   basis for every statement that they seek to strike.  And each

3   one of those is supported by documentary evidence that is

4   attached as exhibits, that is accurately reflected.  And for

5   that reason, as seen in our papers, we think it is proper for

6   the Court to consider.  But as you noted, Your Honor, to the

7   extent you don't find it relevant, you are fully competent to

8   be able to discern which things to consider or not, in your

9   ruling.  Thank you, Your Honor.

10      THE COURT:  Thank you, counsel.  All right.  As noted,

11  at a hearing about two weeks ago, that we had in mid-May, I

12  ruled upon various motions to seal.  I granted those motions,

13  and all relevant documents remain sealed.  As a recap, we

14  have pending motions to dismiss that relate to the motion to

15  strike the response and reply.  Briefing on the motions to

16  dismiss is complete.  And again, as I noted before, we will

17  forego oral argument on those motions to dismiss, because I

18  generally don't find those helpful to the Court.  The filings

19  you have made, the existing briefing, they are sufficient.  I

20  will now address Plaintiff's motion to strike and the

21  Brazilian Defendant's response.

22      The motion to strike cites to Bankruptcy

23  Code Section 107B2 and Bankruptcy Rule 9018, contending that

24  the allegations are scandalous and defamatory.  Plaintiff

25  takes particular umbrage at allegations of bad faith

1   throughout the filing of an allegedly unfounded law suit.

2   Now, the Brazilian Defendant's response, I found surprisingly

3   lengthy, although the issues are simple, and the legal

4   standard is straightforward, the Brazilian Defendants

5   included an extensive Table of Contents, Table of Authorities,

6   a long recitation of facts, and many ancillary arguments that

7   quite frankly weren't particularly helpful to the issue at

8   hand.  While I appreciate the effort to be complete and

9   organized, I would urge you, in the future, to try to be more

10   succinct.  Exceedingly few filings in this court need to

11   carry the trappings of an Appellate brief.  As you may

12   discern, I value cogent argument concisely presented.

13            Now, Brazilian Defendants primarily contend

14   that the statements at issue are true, supported by

15   documentary evidence, and made for a proper purpose.  The

16   balance of the response focuses upon arguments that relate to

17   the motions to dismiss.  Now, Section 107B2 of the Bankruptcy

18   Code, states that a Bankruptcy Court may protect a person

19   with respect to scandalous or defamatory matter contained in

20   a filing.  Reading this provision, in context, along with the

21   case law interpreting Section 107 makes clear that the focus

22   of the provision is on sealing documents from public view,

23   not striking the content altogether.  Striking portions of a

24   pleading, instead, are governed by Rule 12F as incorporated

25   by Bankruptcy Rule 7012, not Section 107.  I believe I

1    understand why Plaintiff sought refuge under Section 107

2    instead of rule 12F, which I will explain in a moment.  That

3    being said, Section 107B2 is an imperfect substitute for Rule

4    12F.

5                    Federal Rule 12F provides the standard for

6    striking material from a pleading.  Under this rule, a Court

7    may strike any material that is insufficient, redundant,

8    immaterial, impertinent, or scandalous.  The plain language

9    of the rule indicates that it is intended to apply only to

10   portions of a pleading, not the entire pleading.  Courts

11   interpreting Rule 12F have observed that striking material

12   from a party's pleading is an extreme measure.  Citing

13   DaSilva v. Swift, 333 FRD 245 at 247, from the Northern

14   District of Florida in 2019.  As a result, motions to strike

15   are generally viewed with disfavor, and are infrequently

16   granted.  This disfavor arises from the law's preference for

17   ensuring that cases are decided on their merits, and the

18   reluctance to tamper with pleadings absent a strong reason

19   for doing so.  Citing to the same case.  Courts generally

20   are not willing to determine disputed and substantial

21   questions of law, upon a motion to strike, preferring instead

22   to resolve them on their merits.  Citing to Augustus v.

23   Board of Public Instruction of Escambia County, Florida, 306

24   F Second 862 at pages 868 to 69, which comes out of the Fifth

25   Circuit in 1962, before the Eleventh Circuit split off from

1    the Fifth Circuit and is therefore binding on this Court.

2              Typically, this Court would be inclined to

3    grant a motion to strike only if the portion of the pleading

4    to be stricken has no possible relation to the controversy.

5    The wrinkle here is that motions to dismiss are not

6    considered "responsive pleadings".  Citing to Bevels v.

7    American States Insurance Company, cited at 100 F Sub second,

8    1309 at pages 1311 to 1312, out of the Middle District of

9    Alabama in 2000, and also to Silva, 333 FRD at pages 247 to

10   248.  Therefore, no matter what this Court's thoughts might

11   be, on the propriety of striking portions of the motion,

12   existing case law indicates that Rule 12F does not apply to a

13   motion to dismiss.

