```
                    UNITED STATES BANKRUPTCY COURT
                     SOUTHERN DISTRICT OF FLORIDA
                       WEST PALM BEACH DIVISION


                                        CASE NO. 23-11719-MAM
                                        Chapter 15
In RE:

 TINTO HOLDINGS LTDA.,

            Debtor.
_____/

AJ RUIZ CONSULTORIA EMPRESARIAL
S.A.,

            Plaintiff,

vs.                                     ADV. CASE NO. 23-01118-MAM

COLORADO INVESTMENT HOLDINGS, LLC,
et al.,

            Defendants.
_____/

            DOCKET ENTRIES (92), (56), AND (81)
                         May 15, 2023
```

The above-entitled cause came on for hearing before the Honorable MINDY A. MORA, one of the Judges of the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Dr., West Palm Beach, Palm Beach County, Florida on May 15, 2024, commencing at or about 10:00 a.m., and the following proceedings were had:

    Transcribed from a digital recording by:
    Anna M. Meagher, Stenographic Reporter

```
 1                    APPEARANCES:
                (VIA ZOOM VIDEO CONFERENCE)
 2
                    Kellogg Hansen, by
 3              Andrew Goldsmith, Esquire
              Grace Knofczynski, Esquire
 4            Andrew Hetherington, Esquire
                Alejandra Avila, Esquire
 5               Chase Robinette, Esquire
                On behalf of the Plaintiff
 6         Email:  Agoldsmith@kellogghansen.com

 7
                    Sequor Law P.A., by
 8               Nyana A. Miller, Esquire
                On behalf of the Plaintiff
 9            Email:  Nmiller@sequorlaw.com

10
        Quinn Emanuel Urquhart & Sullivan, LLP, by
11                James C. Tecce, Esquire
                 Daniel Humphrey, Esquire
12       On behalf of Colorado Investment Holdings
            Email:  Jamestecce@quinnemanuel.com

13

14                    Pack Law, by
                 Joseph A. Pack, Esquire
15               Jessey J. Krehl, Esquire
             Local counsel on behalf of Colorado
16                  Investment Holdings
                Email:  Joe@packlaw.com

17

18                      - - - - - - -

19

20

21

22

23

24

25
```

1    THE COURT:  Okay.  The Court next calls AJ
2  Ruiz Consultoria Empresarial, S.A. versus Colorado
3  Investment Holdings, LLC, Adversary Proceeding 23-1118.
4  I'm going to ask lead counsel for each side to introduce
5  the appropriate parties.
6                   For the plaintiff.
7                   MR. GOLDSMITH:  Thank you, your Honor.
8  Andrew Goldsmith from Kellogg Hansen on behalf of AJ Ruiz
9  Consultoria.  I have with me this morning, Grace
10 Knofczynski, Andrew Hetherington, Alejandra Avila and
11 Chase Robinette from our firm, and also Nyana Abreu Miller
12 from Sequor Law.
13                  THE COURT:  All right.  Thank you.
14                  And for the defendant.
15                  MR. TECCE:  Good morning, Judge Mora.  James
16 Tecce of Quinn Emanuel on behalf of Colorado Investment
17 Holdings.  I'm joined by Dan Humphries, Jessey Krehl, and
18 Joe Pack for Colorado Holdings, and I would like to
19 introduce our co-defendants.  We have JBS, S.A. counsel at
20 Fox (sic) O'Brien, Ms. Ruiz and Ms. Thomas.  And we have
21 the counsel to the other defendants, J&F Investimentos,
22 JJMB Participacoes, WWMB Participacoes, Joesley and Wesley
23 Batista, Ms. Laura Garr from White & Case.
24                  THE COURT:  All right.  Thank you, counsel.
25                  We have three matters set on the docket this

1  morning.  We have plaintiff's motion to file a document
2  under seal, which is docketed at ECF 81, defendants'
3  motion to file a document under seal, which was docketed
4  at ECF 92, and we also have the scheduling conference set
5  for today.  So let's move forward with the motions to file
6  under seal.
7  Before we get started, I want to clarify to
8  each of you that I've read all the moving papers and
9  responses, including those that are not officially listed
10 as being set for hearing today.  I'm making that
11 clarification so that everyone here is aware that I'm up
12 to date and have reviewed the full docket.  I don't
13 require oral argument today, and so we will forego that in
14 favor of a comprehensive discussion about where this case
15 is going on and the timeframe anticipated for litigation.
16 Although today is not the day on which I
17 will rule upon any of the motions to dismiss, I want to
18 short-circuit some of the discussion today by letting you
19 know that in my experience exceedingly few motions to
20 dismiss meet the standard required for dismissal with
21 prejudice.  Typically if a complaint fails to meet the
22 threshold for the various subsections of Rule 12, the
23 likeliest result is dismissal with leave to amend.  I'm
24 pre viewing my thoughts for you, because I hope that will
25 guide how you conduct yourselves over the next several

