Page 1

1                 UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF FLORIDA
2                     WEST PALM BEACH DIVISION
3
                              CASE NO. 23-11719-MAM
4                             Chapter 15
In RE:
5
  TINTO HOLDINGS LTDA.,
6
              Debtor.
7    _____/
8    AJ RUIZ CONSULTORIA EMPRESARIAL
     S.A.,
9
              Plaintiff,
10
     vs.                        ADV. CASE NO. 23-01118-MAM
11
     COLORADO INVESTMENT HOLDINGS, LLC,
12   et al.,
13            Defendants.
     _____/
14
15
16                       ORAL RULING
          DOCKET ENTRY (86), RESPONSE THERETO (90)
17
                       June 5, 2024
18
              The above-entitled cause came on for hearing
19   before the Honorable MINDY A. MORA, one of the Judges of
     the UNITED STATES BANKRUPTCY COURT, in and for the
20   SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Dr.,
     West Palm Beach, Palm Beach County, Florida on June 5,
21   2024, commencing at or about 10:00 a.m., and the following
     proceedings were had:
22
              Transcribed from a digital recording by:
23            Anna M. Meagher, Stenographic Reporter
24
25

```
 1                    APPEARANCES:
 2                 Kellogg Hansen, by
               Andrew Goldsmith, Esquire
 3        Grace Knofczynski, Esquire (via Zoom)
               On behalf of the Plaintiff
 4        Email:  Agoldsmith@kellogghansen.com
 5                 Sequor Law P.A., by
                Nyana A. Miller, Esquire
 6             On behalf of the Plaintiff
               Email:  Nmiller@sequorlaw.com
 7
 8    Quinn Emanuel Urquhart & Sullivan, LLP, by
                James C. Tecce, Esquire
 9              Daniel Humphrey, Esquire
        On behalf of Colorado Investment Holdings
10        Email:  Jamestecce@quinnemanuel.com
11
                    Pack Law, by
12              Joseph A. Pack, Esquire
               Jessey J. Krehl, Esquire
13            Local counsel on behalf of
               Colorado Investment Holdings
14            Email:  Joe@packlaw.com
15                 White & Case, by
                  Laura Garr, Esquire
16   On behalf of J&F Investimentos, S.A., JJMB Limited,
       WWMB Limited, Joesley Batista and Wesley Batista
17            Email:  Lgarr@whitecase.com
18
                Ford O'Brien Landy, LLP, by
19             Gabriela M. Ruiz, Esquire
                On behalf of JBS, S.A.
20            Email:  Gruiz@fordobrien.com
21
                   - - - - - - -
22
23
24
25
```

1                    THE CLERK:  All rise.  The United States
2        Bankruptcy Court in and for the Southern District of
3        Florida is now in session.  The Honorable Mindy A. Mora
4        presiding.
5                    THE COURT:  Please be seated.
6                    All right.  Good morning.  We're here on
7        June 5, 2024, on a specially set matter at ten a.m. in the
8        adversary proceeding, AJ Ruiz Consultoria Empresarial,
9        S.A. versus Colorado Investment Holdings, LLC, Adversary
10       Proceeding 23-1118.
11                   All right.  Let me go ahead and take
12       appearances, please, and if you would introduce, not only
13       yourselves, as the attorney who will be addressing the
14       Court, but any colleagues that you have either on the
15       phone or here in the courtroom.
16                   MR. GOLDSMITH:  Good morning, your Honor.
17       Andrew Goldsmith from Kellogg Hansen in Washington for the
18       plaintiff, AJ Ruiz Consultoria.  Here in the courtroom
19       with me is Nyana Abreu Miller from Sequor Law, and I
20       believe on Zoom is my partner, Grace Knofcynski.
21                   THE COURT:  Okay.  Thank you.
22                   And I'm not seeing anybody who doesn't have
23       their video on.
24                   All right.  Great.  Thank you.
25                   UNIDENTIFIED SPEAKER:  Good morning, your

```
 1   Honor.
 2                   THE COURT:  Good morning.
 3                   All right.  And here for the defendants.
 4                   MS. GARR:  Good morning, your Honor.  Laura
 5   Garr, from White & Case, counsel for J&F Investimentos,
 6   S.A., JJMB Limited, WWMB Limited, Joesley Batista and
 7   Wesley Batista.  On the phone from White & Case is a
 8   colleague, Gabriela Delgado, on Listen Only.
 9                   THE COURT:  Thank you.
10                   MS. RUIZ:  Good morning, your Honor.
11   Gabriela Ruiz with Ford O'Brien Landy for Defendant JBS,
12   S.A.
13                   THE COURT:  All right.  Thank you.
14                   MR. KREHL:  Good morning, your Honor.
15   Jessey Krehl, K-R-E-H-L, for Colorado Investment Holdings,
16   LLC, together with Dan Humphrey, Joseph Pack, and James
17   Tecce.
18                   THE COURT:  All right.  Thank you.
19                   MR. TECCE:  Good morning, your Honor.  James
20   Tecce.
21                   THE COURT:  Good morning.
22                   All right.  We're back today on plaintiff's
23   motion to strike, which is ECF 86 and the Brazilian
24   defendants' response that was filed at Docket Entry 90.
25   As you've seen from past hearings, I do read all the
```

