

ORDERED in the Southern District of Florida on September 25, 2024.

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 23-11719-MAM |
| Tinto Holding Ltda., <br>     Debtor(s).<br>_____/ | Chapter 15 |
| Deloitte Touche Tohmatsu Consultores Ltda. and AJ Ruiz Consultoria Empresarial S.A., <br>     Plaintiff(s), <br> v. | Adv. Proc. No.: 23-01118-MAM |
| Colorado Investment Holdings, LLC, J&F Investimentos S.A., JJMB Participacoes LTDA, and WWMB Participacoes LTDA, <br>     Defendant(s).<br>_____/ | |

**ORDER GRANTING CONDITIONAL MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**

THIS CAUSE came before the Court upon the *Plaintiff's Conditional Motion*

*for Leave to File a Second Amended Complaint* [ECF No. 85] ("Motion"). The Court considered this Motion and hereby ORDERS, for the reasons stated on the record on September 13, 2024,[1] that the Motion is GRANTED as follows:

1. Plaintiff may file a Second Amended Complaint in this action on or before October 17, 2024.

###

Submitted by:
Nyana A. Miller, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Nmiller@sequorlaw.com
jmosquera@sequorlaw.com
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

*(Attorney Miller must serve a conformed copy of the foregoing order upon all interested parties and file a Certificate of Service with this Court.)*

---

[1] *See* Exhibit A to this Order.

## Exhibit A

At the hearing on the Motion (ECF No. 85) and the related motions to dismiss filed as ECF Nos. 67, 74, and 79, the Court stated as follows:

This hearing covers the motions to dismiss filed as ECF Nos. 67, 74, and 79, which I will call the "Motions to Dismiss" for ease of reference. Along with the Motions to Dismiss, the Court carefully reviewed all associated briefing and related filings. The briefing alone comprises 250 pages, not including exhibits, affidavits, or other supporting documents. As you can imagine, consideration of the Motions to Dismiss required more than a few days of focused attention, free from the distraction of motion calendar and other pending matters. We are happy to supply that time and effort, of course, but I hope that you will appreciate that the delay in ruling arose from not just the Court's normal caseload, but also a desire to give this matter the level of time and attention that it deserves.

With that in mind, please understand that I have scheduled today's hearing so that I can rule on the motions to dismiss as quickly as possible. They have been pending for some time and I do not want to delay this process further by drafting a lengthy opinion for what I believe is a straightforward result. My goal today is to keep the case moving in the most expeditious manner possible without compromising the integrity of the analysis and review needed for a case of this complexity.

I'm going to take an unusual approach today and tell you the ruling up front. I will explain the basis for my ruling in detail, but I don't want to keep you in unnecessary suspense.

**Here is what is going to happen:** I am going to dismiss the Amended Complaint found at ECF No. 56 with leave to amend. I am aware that this will result in yet another amendment, one that requires the Court's leave. That leave is granted. That means that today's ruling also addresses the relief requested in ECF No. 85, the Motion for Leave to Amend. Plaintiff's counsel should submit an order to the Court granting that motion, for the reasons stated on the record in today's hearing.

I want to clarify that one reason this decision took some time is because the parties raised very detailed arguments on both sides. I applaud the thoroughness and attention to detail, but I am going to impose strict page

limitations in the future so that we do not repeat arguments that have already been raised in this case in more detail than is required. The Court has read and processed everything and, while the Court's memory may not be perfect, we have made sure on our end that the same work does not need to occur a second time. We paid attention and took good notes. I am going to ask that you please pay attention and take good notes during today's hearing so that we focus the trajectory of this case on the issues that require meaningful attention, and not on every possible argument or claim that might exist.

With that being said, I'm going to provide some of the reasons for dismissal with leave to amend. I'll start with the legal standards for the arguments that the parties raised, but will keep each description brief because I'm confident that everyone at this hearing is familiar with the applicable rules and law.