14             That brings me to my point from a few

15   minutes ago.  The Court presumes that Plaintiff cited to

16   Section 107B2 in lieu of Rule 12F, because 12F does not apply

17   to motions.  The problem is that Section 107 provides for the

18   sealing of a document as a means of protection, not striking

19   the document.  In layman's terms, we have a round peg trying

20   to go through a square hole.

21             To make the thought process behind my

22   determination as clear as possible, let me say this plainly.

23   Neither Rule 12F, nor Section 107B2, provides a basis for

24   striking portions of the Brazilian Defendant's motion to

25   dismiss.  For the sake of clarifying where we stand on an

equitable level, I am going to elaborate.  The questions of

whether the allegations have any possible relation to the

controversy is not clear cut.  The allegations in Brazilian

Defendant's motion to dismiss are extraordinary.  The

accuracy of those allegations is unproven.  And their

relevance is debatable.  All that being said, this is not a

jury trial.  There is no chance that the mere existence of

allegations will sway this Court's determinations one way or

another.  I am the Finder of Fact.  We don't have a jury of

lay persons who might be misled.  And I will exclude

irrelevant and salacious material from being introduced into

evidence.  You should know that I am disinclined to take

evidence regarding the existence of an investigation into as

yet unproven charges.  Instead, I will defer to the Brazilian

Courts on anything that even approaches a factual finding in

that type matter.  My deference, however, does not change

where we are.  I can't unsee the disputed allegations, but

their existence has not, and will not sway my neutrality in

this matter.  They are unproven allegations.  They aren't

facts.  And I believe that the Court knows the difference

between the two.

            The Motion to Strike, the response to the

motion to strike, and a reply at docket entry 116 all remain

sealed, along with the exhibits.  Everyone has told me what

their clients believe needs to be said, and the information

1    is being confined to the Court proceedings.  Therefore, we

2    will simply move on from there.  From this point forward, I

3    plan to keep this case on a short leash.  I will rule upon

4    the motions to dismiss as soon as my schedule permits.  If

5    those motions are denied, as I suspect they will be, we will

6    move on with discovery.  In the interest of expediency, I

7    will preview for you that I view this case as a poor

8    candidate for summary judgement.

9             Now, I would not presume to fetter anyone's

10   ability to file whatever they believe appropriate, including

11   a motion for summary judgement.  You may naturally exercise

12   your client's rights in that regard as you see fit.  But the

13   facts are complex.  The parties seemed well entrenched in

14   their versions of the story, underlying these claims.  And we

15   have excellent counsel all the way around.  I anticipate that

16   material facts will remain in dispute after discovery.  If

17   material facts are not disputed, of course, counsel should

18   settle any claims, or portions of claims that might be

19   settled.  Counsel also have to agree upon a joint stipulation

20   of facts that they can live with, in the event that the

21   claims progress to the summary judgement or trial stage.

22             Because everyone here is, as I noted,

23   experience and sophisticated counsel, I want to gently

24   suggest to you that your clients' funds might be better spent

25   preparing for trial, instead of filing motions for summary

1   judgment that are likely to be denied on the basis that

2   material facts are in dispute.  I would urge you to take

3   these comments to heart, if we progress past the dismissal

4   stage.  All right, since we are here on Plaintiff's motion to

5   strike, counsel, I would ask that you prepare an Order

6   denying the motion for the reasons stated on the record.

7   Please run the form of it by the Brazilian Defendant's

8   counsel, and then upload the Order to the Court.  Any

9   questions?

10          MR. GOLDSMITH:  No, Your Honor.

11          THE COURT:  All right, thank you.  All right, Ms.

12   Guard, any questions?

13          MS. GUARD:  Just one, Your Honor.  Absent a finding

14   of defamatory or scandalous statements, what is the, I guess

15   the questioning the basis for maintaining the Motion to Seal.

16          THE COURT:  I am not prepared to answer that question

17   at this time.  If you think that the proceeding out to be

18   unsealed, you will need to file a motion articulating the legal

19   basis for doing so.  Give the Plaintiff a chance to respond and

20   then we will take that up.

21          MS. GUARD:  Thank you, Your Honor.

22          THE COURT:  All right, thank you.  All right, with

23   that, this hearing is concluded.  Thank you for your attendance

24   today.  Court is adjourned.

25          THE COURTROOM DEPUTY:  All rise.

1    (Proceedings concluded at 10:29:42 a.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE

I, Joyce A. Waser, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


_____                              June 13, 2024

  JOYCE A. WASER                       DATE