Page 5

1  weeks.
2              That being said, I'm sure that any of
3  defendants' counsel who are presented today will be quick
4  to ensure me that this case is one of the very few where
5  outright dismissal is appropriate.  Again, I've read your
6  moving papers and today is not the day for dealing with
7  the motions to dismiss.  So please don't take my comments
8  as an invitations to present argument today regarding the
9  propriety or lack thereof as to dismissal.  I am briefly
10 previewing for you where I am anticipate this case will
11 land, so that you do not feel that I have overlooked
12 arguments that are relevant, even tangentially to the
13 issues that are noticed for hearing today.
14             What I will addressed today are the
15 following two docket entries and their related responsive
16 filings, ECF 81, plaintiff's motion to file the document
17 under seal, which I'll refer to the as the plaintiff's
18 motion to seal, and for clarification, plaintiff's motion
19 to seal seeks the sealing of ECF 86, which I'll call
20 plaintiff's motion to strike.  And then the second
21 document I will be addressing to today is ECF 92,
22 defendants' motion to file document under seal, which I'm
23 going to refer to as Brazilian defendants' motion to seal,
24 which speaks to preemptively seal Docket Entry 90, which
25 is the Brazilian defendants' response to the plaintiff's

1   motion to strike.  Only the two motions to seal, that is
2   ECF Nos. 81 and 92, are noticed for hearing today, but
3   they naturally relate to the underlying filings in
4   question, which again are plaintiff's motion to strike and
5   the Brazilian defendants' response.  Because I have
6   experienced counsel here today and all effected parties
7   are properly represented, I will not discuss just the
8   motions to seal, but also plaintiff's motion to strike and
9   Brazilian defendants' response.
10              You may wonder why I've taken the time to
11  carefully list each document by ECF number and set up the
12  parameters of today's hearing and the ruling I plan to
13  make.  The explanation is simple, this case has already
14  been procedurally complicated, and I want to make sure
15  that it stays on track.  We're going to move forward
16  carefully, but efficiently.  I'm taking things one step at
17  a time, but we will keep this case moving forward.
18              I'll address the motions to seal first.  For
19  now, both motions to seal are granted.  The documents are
20  presently sealed on the docket and will remain so pending
21  a future order from the Court.  I may revisit this ruling
22  later after I have fully addressed plaintiff's motion to
23  strike and Brazilian defendants' response.  Accordingly, I
24  would ask both plaintiff and defendant to each submit an
25  order granting their respective motion to seal.

1         That leads me to plaintiff's motion to
2   strike and Brazilian defendants' response.  I'm inclined
3   to agree with points made by all parties here.  Brazilian
4   defendants are correct that the standard for striking a
5   pleading or a portion of a pleading is a high hurdle to
6   meet.  But plaintiff has identified several paragraphs in
7   Brazilian defendants' motion to dismiss that appear
8   excessive and might stray too far into allegations that
9   are irrelevant to the matters before this Court.
10            But I need to make one thing clear now, at
11  the beginning of this process, this is not a jury trial.
12  I am the finder of fact.  I don't anticipate having any
13  problems discerning what is inflammatory versus what is
14  grounded in fact, and I will not make factual
15  determinations of any kind absent proper evidentiary
16  support.  I explain this because the concept of protecting
17  scandalous and defamatory comments from public view is
18  based primarily upon preventing a jury of laypersons from
19  being misled, but we don't have that issue here, at least
20  not at this moment.
21            Although I am granting both motions to seal,
22  I want to share that it is unlikely that I will be
23  persuaded to strike portions of pleadings.  To insure that
24  the matter proceeds in the proper course, however, I will
25  refrain from any further discussions of that issue today

1    and will reserve ruling until I have fully deliberated and
2    the matter is set for hearing.
3                To keep the case on track, the matter will
4    proceed as follows:  The Court will hold a hearing on
5    plaintiff's motion to strike on June 5, 2024 at 10:00 a.m.
6    After the Court has ruled on plaintiff's motion to strike,
7    I will address all three pending motions to dismiss.
8    Please note that the Court does not take oral argument on
9    motions to dismiss.  Briefing is already complete, and as
10   you may have guessed from my opening comments today, I've
11   started analyzing all of the arguments for and against
12   dismissal.  No further briefing or oral argument is
13   necessary or will be entertained, as further discussion
14   would not be helpful to the Court.  As I indicated before
15   I want to keep this case on track.
16               Again, Mr. Goldsmith, Mr. Tecce, I'll look
17   to you to draft and circulate orders regarding each of the
18   motions to seal, subject to local verifying they're in the
19   proper format for this Court.  You may state, quote, "For
20   the reasons stated on the record," close quote, in the
21   preamble and note that each of your respective motions to
22   seal are granted without prejudice to a party in interest
23   raising the issues again at a later date.
24               Now I'm going to open up the floor for
25   discussion from counsel regarding the progress of this