1    papers submitted to the Court in advance.  I don't require

2    oral argument today.  I have read the papers.  I'm aware

3    of your arguments.  If there's any brief -- and I'm

4    talking five minutes or less -- additional information

5    that you think the Court should know before I rule, I'm

6    going to give you each an opportunity to make a statement

7    now.  Again, if it's already in your papers, it doesn't

8    need to be repeated.  If there's anything you would like

9    to add, now is the opportunity.

10                   MR. GOLDSMITH:  Thank you, your Honor.

11   Andrew Goldsmith for the plaintiff.

12                   There's one item just strictly -- that is

13   not in the papers, which is that the assertions made in

14   defendants' papers that we're asking to be stricken

15   include discussion of disciplinary proceedings that were

16   brought in Brazil against certain judges.  It's my

17   understanding that now, since the papers went in in this

18   case, that that disciplinary body has rejected the

19   allegations and dismissed that case.

20                   THE COURT:  Thank you.

21                   Ms. Garr.

22                   MS. GARR:  Thank you, your Honor.

23                   I don't believe -- and I'm sorry, I don't

24   believe that's accurate.  I think there are two separate

25   proceedings.  The one that involves Duarte Forssell, which

Page 6

1   is the law firm at issue here is still ongoing and active.

2   So I just want to correct that, and that's my

3   understanding based on a review that the last submission

4   in that case was in March, and it's still ongoing and

5   active as it relates to the ongoing investigation here.

6           I also just want to note, your Honor, that

7   separate from our papers, that here the plaintiffs are

8   seeking to strike ten separate paragraphs from the brief

9   based on some statements within those paragraphs that they

10  deem scandalous, and they are inviting this Court to make

11  a determination that those statements are scandalous and

12  defamatory by being the first court in this circuit to

13  adopt a Ninth Circuit case that plaintiffs rely on, the In

14  Re:  Roman.

15          While it is correct that the Eleventh

16  Circuit has not had an occasion to construe the phrase

17  scandalous and defamatory, we have not be able to find a

18  single case in this circuit -- a single court in this

19  circuit that has ever adopted the Ninth Circuit case

20  relied on by plaintiffs for the proposition that under

21  107(b) plaintiff need only show that the materials at

22  issue are disgraceful or shameful.  All of the cases that

23  we've seen, where courts in this circuit have looked to

24  the meaning of those terms, have followed the case, Gitto,

25  that is cited, In Re:  Gitto Global Corp.

1                    And I just want to also point out, your

2       Honor, that -- which should be construed narrowly, and I

3       just want to point out, your Honor, that we -- as your

4       Honor pointed out at the May 15th hearing, this is not a

5       jury trial.  This is not before, you know, laymen that

6       need to understand this.  We don't believe by any

7       standard, under any standard, that these statements are

8       scandalous or defamatory, and, importantly, we think it is

9       proper for the Court to consider.  It goes to what's the

10      heart of our claims, which is this case was brought in bad

11      faith, and that this proceeding is being used to

12      undermine, not assist, Brazilian courts, and the

13      statements that are at issue here support that.  And all

14      of those statements are supported -- our paragraphs 21

15      through 24 are the basis for every statement that they

16      seek to strike, and each one of those is supported by

17      documentary evidence that is attached as exhibits that's

18      accurately reflected.

19                    And for that reason, as seen in our papers,

20      we think it is proper for the Court to consider.  But as

21      you noted, your Honor, to the extent you don't find it

22      relevant, you're fully competent to be able to discern

23      which things to consider or not in your ruling.

24                    Thank you, your Honor.

25                    THE COURT:  Thank you, counsel.

1                  All right.  As noted at a hearing about two

2      weeks ago that we had in mid-May, I ruled upon various

3      motions to seal.  I granted those motions, and all

4      relevant documents remain sealed.

5                  As a recap, we have pending motions to

6      dismiss that relate to the motion to strike the response

7      and reply.  Briefing on the motions to dismiss is

8      complete, and, again, as I noted before, we will forego

9      oral argument on those motions to dismiss, because I

10     generally don't find those helpful to the Court.  The

11     filings you've made, the existing briefing, they are

12     sufficient.