Please note also that I am going to cover all of the arguments collectively in the interest of expedience. The Court separately evaluated each set of briefs, responses, and replies. Since there is only one (amended) complaint asserting claims against all parties, it makes sense to cover in one discussion all potential modifications to what I'm sure will be filed as the second amended complaint.

## LEGAL STANDARDS

Bankruptcy Rule 7012 incorporates and makes relevant Rule 12 of the Federal Rules of Civil Procedure. Rule 12(b) outlines seven potential defenses to a claim that must be raised by way of a motion. The parties have raised three defenses under Rule 12(b), specifically Rules 12(b)(2), (6), and (7). They have also raised a few non-rule-based defenses that are better suited for summary judgment. The Court makes this observation because, as you all are aware, Rule 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

None of the parties argued for application of a summary judgment standard, nor did the parties provide the Court with a stipulated set of facts that are not in dispute. Those circumstances narrow the Court's focus to matters that fall strictly within the pleadings, without the need to consult documentary or testimonial evidence.

Because this adversary proceeding arises in connection with a chapter 15 case, the parties raised additional defenses, like comity. I understand why it would

be difficult to link those defenses to the parameters of Rule 12(b) or (c), but that does not change the applicability of Rule 12(d) to this Court's analysis. Please think through what I have just said, because many litigants forget about Rule 12(d), just as they often overlook the facial/factual analysis that Eleventh Circuit precedent dictates this Court must consider when applying Rule 12(b)(1). Also, please be reminded that this Court is constrained by two other sources of law, one statutory and the other explained in United States Supreme Court case law.

First, this Court may refuse to "take an action governed by [chapter 15] if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506.

Second, *Law v. Siegel*, 571 U.S. 415 (2014) clarifies that § 105(a) does not permit a bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code. *Siegel*, 571 U.S. at 421. Neither of these principles are debatable nor are they novel. I point them out to clarify that asking this Court to reach beyond the Bankruptcy Code in the name of promoting "equity" is not possible, even in the context of chapter 15.

To streamline today's ruling, I will list each of the dismissal bases argued and then supply a one or two sentence summary of the standard. Please recognize that I am doing so purely for expedience. Rest assured that the Court has spent many hours reviewing the applicable case law.

I will describe each standard, then provide analysis that reflects application of all standards.

**12(b)(2) -- Personal Jurisdiction (general and specific)**
Dismissal for lack of personal jurisdiction falls under Rule 12(b)(2). This Court's ability to exercise personal jurisdiction over a defendant must comply with the requirements of traditional notions of fair play and substantial justice under the due process clause of the United States Constitution. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985)

There are two types of personal jurisdiction: general and specific. The standard for each is different, as is the scope regarding which claims may be asserted.

To establish **general personal jurisdiction**, a plaintiff must show that the defendant had "continuous and systematic" contacts with the forum that render the defendant essentially "at home" in the forum. *Waite v. All*

*Acquisition Corp.*, 901 F.3d 1307, 1317 (11th Cir. 2018) (internal citations omitted). If a plaintiff establishes a clear basis for general personal jurisdiction over a defendant, then the court may determine claims that could be completely unrelated to a defendant's contacts with the forum. *Diss v. Zawawi (In re Zawawi)*, 644 B.R. 907, 914 (Bankr. M.D. Fla. Aug. 18, 2022).

**Specific personal jurisdiction** is more focused. To establish specific personal jurisdiction, a plaintiff must show that the controversy relates to or arises out of "purposeful contacts" with the United States. Those contacts must be (1) related to the cause of action; (2) involve some act by which the defendant purposefully availed himself of the privilege of doing business within the United States; and (3) be of such caliber that the defendant should reasonably anticipate being hauled into court in the U.S. *In re Nexgenesis Holdings Ltda.*, 2024 WL 3616732 at *7 (Bankr. S.D. Fla. July 31, 2024).