1 adversary proceeding to date and the litigation plan.
2              Local rules require the filing of an LF 68
3 pretrial order.  I don't think one is on the docket yet,
4 and it may not be appropriate for one to be entered until
5 after the June 5th hearing, where hopefully (inaudible)
6 not only the motion to strike, but the motions to dismiss.
7 So I would encourage the parties to speak, assuming I
8 don't dismiss the case, about how long it will take for
9 discovery to proceed and when they think an appropriate
10 pretrial date can be set.
11              All right.  I'll now entertain brief comment
12 from counsel.
13              Mr. Goldsmith.
14              MR. GOLDSMITH:  Thank you, your Honor.  My
15 partner Ms. Knofczynski is actually go address the
16 scheduling issues on behalf of plaintiffs, so I'll turn it
17 over to her.
18              But before I do, with respect to the motions
19 to seal, I just wanted to note that last week plaintiff
20 filed a reply in support of its motion to strike, and
21 similar to the motion to seal for the motion to strike
22 itself and defendants' motion to seal their opposition to
23 the motion, that was filed with a motion to seal.  That
24 motion to seal is Docket 118 seeking to seal the reply
25 brief, Docket 119.

1           So if the Court would like us to submit an
2    order granting that motion to seal, consistent with the
3    other two, we're happy to do that or proceed however the
4    Court likes.
5           THE COURT:  That makes sense, Mr. Goldsmith.
6           MR. GOLDSMITH:  Thank you, your Honor.
7           And then I will turn over to Ms. Knofczynski
8    for the plaintiff.
9           THE COURT:  Okay --
10          MS. KNOFCZYNSKI:  Good morning, your Honor.
11          THE COURT:  -- thank you.
12          MS. KNOFCZYNSKI:  So the plaintiff and
13   defendants have been discussing the scheduling conference
14   and the progress in this case, and we submitted an LF 68
15   form late yesterday evening, and the key dates -- and the
16   parties are in agreement on all of the dates in that
17   scheduling order, and there was a motion accompanying that
18   order as well, laying out the parties' agreement.  But the
19   parties have agreed to conduct -- to file initial
20   disclosures and to work on the protective order and ESI
21   protocol while the Court is still considering the motions
22   to dismiss, and then to move forward with discovery after
23   the Court's ruling or if the parties ask the Court for
24   permission to move forward prior to that.
25          THE COURT:  All right.  And have you picked

1    a pretrial conference date?
2                MS. KNOFCZYNSKI:  We have not picked a
3    specific date, your Honor.  We asked that it be scheduled
4    two months after an entry on order for motions for summary
5    judgments, which we anticipate will be filed in this case.
6                THE COURT:  Okay.  I think -- that's not our
7    normal protocol, but it probably makes sense if MSJ's are
8    anticipated to be filed here.
9                All right.  We'll take a look at the LF 68
10   that's been submitted and see whether that is an
11   acceptable form.
12               MS. KNOFCZYNSKI:  Thank you, your Honor.
13               THE COURT:  Anything further?
14               MR. TECCE:  Just from the plaintiff, your
15   Honor, or the (inaudible) rather, we -- to reiterate that
16   we stand by our agreements in the order.  The order was
17   heavily negotiated by the parties and all the defendants
18   are parties to it.  You may remember at our last hearing
19   there was some concern that some of the defendants had
20   appeared and others did not.  Everyone is here, to state
21   the obvious, and all the defendants had agreed to be bond
22   by that order.  They've all moved to dismiss, and so we
23   stand by the order, and I think based on what you've
24   said -- first of all, I appreciate you reading all the
25   papers.  That was no small task.

1           But I think, based on what you said, if you
2  take a look at the order, it still works, because the
3  dates in the order are all keyed off the decision on a
4  motion to dismiss, and so I'd submit that the scheduling
5  order can be entered.
6           THE COURT:  All right.  We'll take a look at
7  it.  Thank you for those comments.
8           All right.  Anyone else have any comments
9  they wish to address the Court with on this matter?
10          All right.  Hearing none, then this hearing
11 will be concluded.  Thank you for your an attendance
12 today.  Court will be in recess until 1:00 p.m.
13          MR. TECCE:  Thank you very much, your Honor.
14          MS. KNOFCZYNSKI:  Thank you, your Honor.
15          MR. GOLDSMITH:  Thank you, your Honor.
16          (Whereupon, the hearing was concluded.)

## CERTIFICATION

STATE OF FLORIDA      :

COUNTY OF BREVARD     :

I, Anna M. Meagher, Shorthand Reporter and Notary Public in and for the State of Florida at Large, do hereby certify that the foregoing proceedings were transcribed by me from a digital recording held on the date and from the place as stated in the caption hereto on Page 1 to the best of my ability.

WITNESS my hand this 30th day of May, 2024.

_____

ANNA M. MEAGHER, Shorthand Reporter
and Notary Public in and for the
State of Florida at Large
Commission #HH59960
January 9, 2025