13                 I'll now address plaintiff's motion to

14     strike and the Brazilian defendants' response.  The motion

15     to strike cites to Bankruptcy Code Section 107(b)(2) and

16     Bankruptcy Rule 9018, contending that the allegations are

17     scandalous and defamatory.  Plaintiff takes particular

18     umbrage at allegations of bad faith throughout the filing

19     of an allegedly unfounded lawsuit.

20                 Now, the Brazilian defendants' response I

21     found surprisingly lengthy.  Although the issues are

22     simple and the legal standard is straightforward, the

23     Brazilian defendants included an extensive table of

24     contents, table of authorities, a long recitation of

25     facts, and many ancillary arguments that, quite frankly,

1  weren't particular helpful to the issue at hand.  While I

2  appreciate the effort to be complete and organized, I

3  would urge you in the future to try to be more succinct.

4  Exceedingly few filings in this court need to carry the

5  trappings of an appellate brief.  As you may discern, I

6  value cogent argument concisely presented.

7              Now, Brazilian defendants primarily contend

8  the statements at issue are true, supported by documentary

9  evidence, and made for a proper purpose.  The balance of

10  the response focuses upon arguments that relate to the

11  motions to dismiss.

12              Now, Section 107(b)(2) of the Bankruptcy

13  Code states that a Bankruptcy Court may protect a person

14  with respect to a scandalous or defamatory matter

15  contained in a filing.  Reading this provision in context,

16  along with the case law interpreting Section 107, makes

17  clear that the focus of the provision is on sealing

18  documents from public view, not striking the content

19  altogether.  Striking portions of a pleading, instead, are

20  governed by Rule 12(f), as incorporated by Bankruptcy

21  Rule 7012, not Section 107.

22              I believe I understand why plaintiffs sought

23  refuge under Section 107 instead of Rule 12(f), which I

24  will explain in a moment.  That being said,

25  Section 107(b)(2) is an imperfect substitute for

Page 10

1    Rule 12(f).

2              Federal Rule 12(f) provides the standard for

3    striking material from a pleading.  Under this rule a

4    court may strike any material that is insufficient,

5    redundant, immaterial, impertinent, or scandalous.  The

6    plain language of the rule indicates that it is intended

7    to apply only to portions of the pleading, not the entire

8    pleading.  Courts interpreting Rule 12(f) have observed

9    that striking material from a party's pleading is an

10   extreme measure, citing to Silva v. Swift, 333 F.R.D. 245

11   at 247, from the Northern District of Florida in 2019.  As

12   a result motions to strike are generally viewed with

13   disfavor and are infrequently granted.  This disfavor

14   arises from the law's preference for insuring that cases

15   are decided on their merits and a reluctance to tamper

16   with pleadings, absent a strong reason for doing so,

17   citing to the same case.

18              Courts generally are not willing to

19   determine disputed and substantial questions of law upon a

20   motion to strike, preferring instead to resolve them on

21   their merits citing to Augustus versus Board of Public

22   Instruction of Escambia County, Florida, 306 F.2d 862 at

23   pages 868 to '69, which comes out of the Fifth Circuit in

24   1962, before the Eleventh Circuit split off from the Fifth

25   Circuit, and is therefore binding on this Court.

1    Typically this Court would be inclined to

2    grant a motion to strike only if the portion of the

3    pleading to be stricken has no possible relation to the

4    controversy.  The wrinkle here is that motions to dismiss

5    are not consider, quote, "responsive pleadings," closed

6    quote, citing to Bevels versus American States Insurance

7    Company cited at 100 F.Supp.2d 1309 at pages 1311 to 1312

8    out of Middle District of Alabama in 2000 and also to

9    Silva 333 F.R.D. at pages 247 and 248.  Therefore, no

10   matter what this Court's thoughts might be on the

11   propriety of striking portions of the motion, existing

12   case law indicates that Rule 12(f) does not apply to a

13   motion to dismiss.

14   That brings me to my point from a few

15   minutes ago.  The Court presumes that plaintiff cited to

16   Section 107(b)(2) in lieu of Rule 12(f) because 12(f)

17   doesn't apply to motions.  The problem is that Section 107

18   provides for the sealing of a document as a means of

19   protection, not striking the document.  In laymen's terms

20   we have a round peg trying to go through square hole.  To

21   make the thought process behind my determination as clear

22   as possible, let me say this plainly.  Neither Rule 12(f),

23   nor Section 107(b)(2) provide a basis for striking

24   portions of the Brazilian defendants' motion to dismiss.