I will briefly note that *In re Zawawi*, the case I cited just a few moments ago, breaks down the test for specific jurisdiction within the Eleventh Circuit in a slightly different manner. *See* 644 B.R. at 915. For the purpose of today's analysis, the difference is immaterial.

### 12(b)(6) -- Failure to state a claim
To survive a motion to dismiss under Rule 12(b)(6), factual allegations of a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When "there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

### 12(b)(7) Failure to Join a Party Under Rule 19
Rule 12(b)(7) and Rule 19 collectively permit dismissal if the plaintiff has failed to join a party whose presence is necessary for the court to afford complete relief among existing parties. Alternatively, the Court may require joinder of the party to ensure that adjudication of the interests alleged in the proceeding comply with the provisions of Rule 19(a)(1)(B).

### Forum Non Conveniens
Forum non conveniens is a common law legal doctrine and, as such, falls outside the statutory language of the Bankruptcy Code. In simple terms, the

doctrine of forum non conveniens permits a court with jurisdiction and venue to decline to hear a matter because another court is better situated to do so. Application of forum non conveniens is appropriate "when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009).

Application of forum non conveniens requires that:
(i) an adequate alternative forum is available,
(ii) relevant public and private interests weigh in favor of dismissal, and
(iii) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice. *Id*. (internal citations omitted).

Private interests include relative ease of access to evidence in the competing fora, availability of witnesses and compulsory process over them, the cost of obtaining evidence, and the enforceability of a judgment. *Id*.

Public interests include the familiarity of the court(s) with the governing law, the interest of any foreign nation in having the dispute litigated in its own courts, and the value of having local controversies litigated locally. *Id*.

This Court may consider forum non conveniens principles in an adversary proceeding but chapter 15 limits applicability of the doctrine because Congress enacted chapter 15 to promote comity and cooperation between nations. That enactment necessarily requires bankruptcy courts to accept jurisdiction over most chapter 15 adversary proceedings, provided the bankruptcy court is able to grant recognition of the main chapter 15 bankruptcy case. *In re British Am. Ins. Co. Ltd.*, 488 B.R. 205, 239-40 (Bankr. S.D. Fla. 2013). For a thorough discussion of forum non conveniens in the chapter 15 context, I would direct you to *In re Hellas Telecommunications (Luxembourg) II SCA*, 555 B.R. 323 (Bankr. S.D.N.Y. 2016).

**<u>Comity/Abstention</u>**
The United States Supreme Court defined comity many years ago as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot,* 159 U.S. 113, 143 (1895).

Principles of comity permeate chapter 15 recognition of foreign bankruptcy proceedings because the equitable and orderly distribution of assets often requires assembly of all claims in a single proceeding. *Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir. 1999) (internal citation omitted). That being said, bankruptcy courts afford comity to foreign bankruptcies only if those proceedings do not violate the laws or public policy of the United States. *Id.*; *see also* 11 U.S.C. § 1506.

Bankruptcy courts have held that abstention, in the chapter 15 context, is limited to mandatory abstention. *In re British Am. Ins. Co. Ltd.*, 488 B.R. 205, 239-40 (Bankr. S.D. Fla. 2013). It is exceedingly difficult for a bankruptcy court to both adhere to the public policy principles of chapter 15 and yet choose to abstain from hearing proceedings associated with a foreign matter purely because it would be inconvenient to do so. *Id.* That being said, there are limits to what is fair and just in a chapter 15 context, just as there are in other chapters of the Bankruptcy Code. *C.f. In re Nexgenesis Holdings Ltda*, 2024 WL 3616732, at *11 (Bankr. S.D. Fla. July 31, 2024).

**<u>Res Judicata/Collateral Estoppel</u>**
Res judicata bars relitigation of matters decided in a prior proceeding if (i) the prior decision was rendered by a court of competent jurisdiction, (ii) there was a final judgment on the merits, (iii) the parties were identical in both suits, and (iv) the prior and present causes of action are the same. *Followell v. Gurley (In re Gurley)*, 357 B.R. 868, 878 (Bankr. M.D. Fla. 2006) (internal citation omitted).