25   For the sake of clarifying where we stand on an equitable

1   level, I'm going to elaborate.

2                    The question of whether the allegations have

3   any possible relation to the controversy is not clearcut.

4   The allegations in Brazilian defendants' motion to dismiss

5   are extraordinary.  The accuracy of those allegations is

6   unproven, and their relevance is debatable.  All that

7   being said, this is not a jury trial.  There is no chance

8   that the mere existence of allegations will sway this

9   Court's determinations one way or another.  I am the

10  finder of fact.  We don't have a jury of laypersons who

11  might be misled, and I will exclude irrelevant and

12  salacious material from being introduced into evidence.

13                   You should know that I am disinclined to

14  take evidence regarding the existence of an investigation

15  into as-yet unproven charges.  Instead, I'll defer to the

16  Brazilian courts on anything that even approaches a

17  factual finding in that type of matter.  My deference,

18  however, does not change where we are.  I can't unsee the

19  disputed allegations, but their existence has not and will

20  not sway my neutrality in this matter.  They are unproven

21  allegations.  They aren't facts, and I believe the Court

22  knows the difference between the two.

23                   The motion to strike, response to the motion

24  to strike, and a reply at Docket Entry 116 all remain

25  sealed, along with the exhibits.  Everyone has told me

1    what their clients believe needs to be said, and the

2    information is being confined to the court proceedings.

3    Therefore, we'll simply move on from there.

4              From this point forward, I plan to keep this

5    case on a short leash.  I will rule upon the motions to

6    dismiss as soon as my schedule permits.  If those motions

7    are denied, as I suspect they will be, we will move on

8    with discovery.  In the interest of expediency, I will

9    preview for you that I view this case as a poor candidate

10   for summary judgment.

11             Now, I would not presume to fetter anyone's

12   ability to file whatever they believe appropriate,

13   including a motion for summary judgment.  You may

14   naturally exercise your client's rights in that regard as

15   you see fit.  But the facts are complex, the parties seem

16   well entrenched of their versions of the story underlying

17   these claims, and we have excellent counsel all the way

18   around.

19             I anticipate that material facts will remain

20   in dispute after discovery.  If material facts are not

21   disputed, of course, counsel should settle any claims or

22   portions of claims that might be settled.  Counsel will

23   also have to agree on a joint stipulation of facts that

24   they can live with in the event that the claims progress

25   to the summary judgment or trial stage.

1          Because everyone here is, as I noted,

2   experienced and sophisticated counsel, I want to gently

3   suggest to you that your client's funds might be better

4   spent preparing for trial, instead of filing motions for

5   summary judgment that are likely to be denied on the basis

6   that material facts are in dispute.  I would urge you take

7   these comments to heart if we progress passed the

8   dismissal stage.

9               All right.  Since we are here on plaintiff's

10  motion to strike, counsel I would ask that you prepare an

11  order denying the motion for the reasons stated on the

12  record.  Please run the form of it by the Brazilian

13  defendants' counsel, and then upload the order to the

14  Court.

15              Any questions?

16              MR. GOLDSMITH:  No, your Honor.

17              THE COURT:  All right.  Thank you.

18              All right.  Ms. Garr, any questions?

19              MS. GARR:  Just one, your Honor.

20              Absent a finding of defamatory or scandalous

21  statements, what is the -- I guess, questioning the basis

22  for maintaining the motion to seal?

23              THE COURT:  I'm not prepared to answer that

24  question at this time.  If you think that the proceeding

25  ought to be unsealed, you'll need to file a motion

Page 15

1    articulating the legal basis for doing so.  Give the

2    plaintiff a chance to respond, and then we'll take that

3    up.

4                    MS. GARR:  Thank you, your Honor.

5                    THE COURT:  All right.  Thank you.

6                    With that, this hearing is concluded.  Thank

7    you for your attendance today.  Court is adjourned.

8                    THE CLERK:  All rise.

9                    (Whereupon, the hearing was concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 16

1

2

3                              CERTIFICATION

4

5    STATE OF FLORIDA         :

6    COUNTY OF BREVARD         :

7

8              I, Anna M. Meagher, Shorthand Reporter and

9    Notary Public in and for the State of Florida at Large, do

10   hereby certify that the foregoing proceedings were

11   transcribed by me from a digital recording held on the

12   date and from the place as stated in the caption hereto on

13   Page 1 to the best of my ability.

14             WITNESS my hand this 12th day of June, 2024.

15

16             _____

17             ANNA M. MEAGHER, Shorthand Reporter
               and Notary Public in and for the
18             State of Florida at Large
               Commission #HH59960
19             January 9, 2025

20

21

22

23

24

25