Collateral estoppel, which is also known in this Circuit as issue preclusion, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). It protects litigants from relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation. *U.S. v. Lewis*, 40 F.4th 1229, 1237 (11th Cir. 2022) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)); *see also CSX Transp., Inc. v. General Mills, Inc.,* 846 F.3d 1333, 1340 (11th Cir. 2017*)* (describing federal court application of state law collateral estoppel elements).

A bankruptcy court may recommend dismissal or entry of judgment based upon a prior judgment in a foreign forum if the necessary elements of res judicata are met. *Laspro Consultores Ltda. v. Alinia Corp. (In re Massa Falida do Banco Cruziero do Sul, S.A.),* 637 B.R. 675, 695 (Bankr. S.D. Fla. 2022).

Exhibit A (Page 6 of 12)

**Bad Faith**
Although the parties argue lack of good faith, they neither cite to nor provide the legal standard for bad faith dismissal in the chapter 15 context. In general, courts apply a totality of the circumstances approach to evaluating questions of dismissal for bad faith under other chapters of the Bankruptcy Code. *See generally In re TGP Communications, LLC*, 2024 WL 3548248 (Bankr. S.D. Fla. July 25, 2024); *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983); *In re Piazza*, 719 F.3d 1253 (11th Cir. 2013). The Court presumes, without explicitly so holding today, that the same standard applies in the chapter 15 context.

## ANALYSIS

The Court will now explain the deficiencies that should be addressed, should the foreign representative choose to file a second amended complaint.

**Failure to Clarify Governing Law**
As to Counts 1 & 2, it is unclear what law applies. Paragraph 5 of the Amended Complaint indicates that Counts 1 & 2 are under U.S. law, but fails to identify which state law applies and why that state law applies. Unjust enrichment and aiding/abetting breach of fiduciary duty are state law claims. For complete clarity, I am going to explain that the Court means "state" as in the state of Florida or Colorado or one of the other 50 states, and not "State" as in the United States itself.

The Court needs to know which state's law is alleged to provide a basis for claims asserted in Counts 1 & 2 so that the Court can research and apply the correct state law that the foreign representative alleges governs the acts. And, with respect to all counts, because property interests in the United States are created and defined by state law, to the extent that the Court is called upon to apply contract law principles to interpret the Share Transfer Agreements (as they are defined in the Amended Complaint), we need to know which state's law to apply. *Butner v. U.S.*, 440 U.S. 48, 54–55 (1979). If the plaintiff is asking the Court to adjudicate a property interest that exists within the territorial United States, then the Court needs to understand the creation and definition of that interest, which includes identifying the state law that controls. This concept applies to tangible and intangible property interests, including interests in business entities.

If United States property law does not control, then the plaintiff needs to allege in explicit detail how an asserted property interest falls within the subject

matter jurisdiction of this Court. In making that comment, please note that I am already familiar with the parameters of *in rem* jurisdiction in the chapter 15 context, and how those parameters differ in chapter 15 from other chapters of the Bankruptcy Code. *See generally In re British Am. Ins. Co. Ltd.*, 488 B.R. 205 (Bankr. S.D. Fla. 2013).

We also need to be clear about the basis for application of any U.S.-based statutory or case law, as defendants assert that forum selection clauses in each of the transfer agreements specify that Brazilian (and not U.S.) law governs. Plaintiff needs to allege what acts or relationships make a particular state's law applicable to counts within this Adversary Proceeding, and why.

**Failure to Clarify Type of Personal Jurisdiction Alleged**
A second amended complaint will need to clarify whether Plaintiff is asserting general personal jurisdiction or specific personal jurisdiction as to each of the defendants and for each of the claims. There is an easy way to do this. When you are drafting, state the standard within the allegation, then state the facts that satisfy the standard in a way that is straightforward and unambiguous. Alternatively, frame the allegations in such a way that it is abundantly clear which form of personal jurisdiction is being asserted. If both general personal jurisdiction and specific personal jurisdiction are asserted as to the same defendant, make that clear as well.

Please be aware that if specific personal jurisdiction is asserted, then it is entirely possible that this type of jurisdiction may exist for one claim, but not another. The second amended complaint may need to include specific jurisdictional allegations for each of the claims.

I leave that level of drafting detail up to you to determine. My point is that the Court should not have to engage in a guessing game to determine whether personal jurisdiction exists for any given claim with respect to any of the defendants who are listed as being subject to that claim or cause of action. If we get into that realm, then there's a strong chance that personal jurisdiction does not exist. You will want to avoid that.

Again, I will repeat myself to ensure that this point is clear: the plaintiff may have to include a separate section under each count asserting the factual allegations supporting personal jurisdiction for each named defendant as to that particular count. That exercise may prove repetitive but, in this instance, clarity is paramount. I am specifically asking the plaintiff to provide a very

clear roadmap for the defendants and the Court regarding the basis for and type of personal jurisdiction asserted for each and every claim.

**Principles of Comity/ Abstention**
Although abstention may be limited to mandatory (not permissive) abstention in the chapter 15 context, comity is a compelling argument. The Court cannot enter any ruling that would offend the U.S. justice system because it is manifestly unfair. This Court is competent to apply Brazilian law and willing to do so, but it is entirely unclear that all necessary parties are present. The Court strains to understand how the Bertins could be integral to the transactions, complicit in any illegal or unethical dealings with respect to the share transactions, ostensibly have fiduciary duties arising by statute or agreement with respect to the transactions, and yet not be called upon or otherwise able to provide a defense for actions they are alleged to have undertaken.

The Amended Complaint also does not clarify why a U.S. court is better situated than Brazil to apply Brazilian law to Brazilian nationals for acts that impact only Brazilian creditors. Chapter 15 provides for application of foreign law, of course, but in this instance the connection between the counts of the Amended Complaint and the U.S. is entirely unclear. What acts in the U.S. gave rise to the counts or property interests resulting from those acts? How do those acts relate to the basis for personal jurisdiction? What property is located in the territorial United States, and only accessible from within the borders of the territorial United States? You will note some overlap here between jurisdictional concerns and comity concerns.

If the foreign representative elects to file a second amended complaint, it will need to better describe time, location, duration, and execution of specific acts that indicate the U.S. is the proper place for adjudication. Again, I am aware that there is no bankruptcy estate to consider in the traditional sense, so the analysis is a bit different from typical *in rem* jurisdiction analysis. Still, we need to know with crystal clarity what assets the personal representative is seeking to recover, and how those assets are alleged to be located within the territorial jurisdiction of the US.

For example, the Court observed that the Amended Complaint alleges that two of the defendants own or once owned real estate in the United States. What does owning real property as an individual have to do with the claims and assets that are the subject of the Amended Complaint? Is there a connection

beyond the assertion of residence as a possible basis for general personal jurisdiction?

For another business entity, the Court was left to wonder why a potential listing on the stock exchange was relevant, if that listing has not yet been accomplished? This area overlaps heavily with the general and personal jurisdiction analysis.

Let me make this very simple: for each defendant, and each claim, the Court needs to understand the basis for subject matter and personal jurisdiction. Please make those allegations so straightforward and clear that there is no need to scratch our heads here. You know what the legal standards are; I have just recited them. The plaintiff must clarify whether general or specific personal jurisdiction exists through targeted factual allegations.

**Forum Non Conveniens**
As you may have guessed, it is highly unlikely that the court will dismiss this adversary proceeding solely for forum non conveniens reasons. Research indicates that this relief in the chapter 15 context is rare because of the international policy ideals that supported adoption of chapter 15. That being said, it seems likely that many if not most witnesses will be beyond the subpoena power of the Court. I would encourage the foreign representative to consider the wisdom of pursuing claims or counts that may not be provable in this Court due to a failure of evidence. That would be a very expensive undertaking with a negative return on investment.

**Remaining Arguments (Res Judicata, Collateral Estoppel, Bad Faith)**
As to the remaining arguments of res judicata, collateral estoppel, and bad faith, the Court's analysis is generally the same as for comity and forum non conveniens. I would remind you that this Court is not capable of acting as a functional court of appeals.

With respect to arguments regarding bad faith, please remember that the provisions of chapter 15 provide for expansive relief after recognition. This case tests those limits, but the limits are broad. If you are going to make a bad faith argument in the future, I recommend doing so using the appropriate test for the chapter 15 context, citing to applicable chapter 15 cases.

**Clarify Claims and Basis for Relief Requested**
I must make another important point: the Amended Complaint seeks to unwind transactions that date back 15 years. From the Court's review of the

Amended Complaint, it seems like what is actually intended to be plead is rescission. That is not explicitly plead under the law of any state or country, and the Court cannot discern upon which legal theory the plaintiff believes this Court can roll back the hands of time and undo that which was done many years ago. A bankruptcy court cannot employ § 105 or equitable powers beyond the parameters of the Bankruptcy Code. What I need to know is exactly what legal theory is the plaintiff relying upon, citing to a specific statute, that would permit the Court to accomplish the "unwinding" that the foreign representative seeks? The plaintiff needs to include that statutory provision in a second amended complaint.

### Closing Remarks

I must make one last comment before wrapping this up. It is not lost upon the Court that there are no acts alleged in the Amended Complaint that tie the defendants to this geographic area of the United States. Not one.

I'm aware that Sequor Law is holding $1500 of Tinto's funds. I'm also aware of case law regarding use of retainer funds as a basis for jurisdiction. I'm not making a legal point here; I'm making a common sense one that happens to include notions of justice and fair play. Why did you file this case here, in the Southern District of Florida, as opposed to another location in the United States? Plaintiff must make explicitly clear in the Second Amended Complaint the basis for this Court's venue over the defendants (as opposed to a court situated in a district in which the defendants own real property).

With that, I'm going to ask that counsel for each of the defendants supply the Court with an order granting their respective motions to dismiss with leave to amend. As I said previously, I will also need counsel for the foreign representative to provide an order granting the motion for leave to amend.

Given the complexity of this adversary proceeding and the scope of the revisions I have just indicated need to be made, I will set the deadline for any amendment of the amended complaint as October 17, 2024. I am exercising judicial discretion in selecting this deadline so as to avoid any potential prejudice to the parties. This date provides ample time for amendment or, if the parties are so inclined, negotiation of a consensual resolution.

### Bookmarking

Before I conclude, I have an administrative request. For any new documents filed on the Court's docket, please make sure that you use pdf bookmarks. They are easy to insert when you are compiling the document and doing so will save

chambers a great deal of time, which ultimately means you may get a faster ruling. For complaints, please bookmark major sections and each count. For motions and responses, please bookmark major argument sections. Bookmarking is far more useful to the Court than a traditional table of contents, which quite frankly we scroll right past. Bookmarks allow the Court to go back and forth between sections without losing a train of thought or scrolling endlessly. That level of concentration ultimately benefits your clients.

**<u>Page Limitations</u>**

As I indicated previously, the Court is going to impose page limitations on any further motion practice in this adversary proceeding. If plaintiff files a second amended complaint, and one or more defendants again wish to file a motion to dismiss, the Court is imposing a page limitation of 20 pages on any such motion, a 10-page limitation on any response, and a 5-page limitation on any reply. Defendants' counsel, please include this requirement in the orders you are submitting granting your motions to dismiss without prejudice.