MANOEL DE QUEIROZ PEREIRA CALÇAS

**Professor Doctor of Commercial Law at the University of São Paulo School of Law**

| | |
|---|---|
| In re: | Chapter 15 |
| TINTO HOLDING LTDA., | Case No.: 23-11719-MAM |
| Debtor in a Foreign Proceeding. | |
| ......................................................../ | |
| | |
| AJ RUIZ CONSULTORIA EMPRESARIAL S.A., solely as Judicial Administrator and foreign representative of TINTO HOLDING LTDA., | |
| | Adv. Case No. 23-01118MA |
| Plaintiff, | |
| | |
| v. | |
| | |
| COLORADO INVESTMENT HOLDINGS LLC, J&F INVESTIMENTOS S.A., JJMB PARTICIPAÇÕES LTDA., WWMB PARTICIPAÇÕES LTDA., JOESLEY MENDONÇA BATISTA, WESLEY MENDONÇA BATISTA, and JBS S.A., | |
| | |
| Defendants | |
| | |
| ......................................................../ | |

**DECLARATION OF MANOEL DE QUEIROZ PEREIRA CALÇAS IN SUPPORT OF COLORADO'S MOTION TO DISMISS PLAINTIFF A.J. RUIZ CONSULTORIA EMPRESARIAL S.A.'S SECOND AMENDED COMPLAINT**

MANOEL DE QUEIROZ PEREIRA CALÇAS

**Professor Doctor of Commercial Law at the University of São Paulo School of Law**

I.      INTRODUCTION ..........................................................................................................3

**II.     QUALIFICATIONS AND EXPERIENCE** .............................................................3

III.    SUMMARY OF LEGAL OPINION ..........................................................................4

IV.    ANALYSIS ...................................................................................................................5

**A.     Exclusive Jurisdiction of the Universal Bankruptcy Court**...........................................5

**B.     Res Judicata** ...................................................................................................................8

**C.     Statutes of Limitations** ..................................................................................................9

**D.     Failure in the Second Amended Complaint to Satisfy the Minimum Elements of the Alleged Rights**........................................................................................................... 11

**(i) Claim One: Unjust Enrichment** ...................................................................... 11

**(ii) Claim Two: Aiding and Abetting in Breach of Fiduciary Duties**....................................... 12

**(iii) Claim Three: Declaration of Nullity under Article 166 of the Civil Code** ...................... 13

**(iv) Claim Four: Declaration of Nullity under Article 167 of the Civil Code** ......................... 15

**(v) Claim Five: Transfer of Establishment Based on Article 129, subsection VI of the Bankruptcy Law**........................................................................................................... 17

**(vi) Claim Six: Piercing the Corporate Veil**.............................................................. 18

**(vii) Claim Seven: Compensation for Losses and Damages pursuant to Art. 186, 187 and 927 of the Civil Code** ......................................................................................................... 19

**E.     Absence of Indispensable Parties**....................................................................... 20

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

## I.    <u>INTRODUCTION</u>

1.       I have been invited by the attorneys of Colorado Investment Holdings LLC ("Colorado") to express my opinion on certain matters of Brazilian Law related to a claim filed by the Plaintiff AJ Ruiz Consultoria Empresarial S.A. ("Plaintiff") as the Judicial Administrator and representative of Tinto Holding Ltda. ("Tinto") before the US Bankruptcy Court for the Southern District of Florida ("Florida Bankruptcy Court"), Case No. 23-11719-MAM ("Second Amended Complaint") against the defendants Colorado, J&F Investimentos S.A. ("J&F"), JJMB Participações Ltda. ("JJMB"), WWMB Participações Ltda. ("WWMB"), Joesley Mendonça Batista ("Joesley"), Wesley Mendonça Batista ("Wesley"), and JBS S.A. ("JBS") (together with Colorado, J&F, JJMB, WWMB, Joesley and Wesley, "Defendants").

2.       The facts upon which this statement is based are those described by the Plaintiff in the Second Amended Complaint, dated October 17, 2024. For the purposes of this analysis only, I assume that all the facts alleged in the Second Amended Complaint are true.

3.       The materials that I examined in preparing this declaration are all listed in Appendix A.[1]

## II.    <u>QUALIFICATIONS AND EXPERIENCE</u>

4.       I have fifty-two years of experience in Brazilian Law. From 1976 to 2021, I served as a judge in the Court of Justice of the State of São Paulo, the largest court in Latin America.

5.       During my forty-five-year career at the Court of Justice of the State of São Paulo, I held all relevant positions existing in the Judiciary Branch, having been President of the Court (2018-2019), its Commissioner-General of the Judicial Conduct Commission (2016-2017), and an appellate court judge (1995-2021). I also served as a first-instance judge (1976-1995). In addition, I was responsible for implementing the specialization of the jurisdiction in Commercial Law at the Court of Justice of the State of São Paulo.

6.       Moreover, I was the president of the Group of Reserved Chambers for Commercial Law, which I helped establish. I also served as the Deputy Director of the School of Magistrates of the State of São Paulo (2014-2015), the largest of its kind in Latin America, where I was responsible for instituting the postgraduate specialization course in Commercial Law.

7.       Since March 2021, after four and a half decades of public service dedicated to the Judiciary, I, then 70 years old, decided to voluntarily retire as a judge of the appellate court of the State of São Paulo. Currently, I am a lawyer and legal consultant specializing

---

[1] Terms and expressions beginning with a capital letter that are not defined in this declaration are used in the sense defined in the Second Amended Complaint.

MANOEL DE QUEIROZ PEREIRA CALÇAS

**Professor Doctor of Commercial Law at the University of São Paulo School of Law**

in Commercial Law, particularly in the areas of Judicial Recovery, Bankruptcy, Corporate Law, Corporate Contracts and Arbitration, matters on which, now as a University of Sao Paulo Professor and as a lawyer, I write legal opinions.

8.        I have been a law professor for fifty-one years, since 1973. The main course I teach is Insolvency, Bankruptcy and Judicial Recovery Law. Since 2013, I have been a professor at the Law School of the Department of Commercial Law at the University of São Paulo, where I teach in undergraduate and postgraduate (master's and doctoral) courses. From 2007 to 2020, I was also a professor of Commercial Law at the Pontifical Catholic University of São Paulo (PUC/SP), from which I received my Master's (1997) and Doctorate (2002) degrees in Law. Since 1997, I have been a professor at the Toledo University Center, an educational institution of Bauru, from which I graduated in Law (1972). I am a Professor Emeritus of Corporate Law at the Nove de Julho University (UNINOVE) in São Paulo, where I have also taught in undergraduate and postgraduate courses since 2011.

9.        In 2018, I was named the "Commercial Law Expert of the Year", an award bestowed by the National Congress of Commercial Law. Throughout my life, I have been honored with numerous distinctions, such as the Judicial Merit Medallion from the Court of Justice of São Paulo, the Judicial Merit Commendation from the Regional Labor Court of the Second Region, and the Judicial Merit Commendation from the Superior Labor Court, in addition to the Medal of the Brazilian Army.

10.       I have authored several books and articles, and have published commentary on the articles of Corporate Law of the Brazilian Civil Code.

11.       A copy of my *Curriculum Vitae* is attached in Appendix B.

III.      **SUMMARY OF LEGAL OPINION**

12.       Based on my analysis of the Second Amended Complaint, as well as my knowledge and experience in Brazilian law, I have arrived at the following conclusions:

**a)        The Second Court of Bankruptcy and Judicial Recovery of the Capital of the State of São Paulo has Exclusive Jurisdiction to consider the claims made in the Second Amended Complaint (see below IV.A).**

**b)        The claims made in the Second Amended Complaint are covered by res judicata (see below IV.B).**

**c)        The requests made in the Second Amended Complaint should have been made through a Revocatory Action, whose three-year statute of limitations has expired (see infra IV.C). Even if it were not the case of filing a Revocatory Action, still the totality of requests under Brazilian law would be time-barred based on the**

Brazilian Civil Code (see below IV.C);

d)        The requests made in the Second Amended Complaint do not meet the minimum elements required by Brazilian law (see below IV.D);

e)        The Second Amended Complaint did not name indispensable parties as Defendants (see infra IV.E).

## IV.        <u>ANALYSIS</u>

### A.        <u>Exclusive Jurisdiction of the Universal Bankruptcy Court</u>

13.        The Brazilian Courts – and, in particular, the Second Bankruptcy and Reorganization Court of the Capital of the State of Sao Paulo ("Second Bankruptcy Court") – have exclusive jurisdiction to hear the claims made by the Plaintiff before the U.S. Courts.

14.        The bankruptcy of Tinto was declared by the Second Bankruptcy Court on November 29, 2018. Since the declaration of bankruptcy, the Second Bankruptcy Court became what is called the "universal bankruptcy court," provided for in Article 76 of Law No. 11.101 dated 2005, the Brazil Bankruptcy Law ("Bankruptcy Law").[2] This means that the universal court has exclusive jurisdiction to adjudicate all petitions related to the bankruptcy, including the Revocatory Action, which includes all petitions filed in the Second Amended Complaint. Specifically in relation to Revocatory Actions, the exclusive jurisdiction of the universal bankruptcy court is also provided for in Article 134 of the Bankruptcy Law.[3]

15.        The universal bankruptcy court has ample powers to review all bankruptcy-related applications, including powers to determine the forced appearance of witnesses.[4]

16.        The Bankruptcy Act constitutes a legal microsystem composed of a series of special legal rules, which exist to fully discipline the insolvency cases of Brazilian companies. The existence of these special legal norms precludes the application of general legal norms like the Brazilian Civil Code ("Civil Code"). The priority of applying the

---

[2] Art. 76 of the Bankruptcy Law: "The bankruptcy court is indivisible and has jurisdiction to hear all actions concerning the assets, interests and businesses of the bankrupt party, except for labor, tax and those causes not governed in this Law [that is, the Bankruptcy Law] in which the bankrupt party is an active Plaintiff or co-plaintiff." A true and accurate copy of this provision is attached as Exhibit 1, p. 1 (including the respective sworn translation).

[3] Art. 134 of the Bankruptcy Law: "Revocatory Actions shall be tried before the bankruptcy court and shall follow the ordinary procedure provided for in the Civil Procedure Code." A true and accurate copy of this provision is attached as Exhibit 1, p. 7 (including the respective sworn translation).

[4] Art. 455, paragraph five, of the 2015 Code of Civil Procedure. A true and accurate copy of this provision is attached as Exhibit 3, p. 5 (including the respective sworn translation).

special legal norms is justified by the fact that they apply in special circumstances, in this case, in cases of bankruptcy.

17.      Under Brazilian law, the exclusive legal action to invalidate or revoke acts intentionally carried out to harm the creditors of a bankrupt company is called a Revocatory Action. It is also through a Revocatory Action that the bankruptcy estate can claim compensation for losses and damages.

18.      The Revocatory Action requires the Plaintiff to prove collusion between the insolvent company and the third party in order for the action to succeed.[5] In this case, the Plaintiff has not fulfilled the legal requirements for filing a Revocatory Action, the sole legal recourse for pursuing the claims contained in the Second Amended Complaint. Plaintiff also did not prove collusion. Even if this was not the case, the limitation period has already expired.

19.      In my own writings on the Revocatory Action provided for in Article 134 of the Bankruptcy Law, I stated: "this is a simple rule involving jurisdiction and procedure, which is easy to interpret. [...] The action must be filed before the bankruptcy court, which, according to Article 76 of Law No. 11.101/2005, is indivisible and has the authority to hear all actions on the assets, interests, and businesses of the bankrupt party. The rule of the universal bankruptcy court applies."[6] Therefore, considering that Claims 1, 2, 3, 4 and 7 of the Second Amended Complaint should have been filed within the Revocatory Action, the jurisdiction to judge the claims of the Second Amended Complaint is exclusive to Brazilian Courts, specifically the Second Bankruptcy Court. The caveat of the universal bankruptcy court that is provided for in the final part of Art. 76 of the Bankruptcy Law,[7] refers to demands disciplined by labor law, tax law and actions in which the bankruptcy estate is plaintiff, regulated in other laws. The caveat does not apply to this case, because the allegations formulated in the Second Amended Complaint should have been brought in a Revocatory Action. Moreover, fraud issues that refer to the assets and business of the bankrupt party are the exclusive jurisdiction of the bankruptcy court.

20.      As if that were not enough, it is important to note that the Share Transfer Agreements identified in the Second Amended Complaint, which the Plaintiff affirms were entered into on December 24, 2009 (to which Tinto and Colorado are parties), November 11, 2010 (to which Tinto and Colorado are parties), November 18, 2013 (to which Tinto is a party, as well as the defendants J&F and JBS), and June 25, 2014 (to which Tinto is a party, as well as the defendant J&F), include a venue clause electing the Central Jurisdiction of the District of São Paulo (and therefore, Brazilian courts) to hear and settle any and all disputes that may arise in relation to these agreements, with the parties expressly waiving any other jurisdiction.

---

[5] Art. 130 of the Bankruptcy Act. A true and accurate copy of this provision is attached as Exhibit 1, p. 5 (including the respective sworn translation).
[6] PEREIRA-CALÇAS, M.Q. Comments on Corporate Recovery Law. São Paulo: Thomson Reuters/Law Review, 2021, p. 754. A true and accurate copy of this provision is attached as Exhibit 6, p. 1 (including the respective sworn translation).
[7] See Exhibit 1, p. 1 (including the respective sworn translation).

21.     Article 22, subsection III of the 2015[8] Code of Civil Procedure states that the Brazilian judicial authority has jurisdiction to process and judge actions "in which the parties, expressly or tacitly, submit to national jurisdiction." When the law refers to expressly submitting to Brazilian jurisdiction, it refers to a forum selection clause. Likewise, Article 63 of the 2015 Code of Civil Procedure states that "The parties may change the jurisdiction in terms of value and territory, choosing the venue where the action arising from rights and obligations will be brought."[9] In addition, the Federal Supreme Court Summary Legal Principle 335 establishes that: "The forum selection clause is valid for the proceedings arising from the agreement".[10]

22.     It is noteworthy that the forum selection clause agreed upon in the Share Transfer Agreements, pursuant to paragraph 2 of Article 63 of the 2015 Code of Civil Procedure, also binds "the heirs and successors of the parties."[11] Considering that the Bankruptcy Estate of Tinto (and consequently, the Judicial Administrator) is the successor to the Tinto corporation, it is also subject to the forum selection clause to the Central District of São Paulo (and therefore, Brazilian courts), so that all claims made in the Second Amended Complaint should have been brought before Brazilian courts.

23.     It should be noted that Article 105, subsection I, paragraph "i" of the Constitution of the Federative Republic of Brazil establishes that "it is the responsibility of the Superior Court of Justice (...) to process and judge, originally, (...) the recognition and enforcement of foreign judgments."[12]Among the legal requirements for the Superior Court of Justice to recognize a foreign decision in Brazil is the jurisdiction of the decision-making court. In this sense, Article 963, subsection I of the 2015 Code of Civil Procedure establishes that "they constitute requirements indispensable for the recognition and enforcement of the decision (...) to be handed down by a competent authority"[13]. In view of the forum election clauses present in the Share Transfer Agreements opting for Brazilian Courts, the Superior Court of Justice will not recognize any court judgment rendered by the Courts of the United States of America on the issues raised in the Second Amended Complaint. Furthermore, a decision issued in violation of the universal bankruptcy court would not be enforceable in Brazil.

24.     Finally, I understand that on October 17, 2024, the Second Bankruptcy Court issued a decision authorizing the Second Amended Complaint[14]. But the Second Bankruptcy Court also made clear in the decision that there are ongoing negotiations in

---

[8] A true and accurate copy of this provision is attached as Exhibit 3, p. 1 (including the respective sworn translation).
[9] A true and accurate copy of this provision is attached as Exhibit 3, p. 2 (including the respective sworn translation).
[10] A true and accurate copy of this provision is attached as Exhibit 4, p. 1 (including the respective sworn translation).
[11] See Exhibit 3, p. 2.
[12] A true and accurate copy of this provision is attached as Exhibit 5, p. 1 (including the respective sworn translation).
[13] A true and accurate copy of this provision is attached as Exhibit 3, p. 10 (including the respective sworn translation).
[14] A true and accurate copy of this provision is attached as Exhibit 9, p. 1 (including the respective sworn translation).

Brazil to end Tinto's tax debt, as well as the assumption by a third party of the obligation to pay the unsecured liabilities to the other creditors. With the conclusion of these negotiations, the bankruptcy proceedings of Tinto in Brazil will be extinguished and, thus, the Judicial Administrator – AJ Ruiz Consultoria Empresarial S.A. – will no longer have standing to proceed with any lawsuit on behalf of the bankrupt estate of Tinto.

**B.      Res Judicata**

25.      The Second Amended Complaint's Claims must be rejected because Tinto already filed a similar lawsuit in 2013, which was judged by a definitive sentence handed down by the Brazilian courts.

26.      On July 11, 2013, Tinto initiated a declaratory legal action against Blessed, the former name of Colorado ("2013 Lawsuit"). In the 2013 Lawsuit, Tinto alleged that Colorado paid a pittance in the Second Share Transfer Agreement and that the transaction was, in fact, a simulated gift. Tinto sought a declaration of nullity for the Second Share Transfer Agreement based on Article 167 of the Civil Code and compensation for the damages allegedly caused by the share transfer.

27.      On November 18, 2013, in the 2013 Lawsuit, the parties entered into an agreement ("2013 Agreement"), in which Tinto expressly waived the right on which the aforementioned action was based and expressly reaffirmed the validity of both the First and Second Share Transfer Agreements. On November 18, 2013, the parties informed the judge of the 2013 Lawsuit about the 2013 Agreement being entered into.

28.      On December 13, 2013, the judge of the Fifth Civil Court of the Central Jurisdiction of the District of the Capital of the State of São Paulo rendered a decision dismissing the case based on two grounds: (i) the 2013 Agreement encompassing both Share Transfer Agreements, and (ii) Tinto's renunciation of all claims filed in the 2013 Lawsuit.

29.      The judgment became final and acquired res judicata effect on January 28, 2014, according to a certificate submitted by Colorado.

30.      The merit decision has a res judicata effect.[15] In accordance with Article 503 of the 2015 Code of Civil Procedure, the decision that judges — totally or partially — the merits of the action has the force of law within the limits of the main issue expressly decided upon.[16] Moreover, Article 505 of the 2015 Civil Procedure Code sets forth that no judge will decide again on issues already decided regarding the same dispute.[17] Finally, pursuant to Article 506 of the 2015 Code of Civil Procedure, the decision produces res

---

[15] Article 502 of the 2015 Code of Civil Procedure stipulates that the decision on the merits constitutes res judicata. A true and accurate copy of this provision is attached as Exhibit 3, p. 6 (including the respective sworn translation).
[16] A true and accurate copy of this provision is attached as Exhibit 3, p. 7 (including the respective sworn translation).
[17] A true and accurate copy of this provision is attached as Exhibit 3, p. 8 (including the respective sworn translation).

judicata effect with respect to the parties (and, it should be added, to their successors).[18]

31.     Based on these provisions, it can be said that this judgment rendered on December 13, 2013 acquired res judicata effect on January 28, 2014, and prevents the Plaintiff from attempting to re-litigate the claims before the U.S. courts. It is also relevant to note that the parties expressly waived any claim related to the Share Transfer Agreements and this waiver was ratified by the judgment rendered on December 13, 2013, making res judicata also in that part and, thus, making it impossible for the Plaintiff to claim any right related to said agreements.

32.     It should be noted that the extension of the effects of res judicata to the Bankruptcy Estate (and therefore to the Judicial Administrator) has its legal basis in Article 109, paragraph 3, of the 2015 Civil Procedure Code, which is applied together with the Bankruptcy Law. This is the procedural phenomenon known as party succession.[19]

33.     Therefore, the Plaintiff - which in Brazilian Law is denominated "Bankrupt Estate" - in its capacity as the successor of the bankrupt company, is bound by the res judicata produced by the judgment rendered on December 13, 2013, by the Brazilian courts, and therefore cannot re-litigate the issue before the American courts.[20]

## C.       <u>Statutes of Limitations</u>

34.     As mentioned above, any requests to invalidate the Share Transfer Agreements and seek compensation for bankruptcy could only have been made through Revocatory Action. The Revocatory Action should have been filed by the Judicial Administrator within 3 (three) years of the bankruptcy decree.[21] In this specific case, Tinto's bankruptcy was declared on November 29, 2018, and thus, the statute of limitations for the Revocatory Action expired on November 29, 2021.

35.     If a Revocatory Action has not been filed by November 29, 2021, all requests made in the Second Amended Complaint are now time-barred. Thus, Claims One, Two (which does not even exist in Brazilian law), Three, Four, Five, Six (which does not even represent an independent cause of request in Brazilian law) and Seven have time-barred. In any event, even if the Plaintiff did not have to file a Revocatory Action for the claims deducted in the Second Amended Complaint, nearly all of Plaintiff's claims are also time-barred based on the Civil Code.

---

[18] A true and accurate copy of this provision is attached as Exhibit 3, p. 9 (including the respective sworn translation).

[19] "Article 109. The disposal of the thing or the right to litigation by a private inter vivos act does not alter the legitimacy of the parties. [...] § 3. The effects of the decision handed down on the original parties extend to the acquirer or assignee." A true and accurate copy of this provision is attached as Exhibit 3, p. 3 (including the respective sworn translation).

[20] Interestingly, in a legal action filed by the government against Tinto in 2015 (the "2015 Brazilian Tax Action") seeking to annul the Share Transfer Agreements, Tinto argued that the government's counterclaim was untimely.

[21] Article 132 of the Bankruptcy Act. A true and accurate copy of this provision is attached as Exhibit 1, p. 6 (including the respective sworn translation).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

36.        Claim One is for unjust enrichment due to the Share Transfer Agreements. The unreasonable enrichment claim is within three years[22] from the date of the violation of law.[23] As the three Share Transfer Agreements were entered into in 2009, 2010, 2013 and 2014, the statute of limitations for the claim of unjust enrichment expired in 2012, 2013, 2016 and 2017, respectively. The Plaintiff filed its Complaint in the United States on October 17, 2024, so Claim One is time-barred, according to Brazilian law.

37.        Claim Two refers to liability for aiding and abetting in breach of fiduciary duty. This cause of action does not exist in Brazilian law. Even if this were not the case, the action against controlling shareholders and directors of limited-liability companies such as Tinto (here, the Bertins, against whom the complaint would fall) must be commenced within 3 (three) years.[24] Claim Two, therefore, even if it existed in Brazilian law (and it does not), would be time-barred.

38.        Claim Three is based on the declaration of invalidity of the First and Second Share Transfer Agreements from Tinto to Colorado, based on Article 166 and Article 169 of the Civil Code.[25] Claim Four alleges the invalidity of the Share Transfer Agreements from Tinto to Colorado due to simulation, based on Article 167 of the Civil Code.[26] Any claim prior to the declaration of bankruptcy to annul the Share Transfer Agreements (since this is what the Plaintiff actually wants) should have been made through the lawsuit for fraud against creditors (Art. 159 of the Civil Code[27]). However, according to Art. 178, II, of the Civil Code,[28] the time period for filing the lawsuit for fraud against creditors ended 4 (four) years after the Share Transfer Agreements were entered into, that is, it ended in 2013, 2014, 2017 and 2018. Thus, those claims as well are time-barred based on the Civil Code.

39.        The Plaintiff invokes Art. 169 of the Civil[29] Code to try to seek a nullity that is not remedied by the passing of time, but this provision does not apply to the specific case, because (i) the facts narrated (if true) do not give rise to the nullity, but rather to the nullability, and (ii) even if it was not, there is a special rule – the Bankruptcy Law – which removes the incidence of the Civil Code to the specific case.

---

[22] Art. 206, paragraph three, IV of the Civil Code. A true and accurate copy of this provision is attached as Exhibit 2, p. 11 (including the respective sworn translation).
[23] Art. 189 of the Civil Code. A true and accurate copy of this provision is attached as Exhibit 2, p. 10 (including the respective sworn translation).
[24] See Exhibit 2, p. 11.
[25] A true and accurate copy of this provision is attached as Exhibit 2, pp. 4 and 6 (including the respective sworn translation).
[26] A true and accurate copy of this provision is attached as Exhibit 2, p. 5 (including the respective sworn translation).Exhibit
[27] A true and accurate copy of this provision is attached as Exhibit 2, p. 3 (including the respective sworn translation).
[28] A true and accurate copy of this provision is attached as Exhibit 2, p. 7 (including the respective sworn translation).
[29] A true and accurate copy of this provision is attached as Exhibit 2, p. 6 (including the respective sworn translation).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

**D.      Failure in the Second Amended Complaint to Satisfy the Minimum Elements of the Alleged Rights**

**(i) Claim One: Unjust Enrichment**

40.      I understand that Plaintiff now bases Claim One on New York State Law. This request, however, is subject to Brazilian law. And, according to Brazilian law, this Claim should be judged unfounded for the reasons below.

41.      Preliminarily, this Claim One – and all other requests – is necessarily subject to Brazilian law, as they arise from the legal relationship established between Tinto and the Defendants due to the signing of the four Share Transfer Agreements indicated in the Second Amended Complaint. Although these Agreements do not have an applicable Law choice clause indicating Brazilian Law, the general rule of Brazilian Law is that, except when the parties expressly choose a certain Law to govern their legal relationships, the Law applicable to the agreement is that of the place where the agreement was signed. This rule is provided for in Art. 9 of the Law for Introduction to Brazilian Law (Decree No. 4.657/1942).[30] In this specific case, all four Share Transfer Agreements indicated in the Second Amended Complaint were signed in São Paulo, Brazil, so that Brazilian law is applicable to Claim One. It seems to me that by alleging that Claim One is subject to New York State Law, Plaintiff tries to circumvent Brazilian law.

42.      Regardless, Tinto has not alleged sufficient facts to support a claim for damages due to unjust enrichment based on the Civil Code.

43.      An unjust enrichment action presupposes that one party has increased its assets at the expense of another and that this enrichment has occurred without just cause. In Brazilian law, the advantage obtained by a person without due consideration should be understood as enrichment without cause. The Second Amended Complaint admits that the Share Transfer Agreements were negotiated by sophisticated parties and had as their legal cause the transfer of shares from Bertin FIP.

44.      The fact that the Plaintiff believes it received insufficient compensation in return for the First and Second Share Transfer Agreements does not constitute a lack of just cause under Brazilian Law, and therefore, the Plaintiff has not satisfied the requirements for an action of unjust enrichment.[31] The fact that the parties have signed a valid agreement removes the possibility of unjust enrichment in Brazilian law, according to Statement 188 of the III Civil Law Journey of the Council of Federal Justice: "The existence of valid and effective legal business is, as a rule, a just cause for enrichment."[32]

45.      Moreover, the Second Amended Complaint alleges that Colorado's ownership of Tinto was concealed and that it was also concealed that the Batistas acquired control of Blessed Cayman in 2016, after the Third Share Transfer Agreement (both the so-called

---

[30] A true and accurate copy of this provision is attached as Exhibit 8, p. 1 (including a sworn translation).
[31] Plaintiff did not minimally demonstrate any fact that would support its allegation that Colorado "directed and controlled" Tinto to enter into the "Original" Third Share Transfer Agreement.
[32] A true and accurate copy of this provision is attached as Exhibit 7, p.1 (including a sworn translation).

"Original" as the so-called "Revised"). This claim is not relevant to the cause of claiming unjust enrichment, because not identifying the shareholders of a company is not illicit conduct. Even if the identity of the shareholders had been concealed, this does not warrant compensation.

46.      Article 49-A of the Civil Code[33] stipulates that a legal entity shall not be confused with the persons of its shareholders or its directors. The sole paragraph of Article 49-A of the Civil Code expressly sets out that the asset autonomy of legal entities is a lawful instrument for the allocation and segregation of risks, established by law with the aim of stimulating businesses, for the generation of employment, income and innovation for the benefit of all. In Brazilian law, therefore, the non-identification of shareholders of a business corporation does not lead to the legal possibility of requesting compensation, as the legal transaction is executed with the legal entity endowed with asset autonomy and legal personality independent of its shareholders. The business corporation (company) shall not be confused with the persons of its shareholders.

47.      In addition, and contrary to what the Plaintiff alleges in the Second Amended Complaint, the Share Transfer Agreements did not cause Tinto's insolvency. As explained above, the agreements were entered into in 2009, 2010, 2013 and 2014. Tinto was only declared insolvent on November 29, 2018, when its bankruptcy was decreed by the Second Bankruptcy Court.

48.      Moreover, according to Article 99, item II, of the Bankruptcy Law[34], the judge, when decreeing bankruptcy, must set the legal term of the bankruptcy, which cannot go back more than 90 days from the date of the bankruptcy request. In this case, the Second Bankruptcy Court understood that the legal term of bankruptcy occurred on April 23, 2016, from which point the company Tinto was legally considered insolvent. Considering that the share transfer agreements were entered into in 2009, 2010, 2013 and 2014, it can be stated that Tinto was only considered legally bankrupt 7, 6, 3 and 2 years after the 4 (four) Share Transfer Agreements were entered into, making it illogical to claim that Tinto became insolvent because of the Share Transfer Agreements.

49.      Finally, it is important to highlight that the Plaintiff acknowledges that Tinto and its former controllers (the Bertins) were participants in the alleged unlawful acts. Thus, the Plaintiff, as the successor of Tinto, cannot claim the conviction of Colorado for unjust enrichment for the benefit of Tinto because this would represent *venire contra factum proprium*, prohibited by Art. 187 of the Brazilian Civil Code.[35] In other words, if Tinto participated in the unlawful acts, it cannot now – through the Plaintiff – claim compensation alleging that it suffered damages for the unlawful acts it itself committed. This represents a contradictory conduct that Brazilian law does not admit.

### (ii) Claim Two: Aiding and Abetting in Breach of Fiduciary Duties

50.      I understand that Plaintiff now also bases Claim Two on New York State Law. This claim, however, is subject to Brazilian law. And, according to Brazilian law, this

---

[33] A true and accurate copy of this provision is attached as Exhibit 2, p. 1 (including a sworn translation).
[34] A true and accurate copy of this provision is attached as Exhibit 1, p. 3 (including a sworn translation).
[35] A true and accurate copy of this provision is attached as Exhibit 2, p. 9 (including a sworn translation).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

Claim Two should be dismissed because it does not constitute a cause of action under Brazilian law. Brazilian law does not provide for the possibility of claiming compensation from third parties (in this case, Colorado) for the breach of fiduciary duties that are exclusively set out in relation to the controlling shareholders and directors of the company (in this case, Tinto).

51.　　Preliminarily, this Claim Two – and all other requests – is necessarily subject to Brazilian law, as they arise from the legal relationship established between Tinto and the Defendants due to the signing of the four Share Transfer Agreements. These Agreements do not have an applicable choice of law clause, indicating Brazilian Law. However, the general rule of Brazilian law is that, except when the parties expressly choose a certain Law to govern their legal relationships, the Law applicable to the agreement is that of the place where the agreement was signed. This rule is provided for in Art. 9 of the Law for Introduction to Brazilian Law (Decree No. 4.657/1942).[36] In this specific case, all four Share Transfer Agreements were signed in São Paulo, Brazil, so that Brazilian law is applicable to Claim Two. Apparently, by alleging that Claim Two is subject to New York State Law, Plaintiff attempts to circumvent Brazilian law.

52.　　The fiduciary duties of directors of limited companies such as Tinto are exclusively provided for in Article 1.011 and following of the Civil Code.[37] Article 1.016 of the Civil Code expressly provides that directors (and only directors) are jointly and severally liable for damages they cause to the company and to third parties.[38] Therefore, the claim based on the allegation of breach of fiduciary duties should necessarily be formulated against the "Bertins", and there is no basis for the accountability of third parties that are not members of the partner structure and not exercising the role of administrator or director of the company Tinto.

**(iii) Claim Three: Declaration of Nullity under Article 166 of the Civil Code**

53.　　Plaintiff files this claim against Colorado and the other Defendants, but did not allege or describe sufficient facts to support a nullity action based on the Civil Code. Article 166 of the Civil Code[39] establishes that the legal transaction is null and void when it is subject to one of the exhaustive legal hypotheses provided for in its subsections I to VII.

54.　　The plaintiff generally alleges that a transaction is null and void if, among other things, its purpose is illegal, impossible, or indeterminable; the determining motive of the parties is illicit; the transaction was not carried out in the form set out by law; or the purpose of the transaction is to defraud an imperative law. At no time does Plaintiff describe how each of the Defendants would have contributed to the nullity of the Share Transfer Agreements. Plaintiff only submits two generic allegations to support its application.

---

[36] See Exhibit 8, p. 1.
[37] A true and accurate copy of this provision is attached as Exhibit 2, p. 13 (including the respective sworn translation).
[38] A true and accurate copy of this provision is attached as Exhibit 2, p. 14 (including the respective sworn translation).
[39] See Exhibit 2, p. 4.

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

55.     Firstly, the Plaintiff states that the First and Second Share Transfer Agreements aimed to "evade of one or more mandatory laws", which would have happened by the transfer of assets from Tinto without financial compensation, which would violate "Brazilian company law" and "Tinto's limited liability company agreement". This is a generic allegation, in which the Plaintiff does not point out which provision of "Brazilian company law" would have been violated, nor does it explain what the violation would have been. The Plaintiff also does not point out which article of "Tinto's limited liability company agreement" would have been violated, nor does it explain what the violation would have been.

56.     Furthermore, Defendants could not breach Tinto's bylaws because only the Bertins, the partners of Tinto, could breach the bylaws. Tinto's bylaws, for obvious reasons, do not assign obligations to Colorado, which is not a shareholder of Tinto, so that Colorado does not even have in theory a way to violate the Tinto's bylaws . In addition, the Share Transfer Agreements were ratified by the former controlling shareholders of Tinto, which is why, the Judicial Administrator, which represents the Bankrupt Estate, does not have the standing to request the annulment of such acts and, much less, to seek compensation from third parties.

57.     In any case, it is important to say that the possible receipt by Tinto of a market value lower than its assets, as the Plaintiff alleges, is not a cause of nullity of the transaction in Brazilian law. If the Plaintiff's version was correct, the transaction would represent only bad business, conducted by the former controlling shareholders and former directors of Tinto at the time of the facts. Art. 166 of the Civil Code does not contain any item that allows the declaration of nullity of legal business because subsequently one of the parties feels at an economic disadvantage.

58.     Second, Plaintiff asserts that the First and Second Share Transfer Agreements would constitute "fraud on the law" as they would violate both the "Brazilian Corporate and Tax Laws." Again, the Plaintiff does not indicate which provisions of the "Brazilian corporations law" and the "Brazilian tax law" would have been in theory violated. The Plaintiff then says that Colorado, Joesley and Wesley planned the transaction to avoid paying taxes. The Plaintiff, however, does not clarify in which of the items I to VII of Art. 166 of the Civil Code that this allegation would fall. It should be said that any failure in the tax planning of a commercial operation - with the creation of an unforeseen tax liability - is not a reason for the declaration of nullity of the transaction in Brazilian law, but only the obligation to pay the tax due is created, with the incidence of fines and interest for the delay. It should also be noted that any failure in Tinto's tax planning could only be attributed to its former controlling shareholders and former directors, not to third parties such as Colorado.

59.     In addition, the fact that the Share Transfer Agreements violated—in theory—tax law does not satisfy the requirements of Art. 166 of the Civil Code, because only the Brazilian governmental authority has standing to question any violation of tax law. As it was said, even if Colorado and the Batistas could be held liable for any violation of the tax law practiced by Tinto (under the control of the Bertins), it is relevant to say that any failure to pay taxes due as a result of a transaction does not lead to the annulment or nullity of that

transaction. In relation to the tax authority, the remedy provided for in Brazilian law is the application of fines and interest, in addition to the collection of the amount of the tax obligation.

60.      In this specific case, Tinto and Colorado, regularly constituted legal entities, were fully capable parties. The share transfer is a legal transaction with a lawful purpose, the share transfer was indeed carried out (there being no question of fraud), and the parties complied with all its obligations and formalities required by law. Therefore, none of the hypotheses of Article 166 fits the facts narrated in the Second Amended Complaint. It is worth emphasizing that the Batistas did not own Colorado when the First and Second Share Transfer Agreements were signed, as the Plaintiff itself admits in the Second Amended Complaint. Under Brazilian Law, the fact that the Defendants allegedly omitted from Tinto the true controlling shareholders of Colorado has no relevance for purposes of declaring nullity of an illicit act based on Article 166 of the Civil Code, simply because there is no duty for one party to a contractual relationship to reveal to the other who its controlling shareholders are.

61.      Moreover, this application is nothing more than a repeat of the Second Amended Complaint's claim for unjust enrichment (Claim One), which the Plaintiff now makes based on New York State Law, which shows that the Plaintiff probably convinced itself that this application had no basis in Brazilian law, as the Plaintiff had tried in previous versions of the Complaint.

### (iv) Claim Four: Declaration of Nullity under Article 167 of the Civil Code

62.      I have analyzed Claim Four of the Second Amended Complaint in which the Plaintiff seeks the declaration of nullity of the Share Transfer Agreements due to simulation, based on Article 167 of the Civil Code. Again, the Plaintiff did not allege sufficient facts to support a nullity action based on the aforementioned provision of the Civil Code. Article 167 of the Civil Code sets forth that "simulated legal transactions are voided, but what was concealed shall remain, if valid in substance and form."[40] There was no simulated deal, but rather Share Transfer Agreements carried out by legal entities represented by their directors, experienced and sophisticated entrepreneurs.

63.      Article 167, first paragraph, contains 3 (three) subsections dealing with the 3 (three) legally admitted hypotheses of simulation under Brazilian law. Subsection I concerns a scenario where the legal transaction only appears to have taken place, but it did not actually occur in reality. Subsection II concerns a scenario where the legal transaction took place, but contains false declarations or clauses. Subsection III concerns a scenario where the legal transaction occurred, but contains a transaction closing date prior to the actual date. As can be seen, each of the scenarios has distinct requirements (and, more relevantly, different remedies between the scenario of subsection I and the scenarios of subsections II and III).

---

[40] See Exhibit 2, p. 5.

64.      Plaintiff indicates without further detail that the Share Transfer Agreements contain "a false declaration of the purchase price," but Plaintiff limited itself to saying that the transaction price was lower than the fair value of the goods. The fact that the price negotiated between the parties does not reflect market value is not grounds for the declaration of nullity of the legal business in Brazilian law based on simulation. Plaintiff then explains that the Share Transfer Agreements served to violate Brazilian tax law, as they exposed Tinto to a tax liability. It should be emphasized again that any failure in the tax planning of a company when entering into commercial agreements does not mean simulation and does not generate the declaration of nullity of transactions, but only the occurrence of a tax liability, which the party responsible for the tax will naturally have to pay plus fines and interest. The Plaintiff simply does not indicate the minimum legal requirements for any of the simulation cases provided for in Article 167, first paragraph of the Civil Code. Therefore, the request for declaration of nullity based on simulation should be dismissed.

65.      In the Second Amended Complaint, the Plaintiff does not allege that the Share Transfer Agreements did not actually exist (the scenario in subsection I). In reality, Plaintiff alleges that the price paid for the Bertin FIP shares held by Tinto was allegedly far below market value, which could possibly mean that the price clause was false (the scenario in subsection II). In this case of subsection II, however, Article 167 of the Civil Code does not permit the declaration of nullity of the legal transaction and, thus, the claim made by the Plaintiff is impossible according to Brazilian law, and must be dismissed. In this case, the Civil Code preserves the validity of the legal business and the allegedly harmed party may claim losses and damages. In this specific case, the possible damage caused is limited to the potential tax liability arising from the failure of the tax planning employed by Tinto in the operation, which may generate a claim for compensation against the former controlling shareholders and former directors of Tinto, but not against Colorado, which is a third party and did not account for the tax planning of Tinto. As clarified, the fact that the price agreed between the parties does not correspond, years later, to what the allegedly harmed party intended does not mean that the price was false. In this specific case, the price was real and received by Tinto, which removes the hypothesis of nullity of Art. 167 of the Civil Code.

66.      Plaintiff also alleges that the Share Transfer Agreements appear to convey rights to Colorado but actually convey rights to the Batistas. The Plaintiff itself alleges that the Batistas only became shareholders of Colorado in 2016, that is, after the signing of the Share Transfer Agreements. For the transaction to be void based on the Civil Code, the transmission of rights to a different person must occur at the time of the transaction and not at a later time. Even if the Share Transfer Agreements benefited the Batistas, the Batistas are not a "diverse person" for the purposes of Art. 167 because it is perfectly lawful for a shareholder to benefit from a transaction that the company of which that shareholder is a partner has executed.

67.      Finally, as mentioned above, the Share Transfer Agreements have been ratified by the former controlling shareholders of Tinto and cannot be subsequently questioned by the Judicial Administrator.

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

**(v) Claim Five: Transfer of Establishment Based on Article 129, subsection VI of the Bankruptcy Law**

68.    Claim Five, made against all Defendants except JBS S.A., does not meet the minimum legal requirements of Brazilian law. The Second Amended Complaint alleges there was a business establishment transfer between Tinto and Colorado, based on Article 129, subsection VI of the Bankruptcy Law.[41] The concept of business establishment is provided for in Art. 1.142 of the Civil Code.[42] According to this provision, a business is considered a set of organized assets, tangible or intangible, so that a company can develop its business activities. That is, the business establishment is the assets essential to the development of the company's business activity, such as machines, computers, buildings, vehicles, raw materials, patents, trade secrets, etc.

69.    The acquisition of shareholdings or shares of a company by a business does not fit the legal definition of a business establishment, according to Brazilian law. This is because the sale by a company of shares or interest units it holds in another company in no way affects the possibility of the former company of continuing to perform its business activities. The business of assignment or transfer of shares, which represent fractions of the share capital, are merely book-entry and have the nature of intangible equity value and whose ownership is transferred by mere accounting entry.

70.    Thus, in this specific case, there was no transfer of business establishment (Article 1.142 of the Civil Code), but rather there was a sale of shares held by Tinto in Bertin FIP to Colorado, whereby the claim does not fall under the legal grounds invoked in Article 129, subsection VI of the Bankruptcy Law. Therefore, the Plaintiff's claim must be dismissed because the Plaintiff has not indicated the minimum legal requirements for its claim, as it has not indicated any business establishment - as recognized by law - that has been sold by Tinto to Colorado. It is interesting to emphasize that the Plaintiff alleges that what happened was an *indirect* transfer of business establishment. But Brazilian law only knows the *direct* transfer of a business establishment, which is the one explained above, when the goods essential to the development of commercial activity are transferred. Brazilian Law does not know the figure mentioned by the Plaintiff of *indirect* transfer of a business establishment. This is, once again, an attempt by the Plaintiff to circumvent Brazilian law.

71.    Moreover, for the transfer of an establishment to be considered illegal under Article 129, item VI of the Bankruptcy Law, it must lead the company to insolvency. The Share Transfer Agreements were executed in 2009, 2010, 2013 and 2014, long before the

---

[41] "Article 129. Whether or not the contracting party was aware of the debtor's state of economic and financial crisis, and whether or not the debtor intends to defraud creditors, the following are ineffective in relation to the bankruptcy estate: [...] VI - the sale or transfer of establishment made without the express consent or payment of all creditors, existing at the time, when the debtor does not have sufficient assets to settle its liabilities, unless, within 30 (thirty) days, there is no opposition from creditors, after being duly notified, judicially or by the official of the Registry of Instruments and Documents." A true and accurate copy of this provision is attached as Exhibit 1, p. 4 (including the respective sworn translation).

[42] A true and accurate copy of this provision is attached as Exhibit 2, p. 15 (including the respective sworn translation).

universal court declared Tinto's bankruptcy, which only occurred on November 29, 2018. The Plaintiff does not explain whether Tinto was insolvent at the time of the transactions. As mentioned above, Tinto was only declared insolvent on November 29, 2018. Moreover, the Plaintiff does not indicate who the potential creditors of Tinto were in 2009, 2010, 2013 and 2014, who might have been harmed by the transactions and who, even at that time, led Tinto to insolvency.

72.       The version told by the Plaintiff does not meet the legal requirements of Article 129, item VI of the Bankruptcy Law because it does not even explain how Tinto would have become insolvent years and years after the transactions due to precisely these transactions.

### (vi) Claim Six: Piercing the Corporate Veil

73.       The Plaintiff requests the piercing of the Tinto corporate veil against the Defendants, based on Article 82-A, sole paragraph of the Bankruptcy Law[43] and Article 50 of the Civil Code.[44]

74.       Brazilian law does not provide for the piercing of the corporate veil as an autonomous cause of action. It is merely a procedural method to reach the assets of third parties deemed liable due to some other cause of action grounded in material law. Therefore, if all other claims by the Plaintiff must be rejected, this Claim 6 for the piercing of the corporate veil should also be rejected since it does not stand autonomously or independently. The request for disregard of legal personality, in Brazilian Law, is merely instrumental in relation to other claims based on substantive law.

75.       Even if this were not the case, Article 82-A, sole paragraph of the Bankruptcy Law expressly establishes that the request for piercing of the corporate veil can only be made before the universal bankruptcy court, meaning that any claim for piercing of the corporate veil granted by another judge will not be recognized in Brazil and, thus, will not produce effects in Brazilian territory.

76.       The truth is that, if the requirements of Art. 50 of the Civil Code were present, the Plaintiff's request should be for the effects of the obligations assumed by Tinto to be extended to the private assets of Silmar Bertin and Natalino Bertin, former controlling shareholders and former directors of the company Tinto throughout the period in which the Share Transfer Agreements were signed and executed. Interestingly, however, the Tinto Judicial Administrator (who claims to represent the interests of the creditors) has so far not filed any requests for piercing of the corporate veil to hold liable and achieve the personal

---

[43] "Article 82-A. [...]. Sole paragraph. The piercing of the corporate veil of the bankrupt company, for the purpose of holding third parties, groups, shareholders or directors liable for its obligation, can only be decreed by the bankruptcy court." A true and accurate copy of this provision is attached as Exhibit 1, p. 2 (including a sworn translation).

[44] "Article 50. In the event of improper use of the corporate entity, characterized by deviation of purpose or mingling of assets, the judge, at the request of the party, or of the Public Prosecutor's Office when its intervention in the case is appropriate, may disregard it so that the effects of certain and specific obligation relations extend to the private assets of administrators or partners of the legal entity that directly or indirectly benefit from the abuse". A true and accurate copy of this provision is attached as Exhibit 2, p. 2 (including a sworn translation).

assets of Silmar Bertin and Natalino Bertin — nor any other legal action against the former controlling shareholders and former directors of Tinto, which sounds particularly unusual in these cases.

77.        Even if this were not the case, Article 50 of the Civil Code requires, as a ground for requesting the piercing of a company's corporate veil, that it be alleged and proven that there has been an abuse of legal personality, characterized by a deviation of purpose or mingling of assets between the shareholders and the company. The Second Amended Complaint does not present allegations to support a claim for piercing of the corporate veil under Brazilian law. The Plaintiff does not explain at all how the acts committed violated Tinto's bylaws, what potential deviation of purpose there might have been in the use of Tinto's legal personality, what the asset mingling between Colorado and Tinto would have been, etc. The Plaintiff also does not explain how transactions occurring in 2009, 2010, 2013 and 2014 - in which Tinto received more than BRL 330 million - would have harmed creditors (nor who these creditors were at the time of the transactions).

78.        The allegations supporting this request affirm, in full, that "Defendants misused Tinto's purpose by diverting Tinto's greatest asset to the detriment of the estate and its creditors as part of an unlawful scheme." In this vein, the request for the application of Article 50 of the Civil Code cannot be accepted, when it is alleged that there would have been a "transfer without effective compensation," that Colorado would have received shares from Tinto, and that Tinto "received very little in return." These allegations are insufficient for Brazilian law.

## (vii) Claim Seven: Compensation for Losses and Damages pursuant to Art. 186, 187 and 927 of the Civil Code

79.        I have analyzed Claim Seven of the Second Amended Complaint, where the Plaintiff requests compensation for losses and damages based on Articles 186[45], 187[46] and 927[47] of the Civil Code.

80.        The civil liability based on Article 927 of the Civil Code is of a non-contractual nature. The legal requirements for a compensation claim to be viable under Brazilian law are: (i) the defendant committed an unlawful act as defined by Articles 186 or 187 of the Civil Code, (ii) the defendant acted negligently or with the intention to cause harm, (iii) the plaintiff actually suffered direct harm as a result of the defendant's conduct, and (iv) there is a link between the conduct displayed by the defendant and the harm suffered by the plaintiff.

81.        In this specific case, the only fact that the Plaintiff alleges to support the compensation claim against the defendants is that the transactions between Tinto and the defendants led to a tax liability for Tinto. Therefore, Tinto asserts that the Brazilian tax authority assessed BRL 1,079,096,994.18 (USD 218,493,762.49) in taxes against Tinto for

---

[45] A true and accurate copy of this provision is attached as Exhibit 2, p. 8 (including the respective sworn translation).
[46] See Exhibit 2, p. 9.
[47] A true and accurate copy of this provision is attached as Exhibit 2, p. 12 (including the respective sworn translation).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

transferring its shares in Bertin S.A. to Bertin FIP, which Tinto did on the Defendants' advice.

82.        Firstly, the Share Transfer Agreements are not unlawful acts, nor do they possess any legal stain or defect. The transactions were business dealings carried out by parties that were capable (and very well advised), with a lawful purpose (the transfer of shares from one company to another is a lawful transaction) and in accordance with legal formalities. Thus, none of the hypotheses of Art. 186 (illicit acts) are present and the abuse of the right provided for in Art. 187, both of the Civil Code, that could support the Plaintiff's claims, was not constituted.

83.        Second, if the transactions with the actions carried out between the two companies eventually led to a tax liability imposed by the Brazilian tax authority on Tinto, the alleged tax illicit act was committed by the former controlling shareholders and former directors of Tinto, the Bertins, who authorized the transactions and who were responsible for the tax planning of the company they managed. Colorado was the counterparty to the Share Transfer Agreements and, therefore, could not commit any unlawful act on behalf of Tinto, whereby Colorado cannot be held liable for what Tinto's former controlling shareholders and directors  at the time decided to do. There is no way to assign guilt or willful misconduct to Colorado, or its controlling shareholders, if they had no legal or contractual duty to oversee the tax planning of Tinto, nor had any corporate control over Tinto.

84.        Finally, it is important to highlight that the Plaintiff acknowledges that Tinto and its former controllers (the Bertins) were participants in the alleged unlawful acts. Thus, the Plaintiff, as the successor of Tinto, cannot claim the conviction of Colorado to pay compensation for losses and damages for the benefit of Tinto because this would represent *venire contra factum proprium*, which is prohibited by Art. 187 of the Brazilian Civil Code.[48] In other words, if Tinto participated in the unlawful acts, it cannot now – through the Plaintiff – claim damages for the unlawful acts it itself committed. This represents contradictory conduct (*venire contra factum proprium*) that Brazilian law does not admit in accordance with Art. 187 of the Brazilian Civil Code.

### E.        Absence of Indispensable Parties

85.        Mr. Silmar Bertin and Mr. Natalino Bertin, former controlling shareholders and former directors of Tinto, were strangely not included as parties to this process. They were also not charged with liability for the bankrupt company Tinto, which is at least very curious conduct of the Judicial Administrator who claims to be acting in the alleged defense of the interests of the creditors of the Bankrupt Estate. The Plaintiff and foreign legal representative of Tinto Holding Ltda. admits that the brothers "Silmar Bertin and Natalino Bertin managed Tinto until the Brazilian bankruptcy court appointed a judicial administrator on November 29, 2018", but asks nothing against Silmar Bertin and Natalino Bertin.

86.        In light of the allegation that "the Bertins (either personally or through their

---

[48] See Exhibit 2, p. 9.

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doctor of Commercial Law at the University of São Paulo School of Law

primary holding company, Heber) received cash and strengthened their ongoing business relationship with the Batistas" and that they agreed to the Tinto company's Share Transfer Agreements, would have been mandatory, under Brazilian procedural law, the inclusion of Silmar Bertin and Natalino Bertin in this process, pursuant to Art. 114 of the Brazilian Code of Civil Procedure[49], given that according to the nature of the disputed legal relationship, the effectiveness of the sentence depends on the summons of all who must appear as necessary passive co-defendants.

87.        In other words, in order for a legal deal to be undone, as the Plaintiff intends with Claims 3, 4 and 5, the presence in the judicial process of all parties who have signed the legal deal is mandatory. In other words, the Bertin brothers (Silmar Bertin and Natalino Bertin), former controlling shareholders and former directors of Tinto, as representatives of the bankrupt company, must necessarily be included in this case, under penalty of ineffectiveness of the future judgment to be rendered.

I certify, under penalty of perjury, in accordance with the laws of the United States of America, that the foregoing is true and correct.

Date: November 18, 2024.

By: [signature]


MANOEL DE QUEIROZ PEREIRA CALÇAS

---

[49] A true and accurate copy of this provision is attached as Exhibit 3, p. 4 (including the respective sworn translation).



City of New York, State of New York, County of New York


I, Jacqueline Yorke, hereby certify that the document "**Calcas Declaration 2024 Assinado**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.


_____

Jacqueline Yorke


Sworn to before me this
November 18, 2024

_____

Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____

Stamp, Notary Public

### Manoel de Queiroz Pereira Calças

**Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo**

In re:                                                              Chapter 15
TINTO HOLDING LTDA.,                          Case No.: 23-11719-MAM
Debtor in a Foreign Proceeding.
......................................................./

AJ RUIZ CONSULTORIA
EMPRESARIAL S.A., solely as
Judicial Administrator and foreign
representative of TINTO HOLDING
LTDA.,
                                                                      Adv. Case No. 23-01118MA
Plaintiff,

v.

COLORADO INVESTMENT
HOLDINGS LLC, J&F
INVESTIMENTOS S.A., JJMB
PARTICIPAÇÕES LTDA.,
WWMB PARTICIPAÇÕES
LTDA., JOESLEY MENDONÇA
BATISTA, WESLEY
MENDONÇA BATISTA, and JBS
S.A.,

Defendants

......................................................./


**DECLARATION OF MANOEL DE QUEIROZ PEREIRA CALÇAS IN SUPPORT OF COLORADO'S MOTION TO DISMISS PLAINTIFF'S A.J. RUIZ CONSULTORIA EMPRESARIAL S.A.'S SECOND AMENDED COMPLAINT**

### Manoel de Queiroz Pereira Calças

**Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo**

I.      INTRODUÇÃO ............................................................................................................. 3

**II.     QUALIFICAÇÃO E EXPERIÊNCIA** ..................................................................... 3

III.    RESUMO DO PARECER JURÍDICO ..................................................................... 4

IV.    ANÁLISE ....................................................................................................................... 5


**A.      Foro Exclusivo do Juízo Universal da Falência** ................................................... **5**


**B.      Coisa Julgada** ............................................................................................................ **8**


**C.      Prazos de prescrição** ................................................................................................ **9**


**D.      Não Satisfação na Second Amended Complaint dos Elementos Mínimos dos Direitos
         Alegados** .................................................................................................................. **11**


**(i) Pedido Um: Enriquecimento Sem Causa** ............................................................... **11**


**(ii) Pedido Dois: Auxílio e Cumplicidade na Violação de Deveres Fiduciários** ....................... **13**


**(iii) Pedido Três: Declaração de Nulidade nos Termos do Art. 166 do Código Civil** ............. **13**


**(iv) Pedido Quatro: Declaração de Nulidade nos Termos do Art. 167 do Código Civil** ......... **15**


**(v) Pedido Cinco: Transferência do Estabelecimento com Fundamento no Art. 129, inciso
    VI, da Lei de Falência** ............................................................................................... **17**


**(vi) Pedido Seis: Desconsideração da Personalidade Jurídica** .................................................. **18**


**(vii) Pedido Sete: Indenização por Perdas e Danos nos Termos dos Art. 186, 187 e 927 do
     Código Civil** ............................................................................................................. **19**


**E.      Ausência de Litisconsórcio Necessário** ................................................................ **21**

M ANOEL DE Q UEIROZ P EREIRA C ALÇAS

**Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo**

I.       **INTRODUÇÃO**

1.        Fui convidado pelos advogados da Colorado Investment Holdings LLC ("Colorado") a me manifestar sobre determinadas questões de Direito Brasileiro relacionadas a uma demanda movida pela Autora AJ Ruiz Consultoria Empresarial S.A. ("Autora") como Administrador Judicial e representante da Tinto Holding Ltda. ("Tinto") perante a US Bankruptcy Court for the Southern District of Florida ("Tribunal de Falências da Flórida"), Processo n°. 23-11719-MAM ("Second Amended Complaint") contra os réus Colorado, J&F Investimentos S.A. ("J&F"), JJMB Participações Ltda. ("JJMB"), WWMB Participações Ltda. ("WWMB"), Joesley Mendonça Batista ("Joesley"), Wesley Mendonça Batista ("Wesley"), e JBS S.A. ("JBS") (em conjunto com Colorado, J&F, JJMB, WWMB, Joesley e Wesley, "Réus").

2.        Os fatos em que se baseia esta declaração são aqueles descritos pela Autora na Second Amended Complaint, datada de 17 de outubro de 2024. Apenas para efeitos desta análise, parto do princípio de que todos os fatos alegados na Second Amended Complaint são verdadeiros.

3.        Os materiais que examinei para a preparação da presente declaração estão todos enumerados no Anexo A.[1]

II.      **QUALIFICAÇÃO E EXPERIÊNCIA**

4.        Tenho cinquenta e dois anos de experiência em Direito Brasileiro. De 1976 a 2021, atuei como magistrado no Tribunal de Justiça do Estado de São Paulo, o maior tribunal da América Latina.

5.        Durante os meus quarenta e cinco anos de carreira no Tribunal de Justiça do Estado de São Paulo, ocupei todos os cargos relevantes existentes no Poder Judiciário, tendo sido Presidente do Tribunal (2018-2019), seu Corregedor Geral (2016-2017) e juiz do tribunal de apelações (1995-2021). Também atuei como juiz de primeiro grau (1976-1995). Além disso, fui responsável pela implementação da especialização da jurisdição em Direito Comercial no Tribunal de Justiça do Estado de São Paulo.

6.        Além disso, fui presidente do Grupo de Câmaras Reservadas de Direito Empresarial, que ajudei a criar. Também fui Vice-Diretor da Escola da Magistratura do Estado de São Paulo (20l4-2015), a maior do gênero na América Latina, na qual fui responsável por instituir o curso de especialização em Direito Comercial, em nível de pós-graduação.

7.        Desde março de 2021, após quatro décadas e meia de serviço público dedicado à Magistratura, eu, então com 70 anos de idade, decidi aposentar-me voluntariamente como juiz do Tribunal de Apelações do Estado de São Paulo. Atualmente, sou advogado e consultor jurídico especializado em Direito Comercial, especialmente nas áreas de

---

[1] Termos e expressões iniciados com letra maiúscula e não definidos nesta declaração são usados no sentido definido na Second Amended Complaint.

### MANOEL DE QUEIROZ PEREIRA CALÇAS

**Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo**

Recuperação Judicial, Falência, Direito Societário, Contratos Empresariais e Arbitragem, assuntos sobre os quais, agora como Professor da Universidade de São Paulo e como advogado, escrevo pareceres jurídicos.

8.　　　Sou professor de Direito há cinquenta e um anos, desde 1973. A principal disciplina que leciono é Direito da Insolvência, Falência e Recuperação Judicial. Desde 2013, sou professor do Departamento de Direito Comercial da Faculdade de Direito da Universidade de São Paulo, na qual leciono nos cursos de graduação e de pós-graduação (Mestrado e Doutorado). De 2007 a 2020, também fui professor de Direito Comercial na Pontifícia Universidade Católica de São Paulo (PUC/SP), pela qual obtive os graus de Mestre (1997) e de Doutor (2002) em Direito. Desde 1997, sou professor do Centro Universitário de Toledo, instituição de ensino de Bauru, pela qual me formei em Direito (1972). Sou Professor Emérito de Direito Empresarial da Universidade Nove de Julho (UNINOVE), na cidade de São Paulo, onde, desde 2011, também leciono nos cursos de graduação e pós-graduação.

9.　　　Em 2018, fui eleito "o Comercialista do Ano", que é um prêmio concedido pelo Congresso Nacional de Direito Comercial. Ao longo de minha vida, fui agraciado com inúmeras outras honrarias, como o Colar do Mérito Judicial do Tribunal de Justiça de São Paulo, a Comenda do Mérito Judicial do Tribunal Regional do Trabalho da Segunda Região e a Comenda do Mérito Judiciário do Tribunal Superior do Trabalho, além da Medalha do Exército Brasileiro.

10.　　　Tenho vários livros e artigos publicados, além da publicação de uma obra com comentários aos artigos da parte de Direito Empresarial do Código Civil.

11.　　　Uma cópia do meu *Curriculum Vitae* está anexada ao Anexo B.

III.　　**RESUMO DO PARECER JURÍDICO**

12.　　　Com base na minha análise da Second Amended Complaint, bem como no meu conhecimento e experiência em Direito brasileiro, cheguei às seguintes conclusões:

**a)　　　O juízo da Segunda Vara de Falência e Recuperação Judicial da Capital do Estado de São Paulo é o Foro Exclusivo para apreciar os pedidos formulados na Second Amended Complaint (vide infra IV.A);**

**b)　　　Os pedidos formulados na Second Amended Complaint estão acobertados pela coisa julgada (vide infra IV.B);**

**c)　　　Os pedidos formulados na Second Amended Complaint deveriam ter sido feitos por meio de Ação Revocatória, cujo prazo prescricional de três anos se extinguiu (vide infra IV.C). Mesmo que não fosse o caso de ajuizar uma Ação Revocatória, ainda assim a totalidade dos pedidos à luz do Direito brasileiro estaria**

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

prescrita com base no Código Civil brasileiro (vide infra IV.C);

d)      Os pedidos feitos na Second Amended Complaint não satisfazem os elementos mínimos exigidos pelo Direito brasileiro (vide infra IV.D);

e)      A Second Amended Complaint não nomeou como Réus partes indispensáveis (vide infra IV.E).

## IV.      ANÁLISE

A.      Foro Exclusivo do Juízo Universal da Falência

13.      A Justiça brasileira — e, em especial, o juízo da Segunda Vara de Falência e Recuperação Judicial da Capital do Estado de São Paulo ("Juízo da Segunda Vara de Falências") — tem competência exclusiva para conhecer dos pedidos feitos pela Autora perante a Justiça norte-americana.

14.      A falência da Tinto foi decretada pelo juízo da Segunda Vara de Falências em 29 de novembro de 2018. Desde a decretação da falência, o juízo da Segunda Vara de Falências se tornou o que se denomina "juízo universal da falência", previsto no art. 76 da Lei nº 11.101 de 2005, a Lei de Falências do Brasil ("Lei de Falências").[2] Isso significa que o juízo universal tem jurisdição exclusiva para julgar todos os pedidos relacionados com a falência, incluindo a Ação Revocatória, que inclui todos os pedidos apresentados na Second Amended Complaint. Especificamente em relação à Ação Revocatória, a competência exclusiva do juízo universal da falência é, também, prevista no art. 134 da Lei de Falências.[3]

15.      O juízo universal da falência tem amplos poderes para analisar todos os pedidos relacionados à falência, inclusive poderes para determinar o comparecimento forçado de testemunhas.[4]

16.      A Lei de Falências constitui um microssistema legal composto por uma série de normas legais especiais, as quais existem para disciplinar de forma integral os casos de insolvência de empresas brasileiras. A existência dessas normas legais especiais afasta a

---

[2] Art. 76 da Lei de Falências: "O juízo de falência é indivisível e competente para conhecer todas as ações sobre bens, interesses e negócios do falido, ressalvadas as causas trabalhistas, fiscais e aquelas não reguladas nesta Lei [isto é, a Lei de Falências] em que o falido figurar como Autor ou litisconsorte ativo". Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 1, p. 1 (incluindo a respectiva tradução juramentada).

[3] Art. 134 da Lei de Falências: "A Ação Revocatória correrá perante o juízo falimentar e obedecerá ao procedimento ordinário previsto no Código de Processo Civil". Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 1, p. 7 (incluindo a respectiva tradução juramentada).

[4] Art. 455, parágrafo quinto, do Código de Processo Civil de 2015. Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 5 (incluindo a respectiva tradução juramentada).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

aplicação de normas legais gerais, como o Código Civil brasileiro ("Código Civil"). A prioridade de aplicação das normas legais especiais é justificada pelo fato de elas serem aplicadas em circunstâncias especiais, in casu, na hipótese de falência.

17.     De acordo com a legislação brasileira, a ação judicial exclusiva para invalidar ou revogar atos intencionalmente praticados para prejudicar os credores de uma empresa insolvente é chamada de Ação Revocatória. É também por meio da Ação Revocatória que a massa falida pode reclamar indenização por perdas e danos.

18.     A Ação Revocatória exige que o Autor comprove conluio entre a empresa insolvente e terceiro para que a ação tenha êxito.[5] Neste caso, a Autora não cumpriu os requisitos legais mínimos para ajuizar uma Ação Revocatória, único meio legal disponível para pleitear os pedidos contidos na Second Amended Complaint. A Autora também não comprovou conluio.  Ainda que assim não fosse, o prazo de prescrição já expirou.

19.     Em meus próprios escritos sobre a Ação Revocatória prevista no art. 134 da Lei de Falências, afirmei: "trata-se de simples regra de competência e de procedimento, de fácil interpretação. [...] A ação deve ser ajuizada perante o juízo da falência, o qual, a teor do Artigo 76 da Lei n.º 11.101/2005, é indivisível e competente para conhecer todas as ações sobre bens, interesses e negócios do falido. Incide a regra do juízo universal da falência".[6] Portanto, considerando-se que os Pedidos 1, 2, 3, 4, e 7 da Second Amended Complaint deveriam ter sido formulados no âmbito da Ação Revocatória, a competência para julgar os pedidos do Second Amended Complaint é exclusiva da Justiça brasileira, especificamente do juízo da Segunda Vara de Falências. A ressalva do juízo universal da falência que é prevista na parte final do art. 76 da Lei de Falências,[7] refere-se às demandas disciplinadas pelo direito do trabalho, direito tributário e ações em que a massa falida é autora, reguladas em outras leis. A ressalva não se aplica ao presente caso, pois as alegações formuladas na Second Amended Complaint  deveriam ter sido trazidas numa Ação Revocatória. Ademais, questões de fraude que se refiram aos bens e negócios do falido, são da exclusiva competência do juízo da falência.

20.     Como se isso já não fosse o suficiente, é relevante destacar que os Contratos de Transferência de Ações identificados na Second Amended Complaint, que a Autora afirma terem sido celebrados em 24 de dezembro de 2009 (do qual Tinto e Colorado são partes), 11 de novembro de 2010 (do qual Tinto e Colorado são partes), 18 de novembro de 2013 (no qual Tinto é parte, bem como as rés J&F e JBS) e 25 de junho de 2014 (do qual Tinto é parte, bem como a ré J&F), incluem cláusula de eleição de foro para o Foro Central da Comarca de São Paulo (e, portanto, a Justiça brasileira) para ouvir e dirimir toda e qualquer controvérsia que possa surgir em relação a esses contratos, com expressa renúncia das partes a qualquer outra jurisdição.

---

[5] Art. 130 da Lei de Falências. Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 1, p. 5 (incluindo a respectiva tradução juramentada).
[6] PEREIRA CALÇAS, M.Q. Comentários à Lei de Recuperação de Empresas. São Paulo: Thomson Reuters/Revista dos Tribunais, 2021, p. 754. Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 6, p. 1 (incluindo a respectiva tradução juramentada).
[7] Ver Anexo 1, p. 1 (incluindo a respectiva tradução juramentada).

M ANOEL DE Q UEIROZ P EREIRA C ALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

21.      O art. 22, inciso III, do Código de Processo Civil de 2015[8] diz competir à autoridade judiciária brasileira processar e julgar as ações "em que as partes, expressa ou tacitamente, se submeterem à jurisdição nacional". Quando a lei diz se submeter expressamente à jurisdição brasileira, ela faz referência à cláusula de eleição de foro. Da mesma forma, o art. 63 do Código de Processo Civil de 2015 diz que "as partes podem modificar a competência em razão do valor e do território, elegendo foro onde será proposta ação oriunda de direitos e obrigações".[9] Além disso, a Súmula 335 do Supremo Tribunal Federal estabelece que: "É válida a cláusula de eleição do foro para os processos oriundos do contrato".[10]

22.      O foro de eleição convencionado nos Contratos de Transferência de Ações, nos termos do parágrafo 2° do art. 63 do Código de Processo Civil de 2015, também obriga "os herdeiros e sucessores das partes".[11] Considerando-se que a Massa Falida da Tinto (e, por conseguinte, o Administrador Judicial) é a sucessora da empresa Tinto, a ela também se aplica a cláusula de eleição de foro para o Foro Central da Comarca de São Paulo (e, portanto, a Justiça brasileira), de modo que todos os pedidos feitos na Second Amended Complaint deveriam ter sido feitos perante a Justiça brasileira.

23.      Destaque-se que o art. 105, inciso I, alínea "i", da Constituição da República Federativa do Brasil estabelece que "compete ao Superior Tribunal de Justiça (...) processar e julgar, originariamente, (...) a homologação de sentenças estrangeiras".[12] Dentre os requisitos legalmente exigidos para que o Superior Tribunal de Justiça reconheça uma decisão estrangeira no Brasil está a competência do juízo prolator da decisão. Nesse sentido, o art. 963, inciso I, do Código de Processo Civil de 2015 estabelece que "constituem requisitos indispensáveis à homologação da decisão (...) ser proferida por autoridade competente".[13] Diante das cláusulas de eleição de foro presentes nos Contratos de Transferência de Ações optando pela Justiça brasileira, o Superior Tribunal de Justiça não reconhecerá eventual sentença judicial proferida pela Justiça dos Estados Unidos da América sobre as questões suscitadas na Second Amended Complaint. Ademais, tampouco seria exequível no Brasil uma decisão proferida em violação ao juízo universal da falência.

24.      Por fim, eu entendo que em 17 de outubro de 2024, a Segunda Vara de Falências proferiu uma decisão autorizando a Second Amended Complaint[14]. Mas a Segunda Vara de Falências também deixou claro na decisão que há negociações em andamento no Brasil para pôr fim ao débito tributário devido pela massa falida da Tinto, bem como a assunção

---

[8] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 1 (incluindo a respectiva tradução juramentada).
[9] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 2 (incluindo a respectiva tradução juramentada).
[10] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 4, p. 1 (incluindo a respectiva tradução juramentada).
[11] Ver Anexo 3, p. 2.
[12] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 5, p. 1 (incluindo a respectiva tradução juramentada).
[13] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 10 (incluindo a respectiva tradução juramentada).
[14] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 9, p. 1 (incluindo a respectiva tradução juramentada).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

por um terceiro da obrigação de pagar os passivos não garantidos aos demais credores. Com a conclusão dessas negociações, o processo de falência da Tinto no Brasil será extinto e, assim, a Administrador Judicial – AJ Ruiz Consultoria Empresarial S.A. – não terá mais legitimidade para prosseguir com qualquer ação judicial em nome da massa falida da Tinto.

**B.**        **Coisa Julgada**

25.        Os Pedidos da Second Amended Complaint devem ser rejeitados também porque a Tinto já ajuizou ação semelhante em 2013, que foi julgada por sentença definitiva proferida pela Justiça brasileira.

26.        Em 11 de julho de 2013, a Tinto ingressou com ação declaratória contra a Blessed, antiga denominação da Colorado ("Processo de 2013"). No Processo de 2013, a Tinto alegou que a Colorado pagou preço vil no Segundo Contrato de Transferência de Ações e que a transação era, na realidade, uma doação simulada. A Tinto requereu a declaração de nulidade do Segundo Contrato de Transferência de Ações com base no art. 167 do Código Civil e indenização pelos danos supostamente causados pela transferência de ações.

27.        Em 18 de novembro de 2013, no Processo de 2013, as partes celebraram um acordo ("Acordo de 2013"), no qual a Tinto expressamente renunciou ao direito em que se baseou a referida ação e expressamente reafirmou a validade tanto do Primeiro quanto do Segundo Contrato de Transferência de Ações. No mesmo dia 18 de novembro de 2013, as partes informaram ao juiz do Processo de 2013 a celebração do Acordo de 2013.

28.        Em 13 de dezembro de 2013, o juiz da Quinta Vara Cível do Foro Central da Comarca da Capital do Estado de São Paulo proferiu sentença extinguindo o caso com base em dois fundamentos: (i) o Acordo de 2013 (englobando ambos os Contratos de Transferência de Ações), e (ii) a renúncia da Tinto a todos os pedidos ajuizados no Processo de 2013.

29.        A sentença transitou em julgado e adquiriu efeito de coisa julgada em 28 de janeiro de 2014, conforme certidão apresentada pela Colorado.

30.        A decisão de mérito tem efeito de coisa julgada.[15] De acordo com o art. 503 do Código de Processo Civil de 2015, a decisão que decidir — total ou parcialmente — o mérito da ação tem força de lei nos limites da questão principal expressamente decidida.[16] Além disso, o art. 505 do Código de Processo Civil de 2015 prescreve que nenhum juiz decidirá novamente sobre questões já decididas sobre a mesma controvérsia.[17] Por fim, nos termos do art. 506 do Código de Processo Civil de 2015, a decisão produz efeito de coisa

---

[15] O art. 502 do Código de Processo Civil de 2015 determina que a decisão de mérito faz coisa julgada material. Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 6 (incluindo a respectiva tradução juramentada).
[16] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 7 (incluindo a respectiva tradução juramentada).
[17] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 8 (incluindo a respectiva tradução juramentada).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

julgada em relação às partes (e, acrescente-se, aos seus sucessores).[18]

31.     Com base nesses dispositivos, pode-se dizer que essa sentença proferida em 13 de dezembro de 2013 adquiriu efeito de coisa julgada em 28 de janeiro de 2014 e impede que a Autora tente rediscutir os pedidos perante a Justiça norte-americana. É relevante também destacar que as partes expressamente renunciaram a qualquer pretensão relacionada aos Contratos de Transferência de Ações e essa renúncia foi homologada pela sentença proferida em 13 de dezembro de 2013, fazendo coisa julgada também nessa parte e, assim, impossibilitando a Autora de pleitear qualquer direito relacionado aos referidos contratos.

32.     Destaque-se que a extensão dos efeitos da coisa julgada à Massa Falida (e, portanto, ao Administrador Judicial) tem como base legal o art. 109, parágrafo 3°, do Código de Processo Civil de 2015, que se aplica em conjunto com a Lei de Falências. É o fenômeno processual chamado de sucessão das partes.[19]

33.     Assim, a Autora – que no Direito brasileiro é denominada de "Massa Falida" — na qualidade de sucessora da empresa falida (i.e., a Tinto), está vinculada pela coisa julgada produzia pela sentença proferida em 13 de dezembro de 2013 pela Justiça brasileira e, assim, não pode rediscutir a questão perante a Justiça norte-americana.[20]

C.     **Prazos de prescrição**

34.     Conforme mencionado acima, quaisquer pedidos para invalidar os Contratos de Transferência de Ações e buscar indenização para massa falida somente poderiam ter sido feitos por meio de Ação Revocatória. A Ação Revocatória deveria ter sido proposta pelo Administrador Judicial no prazo de 3 (três) anos contados da decretação da falência.[21] No caso concreto, a falência da Tinto foi decretada em 29 de novembro de 2018 e, assim, o prazo prescricional para Ação Revocatória expirou em 29 de novembro de 2021.

35.     Não tendo sido apresentada uma Ação Revocatória até 29 de novembro de 2021, todos os pedidos feitos na Second Amended Complaint estão agora prescritos. Assim, os Pedidos Um, Dois (que sequer é reconhecido no Direito brasileiro), Três, Quatro, Cinco, Seis (que sequer representa uma causa de pedir autônoma no Direito brasileiro) e Sete prescreveram. Em qualquer caso, mesmo que a Autora não tivesse que ajuizar uma Ação Revocatória para os pedidos deduzidos na Second Amended Complaint, a quase totalidade dos pedidos da Autora também está prescrita com base no Código Civil.

---

[18] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 9 (incluindo a respectiva tradução juramentada).

[19] "Artigo 109. A alienação da coisa ou do direito litigioso por ato entre vivos, a título particular, não altera a legitimidade das partes. [...] § 3°. Estendem-se os efeitos da sentença proferida entre as partes originárias ao adquirente ou cessionário". Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 3 (incluindo a respectiva tradução juramentada).

[20] Curiosamente, em uma ação movida pelo Governo contra a Tinto em 2015 (a "Ação Tributária Brasileira de 2015") buscando anular os Contratos de Transferência de Ações, a Tinto argumentou que a reivindicação do Governo era intempestiva.

[21] Artigo 132 da Lei de Falências. Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 1, p. 6 (incluindo a respectiva tradução juramentada).

36.      O Pedido Um é de enriquecimento sem causa em razão dos Contratos de Transferência de Ações. A ação de enriquecimento sem causa tem o prazo de três anos,[22] contados a partir da data da violação do direito.[23] Como os quatro Contratos de Transferência de Ações foram celebrados em 2009, 2010, 2013 e 2014, o prazo de prescrição para o pedido de enriquecimento sem causa encerrou-se em 2012, 2013, 2016 e 2017, respectivamente. A Autora apresentou sua Complaint nos EUA em 17 de outubro de 2024, de modo que o Pedido Um está prescrito.

37.      O Pedido Dois refere-se à responsabilidade por auxílio e cumplicidade na violação do dever fiduciário. Esta causa de pedir não existe no Direito brasileiro. Mesmo que não fosse esse o caso, a ação contra acionistas controladores e diretores de sociedades de responsabilidade limitada como a Tinto (aqui, os Bertins, contra quem recairia a reclamação) prescreve em 3 (três) anos.[24] O Pedido Dois, portanto, mesmo que existisse na legislação brasileira (e não existe), estaria prescrito.

38.      O Pedido Três fundamenta-se na declaração de invalidade dos Primeiro e Segundo Contratos de Transferência de Ações de Tinto para Colorado, com base no arts. 166 e 169 do Código Civil.[25] Da mesma forma, o Pedido Quatro tem como causa de pedir a nulidade dos Contratos de Transferência de Ações da companhia Tinto para Colorado por simulação, com base no art. 167 do Código Civil.[26] Qualquer pedido anterior à decretação da falência para anular os Contratos de Transferência de Ações (pois é isso que a Autora na realidade deseja) deveria ter sido feito por meio da ação de fraude contra credores (art. 159 do Código Civil[27]). Porém, na forma do art. 178, II, do Código Civil,[28] o prazo para ajuizamento da ação de fraude contra credores se encerrou 4 (quatro) anos após a celebração dos Contratos de Transferência de Ações, ou seja, encerrou-se, portanto, em 2013, 2014, 2017 e 2018, de modo que esses pedidos estão, também, prescritos com base no Código Civil.

39.      A Autora invoca o art. 169 do Código Civil[29] para tentar buscar uma nulidade que não é sanada pelo passar o tempo, mas esse dispositivo não se aplica ao caso concreto, pois (i) os fatos narrados (se verdadeiros) não dão ensejo a nulidade, mas sim a anulabilidade, e (ii), ainda que assim não fosse, existe norma especial – a Lei de Falências – que afasta a incidência do Código Civil ao caso concreto.

---

[22] Art. 206, paragrafo terceiro, IV do Codigo Civil. Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 11 (incluindo tradução juramentada).

[23] Ver Art. 189 do Código Civil. Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 10 (incluindo uma tradução juramentada).

[24] Ver Anexo 2, p. 11.

[25] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, pp. 4 e 6 (incluindo a respectiva tradução juramentada).

[26] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 5 (incluindo a respectiva tradução juramentada).

[27] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 3 (incluindo a respectiva uma tradução juramentada).

[28] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 7 (incluindo a respectiva uma tradução juramentada).

[29] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 6 (incluindo a respectiva uma tradução juramentada).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

**D.        Não Satisfação na Second Amended Complaint dos Elementos Mínimos**

**dos Direitos Alegados**

(i) Pedido Um: Enriquecimento Sem Causa

40.        Eu entendo que a Autora, agora, baseia o Pedido Um na Lei do Estado de Nova Iorque.  Esse pedido, porém, está sujeito ao Direito brasileiro. E, de acordo com o Direito brasileiro, esse Pedido deveria ser julgado improcedente pelas razões que seguem abaixo.

41.        Preliminarmente, esse Pedido Um – e todos os demais pedidos – está necessariamente sujeito ao Direito brasileiro, pois eles decorrem da relação jurídica que se estabeleceu entre Tinto e os Réus em razão da assinatura dos quatro Contratos de Transferência de Ações indicados na Second Amended Complaint.  Apesar de esses Contratos não possuírem cláusula de escolha de Direito aplicável indicando o Direito brasileiro, a regra geral do Direito brasileiro é que, exceto quando as partes expressamente escolhem um determinado Direito para reger suas relações jurídicas, o Direito aplicável ao contrato é aquele do local em que o contrato foi assinado.  Essa regra está prevista no art. 9 da Lei de Introdução às Normas do Direito brasileiro (Decreto n. 4,657/1942).[30] No caso concreto, todos os quatro Contratos de Transferência de Ações indicados na Second Amended Complaint foram assinados em São Paulo, Brasil, de modo que o Direito brasileiro é aplicável ao Pedido Um. Parece-me que, ao alegar que o Pedido Um está sujeito ao Direito do Estado de Nova Iorque, a Autora tenta contornar o Direito brasileiro.

42.        De todo modo, a Tinto não alegou fatos suficientes para embasar ação indenizatória por enriquecimento sem causa com base no Código Civil.

43.        Uma ação de enriquecimento sem causa pressupõe que uma parte tenha aumentado seu patrimônio às custas de prejuízo da outra e que esse enriquecimento tenha ocorrido sem justa causa. No Direito brasileiro, deve ser entendido como enriquecimento sem causa a vantagem obtida por uma pessoa sem a devida contraprestação. A Second Amended Complaint admite que os Contratos de Transferência de Ações foram negociados por partes sofisticadas e tinham como causa jurídica a transferência de ações do Bertin FIP.

44.        O fato de a Autora acreditar que recebeu compensação insuficiente em contrapartida pelos Primeiro e Segundo Contratos de Transferência de Ações não configura ausência de justa causa no Direito brasileiro e, desta forma, a Autora não satisfez os requisitos da ação de enriquecimento sem causa.[31] O fato de as partes terem firmado um contrato válido afasta a possibilidade de enriquecimento sem causa no Direito brasileiro, conforme o Enunciado 188 da III Jornada de Direito Civil do Conselho da Justiça Federal: "A existência de negócio jurídico válido e eficaz é, em regra, uma justa causa para o

---

[30] Uma cópia verdadeira e precisa deste enunciado está anexada como Anexo 8, p. 1 (incluindo uma tradução juramentada)

[31] A Autora não demonstrou minimamente qualquer fato que pudesse embasar a sua alegação de que a Colorado "direcionou e controlou" a Tinto para firmar o "Original" Terceiro Contrato de Transferência de Ações.

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

enriquecimento."[32]

45.    Ademais, a Second Amended Complaint afirma que a propriedade da companhia Tinto por Colorado foi ocultada e que também foi ocultado que os Batistas adquiriram o controle da Blessed Cayman em 2016, após o Terceiro Contrato de Transferência de Ações (tanto o chamado "Original" quanto o chamado "Revised"). Esta afirmação não é relevante para a causa de pedir de enriquecimento sem causa, porque a não identificação dos acionistas de uma companhia não é uma conduta ilícita de acordo com o Direito brasileiro. Mesmo que a identidade dos acionistas tivesse sido ocultada, isso não gera direito à indenização.

46.    O art. 49-A do Código Civil[33] diz que a pessoa jurídica não se confunde com as pessoas dos seus sócios ou dos seus administradores. O parágrafo único do artigo 49-A do Código Civil preceitua expressamente que a autonomia patrimonial das pessoas jurídicas é um instrumento lícito de alocação e de segregação de riscos, estabelecido pela lei com a finalidade de estimular empreendimentos, para a geração de empregos, rendas e inovação em benefício de todos. No Direito brasileiro, portanto, a não identificação dos acionistas de uma sociedade empresária não acarreta a possibilidade legal de pedir indenização, pois o negócio jurídico é celebrado com a pessoa jurídica dotada de autonomia patrimonial e personalidade jurídica independente da de seus acionistas. A sociedade empresária (companhia), portanto, não se confunde com as pessoas dos seus sócios.

47.    Além disso, ao contrário do que alega a Autora na Second Amended Complaint, os Contratos de Transferência de Ações não causaram a insolvência da Tinto. Conforme explicado acima, os acordos foram executados em 2009, 2010, 2013 e 2014. A Tinto só foi declarada insolvente em 29 novembro de 2018, quando foi proferida a decisão decretando a sua falência pelo juízo da Segunda Vara de Falências.

48.    Ademais, de acordo com o art. 99, item II, da Lei de Falências[34], o juiz, ao decretar a falência, deve fixar o termo legal da falência, que não poderá retroagir a mais de 90 dias da data do requerimento de falência. No caso concreto, o juízo da Segunda Vara de Falências entendeu que o termo legal da falência ocorreu em 23 de abril de 2016, momento a partir do qual a empresa Tinto passou a ser legalmente considerada insolvente. Considerando que os acordos de transferência de ações foram celebrados em 2009, 2010, 2013 e 2014, pode-se dizer que a Tinto somente foi considerada legalmente falida depois de 7, 6, 3 e 2 anos da celebração dos 4 (quatro) Contratos de Transferência de Ações, de modo que não faz sentido dizer que a Tinto tornou-se insolvente por conta dos Acordos de Transferência de Ações.

49.    Por fim, é importante destacar que a Autora reconhece que Tinto e seus ex-controladores (os Bertins) eram partícipes dos alegados atos ilícitos. Dessa forma, a Autora, como sucessora da Tinto, não pode pleitear a condenação da Colorado por

---

[32] Uma cópia verdadeira e precisa deste enunciado está anexada como Anexo 7, p.1 (incluindo uma tradução juramentada)
[33] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 1 (incluindo uma tradução juramentada).
[34] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 1, p. 3 (incluindo uma tradução juramentada).

M A N O E L   D E   Q U E I R O Z   P E R E I R A   C A L Ç A S

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

enriquecimento sem causa em benefício da Tinto porque isso representaria *venire contra factum proprium*, vedado pelo art. 187 do Código Civil brasileiro.[35]  Em outras palavras, se a Tinto participou dos atos ilícitos, ela não pode agora – através da Autora – pleitear indenização alegando ter sofrido danos pelos atos ilícitos que ela mesma cometeu.  Isso representa uma conduta contraditória que o Direito brasileiro não admite.

(ii) Pedido Dois: Auxílio e Cumplicidade na Violação de Deveres Fiduciários

50.       Eu entendo que a Autora agora também baseia o Pedido Dois na Lei do Estado de Nova Iorque.  Esse pedido, porém, está sujeito ao Direito brasileiro. E, de acordo com o Direito brasileiro, esse Pedido Dois deveria ser julgado improcedente porque ele não constitui uma causa de pedir segundo o Direito brasileiro. O Direito brasileiro não prevê a possibilidade de se pedir indenização contra terceiros (no caso, contra Colorado) pela violação dos deveres fiduciários que são previstos exclusivamente em relação aos acionistas controladores e administradores da companhia (no caso, da Tinto).

51.       Preliminarmente, esse Pedido Dois – e todos os demais pedidos – está necessariamente sujeito ao Direito brasileiro, pois eles decorrem da relação jurídica que se estabeleceu entre Tinto e os Réus em razão da assinatura dos quatro Contratos de Transferência de Ações.  Esses Contratos não possuem uma cláusula de escolha de Direito aplicável, indicando o Direito brasileiro. Porém, a regra geral do Direito brasileiro é que, exceto quando as partes expressamente escolhem um determinado Direito para reger suas relações jurídicas, o Direito aplicável ao contrato é aquele do local em que o contrato foi assinado.  Essa regra está prevista no art. 9 da Lei de Introdução às Normas do Direito brasileiro (Decreto n. 4,657/1942).[36] No caso concreto, todos os quatro Contratos de Transferência de Ações foram assinados em São Paulo, Brasil, de modo que o Direito brasileiro é aplicável ao Pedido Dois. Aparentemente, ao alegar que o Pedido Dois está sujeito ao Direito do Estado de Nova Iorque, a Autora tenta contornar o Direito brasileiro.

52.       Os deveres fiduciários dos administradores de sociedades limitadas como a Tinto estão previstos exclusivamente no art. 1.011 e seguintes do Código Civil.[37] O art. 1.016 do Código Civil prevê expressamente que os administradores (e apenas os administradores) respondem solidariamente por danos que causarem à sociedade e a terceiros.[38] Por isso, o pedido com base na alegação de violação dos deveres fiduciários deveria, necessariamente, ser formulado contra os "Bertins", não havendo fundamento para a responsabilização de terceiros não componentes do quadro de sócios e não exercentes da função de administrador ou diretor da sociedade Tinto.

(iii) Pedido Três: Declaração de Nulidade nos Termos do Art. 166 do Código Civil

53.       A Autora apresenta este pedido contra Colorado e demais Réus, mas não alegou

---

[35] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 9 (incluindo uma tradução juramentada).
[36] Ver Anexo 8, p. 1.
[37] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 13 (incluindo a respectiva uma tradução juramentada).
[38] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 14 (incluindo a respectiva uma tradução juramentada).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

e nem descreveu fatos suficientes para sustentar uma ação de nulidade baseada no Código Civil. O art. 166 do Código Civil[39] estabelece que o negócio jurídico é nulo quando sujeito a uma das hipóteses jurídicas exaustivas previstas em seus incisos I a VII.

54.        A Autora alega de maneira genérica que uma transação é nula se, dentre outras coisas, seu objeto for ilícito, impossível ou indeterminável; o motivo determinante das partes for ilícito; a transação não tiver sido realizada na forma prescrita em lei; ou o objetivo da transação for fraudar uma lei imperativa. Em nenhum momento a Autora descreve como cada um dos Réus teria contribuído para a nulidade dos Contratos de Transferência de Ações. A Autora apresenta apenas duas alegações genéricas para embasar seu pedido.

55.        Primeiramente, a Autora afirma que os Primeiro e Segundo Contratos de Transferência de Ações objetivaram "escapar de uma ou mais leis cogente", o que teria acontecido pela transferência de bens da Tinto sem compensação financeira, o que violaria "o Direito societário brasileiro" e "o contrato social da Tinto". Trata-se de alegação genérica, em que a Autora não aponta qual dispositivo de lei teria sido violado do "o Direito societário brasileiro", nem explica qual teria sido a violação. A Autora também não aponta qual artigo do "contrato social da Tinto" teria sido violado, nem explica qual teria sido a violação.

56.        Ademais, os Réus não poderiam descumprir o contrato social da Tinto, pois apenas os Bertins, sócios da Tinto, poderiam violar o contrato social. O contrato social da Tinto, por óbvias razões, não atribui obrigações à Colorado, que não é cotista da Tinto, de modo que a Colorado não tem nem mesmo em tese como violar o contrato social da Tinto. Além disso, os Contratos de Transferência de Ações foram ratificados pelos ex-acionistas controladores da Tinto, razão pela qual, a Administradora Judicial, que representa a Massa Falida, não tem legitimidade para pedir a revogação de tais atos e, muito menos, pleitear indenização de terceiros.

57.        De toda forma, é importante dizer que o eventual recebimento pela Tinto de valor de mercado inferior aos seus bens, como alega a Autora, não é causa de nulidade da transação no Direito brasileiro. Caso a versão da Autora estivesse correta, a transação representaria apenas um mau negócio, conduzido pelos ex-acionistas controladores e ex-administradores da Tinto à época dos fatos. O art. 166 do Código Civil não contém nenhum inciso que permita a declaração de nulidade de negócios jurídicos porque posteriormente uma das partes se sente em desvantagem econômica.

58.        Em segundo lugar, a Autora afirma que os Primeiro e Segundo Contratos de Transferência de Ações representariam "fraude à lei", pois eles violariam ambas os "Direito societário e tributário brasileiros". Mais uma vez, a Autora não indica quais dispositivos do "Direito societário brasileiro" e do "Direito tributário brasileiro" teriam sido em tese violados. Em seguida, a Autora diz que Colorado, Joesley e Wesley teriam planejado a transação para evitar o pagamento de tributos. A Autora, porém, não esclarece em qual dos incisos I a VII do art. 166 do Código Civil que essa alegação se enquadraria. É de se dizer que eventual falha no planejamento tributário de uma operação comercial — com a criação de um passivo fiscal não previsto — não é motivo para declaração de

---

[39] Ver Anexo 2, p. 4.

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

nulidade da transação no Direito brasileiro, mas apenas cria-se a obrigação de pagamento do tributo devido, com a incidência de multas e juros pelo atraso. É de se destacar, ainda, que eventual falha no planejamento tributário da Tinto só poderia ser atribuída aos seus ex-acionistas controladores e ex-administradores, não a terceiros como a Colorado.

59.        Além disso, não satisfaz os requisitos do art. 166 do Código Civil o fato de que os Contratos de Transferência de Ações violaram — em tese — a lei fiscal pois apenas a autoridade governamental brasileira tem legitimidade para questionar eventual violação da lei fiscal. Como se disse, ainda que se pudesse responsabilizar a Colorado e os Batistas pela eventual violação da lei fiscal praticada pela Tinto (sob o controle dos Bertins), é relevante dizer que eventual não pagamento de impostos devidos em razão de uma transação não leva à anulação ou nulidade dessa transação. Em relação à autoridade tributária, o remédio previsto no Direito brasileiro é a aplicação de multas e incidência de juros, além é claro da cobrança do valor da obrigação tributária.

60.        No caso concreto, Tinto e Colorado, pessoas jurídicas regularmente constituídas, eram partes plenamente capazes. A transferência de ações é um negócio jurídico com objeto lícito, a transferência de ações foi de fato realizada (não havendo que se falar em fraude) e as partes cumpriram todas as suas obrigações e as formalidades exigidas por lei. Nenhuma hipótese, portanto, do art. 166 se encaixa aos fatos narrados na Second Amended Complaint. Cumpre ressaltar que os Batistas não eram proprietários da Colorado quando o Primeiro e o Segundo Contratos de Transferência de Ações foram assinados, como a própria Autora admite na Second Amended Complaint. Ainda que assim não fosse, o suposto fato de os Réus terem omitido da Tinto os reais acionistas controladores da Colorado não tem qualquer relevância para fins de declaração de nulidade dos contratos com base no art. 166 do Código Civil, simplesmente porque não existe nenhum dever legal de uma companhia parte de uma relação contratual revelar para a outra quem são seus acionistas ou controladores.

61.        Ademais, este pedido nada mais é do que uma repetição do pedido de indenização por enriquecimento sem causa (Pedido Um) da Second Amended Complaint, que agora a Autora faz com base no Direito do Estado de Nova Iorque, o que mostra que a Autora provavelmente se convenceu de que esse pedido não possui fundamento no Direito brasileiro, como a Autora havia tentado nas versões anteriores da Complaint.

### (iv) Pedido Quatro: Declaração de Nulidade nos Termos do Art. 167 do Código Civil

62.        Analisei o Pedido Quatro da Second Amended Complaint em que a Autora pretende a declaração de nulidade dos Contratos de Transferência de Ações por simulação, com base no art. 167 do Código Civil. Novamente, a Autora não alegou fatos suficientes para sustentar uma ação de nulidade baseada no referido dispositivo do Código Civil. O art. 167 do Código Civil dispõe que "o negócio jurídico simulado é nulo, mas o que foi ocultado permanecerá, se válido for na substância e na forma".[40] Não houve negócio simulado, mas sim, Contratos de Transferência de Ações realizados por pessoas jurídicas representadas por seus diretores, experientes e sofisticados empresários.

---

[40] Ver Anexo 2, p. 5.

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

63.     O art. 167, parágrafo primeiro, contém 3 (três) incisos tratando das 3 (três) hipóteses legalmente admitidas de simulação no Direito brasileiro. O inciso I trata da hipótese em que o negócio jurídico tem apenas a aparência de ter acontecido, mas ele, na realidade, não ocorreu de fato. O inciso II trata da hipótese em que o negócio jurídico ocorreu, mas contém declarações ou cláusulas falsas. O inciso III trata da hipótese em que o negócio jurídico ocorreu, mas contém data de fechamento do negócio anterior à data real. Como se vê, cada uma das hipóteses possui requisitos distintos (e, mais relevante, remédios distintos entre a hipótese do inciso I e as hipóteses dos incisos II e III).

64.     A Autora indica sem maiores detalhes que os Contratos de Transferência de Ações contêm "uma declaração falsa sobre o preço da transação", mas a Autora se limita a dizer que o preço da transação era inferior ao valor de mercado dos bens. O fato de o preço negociado entre as partes não refletir valor de mercado não é motivo para declaração de nulidade do negócio jurídico no Direito brasileiro com base em simulação.  Em seguida, a Autora explica que os Contratos de Transferência de Ações serviram para violar a lei tributária brasileira, pois elas expuseram a Tinto a um passivo fiscal. É de ressaltar novamente que eventual falha no planejamento fiscal de uma empresa ao celebrar contratos comerciais não significa simulação e não gera a declaração de nulidade das transações, mas apenas a ocorrência de um passivo fiscal, que a responsável tributária naturalmente terá que pagar acrescido de multas e juros. Fica claro, assim, que a Autora simplesmente não indica minimamente os requisitos legais para quaisquer dos casos de simulação previstos no art. 167, parágrafo primeiro, do Código Civil, de modo que o pedido de declaração de nulidade com base em simulação deve ser rejeitado.

65.     Além disso, na Second Amended Complaint, a Autora não alega que os Contratos de Transferência de Ações não existiram de fato (hipótese do inciso I). Na realidade, a Autora alega que o preço pago pelas ações do Bertin FIP detidas pela Tinto foi alegadamente muito inferior ao valor de mercado, o que eventualmente poderia significar que a cláusula de preço era falsa (hipótese do inciso II). Neste caso do inciso II, porém, o art. 167 do Código Civil não permite a declaração de nulidade do negócio jurídico e, assim, o pedido feito pela Autora é impossível de acordo com o Direito brasileiro, devendo ser rejeitado. Nessa hipótese, o Código Civil preserva a validade do negócio jurídico e a parte alegadamente prejudicada pode pedir perdas e danos. No caso concreto, o eventual dano causado se resume ao potencial passivo tributário decorrente da falha do planejamento tributário empregado pela Tinto na operação, o que eventualmente pode gerar um pedido de indenização contra os ex-acionistas controladores e ex-administradores da Tinto, mas não contra a Colorado, que é terceira e não respondia pelo planejamento tributário da Tinto. Como esclarecido, o fato de o preço pactuado entre as partes não corresponder, anos depois, àquilo que a parte alegadamente prejudicada pretendia não significa que o preço era falso. No caso concreto, o preço foi real e recebido pela Tinto, o que afasta a hipótese de nulidade do art. 167 do Código Civil.

66.     A Autora também alega que os Contratos de Transferência de Ações aparentam transmitir direitos para Colorado mas na verdade transmitem direito para os Batistas. A própria Autora alega que os Batistas só se tornaram acionistas da Colorado em 2016, ou seja, após a assinatura dos Contratos de Transferência de Ações. Para a transação ser nula

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

com base no Código Civil, a transmissão de direitos para pessoa diversa deve ocorrer no momento da transação e não em momento posterior. Ainda que os Contratos de Transferência de Ações tivesse beneficiado os Batistas, os Batistas não são "pessoa diversa" para fins do art. 167 pois é perfeitamente lícito que um acionista se beneficie de uma transação que a empresa da qual esse acionista é sócio executou.

67.     Por fim, conforme mencionado acima, os Contratos de Transferência de Ações foram ratificados pelos ex-acionistas controladores da Tinto e não podem ser posteriormente questionados pela Administradora Judicial.

## (v) Pedido Cinco: Transferência do Estabelecimento com Fundamento no Art. 129, inciso VI, da Lei de Falência

68.     O Pedido Cinco, deduzido contra todos os Réus, exceto JBS S.A., não atende aos requisitos legais mínimos da legislação brasileira. A Second Amended Complaint alega que houve transferência de estabelecimento comercial entre Tinto e Colorado, com base no art. 129, inciso VI, da Lei de Falências.[41] O conceito de estabelecimento comercial está previsto no art. 1.142 do Código Civil.[42] De acordo com esse dispositivo, considera-se estabelecimento empresarial o conjunto de bens organizados, tangíveis ou intangíveis, para que uma empresa possa desenvolver suas atividades empresariais. Ou seja, constituem estabelecimento empresarial os bens essenciais ao desenvolvimento da atividade comercial da empresa, tais como, máquinas, computadores, edifícios, veículos, matérias-primas, patentes, segredos comerciais, etc.

69.     A aquisição de participação acionária ou de ações de uma companhia por outra companhia não se enquadra na definição legal de estabelecimento empresarial, nos termos da legislação brasileira. Isso porque a alienação por uma empresa de ações que ela detém em uma outra empresa em nada afeta a possibilidade dessa primeira empresa continuar a desenvolver a sua atividade empresarial. O negócio de cessão ou transferência de ações, as quais representam frações do capital social, são meramente escriturais e têm a natureza de valor patrimonial imaterial e cuja propriedade é transferida por mero lançamento contábil.

70.     Assim, no caso concreto, não houve transferência de estabelecimento empresarial (art. 1.142 do Código Civil), mas, sim, houve a venda de ações detidas pela Tinto no Bertin FIP para a Colorado, razão pela qual o pedido não se enquadra no art. 129, inciso VI, da Lei de Falências. O pedido da Autora, portanto, deve ser rejeitado porque a Autora não indicou minimamente os requisitos legais para o seu pedido, já que ele não

---

[41] "Artigo 129. São ineficazes em relação à massa falida, quer o contratante tenha ou não conhecimento do estado de crise econômica e financeira do devedor, quer este pretenda ou não fraudar os credores: [...] VI - a venda ou transferência de estabelecimento feita sem o consentimento expresso ou o pagamento de todos os credores, à época existente, quando o devedor não dispuser de bens suficientes para liquidar seu passivo, salvo se, no prazo de 30 (trinta) dias, não houver oposição dos credores, após devidamente notificados, judicialmente ou pelo oficial do Cartório de Registro de Títulos e Documentos." Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 1, p. 4 (incluindo a respectiva tradução juramentada).
[42] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 15 (incluindo a respectiva tradução juramentada).

MANOEL DE QUEIROZ PEREIRA CALÇAS

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

indicou nenhum estabelecimento empresarial – tal como reconhecido pela lei – que tenha sido alienado pela Tinto para Colorado. É interessante ressaltar que a Autora alega que o que houve foi uma transferência *indireta* de estabelecimento empresarial. Mas o Direito brasileiro só conhece a transferência *direta* de estabelecimento empresarial, que é aquela explicada acima, quando os bens essenciais ao desenvolvimento da atividade comercial são transferidos. O Direito brasileiro não conhece a figura mencionada pela Autora de transferência *indireta* de estabelecimento empresarial. Trata-se, mais uma vez, de uma tentativa de a Autora contornar o Direito brasileiro.

71.     Além disso, a transferência de estabelecimento, para que seja considerada ilegal na forma do art. 129, item VI, da Lei de Falências, precisa levar a empresa à insolvência. Os Contratos de Transferência de Ações foram executados em 2009, 2010, 2013 e 2014, muito antes de o juízo universal decretar a falência da Tinto, o que apenas ocorreu em 29 de novembro de 2018. A Autora não explica se ao tempo das transações a Tinto estava insolvente. Conforme mencionado acima, a Tinto só foi declarada insolvente em 29 novembro de 2018. Ademais, a Autora não indica quem eram os potenciais credores da Tinto em 2009, 2010, 2013 e 2014 que, eventualmente, foram prejudicados pelas transações e que, já naquele tempo, levaram a Tinto à insolvência.

72.     A versão narrada pela Autora não satisfaz os requisitos legais do art. 129, item VI, da Lei de Falências porque sequer explica como a Tinto teria se tornado insolvente anos e anos após as transações por causa exatamente dessas transações.

### (vi) Pedido Seis: Desconsideração da Personalidade Jurídica

73.     A Autora pede a desconsideração da personalidade jurídica da Tinto contra todos os Réus, com fundamento no art. 82-A, parágrafo único, da Lei de Falências[43] e no art. 50 do Código Civil.[44]

74.     O Direito brasileiro não prevê a desconsideração da personalidade jurídica como uma causa de pedir autônoma. Trata-se apenas de um veículo de natureza processual para atingir bens de terceiros considerados responsáveis em razão de alguma outra causa de pedir que tenha fundamento no direito material. Assim, se todos os demais pedidos da Autora devem ser rejeitados, este Pedido Seis de desconsideração da personalidade jurídica também deve ser rejeitado pois ele não sobrevive de maneira autônoma ou independente. O pedido de desconsideração da personalidade jurídica, no Direito Brasileiro, é meramente instrumental em relação a outros pedidos fundados em direito material.

75.     Mesmo que assim não fosse, o art. 82-A, parágrafo único, da Lei de Falências

---

[43] "Artigo 82-A. [...]. Parágrafo solo. A desconsideração da personalidade jurídica da empresa falida, para fins de responsabilização de terceiros, grupo, sócio ou administrador por sua obrigação, somente pode ser decretada pelo juízo falimentar." Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 1, p. 2 (incluindo uma tradução juramentada).

[44] "Artigo 50. Em caso de abuso da personalidade jurídica, caracterizado pelo desvio de finalidade ou pela confusão patrimonial, pode o juiz, a requerimento da parte, ou do Ministério Público quando lhe couber intervir no processo, desconsiderá-la para que os efeitos de certas e determinadas relações de obrigações sejam estendidos aos bens particulares de administradores ou de sócios da pessoa jurídica beneficiados direta ou indiretamente pelo abuso." Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 2 (incluindo uma tradução juramentada).

estabelece expressamente que o pedido de desconsideração da personalidade jurídica somente pode ser feito perante o juízo universal da falência, de modo que eventual pedido de desconsideração da personalidade jurídica concedido por outro juiz não será reconhecido no Brasil e, assim, não produzirá efeitos em território brasileiro.

76.        A verdade é que, caso estivessem presentes os requisitos do art. 50 do Código Civil, o pedido da Autora deveria ser para que os efeitos das obrigações assumidas pela Tinto fossem estendidos aos bens particulares de Silmar Bertin e de Natalino Bertin, ex-acionistas controladores e ex-administradores da companhia Tinto durante todo o período em que os Contratos de Transferência de Ações foram assinados e executados. Curiosamente, porém, o Administrador Judicial da Tinto (que diz representar os interesses dos credores) até agora não apresentou nenhum pedidos de desconsideração da personalidade jurídica para responsabilizar e atingir os bens pessoais de Silmar Bertin e de Natalino Bertin — nem nenhuma outra ação judicial contra os ex-acionistas controladores e ex-administradores da Tinto, o que soa particularmente incomum nesses casos.

77.        Ainda que assim não fosse, o art. 50 do Código Civil exige, como fundamento para pedir a desconsideração da personalidade jurídica de uma empresa, que seja alegado e comprovado que houve abuso de personalidade jurídica, caracterizado por desvio de finalidade ou confusão de bens entre os sócios e a sociedade. A Second Amended Complaint não apresenta alegações para sustentar uma alegação de desconsideração da personalidade jurídica perante o Direito brasileiro. A Autora não explica mininamente como os atos praticados teriam violado os atos constitutivos da Tinto, qual teria sido o potencial desvio de finalidade no uso da personalidade da Tinto, qual teria sido a confusão patrimonial entre Colorado e Tinto etc. Também a Autora não explica como transações ocorridas em 2009, 2010, 2013 e 2014 – nas quais Tinto recebeu mais de R$ 330 milhões – teriam prejudicado credores (e nem quem teriam sido esses credores ao tempo das transações).

78.        As alegações que sustentam este pedido afirmam, na íntegra, que "os Réus fizeram uso irregular do objetivo social da Tinto ao desviar o maior ativo da Tinto em prejuízo da massa falida e dos credores, como parte de um esquema ilegal". Nessa linha, o pedido de aplicação do art. 50 do Código Civil não pode ser acolhido, quando se alega que teria havido "transferência de bens sem efetiva indenização", que a Colorado teria recebido ações da Tinto e que a Tinto "nada pagou em troca". Essas alegações são insuficientes para o Direito brasileiro.

### (vii) Pedido Sete: Indenização por Perdas e Danos nos Termos dos Art. 186, 187 e 927 do Código Civil

79.        Analisei o Pedido Sete da Second Amended Complaint, em que a Autora pede indenização por perdas e danos com base nos arts. 186[45], 187[46] e 927[47] do Código Civil contra todos os Réus.

---

[45] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 8 (incluindo a respectiva tradução juramentada).
[46] Ver Anexo 2, p. 9.
[47] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 2, p. 12 (incluindo a respectiva tradução juramentada).

80.　　　A responsabilidade civil fundada no art. 927 do Código Civil tem natureza extracontratual. Os requisitos legais para que um pedido de indenização por danos seja viável no Direito brasileiro são que (i) o réu tenha cometido um ato ilícito na forma dos arts. 186 ou 187 do Código Civil, (ii) o réu tenha agido com negligência ou intenção de causar danos, (iii) o autor tenha de fato sofrido um dano direto em razão da conduta do réu, e (iv) exista um link entre a conduta praticada pelo réu e o dano sofrido pelo autor.

81.　　　No caso concreto, único fato que a Autora alega para embasar o pedido de indenização contra os Réus é que os Contratos de Transferência de Ações entre Tinto e o Réus levaram a uma responsabilidade tributária da Tinto. Dessa forma, a Tinto afirma que a autoridade fiscal brasileira autuou R$ 1.079.096.994,18 (USD$ 218.493.762,49) em impostos contra a Tinto pelas transferências de suas ações da Bertin S.A. para a Bertin FIP, o que a Tinto fez por orientação dos Réus.

82.　　　Em primeiro lugar, os Contratos de Transferência de Ações não são atos ilícitos, não possuem qualquer mácula ou vício legal. As transações foram negócios celebrados por partes capazes (e muito bem assessoradas), com objeto lícito (a alienação de cotas detidas por uma empresa a outra é uma transação lícita) e de acordo com as formalidades legais. Assim, não estão presentes nenhuma das hipóteses do art. 186 (atos ilícitos) e não se configurou o abuso do direito previsto no art. 187, ambos do Código Civil, que pudessem embasar os pedidos da Autora.

83.　　　Em segundo lugar, se as transações com as ações realizadas entre as duas sociedades levaram, eventualmente, a uma responsabilidade tributária imposta pela autoridade tributária brasileira à Tinto, o suposto ato ilícito fiscal foi cometido pelos ex-acionistas controladores e ex-administradores da Tinto, os Bertins, que autorizaram as transações e que eram os responsáveis pelo planejamento fiscal da empresa que administravam. A Colorado era a contraparte dos Contratos de Transferência de Ações e, assim, não poderia cometer nenhum ato ilícito fiscal em nome da Tinto e nem era responsável pelo planejamento fiscal da Tinto, de modo que a Colorado não pode ser responsabilizada por aquilo que ex-acionistas controladores e ex-administradores da Tinto à época tenham decidido fazer. Não há como se atribuir culpa ou dolo a Colorado, e nem a seus acionistas controladores, se eles não detinham nenhum dever legal ou contratual de supervisionar o planejamento tributário da Tinto, e nem detinham qualquer controle societário sobre a Tinto.

84.　　　Por fim, é importante destacar que a Autora reconhece que Tinto e seus ex-controladores (os Bertins) eram partícipes dos alegados atos ilícitos.  Dessa forma, a Autora, como sucessora da Tinto, não pode pleitear a condenação da Colorado a pagar indenização por perdas e danos em benefício da Tinto porque isso representaria *venire contra factum proprium*, o que é vedado pelo art. 187 do Código Civil brasileiro.[48]  Em outras palavras, se a Tinto participou dos atos ilícitos, ela não pode agora – através da Autora – pleitear indenização alegando ter sofrido danos pelos atos ilícitos que ela mesma cometeu.  Isso representa uma conduta contraditória (*venire contra factum proprium*) que o Direito brasileiro não admite de acordo com o art. 187 do Código Civil brasileiro.

---

[48] Ver Anexo 2, p. 9.

**MANOEL DE QUEIROZ PEREIRA CALÇAS**

Professor Doutor de Direito Comercial da Faculdade de Direito da Universidade de São Paulo

**E.        Ausência de Litisconsórcio Necessário**

85.        Os senhores Silmar Bertin e Natalino Bertin, ex-acionistas controladores e ex-administradores da Tinto, estranhamente não foram incluídos como partes neste processo. Também não foi imputado a eles, que deveriam figurar como litisconsortes necessários, a responsabilidade pelo passivo da sociedade falida Tinto, o que é uma conduta, no mínimo, muito curiosa da Administradora Judicial que alega estar atuando na suposta defesa dos interesses dos credores da Massa Falida. A Autora e representante legal estrangeira da Tinto Holding Ltda. admite que "os irmãos Silmar Bertin e Natalino Bertin administraram a Tinto até que o tribunal de falências brasileiro nomeou um administrador judicial em 29 de novembro de 2018", mas nada pede contra Silmar Bertin e Natalino Bertin.

86.        Diante da alegação de que "os Bertins (pessoalmente ou através de sua holding principal, a Heber) receberam dinheiro e reforçaram a sua relação comercial contínua com os Batistas" e de que eles anuíram com os Contratos de Transferência de Ações da companhia Tinto, teria sido obrigatória, nos termos da legislação processual brasileira, a inclusão de Silmar Bertin e Natalino Bertin neste processo, nos termos do art. 114 do Código de Processo Civil brasileiro[49], haja vista que de acordo com a natureza da relação jurídica controvertida, a eficácia da sentença depende da citação de todos que devem figurar como litisconsortes passivos necessários.

87.        Em outras palavras, para que se possa desfazer um negócio jurídico, como pretende a Autora com os Pedidos 3, 4 e 5, é obrigatória a presença no processo judicial de todas as partes que tenham assinado o negócio jurídico. Assim, os irmãos Bertin (Silmar Bertin e Natalino Bertin) ex-acionistas controladores e ex-administradores da Tinto, enquanto representantes da empresa falida, devem ser necessariamente incluídos neste caso sob pena de ineficácia da futura sentença a ser proferida.

Certifico, sob pena de perjúrio, de acordo com as leis dos Estados Unidos da América, que o exposto é verdadeiro e correto.

Data: 18 de Novembro de 2024.

Por:


MANOEL DE QUEIROZ PEREIRA CALÇAS

---

[49] Uma cópia verdadeira e precisa deste dispositivo está anexada como Anexo 3, p. 4 (incluindo a respectiva tradução juramentada).

# APPENDIX A

**A. Documents:**

- "Second Amended Complaint", Process No. 23-11719-MAM , initiated by AJ Ruiz Consultoria Empresarial S.A. against Defendants Colorado, J&F, JJMB, WWMB, Joesley, Wesley and JBS.

- Private Instrument for Assignment and Transfer of Shares and Other Covenants between Tinto and Blessed Holdings, signed on December 24, 2009.

- Private Instrument for Assignment and Transfer of Shares and Other Covenants between Tinto and Blessed Holdings, signed on November 11, 2010.

- Share Transfer Agreement of Bertin Fundo de Investimento em Participações and Other Covenants between Tinto, Comapi and J&F, signed on June 25, 2014.

- Case files of court proceedings 23-11719-MAM, Amended Complaint filed by AJ Ruiz Consultoria Empresarial S.A. on September 8, 2023.

- Case files of court proceedings 1088030-29.2016.8.26.0100, sentence declaring the bankruptcy of Tinto, issued by the 2nd Court of Bankruptcy and Judicial Reorganizations of the District of the Capital of the State of São Paulo on November 29, 2018.

- Case files of court proceedings 1036979-81.2013.8.26.0100/TJSP and 1046806-19.2013.8.26.0100/TJSP, initial petition, challenge and rebuttal, filed by Tinto Holding Ltda. and Blessed Holdings LLC.

- Case files of court proceedings 1036979-81.2013.8.26.0100/TJSP and 1046806-19.2013.8.26.0100/TJSP, petition filed by Tinto Holding Ltda. and Blessed Holdings LLC on November 18, 2013, informing the judge of the agreement.

- Case files of court proceedings 1036979-81.2013.8.26.0100/TJSP and 1046806-19.2013.8.26.0100/TJSP, agreement between Tinto Holding Ltda. and Blessed Holdings LLC entered into on November 18, 2013.

- Case files of court proceedings 1036979-81.2013.8.26.0100/TJSP and 1046806-19.2013.8.26.0100/TJSP, decision issued by the 5th Civil Court of the District of the Capital of the State of São Paulo on December 13, 2013, extinguishing the process without resolution of the merits.

- Case files of court proceedings 1088030-29.2016.8.26.0100/TJSP, decision issued by the 2nd Court of Bankruptcies and Judicial Reorganizations of the District of the Capital of the State of São Paulo on October 17, 2024, with orders to the Judiciary Administration to suspend the proceedings and initiate negotiations regarding tax debts.

**B. Laws, doctrine and jurisprudence:**

- PEREIRA-CALÇAS, M.Q. Comments on the Corporate Reorganization Law. São Paulo: Thomson Reuters/Court Review, 2021.

- Brazilian Civil Code, Law No. 10.406/2002.

- 2015 Brazilian Code of Civil Procedure, Law No. 13.105/2015.

- Reorganizations and Bankruptcies Act, Law No. 11.101/2005.

- 1988 Constitution of the Federative Republic of Brazil.

- Legal Principle Summary No. 335 of the Federal Supreme Court.

- Statement 188 of the III Civil Law Journey of the Council of Federal Justice.

- Introductory Law to the rules of Brazilian Law (Decree no. 4.657/1942)



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Appendix A**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Jacqueline Yorke

Sworn to before me this
November 18, 2024

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

# ANEXO A

## ANEXO A

**A. Documentos**:

- "Second Amended Complaint", Processo n°. 23-11719-MAM, iniciado por AJ Ruiz Consultoria Empresarial S.A. contra os réus Colorado, J&F, JJMB, WWMB, Joesley, Wesley e JBS.

- Instrumento Particular de Cessão e Transferência de Quotas e Outras Avenças entre Tinto e Blessed Holdings assinado em 24 de dezembro de 2009.

- Instrumento Particular de Cessão e Transferência de Quotas e Outras Avenças entre entre Tinto e Blessed Holdings assinado em 11 de novembro de 2010.

- Contrato de Transferência de Cotas do Bertin Fundo de Investimento em Participações e Outras Avenças entre Tinto, Comapi e J&F assinado em 25 de junho de 2014.

- Autos do processo judicial 23-11719-MAM, Amended Complaint apresentada por AJ Ruiz Consultoria Empresarial S.A. em 8 de setembro de 2023.

- Autos do processo judicial 1088030-29.2016.8.26.0100, sentença decretando a falência da Tinto, proferida pelo juízo da 2ª Vara de Falências e Recuperações Judiciais da Comarca da Capital do Estado de São Paulo em 29 de novembro de 2018.

- Autos dos processos judiciais 1036979-81.2013.8.26.0100/TJSP e 1046806-19.2013.8.26.0100/TJSP, petição inicial, contestação e réplica, apresentadas por Tinto Holding Ltda. e Blessed Holdings LLC.

- Autos dos processos judiciais 1036979-81.2013.8.26.0100/TJSP e 1046806-19.2013.8.26.0100/TJSP, petição apresentada por Tinto Holding Ltda. e Blessed Holdings LLC em 18 de novembro de 2013, informando ao juiz da realização do acordo.

- Autos dos processos judiciais 1036979-81.2013.8.26.0100/TJSP e 1046806-19.2013.8.26.0100/TJSP, acordo entre Tinto Holding Ltda. e Blessed Holdings LLC celebrado em 18 de novembro de 2013.

- Autos dos processos judiciais 1036979-81.2013.8.26.0100/TJSP e 1046806-19.2013.8.26.0100/TJSP, decisão proferida pela 5ª Vara Cível da Comarca da Capital do Estado de São Paulo em 13 de dezembro de 2013, extinguindo o processo sem resolução do mérito.

- Autos dos processos judiciais 1088030-29.2016.8.26.0100/TJSP, decisão proferida pela 2ª Vara de Falências e Recuperações Judiciais da Comarca da Capital do Estado de São Paulo em 17 de outubro de 2024, instruindo a Administradora Judicial a suspender o processo e iniciar negociações a respeito do débito tributário.

**B. Leis, doutrina e jurisprudência**:

- PEREIRA-CALÇAS, M.Q. Comentários à Lei de Recuperação de Empresas. São Paulo: Thomson Reuters/Revista dos Tribunais, 2021.

- Código Civil Brasileiro, Lei n. 10.406/2002.

- Código de Processo Civil Brasileiro de 2015, Lei n. 13.105/2015.

- Lei de Recuperações e Falências, Lei n. 11.101/2005.

- Constituição da República Federativa do Brasil de 1988.

- Súmula n. 335 do Supremo Tribunal Federal.

- Enunciado 188 da III Jornada de Direito Civil do Conselho da Justiça Federal.

- Lei de Introdução às Normas do Direito Brasileiro (Decreto n. 4.657/1942)

# APPENDIX B



## Manoel de Queiroz Pereira Calças

master's at Law from Pontifícia Universidade Católica de São Paulo (1976) and doctorate at Law from Pontifícia Universidade Católica de São Paulo (2002). Has experience in Law, focusing on Commercial Law, acting on the following subjects: falência, recuperação judicial, sociedade limitada, função social and sociedade anônima.
**(Text informed by the author)**

**Last updated 06/03/2023**
Address to access this CV:
http://lattes.cnpq.br/1167703262561814          **03/06/2023**

---

### Personal Information

| | |
|---|---|
| **Name** | Manoel de Queiroz Pereira Calças |
| **Bibliographic Citation** | CALÇAS, M. Q. P.;CALÇAS, MANOEL DE QUEIROZ PEREIRA |
| **Professional Address** | Manoel de Queiroz Pereira Calças advocacia.<br>Rua Capitão Justino Moreira do Espírito Santo, 580<br>Jardim Vivendas<br>15090400 - São José do Rio Preto, SP - Brasil<br>Phone: (17) 32272881 |

---

### Formal Education/Degree

**2001 - 2002**   Ph.D. in Direito (["conceito": "Conceito CAPES 5"]) .
Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil. *Year of degree*: 2002.
*Advisor*: Fabio Ulhoa Coelho.
*Keywords*: Código Reale.

**1974 - 1976**   Master´s in Direito (["conceito": "Conceito CAPES 5"]) .
Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil. *Year of degree*: 2000.
*Advisor*: Prof. Dr. Fábio Ulhoa Coelho.
*Keywords*: sociedade anônima; acionista; direitos essenciais.
*Major Area*: Applied Social Sciences.

**1973 - 1973**   Specialization in Direito Processual Civil . (Carga Horária: 45h).
Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil.
*Advisor*: Prof. Dr. José Manoel de Arruda Alvim Neto.

---

### Complementary Education

**2007 - 2007**   Programa de Capacitação Docente. (Credit Hours: 32h).
Fundação Getúlio Vargas - Escola de Direito de São Paulo, FGV - GVLAW, Brasil.

---

### Professional Experience

Escola Paulista da Magistratura, EPM, Brasil.

    **Contract**

    **2014 - Present**   Type of contract: Government Employee, Functional Placement:

    **Contract**

    **2012 - Present**   Type of contract: Government Employee, Functional Placement:

    **Contract**

    **2014 - 2016**   Type of contract: Vice-Diretor, Functional Placement:

    **Contract**

    **2012 - 2014**   Type of contract: , Functional Placement:

Tribunal de Justiça do Estado de São Paulo, TJSP, Brasil.

    **Contract**

| | |
|---|---|
| 2016 - Present | Type of contract: , Functional Placement: |
| Contract | |
| 2005 - Present | Type of contract: , Functional Placement: |
| Contract | |
| 1995 - 2004 | Type of contract: , Functional Placement: |
| Contract | |
| 1976 - 1995 | Type of contract: Government Employee, Functional Placement: |

**Instituição Toledo de Ensino, ITE, Brasil.**

| | |
|---|---|
| Contract | |
| 1997 - Present | Type of contract: , Functional Placement: |
| Activities | |
| 1997 - Present | Teaching, Direito de Empresa, Degree: Specialization. |
| | Disciplines Taught<br>Direito Comercial |
| 1997 - Present | Teaching, Direito, Degree: Graduation. |
| | Disciplines Taught<br>Direito Comercial |
| 1997 - 2004 | Teaching, Mestrado, Degree: Pos-Graduation. |
| | Disciplines Taught<br>Direito Comercial |

**Universidade Nove de Julho, UNINOVE, Brasil.**

| | |
|---|---|
| Contract | |
| 2011 - Present | Type of contract: Celetista formal, Functional Placement: , Credit Hours: 40 |
| Activities | |
| 03/2021 - Present | Research and Development , Programa de Pós-Graduação stricto sensu em Direito, . |
| 03/2021 - Present | Teaching, Programa de Pós-Graduação stricto sensu em Direito, Degree: Pos-Graduation. |
| | Disciplines Taught<br>Sistemas de Insolvência nas Estruturas de Mercado |
| 2020 - Present | Project participation activities, Programa de Pós-Graduação stricto sensu em Direito, . |
| | Research Projects<br>Sistemas de Insolvência |
| 2011 - 2019 | Project participation activities, Centro de Pesquisa em Direito, . |
| | Research Projects<br>Alternativas judiciais para empresa em crise econômico-financeira |
| 2010 - 2019 | Project participation activities, Centro de Pesquisa em Direito, . |
| | Research Projects<br>Responsabilidade e Funcionalização do Direito |

**Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil.**

| | |
|---|---|
| Contract | |
| 2007 - Present | Type of contract: Hired Under Employment Laws, Functional Placement: , Credit Hours: 20 |
| Activities | |
| 04/2007 - Present | Teaching, Direito, Degree: Graduation. |
| | Disciplines Taught<br>Direito Comercial |
| 2007 - Present | Research and Development , Faculdade de Direito, . |
| 2007 - Present | Teaching, Mestrado e Doutorado em Direito, Degree: Pos-Graduation. |
| | Disciplines Taught<br>Direito Comercial |

**Universidade de São Paulo, USP, Brasil.**

Contract

**2013 - Present**  Type of contract: , Functional Placement: , Credit Hours: 24

Faculdade de Direito da Universidade de São Paulo, FDUSP, Brasil.

Contract

**2014 - Present**  Type of contract: Government Employee, Functional Placement:

Instituto dos Advogados de São Paulo, IASP, Brasil.

Contract

**2014 - Present**  Type of contract: Membro de comitê assessor, Functional Placement:

Faculdade Autônoma de Direito de São Paulo, FADISP, Brasil.

Contract

**2004 - 2010**  Type of contract: Professor, Functional Placement: , Credit Hours: 40

Activities

**09/2005 - 12/2010**  Teaching, Pós Graduação Stricto Sensu, Degree: Pos-Graduation.

Disciplines Taught
Direito Empresarial - Sociedades Empresárias

**8/2005 - 12/2010**  Research and Development , Faculdade de Direito, Departamento de Pós Graduação.

**06/2004 - 12/2010**  Teaching, Direito Empresarial, Degree: Specialization.

Disciplines Taught
Falência e Recuperação da Empresa
Teoria da Empresa

---

**Member of Editorial Board**

**2012 - Present**  Scientific Journal: Revista de Direito Bancário e do Mercado de Capitais

**2010 - Present**  Scientific Journal: Revista de Direito Empresarial - Juruá - Curitiba

**2013 - 2014**  Scientific Journal: REVISTA DE DIREITO MERCANTIL INDUSTRIAL, ECONÔMICO E FINANCEIRO

---

**Areas of Expertise**

1.  *Major Area*: Applied Social Sciences / *Area*: Law / *Subarea*: Direito Privado / *Specialty*: Direito Comercial.

---

**Languages**

Spanish  Comprehends Well, Speaks Reasonably, Reads Well, Writes Reasonably.

French  Comprehends Well, Speaks Reasonably, Reads Well, Writes Reasonably.

Italian  Comprehends Well, Speaks Little, Reads Well, Writes Well.

English  Comprehends Well, Speaks Reasonably, Reads Well, Writes Reasonably.

---

**Awards and Titles**

**2021**  Professor Emérito, Universidade Nove de Julho.

**2019**  Medalha de Honra ao Mérito Desembargador Décio Antônio Erpen, Colégio Permanente de Corregedores-Gerais dos Tribunais de Justiça do Brasil - CCOGE.

**2019**  Colar do Mérito Judiciário Militar Paulista, Justiça Militar do Estado de São Paulo.

**2019**  Medalha Especial de Mérito da Magistratura da Bahia - TJBA 410 anos, Tribunal de Justiça do Estado da Bahia.

**2019**  Medalha Constitucionalista, Sociedade Veteranos de 1932 M.M.D.C..

**2019**  Ordem do Mérito do Trabalho Getúlio Vargas - Grau de Grande Oficial, Presidente da República Federativa do Brasil.

**2019**  Medalha do Mérito Comunitário, Polícia Militar do Estado de São Paulo.

**2019**  Medalha do 1º Centenário do Regimento de Polícia Montada &quot;9 de Julho&quot;, Polícia Militar do Estado de São Paulo.

**2019**  Medalha da Ordem do Mérito Judiciário do Trabalho, TRT 2ª região.

**2019**  Certificado de &quot;Parceiro do Bem&quot; - Funfarme e Hospital de Base de São José do Rio Preto, Funfarme e Hospital de Base de São José do Rio Preto.

| 2019 | Homenagem do Poder Judiciário de Guarulhos pela Gestão na Presidência no Biênio 2018/2019, Poder Judiciário de Guarulhos. |
|---|---|
| 2018 | Prêmio Dr. Ives Gandra Martins - Personalidades de destaque 2018 - 27ª Edição, Associação Paulista de Imprensa. |
| 2018 | Medalha do Pacificador, Ministério da Defesa - Exército Brasileiro - Comando Militar do Sudeste (Zona Militar do Centro/1946. |
| 2018 | Medalha Comemorativa do I Centenário - Caixa Beneficente da Polícia Militar do Estado de São Paulo, Caixa Beneficente da Polícia Militar do Estado de São Paulo. |
| 2018 | Medalha General Euclydes Figueiredo, Sociedade Veteranos de 32 - MMDC. |
| 2017 | Medalha do Mérito Judiciário Militar Paulista, Justiça Militar do Estado de São Paulo. |
| 2017 | Grau de Grande-Oficial, Tribunal Regional do Trabalho da 2ª Região - Conselho da Ordem do Mérito Judiciário do Trabalho. |
| 2016 | Medalha &quot;Paulo Bomfim - Príncipe dos Poetas&quot;, Núcleo MMDC Tribunal de Justiça de São Paulo - Sociedade Veteranos de 32.. |
| 2016 | Medalha Brigadeiro Tobias, Polícia Militar do Estado de São Paulo. |
| 2008 | Aprovado em 1º lugar no concurso de seleção de Professor de Direito Comercial para o curso de graduação, Pontifícia Universidade Católica de São Paulo - PUCSP. |
| 2007 | Aprovado em 1º lugar no concurso de credenciamento para Professor na área de Direito Comercial do Programa de Estudos Pós-graduados em Direito, Pontifícia Universidade Católica - PUCSP. |

## Scientific, Technological, Artistic and Cultural Production

### Bibliographical Production

### Articles in Scientific Journals

1. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. ; Pedro Eduardo Clemesha . Reflexões sobre o voto plural: perspectivas para a admissão de estruturas societárias com duas ou mais classes de ações com direito de voto diferenciado no direito brasileiro.. REVISTA DE DIREITO BANCÁRIO DO MERCADO DE CAPITAIS E DA ARBITRAGEM, v. 92, p. 159-184, 2021.

2. CALÇAS, MANOEL DE QUEIROZ PEREIRA ; DEZEM, R. M. M. M. . A supervisão Judicial após a concessão da recuperação judicial a partir das alterações trazidas pela Lei nº 14.112/2020. REVISTA DO ADVOGADO, v. 150, p. 155-161, 2021.

3. **doi>** CALÇAS, MANOEL DE QUEIROZ PEREIRA ; SILVA, RUTH MARIA JUNQUEIRA DE ANDRADE PEREIRA E ; GARCIA, THIAGO MUNARO . A LIMITAÇÃO DA REMUNERAÇÃO DO ADMINISTRADOR JUDICIAL DA FALÊNCIA E RECUPERAÇÃO JUDICIAL NA PERSPECTIVA DA PRESERVAÇÃO DA EMPRESA. Revista Jurídica- Unicuritiba, v. 1, p. 544-572, 2020.

4. CALÇAS, M. Q. P. . Depoimento - Manoel de Queiroz Pereira Calças. CADERNOS FGV PROJETOS, v. ANO 13, p. 24-28, 2018.

5. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. . Reflexões sobre os Requisitos Legais da Ação Renovatória. Revista Jurídica- Unicuritiba, v. 2, p. 1-14, 2017.

6. CALÇAS, M. Q. P. ; DEZEM, R. M. M. M. . A contagem dos prazos da Lei de Recuperação Judicial (n. 11.101/05) a partir da vigência do novo Código de Processo Civil.. Revista Thesis Juris, v. 5, p. 832-849, 2016.

7. CALÇAS, M. Q. P. . Comentário Doutrinário ao REsp 547.794-PR. Revista do Superior Tribunal de Justiça, v. II, p. 798-803, 2015.

8. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. . Reflexões sobre a Jurisprudência em Face da Cessão Fiduciária de Créditos na Recuperação Judicial. Revista Brasileira de Direito Comercial, v. 01, p. 44-57, 2014.

9. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. . O Empresário no Código Civil e na Lei de Falência e Recuperação. Revista Jurídica Empresarial, v. 18, p. 11-26, 2011.

10. CALÇAS, M. Q. P. . Novação Recuperacional. Revista do Advogado, v. 105, p. 115-128, 2009.

11. CALÇAS, M. Q. P. . Do pedido de restituição e dos embargos de terceiro. Revista de Direito Bancário e do Mercado de Capitais, v. 36, p. 260-278, 2007.

12. CALÇAS, M. Q. P. . Do pedido de restituição e dos embargos de terceiro. Revista Autônoma de Processo, v. 4, p. 233-256, 2007.

13. CALÇAS, M. Q. P. . A nova lei de recuperação de empresas e falências: repercussão no Direito do Trabalho. Revista do Tribunal Superior do Trabalho, v. 73, p. 39-54, 2007.

14. CALÇAS, M. Q. P. . Da ineficácia e da revogação dos atos praticados antes da falência. Revista do Advogado (São Paulo), São Paulo, p. 89-97, 2005.

15. CALÇAS, M. Q. P. . O empresário no Código Civil. Revista do Advogado (São Paulo), São Paulo, p. 87-92, 2005.

16. CALÇAS, M. Q. P. . A sociedade Simples no Código Civil. Revista do Instituto de Pesquisas e Estudos, v. 41, p. 171-187, 2004.

17. ⭐ CALÇAS, M. Q. P. . A capacidade para contratar sociedade limitada no novo Código Civil. Revista do Advogado (São Paulo), São Paulo, v. 71, p. 65-72, 2003.

18. ⭐ CALÇAS, M. Q. P. . Arrendamento Mercantil. Revista do Instituto de Pesquisas e Estudos, Bauru, v. 37, p. 341-363, 2003.

19. ⭐ CALÇAS, M. Q. P. . A Sociedade de Responsabilidade Limitada no Novo Código Civil: Dos Sócios e da Desconsideração da Personalidade Jurídica na Sociedade Limitada. Revista do Tribunal Regional do Trabalho da 3. Região, Belo Horizonte, v. 66, p. 33-60, 2002.

20. CALÇAS, M. Q. P. . Revisão judicial de contratos entre empresários. Revista do Instituto de Pesquisas e Estudos, v. 28, p. 35-67, 2000.

21. CALÇAS, M. Q. P. . Dos Recursos Extraordinário e Especial à luz da Nova Constituição Federal. Revista de Processo, v. 62, p. 243-249, 1990.

22. CALÇAS, M. Q. P. . Dos recursos extraordinário e especial a luz da Nova Constituição Federal. Jurisprudência do Tribunal de Justiça, v. 124, p. 13-18, 1990.

### Book Published/Organized

1. CALÇAS, MANOEL DE QUEIROZ PEREIRA ; Mello Guerra ; Sousa Zanetti ; MELO, D. L. M. ; ZULIANI, E. S. ; MENKE, F. ; MARTINS, F. R. ; NANNI, G. E. ; GAMA, G. N. ; WAISBERG, I. ; BENACCHIO, M. . . 3. ed. São Paulo SP: Thomson Reuters Brasil, 2023. v. 1. 1982 p.

2. CALÇAS, M. Q. P. . . 1. ed. São Paulo: Editora Quartier Latin do Brasil, 2022. v. V. 828 p.

3. CALÇAS, M. Q. P. . . 1. ed. São Paulo: Revista do Tribunais, 2022. v. I. 495 p.

4. CALÇAS, M. Q. P. ; CARDOSO, T. S. ; Nasser de Melo ; Aline Mendes ; Galhardo Palma ; BERNIER, J. R. ; Somesom Tauk ; COSTA, D. C. ; Juliana Loss ; Herdem Lima ; Lucas Lalini ; Oliveira de Rezende ; Rodrigues Filho ; Juliana Biochi ; Juliana Bumachar ; RAMALHO, M. S. ; Amaral Perino ; Rodrigues Garcia ; Oliveira Amado ; Carolina Mascarenhas ; LONGO, S. M. ; CEREZETTI, S. C. N. . . 1. ed. Londrina PR: THOTH, 2022. v. 1. 310 p.

5. Maia da Cunha ; DIAS, M. R. R. P. ; CALÇAS, MANOEL DE QUEIROZ PEREIRA . . 1. ed. São Paulo SP: Contracorrente, 2022. v. 1. 944 p.

6. ⭐ CALÇAS, M. Q. P. . . 1. ed. São Paulo: Editora Atlas S/A, 2003. v. 1. 212 p.

### Book Chapter Published

1. CALÇAS, MANOEL DE QUEIROZ PEREIRA ; CARDOSO, T. S. . . In: Daniel Carnio Costa,. (Org.). Sistema Brasileiro de Insolvência Transnacional. 1 ed. Curitiba PR: Editora Juruá, 2022, v. 1, p. 97-129.

2. CALÇAS, MANOEL DE QUEIROZ PEREIRA ; Ronaldo Francisco ; COSTA, D. C. . . In: Daniel Carnio Costa,. (Org.). Sistema Brasileiro de Insolvência Transnacional. 1 ed. Curitiba PR: Juruá Editora, 2022, v. 1, p. 271-300.

3. ⭐ PUGLIESI, A. V. ; Alberto Camiña Moreira ; MARIANO, A. A. C. ; Arthur Migliari Junior ; Assioni Santos ; Daltro Borges Filho ; Eduardo Mattar ; AZEVEDO, E. V. ; Fabiana Bruno Solano Pereira ; SOUZA JUNIOR, F. S. ; BUSCHINELLI, G. S. K. ; João Pedro Scalzilli ; José Anchieta da Silva ; Juliana Bumachar ; DIAS, L. A. R. ; GOUVEIA, L. A. S. ; SPINELLI, L. F. ; Luiz Fernando Valente de Paiva ; BEZERRA FILHO, M. J. ; SACRAMONE, M. B. ; ADAMEK, M. V. V. ; Maria Cristina Zucche ; RODRIGUES FILHO, O. J. ; CAMPANA FILHO, P. F. ; TOLEDO, P. F. C. S. ; OLIVEIRA FILHO, P. F. ; Paulo Penalva ; DEZEM, R. M. M. M. ; MANGE, R. L. M. ; TEPEDINO, R. ; Rodrigo Tellechea ; CAMILO JUNIOR, R. P. ; BECUE, S. M. F. ; Sergio Campinho ; Simone Barros ; CEREZETTI, S. C. N. ; SERAFIM, T. F. G. ; JUNQUEIRA, T. B. ; Thomas Benes Felsberg ; BOACNIN, V. V. V. ; CALCAS, M. Q. P ; CALÇAS, M. Q. P. . . In: Paulo Fernando Campos Salles de Toledo. (Org.). Comentários à Lei de Recuperação de Empresas. 1 ed. São Paulo: Thomson Reuters Revista Dos Tribunais, 2021, v. 1, p. 741-758.

4. CALÇAS, M. Q. P. ; MARQUES, S. R. M. ; ANDRADE, R. M. J. . . In: Roberto Augusto Castellanos Pfeiffer. (Org.). Lei da Liberdade Econômica Anotada - Lei nº 13.874 de 2019. 2 ed. São Paulo: Quartier Latin, 2020, v. 2, p. 19-27.

5. CALÇAS, M. Q. P. . . In: Giovanni Ettore Nanni. (Org.). Comentários ao Código Civil - Direito Privado Contemporâneo. 1 ed. São Paulo: Saraiva, 2019, v. 1, p. 1371-1481.

6. CALÇAS, M. Q. P. . . In: Giovanni Ettore Nanni. (Org.). Comentários ao Código Civil - Direito Privado Contemporâneo. 1 ed. São Paulo: Saraiva, 2019, v. 1, p. 1490-1523.

7. CALÇAS, M. Q. P. . . In: André Guilherme Lemos Jorge, João Maurício Adeodato e Renata Mota Maciel Madeira Dezem. (Org.). Direito Empresarial - Estruturas e Regulação. 1 ed. São Paulo: Uninove, 2018, v. 1, p. 189-207.

8. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. . . In: Ivo Waisberg e José Horácio Halfeld Rezende Ribeiro. (Org.). Temas de Direito da Insolvência - Estudos em homenagem ao Professor Manoel Justino Bezerra Filho. 1 ed. São Paulo: Editora IASP - Instituto dos Advogados de São Paulo, 2017, v. 1, p. 567-588.

9. Paulo Sales de Toledo ; BEZERRA FILHO, M. J. ; CALÇAS, M. Q. P. ; PUGLIESI, A. V. . . In: Modesto Carvalhosa. (Org.). Tratado de Direito Empresarial - Recuperação Empresarial e Falência. 1 ed. São Paulo: Thomson Reuters - Revista dos Tribunais, 2016, v. V, p. 521-584.

10. CALÇAS, M. Q. P. ; LUCCA, N. ; COSTA, D. C. ; DEZEM, R. M. M. M. ; NAJJARIAN, I. P. N. ; LANCELLOTTI, R. W. ; MAFFIOLETTI, E. U. ; BOITEUX, F. N. ; SACRAMONE, M. B. ; LUCENA, A. ; LEITAO, L. M. T. M. ; ABREU, J. C. ; DOMINGUES, P. T. ; VASCONCELOS, M. P. ; LAMEIRA, J. A. S. ; EPIFANIO, M. R. ; CAMPOS, I. M. ; COSTA, M. F. ; MARTINS, A. S. ; RAMALHO, T. A. . . In: Newton de Lucca;Miguel Pestana de Vasconcelos. (Org.). Falência, Insolvência e Recuperação de Empresas - Estudos Luso-Brasileiros. 1 ed. São Paulo: Quartier Latin do Brasil, 2015, v. 1, p. 15-460.

11. CALÇAS, M. Q. P. ; YARSHELL, F. L. ; PEREIRA, G. S. J. . . In: Yarshell, Flávio Luiz; Pereira, Guilherme Setoguti J.. (Org.). Processo Societário II. 1 ed. São Paulo: Quartier Latin, 2015, v. 2, p. 01-862.

12. CALÇAS, M. Q. P. . . In: Fábio Ulhoa Coelho. (Org.). Tratado de Direito Comercial - Falêmcoa e Recuperação de Empresa e Direito Marítimo. 1 ed. São Paulo: Saraiva, 2015, v. 7, p. 295-315.

13. CALÇAS, M. Q. P. . In: Sheila C. Neder Cerezetti; Emanuelle Urbano Maffioletti. (Org.). Dez Anos da Lei nº 11.101/2005 - Estudos sobre a Lei de Recuperação e Falência. 1 ed. São Paulo: Almedina, 2015, v. 1, p. 407-414.

14. CALÇAS, M. Q. P. . In: FGV Direito SP. (Org.). Tipos Societários. 2 ed. São Paulo: Saraiva, 2014, v. , p. 103-152.

15. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. . In: Daniel Aureo de Castro. (Org.). Direito Imobiliário Atual. 1ª ed. Rio de Janeiro: Elsevier, 2013, v. 1, p. 171-184.

16. CALÇAS, M. Q. P. . In: Flávio Luiz Yarshell e Guilherme Setoguti J. Pereira. (Org.). Processo Societário. 1ª ed. São Paulo: Quartier Latin, 2012, v. , p. 475-488.

17. CALÇAS, M. Q. P. . In: Fábio Ulhoa Coelho e Maria de Fátima Ribeiro. (Org.). Questões de Direito Societário em Portugal e no Brasil. 1ª ed. Coimbra - Portugal: Almedina, 2012, v. , p. 219-251.

18. CALÇAS, M. Q. P. ; BENTO, S. . In: Prof. Dra. Gina Vidal Marcílio Pompeu; e Prof. Dr. Ruy Cardozo de Mello Tucunduva Sobrinho. (Org.). Direito e Sustentabilidade. 1ª ed. Rio de Janeiro: FUNJAB, 2012, v. , p. 13-33.

19. CALÇAS, M. Q. P. . In: Marcelo Vieira von Adamek. (Org.). Temas de direito societário e empresarial contemporâneos. 1ª ed. São Paulo: Malheiros Editores Ltda., 2011, v. , p. 611-623.

20. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. . In: Vladmir Oliveira da Silveira e Orides Mezzaroba. (Org.). Empresa, Sustentabilidade e Funcionalização do Direito. 1ª ed. São Paulo: Revista dos Tribunais, 2011, v. 2, p. 168-190.

21. CALÇAS, M. Q. P. . In: Maria Eugênia Reis Finkelstein; José Marcelo Martins Proença. (Org.). Direito Societário: Tipos Societários - Série GV law. 1ª ed. São Paulo: Editora Saraiva - Fundação Getúlio Vargas, 2009, v. , p. 79-122.

22. CALÇAS, M. Q. P. . In: Arruda Alvim e Angélica Arruda Alvim. (Org.). Atualidades do Direito Civil. Curitiba: Juruá, 2006, v. 1, p. 69-83.

23. CALÇAS, M. Q. P. . Alienação Judiciária na Obra. : Editora Juruá, 2006, v. , p. -.

24. CALÇAS, M. Q. P. . Trabalhos Jurídicos - Edição comemorativa do Segundo Tribunal de Alçada Civil - Jubileu de Prata 1972 - 1997. 1 ed. São Paulo: Editora Oliveira Mendes, 1997, v. 1, p. 173-186.

## Articles in Newspapers/Magazines

1. CALÇAS, M. Q. P. . Empresa Individual de Responsabilidade Limitada. Revista Fórum Jurídico PUCSP, São Paulo, p. 60 - 67, 01 mar. 2012.

2. CALÇAS, M. Q. P. . A segurança jurídica é fator de desenvolvimento. Revista Diálogos & Debates da Escola Paulista de Magistratura, São Paulo, p. 6 - 11, 01 mar. 2012.

## Presentations of Work

1. CALÇAS, M. Q. P. ; CALÇAS, M. Q. P. . Especialização da jurisdição de Direito Empresarial. 2022. (Presentation/Congress).

2. CALÇAS, M. Q. P. . Evolução da Jurisprudência da Recuperação Judicial para o produtor Rural. 2022. (Presentation/Congress).

3. CALÇAS, M. Q. P. . Especialização da Jurisdição Empresarial. 2022. (Presentation/Congress).

4. CALÇAS, MANOEL DE QUEIROZ PEREIRA . Principios Constitucionais da Ordem Econômica e Principios Gerais do Direito Comercial. 2022. (Presentation/Conference or Colloquium).

5. CALÇAS, MANOEL DE QUEIROZ PEREIRA . Panorama das Principais Auterações Introduzidas pela Lei 14.112/20. 2021. (Presentation/Conference or Colloquium).

6. CALÇAS, M. Q. P. ; CALÇAS, MANOEL DE QUEIROZ PEREIRA . Leasing e Alienação Fiduciaria:Principais questões em matéria empresarial.. 2021. (Presentation/Conference or Colloquium).

7. CALÇAS, M. Q. P. . Alterações na Falência Reforma da Lei 11.101?05. 2021. (Presentation/Conference or Colloquium).

8. CALÇAS, M. Q. P. . Insolvência Empresarial. 2021. (Presentation/Conference or Colloquium).

9. CALÇAS, M. Q. P. . Evolução do Direito Societário na Europa e no pós-pandemia. 2021. (Presentation/Conference or Colloquium).

10. CALÇAS, MANOEL DE QUEIROZ PEREIRA . Direito Empresarial no STJ: Empresas, Poder Judiciário e Polítiticas Públicas. 2021. (Presentation/Conference or Colloquium).

11. CALÇAS, MANOEL DE QUEIROZ PEREIRA . Diálogos sobre os desafios da Jurimetria em Matéria de Empresarial. 2021. (Presentation/Conference or Colloquium).

12. CALÇAS, MANOEL DE QUEIROZ PEREIRA . Os Desafios do Tribunal de Justiça de São Paulo. 2021. (Presentation/Conference or Colloquium).

13. CALÇAS, MANOEL DE QUEIROZ PEREIRA . Congresso de Direito Recuperacional. 2021. (Presentation/Conference or Colloquium).

14. CALÇAS, M. Q. P. . Aula Magna: Os princípios gerais dos contratos e os contratos atípicos. 2016. (Presentation/Other).

## Other Kinds of Bibliographical Production a

1. CALÇAS, MANOEL DE QUEIROZ PEREIRA . Bauru, 2021. (Preface, Postface/Preface).

2. YARSHELL, F. L. ; PEREIRA, G. S. J. ; CALÇAS, M. Q. P. . são Paulo, 2021. (Preface, Postface/Preface).

3. CUNHA, F. A. M. ; CALÇAS, MANOEL DE QUEIROZ PEREIRA ; COELHO, Fábio Ulhoa . . São Paulo, 2021. (Preface, Postface/Preface).

4. CALÇAS, M. Q. P. ; SILVA, R. M. J. A. P. E. . Reflexões sobre os Requisitos Legais da Ação Renovatória - Revista Opinião Jurídica 4 - Direito Imobiliário. São Paulo: Secovi, 2016 (Texto publicado em revista).

5. CALÇAS, M. Q. P. . Da Cessão Fiduciária de Créditos na Recuperação Judicial. São Paulo: Opinião Jurídica, 2015 (Texto publicado em revista).

Technical Production

**Technical Works**

1. CALÇAS, M. Q. P. . Audiência Pública a convite da Comissão de Constituição e Justiça e de Cidadania. 2011.

**Other Kinds of Technical Production**

1. CALÇAS, MANOEL DE QUEIROZ PEREIRA . . 2023. (Palestra).
2. CALÇAS, MANOEL DE QUEIROZ PEREIRA . . 2023. (Paletra).
3. CALÇAS, MANOEL DE QUEIROZ PEREIRA . . 2023. (Palestra).
4. CALÇAS, MANOEL DE QUEIROZ PEREIRA . . 2023. (Palestra).
5. CALÇAS, M. Q. P. . . 2021. (Palestra).
6. CALÇAS, MANOEL DE QUEIROZ PEREIRA . . 2021. (Palestra).
7. CALÇAS, M. Q. P. . . 2020. (Palestra).
8. CALÇAS, M. Q. P. . . 2020. (Palestra).
9. CALÇAS, M. Q. P. . . 2019. (Short Course Taught/Other).
10. CALÇAS, M. Q. P. . . 2019. (Palestra).
11. CALÇAS, M. Q. P. . . 2019. (Palestra).
12. CALÇAS, M. Q. P. . . 2019. (Palestra).
13. CALÇAS, M. Q. P. . . 2019. (Palestra).
14. CALÇAS, M. Q. P. . . 2019. (Palestra).
15. CALÇAS, M. Q. P. . . 2019. (Palestra).
16. CALÇAS, M. Q. P. . . 2019. (Palestra).
17. CALÇAS, M. Q. P. . . 2019. (Palestra).
18. CALÇAS, M. Q. P. . . 2018. (Short Course Taught/Other).
19. CALÇAS, M. Q. P. . Direito Empresarial - IV Seminário de Direito das Empresas das Empresas em Dificuldade. 2018. (Radio or TV Program/Interview).
20. CALÇAS, M. Q. P. . 'Processo digital fez a Justiça mais eficiente', afirma presidente do TJ. 2018. (Radio or TV Program/Interview).
21. CALÇAS, M. Q. P. ; NUNES, M. G. ; RIBEIRO, J. H. R. . Varas empresariais, avanço para o Brasil. 2018. (Radio or TV Program/Interview).
22. CALÇAS, M. Q. P. . . 2018. (Palestra).
23. CALÇAS, M. Q. P. . . 2018. (Palestra).
24. CALÇAS, M. Q. P. . . 2018. (Palestra).
25. CALÇAS, M. Q. P. . . 2018. (Palestra).
26. CALÇAS, M. Q. P. . . 2018. (Palestra).
27. CALÇAS, M. Q. P. . . 2018. (Palestra).
28. CALÇAS, M. Q. P. . . 2018. (Palestra).
29. CALÇAS, M. Q. P. . . 2018. (Palestra).
30. CALÇAS, M. Q. P. . . 2018. (Palestra).
31. CALÇAS, M. Q. P. . . 2018. (Palestra).
32. CALÇAS, M. Q. P. . . 2018. (Palestra).

33. CALÇAS, M. Q. P. . . 2018. (Palestra).

34. CALÇAS, M. Q. P. . . 2018. (Palestra).

35. CALÇAS, M. Q. P. . . 2018. (Palestra).

36. CALÇAS, M. Q. P. . . 2018. (Palestra).

37. CALÇAS, M. Q. P. . . 2018. (Palestra).

38. CALÇAS, M. Q. P. . . 2018. (Palestra).

39. CALÇAS, M. Q. P. . . 2018. (Palestra).

40. CALÇAS, M. Q. P. . . 2018. (Palestra).

41. CALÇAS, M. Q. P. . SP poderá ter 3ª Vara de Recuperação Judicial e Falência. 2017. (Radio or TV Program/Interview).

42. CALÇAS, M. Q. P. . SP poderá ter 3ª Vara de Recuperação Judicial e Falência. 2017. (Radio or TV Program/Interview).

43. CALÇAS, M. Q. P. . A outra face da Corregedoria - Pereira Calças discorre sobre o desafio de direcionar 65 mil servidores. 2017. (Radio or TV Program/Interview).

44. CALÇAS, M. Q. P. . Vamos salvar a organização, não o empresário. 2017. (Radio or TV Program/Interview).

45. CALÇAS, M. Q. P. ; BARBOSA FILHO, Marcelo Fortes ; SOUZA JUNIOR, F. S. ; BAPTISTA, L. O. . . 2017. (Palestra).

46. CALÇAS, M. Q. P. . . 2017. (Palestra).

47. CALÇAS, M. Q. P. . . 2017. (Palestra).

48. CALÇAS, M. Q. P. . . 2017. (Palestra).

49. CALÇAS, M. Q. P. . . 2017. (Palestra).

50. CALÇAS, M. Q. P. . . 2017. (Palestra).

51. CALÇAS, M. Q. P. . . 2017. (Palestra).

52. CALÇAS, M. Q. P. . . 2017. (Palestra).

53. CALÇAS, M. Q. P. . . 2017. (Palestra).

54. CALÇAS, M. Q. P. . . 2017. (Palestra).

55. CALÇAS, M. Q. P. . Entrevista - Manoel de Queiroz Pereira Calças. 2016. (Radio or TV Program/Interview).

56. CALÇAS, M. Q. P. . Os impactos do novo CPC na prática forense. 2016. (Radio or TV Program/Interview).

57. CALÇAS, M. Q. P. . . 2016. (Palestra).

58. CALÇAS, M. Q. P. . . 2016. (Palestra).

59. CALÇAS, M. Q. P. . . 2016. (Palestra).

60. CALÇAS, M. Q. P. . . 2016. (Palestra).

61. CALÇAS, M. Q. P. . . 2016. (Palestra).

62. CALÇAS, M. Q. P. . . 2016. (Palestra).

63. CALÇAS, M. Q. P. . Tribunais reduzem honorários de administradores judiciais. 2015. (Radio or TV Program/Interview).

64. CALÇAS, M. Q. P. . Lava Jato e crise econômica elevaram pedidos de recuperação judicial. 2015. (Radio or TV Program/Interview).

65. CALÇAS, M. Q. P. . Manoel Pereira Calças: Admissibilidade recursal no novo CPC gera preocupação, mas tem solução. 2015. (Radio or TV Program/Interview).

66. CALÇAS, M. Q. P. . . 2015. (Palestra).

67. CALÇAS, M. Q. P. . . 2015. (Palestra).

68. CALÇAS, M. Q. P. . . 2015. (Palestra).

69. CALÇAS, M. Q. P. . . 2015. (Palestra).

70. CALÇAS, M. Q. P. . . 2015. (Palestra).

71. CALÇAS, M. Q. P. . . 2015. (Palestra).

72. CALÇAS, M. Q. P. . . 2015. (Palestra).

73. CALÇAS, M. Q. P. . . 2015. (Palestra).

**74.** CALÇAS, M. Q. P. . . 2015. (Palestra).

**75.** CALÇAS, M. Q. P. . . 2015. (Palestra).

**76.** CALÇAS, M. Q. P. . . 2015. (Palestra).

**77.** CALÇAS, M. Q. P. . . 2015. (Palestra).

**78.** CALÇAS, M. Q. P. . . 2014. (Palestra).

**79.** CALÇAS, M. Q. P. . . 2014. (Palestra).

**80.** CALÇAS, M. Q. P. . . 2014. (Palestra).

**81.** CALÇAS, M. Q. P. . . 2014. (Palestra).

**82.** CALÇAS, M. Q. P. . . 2014. (Palestra).

**83.** CALÇAS, M. Q. P. . . 2014. (Palestra).

**84.** CALÇAS, M. Q. P. . . 2014. (Grupo de Trabalho - Juristas de notório saber).

**85.** CALÇAS, M. Q. P. . . 2014. (Grupo de Trabalho - Juristas de notório saber).

**86.** CALÇAS, M. Q. P. . . 2013. (Palestra).

**87.** CALÇAS, M. Q. P. . . 2013. (Palestra).

**88.** CALÇAS, M. Q. P. . . 2013. (Palestra).

**89.** CALÇAS, M. Q. P. . . 2013. (Palestra).

**90.** CALÇAS, M. Q. P. . A segurança jurídica é fator de desenvolvimento. 2012. (Radio or TV Program/Interview).

**91.** CALÇAS, M. Q. P. . . 2012. (Grupo de Trabalho - Juristas de notório saber).

**92.** CALÇAS, M. Q. P. . . 2012. (Palestra).

**93.** CALÇAS, M. Q. P. . . 2012. (Palestra).

**94.** CALÇAS, M. Q. P. . . 2011. (Palestra).

**95.** CALÇAS, M. Q. P. . . 2011. (Palestra).

**96.** CALÇAS, M. Q. P. . . 2010. (Palestra).

**97.** CALÇAS, M. Q. P. . . 2010. (Palestra).

**98.** CALÇAS, M. Q. P. . . 2010. (Palestra).

**99.** CALÇAS, M. Q. P. . . 2010. (Palestra).

**100.** CALÇAS, M. Q. P. . . 2010. (Palestra).

**101.** CALÇAS, M. Q. P. . . 2010. (Palestra).

**102.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**103.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**104.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**105.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**106.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**107.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**108.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**109.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**110.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**111.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**112.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**113.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**114.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**115.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**116.** CALÇAS, M. Q. P. . . 2009. (Palestra).

**117.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**118.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**119.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**120.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**121.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**122.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**123.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**124.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**125.** CALÇAS, M. Q. P. . . 2008. (Palestra).

**126.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**127.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**128.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**129.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**130.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**131.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**132.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**133.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**134.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**135.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**136.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**137.** CALÇAS, M. Q. P. . . 2007. (Palestra).

**138.** CALÇAS, M. Q. P. . . 2006. (Palestra).

**139.** CALÇAS, M. Q. P. . . 2006. (Palestra).

**140.** CALÇAS, M. Q. P. . . 2006. (Palestra).

**141.** CALÇAS, M. Q. P. . . 2006. (Palestra).

**142.** CALÇAS, M. Q. P. . . 2006. (Palestra).

**143.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**144.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**145.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**146.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**147.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**148.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**149.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**150.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**151.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**152.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**153.** CALÇAS, M. Q. P. . . 2005. (Palestra).

**154.** CALÇAS, M. Q. P. . . 2004. (Palestra).

**155.** CALÇAS, M. Q. P. . . 2004. (Palestra).

**156.** CALÇAS, M. Q. P. . . 2004. (Palestra).

**157.** CALÇAS, M. Q. P. . . 2004. (Palestra).

**158.** CALÇAS, M. Q. P. . . 2003. (Palestra).

**159.** CALÇAS, M. Q. P. . . 2003. (Palestra).

**160.** CALÇAS, M. Q. P. . . 2003. (Palestra).

**161.** CALÇAS, M. Q. P. . . 2003. (Palestra).

**162.** CALÇAS, M. Q. P. . . 2003. (Palestra).

**163.** CALÇAS, M. Q. P. . . 2003. (Palestra).

**164.** CALÇAS, M. Q. P. . . 2002. (Palestra).

**165.** CALÇAS, M. Q. P. . . 2002. (Palestra).

**166.** CALÇAS, M. Q. P. . . 2001. (Palestra).

**167.** CALÇAS, M. Q. P. . . 2001. (Palestra).

**168.** CALÇAS, M. Q. P. . . 1999. (Short Course Taught/Extension).

**169.** CALÇAS, M. Q. P. . . 1999. (Palestra).

**170.** CALÇAS, M. Q. P. . . 1998. (Palestra).

**171.** CALÇAS, M. Q. P. . . 1998. (Palestra).

**172.** CALÇAS, M. Q. P. . . 1990. (Palestra).

**173.** CALÇAS, M. Q. P. . . 1990. (Palestra).

**174.** CALÇAS, M. Q. P. . . 1987. (Palestra).

**175.** CALÇAS, M. Q. P. . . 1987. (Palestra).

**176.** CALÇAS, M. Q. P. . . 1987. (Palestra).

**177.** CALÇAS, M. Q. P. . . 1985. (Palestra).

**178.** CALÇAS, M. Q. P. . . 1985. (Palestra).

**179.** CALÇAS, M. Q. P. . . 1982. (Palestra).

**180.** CALÇAS, M. Q. P. . . 1982. (Palestra).

**181.** CALÇAS, M. Q. P. . . 1982. (Palestra).

**182.** CALÇAS, M. Q. P. . . 1982. (Palestra).

**183.** CALÇAS, M. Q. P. . . 1982. (Palestra).

Other works

**1.** CALÇAS, M. Q. P. ; WAISBERG, I. ; Alberto Camiña Moreira ; SACRAMONE, M. B. ; VASCONCELOS, R. . . 2017 (Membro de Comissão de Estudos).

**2.** CALÇAS, M. Q. P. . . 2017 (Membro de Comissão de Estudos).

**3.** CALÇAS, M. Q. P. ; WAISBERG, I. ; Alberto Camiña Moreira ; SACRAMONE, M. B. ; VASCONCELOS, R. . . 2016 (Membro de Comissão de Estudos).

**Boards**

Participation in Course Completion Works Examination Boards

**Dissertation**

**1.** CALÇAS, MANOEL DE QUEIROZ PEREIRA; COSTA, D. C.; BEZERRA FILHO, M. J.. Participation In Board of Tadeu Santos Cardoso. 2023. Dissertation (Master's in Curso no nível de Mestrado) - Universidade Nove de Julho.

**2.** BENACCHIO, M.; Marco Fabio Morsello; CALCAS, M. Q. P.; CALÇAS, MANOEL DE QUEIROZ PEREIRA. Participation In Board of Emanuelle Clayre Silva Banhos. 2022. Dissertation (Master's in Curso no nível de Mestrado) - Universidade Nove de Julho.

**3.** Duarte. Nestor; Marco Fabio Morsello; CALCAS, M. Q. P.; CALÇAS, M. Q. P.. Participation In Board of Paulo Sergio Romero Vicente Rodrigues. 2022. Dissertation (Master's in Mestrado em direito) - Faculdade de Direito da USP.

4. CALÇAS, M. Q. P.; PUGLIESI, A. V.; Juliana Krueger Pela; DEZEM, R. M. M. M.. Participation In Board of Camila Otani Nishi. A Cláusula de Sandbagging em contratos de alienação de participação societária. 2022. Dissertation (Master's in Mestrado em direito) - Faculdade de Direito da USP.

5. ANDRADE, R. M. J.; CALÇAS, M. Q. P.; Domingues Moreira. Participation In Board of Carlos Alberto Martins Junior. 2022. Dissertation (Master's in direito) - Centro Universitário de Bauru.

6. CALÇAS, MANOEL DE QUEIROZ PEREIRA; Sergio da Silveira; Omaz de Oliveira. Participation In Board of Felipe Barbi Scavazzini. 2022. Dissertation (Master's in direito) - Universidade de Riberão Preto.

7. CALÇAS, M. Q. P.; MARQUES, S. R. M.; LEITE, F. P. A.. Participation In Board of Ylka Iris Beltrão Lima. 2021. Dissertation (Master's in Mestrado em Direito) - Universidade Nove de Julho.

8. PFLUG, S. R. M.; LEITE, F. P. A.; CALÇAS, MANOEL DE QUEIROZ PEREIRA. Participation In Board of João Fabio Tarelov. 2021. Dissertation (Master's in em Direito) - Universidade Nove de Julho.

9. CALÇAS, MANOEL DE QUEIROZ PEREIRA; DEZEM, R. M. M. M.; LEITE, F. P. A.. Participation In Board of Luiz Fernando Salles Giannellini. 2021. Dissertation (Master's in em Direito) - Universidade Nove de Julho.

10. CALÇAS, M. Q. P.; WAISBERG, I.; ALMEIDA, M. E. M.. Participation In Board of Eduardo Azuma Nishi. 2020. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

11. DEZEM, R. M. M. M.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Viviane Aparecida Rocha Machado. 2019. Dissertation (Master's in Mestrado em Direito) - Universidade Nove de Julho.

12. SOUZA JUNIOR, F. S.; SACRAMONE, M. B.; DEZEM, R. M. M. M.; CALÇAS, M. Q. P.. Participation In Board of Adriana Maria Cruz Dias de Oliveira. 2018. Dissertation (Master's in Direito) - Faculdade de Direito da Universidade de São Paulo.

13. BRAGA, S. P.; GONZAGA, A. L. T. A.; CALÇAS, M. Q. P.. Participation In Board of Francisco Benedito Fernandes. 2018. Dissertation (Master's in Mestrado em Direito) - Universidade Nove de Julho.

14. SACRAMONE, M. B.; DEZEM, R. M. M. M.; PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Gustavo Pontes Jacunskas. 2018. Dissertation (Master's in Direito) - Universidade de São Paulo.

15. SACRAMONE, M. B.; DEZEM, R. M. M. M.; PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Carolina Mansur da Cunha Pedro. 2018. Dissertation (Master's in Direito) - Faculdade de Direito da Universidade de São Paulo.

16. CALÇAS, M. Q. P.. Participation In Board of Vinicius Rodrigues de Freitas. 2018. Dissertation (Master's in Mestrado) - Instituição Toledo de Ensino.

17. CALÇAS, M. Q. P.. Participation In Board of Vivian Cristina Garcia de Freitas. 2018. Dissertation (Master's in Mestrado) - Instituição Toledo de Ensino.

18. CARMONA, C. A.; SILVA, F. T.; CALÇAS, M. Q. P.. Participation In Board of Aline Beatriz Henriques Oliveira Dias. 2017. Dissertation (Master's in Direito) - Universidade de São Paulo.

19. SANCHES, S. H. D. F. N.; KNOERR, V. C. S.; TUCUNDUVA, R. C. M.; KNOERR, F. G.; CALÇAS, M. Q. P.. Participation In Board of Alexandre Bucci. 2016. Dissertation (Master's in Mestrado em Direito) - Universidade Nove de Julho.

20. SILVEIRA, V. O.; KNOERR, F. G.; SOUZA, J. F. V.; TRAVASSOS, A. L.; CALÇAS, M. Q. P.. Participation In Board of Maria Angélica Chichera dos Santos. 2016. Dissertation (Master's in Mestrado em Direito) - Universidade Nove de Julho.

21. Shimura, Sérgio; Alberto Camiña Moreira; CALÇAS, M. Q. P.. Participation In Board of Candice Buckley Bittencourt Silva. 2016. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

22. CALÇAS, M. Q. P.. Participation In Board of Maria Fabiana Seoane Dominguez Santan. 2015. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

23. WAISBERG, I.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Luiz Gonzaga Modesto de Paula. 2014. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

24. COELHO, Fábio Ulhoa; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Fernando Antonio Maia da Cunha. 2014. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

25. WAISBERG, I.; Duarte. Nestor; CALÇAS, M. Q. P.. Participation In Board of Pedro Cordelli Alves. 2014. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

26. ANDREUCCI, A. G. A.; WAISBERG, I.; CALÇAS, M. Q. P.. Participation In Board of Camila Aparecida Borges. 2014. Dissertation (Master's in em Direito) - Universidade Nove de Julho.

27. YARSHELL, F. L.; AZEVEDO, E. V.; CALÇAS, M. Q. P.. Participation In Board of Guilherme Setoguti Julio Pereira. 2013. Dissertation (Master's in Direito Processual) - Universidade de São Paulo.

28. Newton Silveira; GARCIA, B. V.; CALÇAS, M. Q. P.. Participation In Board of Ana Paula de Oliveira Comodo. 2013. Dissertation (Master's in Direito Comercial) - Universidade de São Paulo.

29. FORGIONI, P. A.; NUSDEO, Fabio; CALÇAS, M. Q. P.. Participation In Board of Paulo Felipe Carneiro de Freitas. 2013. Dissertation (Master's in Direito Comercial) - Universidade de São Paulo.

30. PENTEADO, M. R.; VERCOSA, H. M. D.; CALÇAS, M. Q. P.. Participation In Board of Pedro Rebello Bortolini. 2013. Dissertation (Master's in Direito Comercial) - Universidade de São Paulo.

31. FILARDI, R. A.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Carla Smith de Vasconcellos Crippa. 2013. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

32. MORO, M. C. F.; LISBOA, R. S.; CALÇAS, M. Q. P.. Participation In Board of Vanessa Toqueiro Ripari. 2013. Dissertation (Master's in Direito) - Universidade Nove de Julho.

**33.** SANCHES, S. H. D. F. N.; SELLOS, V.; CALÇAS, M. Q. P.. Participation In Board of Fábio Bonilha Curi. 2013. Dissertation (Master's in Mestrado em Direito) - Universidade Nove de Julho.

**34.** PFLUG, S. R. M.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Simone Bento. 2013. Dissertation (Master's in Mestrado em Direito) - Universidade Nove de Julho.

**35.** FILARDI, R. A.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Silvio Dutra. 2013. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**36.** WAISBERG, I.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Adriana Paiva Vasconcelos. 2013. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**37.** FILARDI, R. A.; TIMM, L. B.; CALÇAS, M. Q. P.. Participation In Board of Rodolfo Rubens Martins Correa. 2012. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**38.** ALVIM, E. A.; SILVEIRA, V. O.; CALÇAS, M. Q. P.. Participation In Board of Nathalia Correia Pompeu. 2011. Dissertation (Master's in Direito) - Faculdade Autônoma de Direito de São Paulo.

**39.** FORGIONI, P. A.; Francisco Satiro de Souza Júnior; CALÇAS, M. Q. P.. Participation In Board of Anna Beatriz Alves Margoni. 2011. Dissertation (Master's in Direito) - Universidade de São Paulo.

**40.** FILARDI, R. A.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Camila Ramos Moreira. 2011. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**41.** COELHO, Fábio Ulhoa; FILARDI, R. A.; CALÇAS, M. Q. P.. Participation In Board of Pedro Henrique Laranjeira Barbosa. 2011. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**42.** AZEVEDO, E. V.; Francisco Satiro de Souza Júnior; CALÇAS, M. Q. P.. Participation In Board of Evy Cynthia Marques. 2010. Dissertation (Master's in Direito) - Universidade de São Paulo.

**43.** TOLEDO, P. F. C. S.; Francisco Satiro de Souza Júnior; CALÇAS, M. Q. P.. Participation In Board of Fernanda dos Santos Teixeira. 2010. Dissertation (Master's in Direito) - Universidade de São Paulo.

**44.** ROMAR, C.T.M.; MASCARO, A. N.; CALÇAS, M. Q. P.. Participation In Board of Fernanda Garcez Lopes de Souza. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**45.** COELHO, Fábio Ulhoa; Adalberto Simão Filho; CALÇAS, M. Q. P.. Participation In Board of Tae Young Cho. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**46.** BEZERRA FILHO, M. J.; ALMEIDA, M. E. M.; CALÇAS, M. Q. P.. Participation In Board of Fernanda Cristina Villa Gonzalez. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**47.** FILARDI, R. A.; MASSO, F. D.; CALÇAS, M. Q. P.. Participation In Board of Karina Santos do Prado. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**48.** Rovai, Armando Luiz; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Eduardo Foz Mange. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**49.** LOPES, J. B.; MAGRI, B.S.N.; CALÇAS, M. Q. P.. Participation In Board of Fernanda Siqueira Cunha de Souza. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**50.** WAISBERG, I.; AZEVEDO, E. V.; CALÇAS, M. Q. P.. Participation In Board of Paulo Eduardo Ramos de Araújo Penna. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**51.** FILARDI, R. A.; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Bruno Menezes Brasil. 2010. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**52.** De Lucca, N.; Najjarian, Ilene Patrícia de Noronha; CALÇAS, M. Q. P.. Participation In Board of Wilson Cunha Campos. 2010. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

**53.** ALMEIDA, M. E. M.; Rovai, Armando Luiz; CALÇAS, M. Q. P.. Participation In Board of Rodrigo Ruete Gasparetto. 2009. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**54.** COELHO, Fábio Ulhoa; MUNHOZ, E. S.; CALÇAS, M. Q. P.. Participation In Board of Rodrigo Rocha Monteiro de Castro. 2009. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**55.** Rogério José Ferraz Donnini; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Guilherme de Macedo Soares. 2009. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**56.** FILARDI, R. A.; BARBOSA FILHO, Marcelo Fortes; CALÇAS, M. Q. P.. Participation In Board of Fábio Ferreira Lanzana Pereira. 2009. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**57.** WAISBERG, I.; BARBOSA FILHO, Marcelo Fortes; CALÇAS, M. Q. P.. Participation In Board of Tania Lehmann Hernandez. 2009. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**58.** COELHO, Fábio Ulhoa; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Luiz Fernando Valente de Paiva. 2009. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**59.** AZEVEDO, E. V.; Paulo Sales de Toledo; CALÇAS, M. Q. P.. Participation In Board of Patrícia Barbi Costa. 2009. Dissertation (Master's in Direito) - Universidade de São Paulo.

**60.** COELHO, Fábio Ulhoa; TOLEDO, P. F. C. S.; CALÇAS, M. Q. P.. Participation In Board of Bruno Pierin Furiati. 2009. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**61.** De Lucca, N.; CAMBLER, E.A.; CALÇAS, M. Q. P.. Participation In Board of Waine Domingos Peron. 2009. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

62. COELHO, Fábio Ulhoa; Francisco Satiro de Souza Júnior; CALÇAS, M. Q. P.. Participation In Board of Livinston Martins Bauermeister. 2008. Dissertation (Master's in Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

63. COELHO, Fábio Ulhoa; PENTEADO, M. R.; CALÇAS, M. Q. P.. Participation In Board of Roberta de Oliveira e Corvo Ribas. 2008. Dissertation (Master's in Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

64. ALMEIDA, M. E. M.; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Roberto Fleury de Almeida Arruda Camargo. 2008. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

65. Rogério José Ferraz Donnini; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Kenneth Antunes Ferreira. 2008. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

66. MASSO, F. D.; Villas Bôas Filho, Orlando; CALÇAS, M. Q. P.. Participation In Board of Luiz Gustavo Friggi Rodrigues. 2008. Dissertation (Master's in Direito) - Universidade Presbiteriana Mackenzie.

67. ALMEIDA, M. E. M.; Carvalhosa, Modesto; CALÇAS, M. Q. P.. Participation In Board of Patrícia Bolina Pellini. 2008. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

68. Shimura, Sérgio; Alberto Camiña Moreira; CALÇAS, M. Q. P.. Participation In Board of Paula Villanacci Alves. 2008. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

69. Rolando Maria da Luz; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Paulo Roberto Vigna. 2008. Dissertation (Master's in Direito) - Faculdade Autônoma de Direito.

70. COELHO, Fábio Ulhoa; AZEVEDO, E. V.; CALÇAS, M. Q. P.. Participation In Board of Vivian Labruna. 2008. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

71. AHUALLI, T. M.; FORGIONI, P. A.; CALÇAS, M. Q. P.. Participation In Board of Andreza Sanches Doro. 2007. Dissertation (Master's in Função Social do Direito) - Faculdade Autônoma de Direito.

72. BARBOSA FILHO, Marcelo Fortes; CALÇAS, M. Q. P.. Participation In Board of Gaudêncio Mitsuo Kashio. 2007. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

73. BARBOSA FILHO, Marcelo Fortes; MASSO, F. D.; CALÇAS, M. Q. P.. Participation In Board of Oswaldo André Fabris. 2007. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

74. BARBOSA FILHO, Marcelo Fortes; MASSO, F. D.; CALÇAS, M. Q. P.. Participation In Board of Ivo Cordeiro Pinho Timbo. 2007. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

75. CELLI JUNIOR, U.; DALLARI, Pedro de Abreu.; CALÇAS, M. Q. P.. Participation In Board of Caio Carlos Cruz Ferreira Silva. 2007. Dissertation (Master's in Direito) - Universidade de São Paulo.

76. COELHO, Fábio Ulhoa; PROENÇA, J.M.Martins; CALÇAS, M. Q. P.. Participation In Board of Shirley Meschke Mendes Franklin de Oliveira. 2007. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

77. AHUALLI, T. M.; TEIXEIRA, J. G. B.; CALÇAS, M. Q. P.. Participation In Board of Ralpho Waldo de Barros Monteiro Filho. 2007. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

78. COELHO, Fábio Ulhoa; FORGIONI, P. A.; CALÇAS, M. Q. P.. Participation In Board of Pedro Marceli Dittrich. 2007. Dissertation (Master's in Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

79. ALVIM, José Manoel de Arruda; TEIXEIRA, J. G. B.; CALÇAS, M. Q. P.. Participation In Board of Daniel Fernandes Claro. 2007. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

80. Rolando Maria da Luz; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Fábio Aguiar Munhoz Soares. 2007. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

81. Rogério José Ferraz Donnini; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Márcio Eduardo Riego Cots. 2007. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

82. Rogério José Ferraz Donnini; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of José Ailton Garcia. 2007. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

83. De Lucca, N.; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Piraci Ubiratan de Oliveira. 2007. Dissertation (Master's in Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

84. Teresa Ancona Lopez; FRONTINI, P. S.; CALÇAS, M. Q. P.. Participation In Board of Luiz Felipe Duarte Martins Costa. 2006. Dissertation (Master's in Direito) - Universidade de São Paulo.

85. AZEVEDO, E. V.; TOMASETTI JUNIOR, A.; CALÇAS, M. Q. P.. Participation In Board of Mauro Bardawil Penteado. 2006. Dissertation (Master's in Direito) - Universidade de São Paulo.

86. ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Olivar Augusto Roberti Coneglian. 2006. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

87. ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Charles Stevan Prieto Azevedo. 2006. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

88. ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Célia Cristina Martinho. 2006. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

89. ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de; CALÇAS, M. Q. P.. Participation In Board of Jefferson Fernandes Negri. 2006. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

90. BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio; CALÇAS, M. Q. P.. Participation In Board of Ricardo Scatolini. 2006. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

**91.** Paulo Sales de Toledo; PENTEADO, M. R.; CALÇAS, M. Q. P.. Participation In Board of Marcelo Lucon. 2006. Dissertation (Master's in Direito) - Universidade de São Paulo.

**92.** BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio; CALÇAS, M. Q. P.. Participation In Board of José Marcello Monteiro Gurgel. 2005. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

**93.** COELHO, Fábio Ulhoa; MASSO, F. D.; CALÇAS, M. Q. P.. Participation In Board of Ana Lúcia Alves da Costa Arduin. 2005. Dissertation (Master's in Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

**94.** BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio; CALÇAS, M. Q. P.. Participation In Board of José Marcello Monteiro Gurgel. 2005. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

**95.** paulo salvador frontini; AZEVEDO, E. V.; CALÇAS, M. Q. P.. Participation In Board of Tânia Pantano. 2005. Dissertation (Master's in Direito) - Universidade de São Paulo.

**96.** BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio; CALÇAS, M. Q. P.. Participation In Board of Brunno Pandori Giancoli. 2005. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

**97.** BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio; CALÇAS, M. Q. P.. Participation In Board of Ricardo Scatolini. 2005. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

**98.** Gianpaolo Smanio; BARBOSA FILHO, Marcelo Fortes; CALÇAS, M. Q. P.. Participation In Board of Tasso Duarte de Melo. 2004. Dissertation (Master's in Direito Comercial) - Universidade Presbiteriana Mackenzie.

**99.** BARBOSA FILHO, Marcelo Fortes; Milton Paulo de Carvalho; CALÇAS, M. Q. P.. Participation In Board of Simone de Oliveira Lara Marcondes Pereira. 2004 - Universidade Presbiteriana Mackenzie.

**100.** COELHO, Fábio Ulhoa; ALMEIDA, M. E. M.; CALÇAS, M. Q. P.. Participation In Board of Sueli Baptista de Souza. 2004. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**101.** MELLO, D.; ALARCON, P. J. L.; CALÇAS, M. Q. P.. Participation In Board of José Carlos Carneiro de Oliveira. 2004. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

**102.** MELLO, D.; ALARCON, P. J. L.; CALÇAS, M. Q. P.. Participation In Board of João Roberto Casali da Silva. 2004. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

**103.** MELLO, D.; ALARCON, P. J. L.; CALÇAS, M. Q. P.. Participation In Board of Luiz Célio Bucceroni. 2004. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

**104.** ALARCON, P. J. L.; MELLO, D.; CALÇAS, M. Q. P.. Participation In Board of José Canorbert Rocha de Araújo. 2004. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

**105.** ALARCON, P. J. L.; MELLO, D.; CALÇAS, M. Q. P.. Participation In Board of Fernanda Eloísa Trecenti. 2004. Dissertation (Master's in Mestrado) - Faculdade de Direito de Bauru.

**106.** BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio; CALÇAS, M. Q. P.. Participation In Board of Arnoldo de Freitas Júnior. 2004. Dissertation (Master's in Mestrado) - Universidade Presbiteriana Mackenzie.

**107.** COELHO, Fábio Ulhoa; Tania Carvalho Siqueira; CALÇAS, M. Q. P.. Participation In Board of Helga Araruna Ferraz de Alvarenga. 2004. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo.

**108.** Donaldo Armelim; José Roberto Bedaque; CALÇAS, M. Q. P.. Participation In Board of Samantha Lopes Alvares. 2003 - Pontifícia Universidade Católica de São Paulo.

**109.** Donaldo Armelim; Paulo Sales de Toledo; CALÇAS, M. Q. P.. Participation In Board of Paulo Sérgio Restiffe. 2003 - Pontifícia Universidade Católica de São Paulo.

**110.** LOPES, J. B.; Sidnei Beneti; CALÇAS, M. Q. P.. Participation In Board of Ruy Coppola Junior. 2003 - Pontifícia Universidade Católica de São Paulo.

### Ph.D. Thesis

**1.** FONSECA, P. M. P. C.; GARCIA, B. V.; ARNOLDI, Paulo; José Duarte Neto; Gustavo Saad Diniz; CALÇAS, M. Q. P.. Participation In Board of Fábio Garcia Leal Ferraz. A desconsideração da personalidade Jurídica e os sócios não gestores da sociedade limitada.. 2022. Thesis (Ph.D. in direito) - Faculdade de Direito da USP.

**2.** ANDRADE, R. M. J.; CALÇAS, M. Q. P.; BEZERRA FILHO, M. J.; RIBEIRO, P. D. M.. Participation In Board of Thiago Murano Garcia. 2022. Thesis (Ph.D. in direito) - Centro Universitário de Bauru.

**3.** CARMONA, C. A.; Selma Lemes; APRIGLIANO, R. C.; CALÇAS, M. Q. P.; SILVA, A. P. M. C. E.; YARSHELL, F. L.. Participation In Board of Renato de Toledo Piza Ferraz. 2022. Thesis (Ph.D. in Direito Comercial) - Universidade de São Paulo.

**4.** CALÇAS, MANOEL DE QUEIROZ PEREIRA; DE LUCCA, N.; Santos de Aragão; Netto Perentoni; DEZEM, R. M. M. M.. Participation In Board of Matheus Souza Ramalho. 2022. Thesis (Ph.D. in Direito) - Faculdade de Direito da Universidade de São Paulo.

**5.** SCAFF, F. C.; Marco Fabio Morsello; BARBOSA FILHO, Marcelo Fortes; Fábio Floriano Meli Martins; Flavia Tentini; CALÇAS, MANOEL DE QUEIROZ PEREIRA. Participation In Board of Francisco de Godoy Bueno. 2021. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

**6.** TUCCI, J. R. C. E.; LUCON, P. H. S.; CALÇAS, MANOEL DE QUEIROZ PEREIRA; DIDIER JUNIOR, F. S.; MIRANDA, G. D.; CARVALHO FILHO, M. P.. Participation In Board of Maria Rita Rebello Pinho Dias. 2021. Thesis (Ph.D. in direito) - Faculdade de Direito da USP.

**7.** TUCCI, J. R. C. E.; LUCON, P. H. S.; DIDIER JUNIOR, F. S.; MIRANDA, G. D.; Milton Paulo de Carvalho; CALÇAS, M. Q. P.. Participation In Board of Maria Rita Rebello Pinho Dias. Novas Perspctivas de Gerenciamento Jurídico. 2021. Thesis (Ph.D. in direito) - Faculdade de Direito da USP.

8. SILVA, R. M. J. A. P. E.; Claudio Domingues Moreira; RAGAZZI, J. L.; Mario Thadeu Leme de Barros Filho; CALÇAS, M. Q. P.. Participation In Board of Alexandre Ferrari Vidotti. 2021. Thesis (Ph.D. in direito) - Instituição Toledo de Ensino.

9. CALÇAS, M. Q. P.; GODOY, C.L.B.; BDINE JR., H.C.; BARBOSA FILHO, Marcelo Fortes; PUSCHEL, F. P.; SCAFF, F. C.. Participation In Board of Hugo Tubone Yamashita. 2020. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

10. CALÇAS, M. Q. P.; CONTI, J. M.; NALINI, J. R.; LOCHAGIN, G. L.; FREITAS, V. P.; TOLDO, N. O.. Participation In Board of Paulo Cezar Neves Junior. 2020. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

11. WAISBERG, I.; PUGLIESI, A. V.; SOUZA JUNIOR, F. S.; FILARDI, R. A.; CALÇAS, M. Q. P.. Participation In Board of Roberta de Oliveira e Corvo Ribas. 2016. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

12. COELHO, Fábio Ulhoa; AZEVEDO, E. V.; WAISBERG, I.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Ricardo José Negrão Nogueira. 2016. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

13. GARBI, C. A.; COELHO, Fábio Ulhoa; BEZERRA FILHO, M. J.; FILARDI, R. A.; CALÇAS, M. Q. P.. Participation In Board of Cinira Gomes Lima Mélo. 2016. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

14. De Lucca, N.; COELHO, Fábio Ulhoa; FORGIONI, P. A.; PARENTONI, L. N.; CALÇAS, M. Q. P.. Participation In Board of Renata Mota Maciel Madeira Dezem. 2016. Thesis (Ph.D. in Faculdade de Direito - Universidade de São Paulo) - Universidade de São Paulo.

15. CALÇAS, M. Q. P.. Participation In Board of Rodrigo Rocha Monteiro de Castro. 2015 - Pontifícia Universidade Católica de São Paulo.

16. CALÇAS, M. Q. P.. Participation In Board of Eduardo Silva Bitti. 2015. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

17. COELHO, Fábio Ulhoa; WAISBERG, I.; ARNOLDI, Paulo; Alberto Camiña Moreira; CALÇAS, M. Q. P.. Participation In Board of Fernando Melo da Silva. 2014. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

18. AZEVEDO, E. V.; PONTES, E. F.; MARINO, F. P. C.; ADAMEK, M. V.; CALÇAS, M. Q. P.. Participation In Board of Luis Felipe Spinelli. 2014. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

19. MASSO, F. D.; VASCONCELOS, R.; BEZERRA FILHO, M. J.; CALÇAS, M. Q. P.. Participation In Board of Luiz Gustavo Friggi Rodrigues. 2014. Thesis (Ph.D. in Direito) - Universidade Presbiteriana Mackenzie.

20. YARSHELL, F. L.; RODRIGUES, W. P.; BUENO, C. S.; MANCUSO, R. C.; CALÇAS, M. Q. P.. Participation In Board of Antonio de Pádua Soubhie Nogueira. 2013. Thesis (Ph.D. in Direito Processual) - Universidade de São Paulo.

21. AZEVEDO, E. V.; PROENÇA, J.M.Martins; Francisco Satiro de Souza Júnior; Otavio Yasbek; CALÇAS, M. Q. P.. Participation In Board of Evandro Fernandes de Pontes. 2013. Thesis (Ph.D. in Direito Comercial) - Universidade de São Paulo.

22. PENTEADO, M. R.; SZTAJN, R.; SALLES, M. P. A.; NERY JUNIOR, N.; CALÇAS, M. Q. P.. Participation In Board of Anna Paula Berhnes Romero. 2013. Thesis (Ph.D. in Direito Comercial) - Universidade de São Paulo.

23. FORGIONI, P. A.; BEZERRA FILHO, M. J.; WAISBERG, I.; ALMEIDA, M. E. M.; CALÇAS, M. Q. P.. Participation In Board of Marcelo Papaléo de Souza. 2013. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

24. LOTUFO, R.; NANNI, G. E.; Teresa Ancona Lopez; BDINE JR., H.C.; CALÇAS, M. Q. P.. Participation In Board of Luis Fernando de Lima Carvalho. 2013. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

25. MASSO, F. D.; VASCONCELOS, R.; CALÇAS, M. Q. P.. Participation In Board of Luiz Gustavo Friggi Rodrigues. 2013. Thesis (Ph.D. in Direito) - Universidade Presbiteriana Mackenzie.

26. LASPRO, O. N. S.; NERY JUNIOR, N.; YARSHELL, F. L.; Francisco Satiro de Souza Júnior; CALÇAS, M. Q. P.. Participation In Board of Ronaldo Vasconcelos. 2012. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

27. LASPRO, O. N. S.; SICA, H. V. M. F.; TOLEDO, P. F. C. S.; Shimura, Sérgio; CALÇAS, M. Q. P.. Participation In Board of Clara Moreira Azzoni. 2012. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

28. FORGIONI, P. A.; HUCK, H. M.; AZEVEDO, E. V.; ZANINI, C. K.; CALÇAS, M. Q. P.. Participation In Board of Mariana Conti Craveiro. 2012. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

29. LOTUFO, R.; NANNI, G. E.; Teresa Ancona Lopez; GODOY, C.L.B.; CALÇAS, M. Q. P.. Participation In Board of Alexandre Dartanhan de Mello Guerra. 2012. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

30. COELHO, Fábio Ulhoa; WAISBERG, I.; SADDI, J. S.; SIMONIS, A.; CALÇAS, M. Q. P.. Participation In Board of Marcelo Guedes Nunes. 2012. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

31. LOPES, J. B.; Patrícia Miranda Pizzol; BEZERRA FILHO, M. J.; Luana Pedrosa de Figueiredo Cruz; CALÇAS, M. Q. P.. Participation In Board of Ruy Coppola Junior. 2011. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

32. LOPES, J. B.; JABUR, G. H.; MESQUITA, E.M.; MORATO, A. C.; CALÇAS, M. Q. P.. Participation In Board of João Paulo Marin. 2011. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

33. LOTUFO, R.; NANNI, G. E.; Teresa Ancona Lopez; GODOY, C.L.B.; CALÇAS, M. Q. P.. Participation In Board of Diogo Leonardo Machado de Melo. 2011. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

34. COELHO, Fábio Ulhoa; WAISBERG, I.; GODOY, C.L.B.; AMORIM, J.R.N.; CALÇAS, M. Q. P.. Participation In Board of Oksandro Osdival Gonçalves. 2010. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

35. LOTUFO, R.; NANNI, G. E.; POPP, C.; BDINE JR., H.C.; CALÇAS, M. Q. P.. Participation In Board of Rubens Hideo Arai. 2009. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

36. COELHO, Fábio Ulhoa; ALMEIDA, M. E. M.; Rovai, Armando Luiz; FORGIONI, P. A.; CALÇAS, M. Q. P.. Participation In Board of Marcos Andrey de Sousa. 2009. Thesis (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo.

**37.** SALOMÃO FILHO, CALIXTO; DEL NERO, J.A.S.; AZEVEDO, E. V.; COELHO, Fábio Ulhoa; CALÇAS, M. Q. P.. Participation In Board of Shiela Christina Neder Cerezetti. 2009. Thesis (Ph.D. in Direito) - Universidade de São Paulo.

**38.** COELHO, Fábio Ulhoa; Jacques Labrunie; Adalberto Simão Filho; MASSO, F. D.; CALÇAS, M. Q. P.. Participation In Board of Rosemarie Adalardo Filardi. 2008. Thesis (Ph.D. in Direito) - Pontífícia Universidade Católica de São Paulo.

**39.** WAMBIER, T. A. A.; Rosa Maria de Andrade Nery; MEDINA, J. M. G.; CALÇAS, M. Q. P.. Participation In Board of Henrique Fagundes Filho. 2007. Thesis (Ph.D. in Direito) - Pontífícia Universidade Católica de São Paulo.

**40.** Donaldo Armelim; Shimura, Sérgio; Alberto Camiña Moreira; Adalberto Simão Filho; CALÇAS, M. Q. P.. Participation In Board of Paulo Sérgio Restiffe. 2007. Thesis (Ph.D. in curso de pós-graduação) - Pontífícia Universidade Católica de São Paulo.

**41.** Teresa Celina Arruda Alvim Wambier; LOPES, J. B.; Patrícia Miranda Pizzol; Luiz Manoel Gomes Júnior; CALÇAS, M. Q. P.. Participation In Board of Maria Isabel Ramalho. 2007. Thesis (Ph.D. in curso de pós-graduação) - Pontífícia Universidade Católica de São Paulo.

**42.** Adalberto Simão Filho; ALMEIDA, M. E. M.; COELHO, Fábio Ulhoa; CALÇAS, M. Q. P.. Participation In Board of Ésio Carlos Silva Baptista. 2005. Thesis (Ph.D. in Direito) - Pontífícia Universidade Católica de São Paulo.

**43.** COELHO, Fábio Ulhoa; De Lucca, N.; Giselda Maria Fernandes Novaes Hironaka; Ronaldo Porto Macedo Junior; CALÇAS, M. Q. P.. Participation In Board of Paula Castello Miguell. 2003 - Pontífícia Universidade Católica de São Paulo.

**44.** COELHO, Fábio Ulhoa; Jacques Labrunie; BARBOSA FILHO, Marcelo Fortes; Marcos S. Figueiras; CALÇAS, M. Q. P.. Participation In Board of Fabiano Dolenc Del Masso. 2003 - Pontífícia Universidade Católica de São Paulo.

**45.** COELHO, Fábio Ulhoa; Celso Campilongo; Adalberto Simão Filho; Luiz Wambier; CALÇAS, M. Q. P.. Participation In Board of Tânia da Consolação Bahia Carvalho Siqueira. 2003 - Pontífícia Universidade Católica de São Paulo.

**46.** ALVIM, José Manoel de Arruda; CALÇAS, M. Q. P.. Participation In Board of Paulo Dias de Moura Ribeiro. 2003. Thesis (Ph.D. in Direito) - Pontífícia Universidade Católica de São Paulo.

## Ph.D. Qualification

**1.** CALÇAS, MANOEL DE QUEIROZ PEREIRA; COSTA, D. C.; DE LUCCA, N.. Participation In Board of Cristiano de Castro Jarreta Coelho. 2023. Qualification Exam (Ph.D. Student in direito) - Universidade Nove de Julho.

**2.** CALÇAS, MANOEL DE QUEIROZ PEREIRA; RIBEIRO, P.Paulo Dias de; COSTA, D. C.. Participation In Board of Clarissa Somesom Talk. 2023. Qualification Exam (Ph.D. Student in direito) - Universidade Nove de Julho.

**3.** CALÇAS, MANOEL DE QUEIROZ PEREIRA; DEZEM, R. M. M. M.; PFLUG, S. R. M.. Participation In Board of Eduardo Botão Pelella. 2021. Qualification Exam (Ph.D. Student in Curso no nível de Mestrado) - Universidade Nove de Julho.

**4.** ANDRADE, R. M. J.; CALÇAS, MANOEL DE QUEIROZ PEREIRA; RAGAZZI, J. L.. Participation In Board of Carlos Alberto Martins Junior. 2021. Qualification Exam (Ph.D. Student in direito) - Centro Universitário de Bauru.

## Graduation Course Conclusion Paper

**1.** CALÇAS, M. Q. P.. Participation In Board of Victor Hugo Cunha Silva. 2019. Course Conclusion Paper (Graduation in Direito) - Faculdade de Direito da Universidade de São Paulo.

**2.** CALÇAS, M. Q. P.. Participation In Board of Matheus de Abreu Peres. 2019. Course Conclusion Paper (Graduation in Direito) - Faculdade de Direito da Universidade de São Paulo.

**3.** CALÇAS, M. Q. P.. Participation In Board of Giovana Martins. 2016. Course Conclusion Paper (Graduation in Direito) - Faculdade de Direito da Universidade de São Paulo.

**4.** PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Bruno Salama. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**5.** PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Helton Ferreira da Costa. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**6.** PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Lucas Zapparoli Claro. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**7.** SOUZA JUNIOR, F. S.; CALÇAS, M. Q. P.. Participation In Board of Matheus Zilioti Silva. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**8.** SOUZA JUNIOR, F. S.; CALÇAS, M. Q. P.. Participation In Board of Roberto Dias Pereira. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**9.** SOUZA JUNIOR, F. S.; CALÇAS, M. Q. P.. Participation In Board of Vinicius Bernardes Vieira da Silva. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**10.** PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Henrique de Barros Bueno. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**11.** PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Mayra Carolina Futema. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**12.** PFEIFFER, R. A. C.; CALÇAS, M. Q. P.. Participation In Board of Patricia Serson Deluca. 2015. Course Conclusion Paper (Graduation in Direito) - Universidade de São Paulo.

**13.** CALÇAS, M. Q. P.. Participation In Board of Fabio dos Reis Leitão. 2015. Course Conclusion Paper (Graduation in Direito) - Pontífícia Universidade Católica de São Paulo.

14. CALÇAS, M. Q. P.. Participation In Board of Giuliana Teruel Ribeiro da Silva. 2015 - Centro Universitário de Bauru.

15. CALÇAS, M. Q. P.. Participation In Board of Luís Eduardo de Oliveira Motta. 2015 - Centro Universitário de Bauru.

16. CALÇAS, M. Q. P.. Participation In Board of Any Hellen Lorca da Silva. 2015 - Centro Universitário de Bauru.

17. CALÇAS, M. Q. P.. Participation In Board of Victor Caon Marcolino. 2015 - Centro Universitário de Bauru.

18. CALÇAS, M. Q. P.. Participation In Board of Matteus Vicentim Sanches. 2015 - Centro Universitário de Bauru.

19. CALÇAS, M. Q. P.. Participation In Board of Regina Celia Benatti Bertonha. 2015 - Centro Universitário de Bauru.

20. CALÇAS, M. Q. P.. Participation In Board of Luiz Fernando Savini Forte. 2015 - Centro Universitário de Bauru.

21. CALÇAS, M. Q. P.. Participation In Board of Marcelo Peloso. 2015. Course Conclusion Paper (Graduation in Direito) - Pontifícia Universidade Católica de São Paulo.

22. CALÇAS, M. Q. P.. Participation In Board of Ricardo Moreira Garmes. 2014. Course Conclusion Paper (Graduation in Direito) - Instituição Toledo de Ensino.

23. CALÇAS, M. Q. P.. Participation In Board of Ricardo Moreira Garmes. 2014. Course Conclusion Paper (Graduation in Direito) - Instituição Toledo de Ensino.

24. CALÇAS, M. Q. P.. Participation In Board of Danny Marin do Ó. 2014. Course Conclusion Paper (Graduation in Direito) - Instituição Toledo de Ensino.

25. CALÇAS, M. Q. P.. Participation In Board of Bárbara Guerreiro Rodrigues Gato. 2013. Course Conclusion Paper (Graduation in Direito) - Instituição Toledo de Ensino.

26. CALÇAS, M. Q. P.. Participation In Board of Jordan Hildebrando de Freitas Obeid. 2013. Course Conclusion Paper (Graduation in Direito) - Instituição Toledo de Ensino.

27. CALÇAS, M. Q. P.. Participation In Board of Priscila Tavares Sanches da Luz. 2013. Course Conclusion Paper (Graduation in Direito) - Instituição Toledo de Ensino.

Participations in Judging Commissions' Boards

### Titular Professor

1. ALMEIDA, M. E. M.; Francisco Satiro de Souza Júnior; CALÇAS, M. Q. P.. . 2011. Pontifícia Universidade Católica de São Paulo.

### Government Worker Selection

1. Rosa Maria de Andrade Nery; CANTUARIA, R. A.; CARVALHO, R. G. F.; TEPEDINO, R.; CALÇAS, M. Q. P.. . 2013. Tribunal de Justiça do Estado de São Paulo.

2. FRANCO, G. P.; VILLEN, A. C.; LIMA, O. H. S.; YARSHELL, F. L.; CALÇAS, M. Q. P.. . 2012. Tribunal de Justiça do Estado de São Paulo.

3. FORGIONI, P. A.; TUCCI, J. R. C. E.; CALÇAS, M. Q. P.. . 2011. Universidade de São Paulo.

### Other Participation

1. TUCCI, J. R. C. E.; LUCON, P. H. S.; CALÇAS, MANOEL DE QUEIROZ PEREIRA; DIDIER JUNIOR, F. S.; MIRANDA, G. D.; CARVALHO FILHO, M. P.. . 2021. Faculdade de Direito da USP.

2. CALÇAS, M. Q. P.. . 2015. Instituto de Direito Societário Aplicado.

3. COELHO, Fábio Ulhoa; WAISBERG, I.; ALMEIDA, M. E. M.; CALÇAS, M. Q. P.. . 2013. Pontifícia Universidade Católica de São Paulo.

---

## Events

Participation in events

1. .As novas Camaras Especializadas do TJMG. 2022. (Participation In Events/ Congresses).

2. Direito Empresarial- A verticalização da Justiça especializadaem Direito Empresarial: a visão da magistratura. 2022. (Participation In Events/ Congresses).

3. .Limitada versus Sociedade Anônima Fechada. 2022. (Participation In Events/ Congresses).

4. Curso de Pós-graduação.Princípios constitucionais da ordem econômica e princípios gerais do direito comercial. 2022. (Participation In Events/Other).

5. .Legado Judicial- Lei 11.101/2005. 2021. (Participation In Events/ Congresses).

6. Painel 1: A estrutura do Poder Judiciário para tratar da crise das empresas. 2020. (Participation In Events/ Congresses).

7. Padronização Decisória em Propriedade Industrial nos Tribunais. 2020. (Participation In Events/ Congresses).

8. Congresso 15 anos da Lei nº 11.101/05 Problemas atuais e Desafios para o Futuro. 2020. (Participation In Events/ Congresses).

9. Seminário &quot;A recuperação Judicial no Brasil&quot; - Instituto de Estudos Jurídicos Aplicados e Record. A Recuperação Judicial no Estado de São Paulo. 2020. (Participation In Events/ Seminary).

10. Aula Palestra. 2019. (Participation In Events/ Congresses).

11. 80° Encoge - Encontro do Colégio Permanente de Corregedores-Gerais dos Tribunais de Justiça do Brasiç. 2019. (Participation In Events/ Meetings).

12. 8° Fórum Lide de AgronegóciosSegurança Jurídica no Agro. 2019. (Participation In Events/Other).

13. Segurança Jurídica no Direito Comercial. 2018. (Participation In Events/ Congresses).

14. Reestruturação e Recuperação de Empresas. 2018. (Participation In Events/ Congresses).

15. Abertura - Recuperação de crédito bancário. Tutela de credores e devedores.. 2018. (Participation In Events/ Congresses).

16. I Seminário - Gestão e Fiscalização de Contratos do TJSP. Abertura. 2018. (Participation In Events/ Seminary).

17. IV Seminário de Direito das Empresas em Dificuldade. Abertura. 2018. (Participation In Events/ Seminary).

18. Seminário Judiciário e Cidadania - Uma celebração aos 30 anos da Constituição Federal e aos 15 anos de contribuições do Prêmio Innovare. Abertura. 2018. (Participation In Events/ Seminary).

19. Comissão do Código Comercial - Audiência Pública - Sede da Federação do Comércio de Bens, Serviços e Turismo do Estado de São Paulo - FECOMERCIO.Especialização da Justiça Empresarial. 2018. (Participation In Events/Other).

20. XII Encontro Nacional do Poder Judiciário - Conselho Nacional de Justiça - Foz do Iguaçu/PR. 2018. (Participation In Events/Other).

21. O estabelecimento empresarial e a preservação da empresa. 2017. (Participation In Events/ Congresses).

22. O estabelecimento empresarial e a preservação da empresa.. 2017. (Participation In Events/ Congresses).

23. Seminário nacional - Audiência de custória, cuidado e inserção social na prevenção do encarceramento e do uso de drogas. Mesa de abertura. 2017. (Participation In Events/ Seminary).

24. A recuperação judicial sob a ótica jurídica, econômica e social. Recuperação Judicial e Jurisprudência (Painel 1). 2017. (Participation In Events/ Seminary).

25. VI Simpósio de Direito Empresarial - O Direito face à corrupçãoAbertura. 2017. (Participation In Events/ Symposium).

26. I Encontro de Corregedores do Serviço do Extrajudicial da Corregedoria Nacional de Justiça. 2017. (Participation In Events/ Meetings).

27. 75° ENCOGE - Encontro do Colégio Permanente de Corregedores-Gerais dos tribunais de Justiça dos Estados e do Distrito Federal. 2017. (Participation In Events/ Meetings).

28. 74° Encontro do Colégio dos Corregedores-Gerais dos Tribunais de Justiça dos Estados e do Distrito Federal (ENCOGE). 2017. (Participation In Events/ Meetings).

29. 76° ENCOGE - Encontro do Colégio dos Corregedores-Gerais dos Tribunais de Justiça dos Estados e do Distrito Federal. 2017. (Participation In Events/ Meetings).

30. XXIII Conferência Nacional da Advocacia BrasileiraEm defesa dos direitos fundamentais: pilares da democracia, conquistas da cidadania.. 2017. (Participation In Events/Other).

31. Estado Constitucional e o Novo Código de Processo Civil: Desafios e Inovações. 2016. (Participation In Events/ Congresses).

32. Impactos do novo CPC na Falência e na Recuperação Judicial. 2016. (Participation In Events/ Congresses).

33. II Seminário de Direito das Empresas em dificuldade. II Seminário de Direito das Empresas em dificuldade. 2016. (Participation In Events/ Seminary).

34. 72° Encontro do Colégio Permanente de Corregedores-Gerais dos Tribunais de Justiça do Brasil - ENCOGEGE. 2016. (Participation In Events/ Meetings).

35. 73° Encontro do Colégio Permanente de Corregedores Gerais dos Tribuanais de Justiça do Brasil (ENCOGE). 2016. (Participation In Events/ Meetings).

36. 73° Encontro do Colégio Permanente de Corregedores Gerais dosTribunais de Justiça do Brasil (ENCOGE). 2016. (Participation In Events/ Meetings).

37. Continuidade e descontinuidade da administração da empresa em recuperação judicial. 2015. (Participation In Events/ Congresses).

38. Arbitragem como mecanismo de solução da crise-econômico-financeira das empresas: falência e recuperação judicial. 2015. (Participation In Events/ Congresses).

39. Seminário 10 anos da Lei de Recuperação e Falência. Seminário 10 anos da Lei de Recuperação e Falência. 2015. (Participation In Events/ Seminary).

40. O Papel dos Juízes na aplicação da CISG.. 2014. (Participation In Events/ Congresses).

41. Presidente da Mesa: Enunciados da Jornada de Direito Comercial sobre Falência (E. 43, 48 a 50 e 56). 2014. (Participation In Events/ Congresses).

**42.** Cenário Institucional no Brasil para Investimentos Estrangeiros. 2014. (Participation In Events/ Congresses).

**43.** Presidente Mesa - Contratos Empresariais. 2014. (Participation In Events/ Congresses).

**44.** Aspectos Polêmicos e Atuais da Arbitragem. 2014. (Participation In Events/ Congresses).

**45.** Seminário Luso-Brasileiro e &quot;Contratos em Direito Privado&quot;. Contratos e Judiciário. 2014. (Participation In Events/ Seminary).

**46.** Arbitragem e o Poder Judiciário. Arbitragem e o Poder Judiciário. 2014. (Participation In Events/ Seminary).

**47.** 6º Curso de Pós-Graduação &quot;Lato Sensu&quot; - Especialização em Direito EmpresarialCrimes falimentares e procedimento penal. 2014. (Participation In Events/Other).

**48.** A cessão fiduciária na recuperação judicial. 2013. (Participation In Events/ Congresses).

**49.** IV Simpósio Nacional de Direito Empresarial: o grande papel da pequena e média empresaPresidente da Mesa. 2013. (Participation In Events/ Symposium).

**50.** Jornada Paulista de Direito ComercialParticipação da Coordenação Científica da Jornada Paulista de Direito Comercial. 2013. (Participation In Events/Other).

**51.** 1o Curso de Pós-Graduação Lato Sensu - Especialização em Direito do ConsumidorDesconsideração da Personalidade Jurídica no CDC. 2013. (Participation In Events/Other).

**52.** A jurisprudência construída em torno do 11.101/2005.. 2012. (Participation In Events/ Congresses).

**53.** A função social da Recuperação Judicial - sustentabilidade. 2012. (Participation In Events/ Congresses).

**54.** Seminário Internacional Diálogo entre Juízes UPM/Uniceub (7 e 8 de nov) - Mackenzie. Diálogos entre juízes no âmbito do mercado de arte, comercial e administrativo-fiscal. 2012. (Participation In Events/ Seminary).

**55.** 6º Simpósio Jurídico e de Gestão Empresarial da Associação Brasileira de Franchising - ABFA Especialização do Judiciário e o contrato de franquia empresarial. 2012. (Participation In Events/ Symposium).

**56.** V Simpósio dos Empresários de Fomento Mercantil do Estado de SPPossibilidade de pedido de falência com base no contrato de fomento mercantil. 2012. (Participation In Events/ Symposium).

**57.** Jornada de Direito Comercial (22 a 24 de outubro)Membro da Comissão de Trabalho Crise da Empresa: falência e recuperação. 2012. (Participation In Events/Other).

**58.** O Consumidor e a Recuperação Judicial. 2011. (Participation In Events/ Congresses).

**59.** Seis Anos de Vigência da Lei de Recuperação Judicial. 2011. (Participation In Events/ Congresses).

**60.** Seminário Desafios do Direito Comercial. Desafios do Direito Comercial. 2011. (Participation In Events/ Seminary).

**61.** Seminário: Associação Paulista de Propriedade Intelectual. Jurisprudência sobre Propriedade Industrial. 2011. (Participation In Events/ Seminary).

**62.** 59ª Reunião do CONJUR - Conselho Superior de Assuntos Jurídicos e Legislativos. Seis Anos de Vigência da Lei de Recuperação de Empresas. 2011. (Participation In Events/ Seminary).

**63.** 35 anos da Lei da S/ALSA e Companhias Fechadas. 2011. (Participation In Events/ Symposium).

**64.** Questões atuais do Direito EmpresarialA recuperação de empresas e sua efetividade após 6 anos de vigência. 2011. (Participation In Events/ Symposium).

**65.** . 2010. (Participation In Events/ Congresses).

**66.** Questões atuais do direito empresarialA recuperação de empresas e sua efetividade após 6 anos de vigência.. 2010. (Participation In Events/ Symposium).

**67.** I SIMPÓSIO NACIONAL DE DIREITO EMPRESARIALA sucessão nas Obrigações do Devedor Insolvente. 2009. (Participation In Events/ Symposium).

**68.** Insol Buenos Aires Seminar: International Cross-border Insolvency and Restructuring. Coordinación de reorganizaciones transfronterizas. 2008. (Participation In Events/ Seminary).

**69.** A Visão do Judiciário Brasileiro - Principais Questões estruturais e práticas relacionadas a empresas em crise e à Nova Lei de Recuperação e Falência - Fatores críticos de sucesso. 2007. (Participation In Events/ Congresses).

**70.** Dois anos da Lei de Falências - Curso promovido pela AASPPrincípios Gerais da nova Lei. 2007. (Participation In Events/ Symposium).

**71.** . 2007. (Participation In Events/ Workshops).

**72.** Um Ano de Vigência da Lei de Recuperação Judicial - A nova Lei de Falências. A Recuperação Judicial - Reflexões e Propostas. 2006. (Participation In Events/ Seminary).

**73.** Simpósio de Direito Empresarial - realização: Fundação de Apoio à Pesquisa e Extensão e pela UNESPA Sociedade Limitada no Novo Código Civil. 2004. (Participation In Events/ Symposium).

**74.** Primeira Semna Jurídica de Direito Processual da Faculdade de Direito de Bauru - ITE. 2003. (Participation In Events/ Meetings).

**75.** 4. Semana Jurídica promovida pelo Instituto de Ciências Jurídicas da UNIP. 2001. (Participation In Events/ Meetings).

76. Temas de Direito Imobiliário. Debatedor no Seminário intitulado Temas de Direito Imobiliário. 2000. (Participation In Events/ Seminary).

77. XI Fórum Jurídico de Seguro PrivadoO Contrato de Seguro e o Código de Defesa do Consumidor. 1999. (Participation In Events/Other).

78. Curso sobre Proteção Legal ao Meio AmbienteA Proteção Legal da Mata Atlântica pelo Judiciário. 1997. (Participation In Events/ Symposium).

79. 1.º Encontro dos Grupos Especiais dos Promotores de Justiça do Meio Ambiente de São Paulo. Direito de Propriedade e Meio Ambiente. 1996. (Participation In Events/ Seminary).

80. Ciclo de Palestras JurídicasRecurso Extraordinário e Especial. 1982. (Participation In Events/Other).

Organization of Events

1. CALÇAS, M. Q. P. . Curso de Extensão Universitária em Falência e Recuperação de Empresas - Capital. 2013. (Event Production/ Other).

2. CALÇAS, M. Q. P. . Curso de Extensão Universitária em Falência e Recuperação de Empresas - Interior. 2013. (Event Production/ Other).

## Academic Advisory

### Academic Advisory - current

#### Master's Thesis

1. FELIPE GUINSANI. Begin: 2021. Dissertation (Master's in Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Advisor).

2. BRUNA MARCHESE E SILVA. Begin: 2021. Dissertation (Master's in Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Advisor).

3. EDUARDO BOTÃO PELELLA. Begin: 2021. Dissertation (Master's in Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Advisor).

4. TADEU SANTOS CARDOSO. Begin: 2021. Dissertation (Master's in Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Advisor).

5. Felipe Barras Freitas de Vilhena. Begin: 2013. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo. (Advisor).

6. Adriano Ribeiro Lyra Bezerra. Begin: 2012. Dissertation (Master's in Direito) - Pontifícia Universidade Católica de São Paulo. (Advisor).

#### Ph.D. Thesis

1. RONALDO VIEIRA FRANCISCO. Begin: 2021. Tese (Ph.D. in Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Advisor).

2. ALINE MENDES DE GODOY. Begin: 2021. Tese (Ph.D. in Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Advisor).

3. Cinira Gomes Lima Melo. Begin: 2012. Tese (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo. (Advisor).

4. Karina Santos do Prado. Begin: 2011. Tese (Ph.D. in Direito) - Pontifícia Universidade Católica de São Paulo. (Advisor).

### Academic Advisory - concluded

#### Master's Thesis

1. Eduardo Botão Pelella. 2022. Dissertation - Universidade Nove de Julho, . Advisor: Manoel de Queiroz Pereira Calças.

2. CAROLINE EMMERICH GOMES LEAL DE MOURA. 2021. Dissertation - Universidade Nove de Julho, . Advisor: Manoel de Queiroz Pereira Calças.

3. LUIZ FERNANDO SALLES GIANNELLINI. 2021. Dissertation - Universidade Nove de Julho, . Advisor: Manoel de Queiroz Pereira Calças.

4. YLKA IRIS BELTRAO LIMA. 2021. Dissertation - Universidade Nove de Julho, . Advisor: Manoel de Queiroz Pereira Calças.

5. QUEREN FORMIGA SANTANA. 2020. Dissertation - Universidade Nove de Julho, . Advisor: Manoel de Queiroz Pereira Calças.

6. FRANCISCO BENEDITO FERNANDES. 2018. Dissertation - Universidade Nove de Julho, . *Advisor:* Manoel de Queiroz Pereira Calças.

7. Lucilo Perondi Junior. 2016. Dissertation - Universidade Nove de Julho, . *Advisor:* Manoel de Queiroz Pereira Calças.

8. Renato de Toledo Piza Ferraz. 2016. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

9. ALEXANDRE BUCCI. 2016. Dissertation - Universidade Nove de Julho, . *Advisor:* Manoel de Queiroz Pereira Calças.

10. LUCILO PERONDI JUNIOR. 2016. Dissertation - Universidade Nove de Julho, . *Advisor:* Manoel de Queiroz Pereira Calças.

11. MARIA ANGELICA CHICHERA. 2016. Dissertation - Universidade Nove de Julho, . *Advisor:* Manoel de Queiroz Pereira Calças.

12. Hugo Tubone Yamashita. 2015. Dissertation (Master's in Law) - Universidade de São Paulo, . *Co-Advisor:* Manoel de Queiroz Pereira Calças.

13. Eduardo Cherez Pavia. 2015. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Co-Advisor:* Manoel de Queiroz Pereira Calças.

14. Luiz Gonzaga Modesto de Paula. 2014. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

15. Camila Aparecida Borges. 2014. Dissertation - Universidade Nove de Julho, . *Advisor:* Manoel de Queiroz Pereira Calças.

16. Pedro Cordelli Alves. 2014. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

17. Silvio Dutra. 2013. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

18. Adriana Paiva Vasconcelos. 2013. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

19. Simone Bento. 2013. Dissertation - Universidade Nove de Julho, . *Advisor:* Manoel de Queiroz Pereira Calças.

20. Carla Smith de Vasconcellos Crippa. 2011. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

21. Rodolfo Rubens Martins Correa. 2011. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

22. Kenneth Antunes Ferreira. 2008. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

23. Patrícia Bolina Pellini. 2008. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

24. Paulo Roberto Vigna. 2008. Dissertation - Faculdade Autônoma de Direito, . *Advisor:* Manoel de Queiroz Pereira Calças.

25. Vivian Labruna. 2008. Dissertation (Master's in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

26. Roberta de Oliveira e Corvo Ribas. 2008. Dissertation - Pontifícia Universidade Católica de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

27. Andreza Sanches Doro. 2007. Dissertation (Master's in Law) - Faculdade Autônoma de Direito, . *Advisor:* Manoel de Queiroz Pereira Calças.

28. Piraci Ubiratan de Oliveira. 2007. Dissertation - Faculdade Autônoma de Direito de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

29. José Ailton Garcia. 2007. Dissertation - Faculdade Autônoma de Direito de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

30. Márcio Eduardo Riego Cots. 2007. Dissertation - Faculdade Autônoma de Direito de São Paulo, . *Advisor:* Manoel de Queiroz Pereira Calças.

31. Olivar Augusto Roberti Coneglian. 2006. Dissertation - Faculdade de Direito de Bauru, . *Advisor:* Manoel de Queiroz Pereira Calças.

32. Charles Stevan Prieto Azevedo. 2006. Dissertation - Faculdade de Direito de Bauru, . *Advisor:* Manoel de Queiroz Pereira Calças.

33. Célia Cristina Martinho. 2006. Dissertation - Faculdade de Direito de Bauru, . *Advisor:* Manoel de Queiroz Pereira Calças.

34. Jefferson Fernandes Negri. 2006. Dissertation - Faculdade de Direito de Bauru, . *Advisor*: Manoel de Queiroz Pereira Calças.

35. José Carlos Carneiro de Oliveira. 2004. Dissertation - Faculdade de Direito de Bauru, . *Advisor*: Manoel de Queiroz Pereira Calças.

36. João Roberto Casali da Silva. 2004. Dissertation - Faculdade de Direito de Bauru, . *Advisor*: Manoel de Queiroz Pereira Calças.

37. Luiz Célio Bucceroni. 2004. Dissertation - Faculdade de Direito de Bauru, . *Advisor*: Manoel de Queiroz Pereira Calças.

38. José Canrobert Rocha de Araújo. 2004. Dissertation - Faculdade de Direito de Bauru, . *Advisor*: Manoel de Queiroz Pereira Calças.

39. Fernanda Eloísa Trecenti. 2004. Dissertation - Faculdade de Direito de Bauru, . *Advisor*: Manoel de Queiroz Pereira Calças.

### Ph.D. thesis

1. Nathalia Correia Pompeu. 2015. Thesis (Ph.D. in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor*: Manoel de Queiroz Pereira Calças.

2. Eduardo Silva Bitti. 2015. Thesis (Ph.D. in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor*: Manoel de Queiroz Pereira Calças.

3. Marcelo Papaléo de Souza. 2011. Thesis (Ph.D. in Law) - Pontifícia Universidade Católica de São Paulo, . *Advisor*: Manoel de Queiroz Pereira Calças.

### Works of completion for Graduation

1. Wilde Cunha Colares. 2015. Course Conclusion Paper - Insper Instituto de Ensino e Pesquisa. Advisor: Manoel de Queiroz Pereira Calças.

### Other Academic Advisory

1. Francisco Antonio de Toledo Soares Neto. 2016. Other Academic Advisory - Centro Universitário de Bauru. Advisor: Manoel de Queiroz Pereira Calças.

### Other Relevant Information

Aprovado em 1º lugar no concurso de credenciamento para Professor na área de Direito Comercial do Programa de Estudos Pós-graduados em Direito da Pontifícia Universidade Católica de São Paulo - PUCSP, realizado nos dias 12, 13 e 22 de novembro de 2007, sendo a Banca constituída pelos Professores: Dr. Paulo de Barros Carvalho, Dr. Fábio Ulhoa Coelho, Dr. José Manoel de Arruda Alvim Netto e Dr. Nelson Luiz Pinto. Aprovado em 1º lugar no concurso de seleção de Professor de Direito Comercial para o curso de graduação da Faculdade de Direito da Pontifícia Universidade Católica de São Paulo - PUCSP, realizado nos dias 12 e 13 de novembro de 2008, sendo a Banca composta pelos professores doutores Fábio Ulhoa Coelho, Clóvis Beznos, Carlos Roberto Husek e Julcira Maria de Mello Vianna. Aprovado no concurso de seleção de Professor Doutor da Faculdade de Direito do Largo São Francisco (FADUSP), realizado no período de 27 de junho a 4 de julho de 2013, sendo a Banca composta pelos professores titulares Newton de Lucca, Fabio Nusdeo, Gilberto Bercovici, Luiz Flávio Yarshell, Fernando Campos Scaff..

Page generated by Lattes Database System - CNPq at 03/07/2023 - 20:49:25



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**2023.10.02 Declaration of Manoel Calças [Portuguese] (14371752_5)**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
October 4, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

**LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS**
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# ANEXO B



# Manoel de Queiroz Pereira Calças

Endereço para acessar este CV: http://lattes.cnpq.br/1167703262561814
ID Lattes: **1167703262561814**
Última atualização do currículo em 03/06/2023

---

Possui mestrado em Direito pela Pontifícia Universidade Católica de São Paulo (1976) e doutorado em Direito pela Pontifícia Universidade Católica de São Paulo (2002). Atualmente é professor doutor junto à congregação da Faculdade de Direito da Universidade de São Paulo, coordenador pedagógico da Escola Paulista da Magistratura, coordenador da Escola Paulista da Magistratura, desembargador - Tribunal de Justiça do Estado de São Paulo, corregedor geral da justiça do tjsp - Tribunal de Justiça do Estado de São Paulo, professor doutor - Instituição Toledo de Ensino, professor doutor - professor permanente da Universidade Nove de Julho, professor doutor - tp da Pontifícia Universidade Católica de São Paulo e professor doutor da Universidade de São Paulo. Tem experiência na área de Direito, com ênfase em Direito Comercial, atuando principalmente nos seguintes temas: recuperação judicial, falência, sociedade limitada, direito empresarial e desconsideração da personalidade jurídica,sociedade anônima. Homenageado como Comercialista do Ano 2019, no 9ºCongresso Brasileiro de Direito Comercial. **(Texto informado pelo autor)**

## Identificação

| | |
|---|---|
| **Nome** | Manoel de Queiroz Pereira Calças |
| **Nome em citações bibliográficas** | CALÇAS, M. Q. P.;CALÇAS, MANOEL DE QUEIROZ PEREIRA |
| **Lattes iD** | http://lattes.cnpq.br/1167703262561814 |
| **Orcid iD** | ? https://orcid.org/0000-0001-7537-2800 |

## Endereço

| | |
|---|---|
| **Endereço Profissional** | Manoel de Queiroz Pereira Calças advocacia. |
| | Rua Capitão Justino Moreira do Espírito Santo, 580 |
| | Jardim Vivendas |
| | 15090400 - São José do Rio Preto, SP - Brasil |
| | Telefone: (17) 32272881 |

## Formação acadêmica/titulação

| | |
|---|---|
| **2001 - 2002** | Doutorado em Direito. |
| | Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil. |
| | Título: Sociedade Limitada no Código Reale , Ano de obtenção: 2002. |
| | Orientador: Fabio Ulhoa Coelho. |
| | Palavras-chave: Código Reale. |
| **1974 - 1976** | Mestrado em Direito. |
| | Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil. |
| | Título: Direitos Essenciais do Acionista , Ano de Obtenção: 2000. |
| | Orientador: Prof. Dr. Fábio Ulhoa Coelho. |
| | Palavras-chave: sociedade anônima; acionista; direitos essenciais. |
| | Grande área: Ciências Sociais Aplicadas |
| **1973 - 1973** | Especialização em Direito Processual Civil. (Carga Horária: 45h). |
| | Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil. |
| | Título: Recurso Extraordinário. |
| | Orientador: Prof. Dr. José Manoel de Arruda Alvim Neto. |

## Formação Complementar

**2007 - 2007**                 Programa de Capacitação Docente. (Carga horária: 32h).
                                Fundação Getúlio Vargas - Escola de Direito de São Paulo, FGV - GVLAW, Brasil.


## Atuação Profissional


**Faculdade de Direito da Universidade de São Paulo, FDUSP, Brasil.**

**Vínculo institucional**
**2014 - Atual**                Vínculo: Servidor Público, Enquadramento Funcional: Professor Doutor junto à Congregação


**Universidade de São Paulo, USP, Brasil.**

**Vínculo institucional**
**2013 - Atual**                Vínculo: , Enquadramento Funcional: Professor Doutor, Carga horária: 24
**Outras informações**         Membro Efetivo da Comissão de Graduação e Membro da Congregação da Faculdade de
                                Direito da Universidade de São Paulo


**Pontifícia Universidade Católica de São Paulo, PUC/SP, Brasil.**

**Vínculo institucional**
**2007 - Atual**                Vínculo: Celetista, Enquadramento Funcional: Professor Doutor - TP, Carga horária: 20
**Atividades**
**04/2007 - Atual**            Ensino, Direito, Nível: Graduação
                                Disciplinas ministradas
                                Direito Comercial
**2007 - Atual**                Pesquisa e desenvolvimento, Faculdade de Direito.
                                Linhas de pesquisa
                                Efetividade do Direito e Liberdades Civis
**2007 - Atual**                Ensino, Mestrado e Doutorado em Direito, Nível: Pós-Graduação
                                Disciplinas ministradas
                                Direito Comercial


**Universidade Nove de Julho, UNINOVE, Brasil.**

**Vínculo institucional**
**2011 - Atual**                Vínculo: Celetista formal, Enquadramento Funcional: Professor Doutor - Professor
                                Permanente, Carga horária: 40
**Outras informações**         Disciplinas Ministradas: Falência e Recuperação de Empresas
**Atividades**
**03/2021 - Atual**            Pesquisa e desenvolvimento, Programa de Pós-Graduação stricto sensu em Direito.
                                Linhas de pesquisa
                                LP 1: ESTRUTURAS DO DIREITO EMPRESARIAL
**03/2021 - Atual**            Ensino, Programa de Pós-Graduação stricto sensu em Direito, Nível: Pós-Graduação
                                Disciplinas ministradas
                                Sistemas de Insolvência nas Estruturas de Mercado


**Instituição Toledo de Ensino, ITE, Brasil.**

**Vínculo institucional**
**1997 - Atual**                Vínculo: , Enquadramento Funcional: Professor Doutor
**Outras informações**         Ministra aulas nos cursos de Graduação e Pós-Graduação "Lato Sensu".
**Atividades**
**1997 - Atual**                Ensino, Direito de Empresa, Nível: Especialização
                                Disciplinas ministradas
                                Direito Comercial
**1997 - Atual**                Ensino, Direito, Nível: Graduação
                                Disciplinas ministradas
                                Direito Comercial
**1997 - 2004**                Ensino, Mestrado, Nível: Pós-Graduação
                                Disciplinas ministradas
                                Direito Comercial


**Faculdade Autônoma de Direito de São Paulo, FADISP, Brasil.**

**Vínculo institucional**
**2004 - 2010**                Vínculo: Professor, Enquadramento Funcional: Professor Permanente, Carga horária: 40

**Outras informações**
**Atividades**

| | |
|---|---|
| 09/2005 - 12/2010 | Ensino, Pós Graduação Stricto Sensu, Nível: Pós-Graduação |
| | Disciplinas ministradas |
| | Direito Empresarial - Sociedades Empresárias |
| 8/2005 - 12/2010 | Pesquisa e desenvolvimento, Faculdade de Direito, Departamento de Pós Graduação. |
| | Linhas de pesquisa |
| | Função Social dos Institutos de Direito Privado |
| 06/2004 - 12/2010 | Ensino, Direito Empresarial, Nível: Especialização |
| | Disciplinas ministradas |
| | Falência e Recuperação da Empresa |
| | Teoria da Empresa |

**Tribunal de Justiça do Estado de São Paulo, TJSP, Brasil.**

**Vínculo institucional**
| | |
|---|---|
| 2016 - Atual | Vínculo: , Enquadramento Funcional: Corregedor Geral da Justiça do TJSP |

**Vínculo institucional**
| | |
|---|---|
| 2005 - Atual | Vínculo: , Enquadramento Funcional: Desembargador |
| Outras informações | Integra a 29ª Câmara de Direito Privado do TJSP desde janeiro de 2005 Em junho de 2005 foi eleito pelo Órgão Especial para compor a Câmara Especial de Falências e Recuperações Judiciais Em maio de 2011 foi eleito pelo Órgão Especial para compor a Câmara Reservada de Direito Empresarial Atualmente cumula a função de Desembargador na 29ª Câmara de Direito Privado e na 1ª Câmara Reservada de Direito Empresarial |

**Vínculo institucional**
| | |
|---|---|
| 1995 - 2004 | Vínculo: , Enquadramento Funcional: Juiz do 2º Tribunal de Alçada Cível |

**Vínculo institucional**
| | |
|---|---|
| 1976 - 1995 | Vínculo: Servidor Público, Enquadramento Funcional: Juiz de Direito |

**Escola Paulista da Magistratura, EPM, Brasil.**

**Vínculo institucional**
| | |
|---|---|
| 2014 - Atual | Vínculo: Servidor Público, Enquadramento Funcional: Coordenador Pedagógico |

**Vínculo institucional**
| | |
|---|---|
| 2012 - Atual | Vínculo: Servidor Público, Enquadramento Funcional: Coordenador |
| Outras informações | Coordenador do Curso de Pós-Graduação em Direito Empresarial da Escola Paulista da Magistratura |

**Vínculo institucional**
| | |
|---|---|
| 2014 - 2016 | Vínculo: Vice-Diretor, Enquadramento Funcional: Vice-Diretor |

**Vínculo institucional**
| | |
|---|---|
| 2012 - 2014 | Vínculo: , Enquadramento Funcional: Coordenador |
| Outras informações | Coordenador da Área de Patentes, Direitos Autorais e Marcas da Escola Paulista da Magistratura |

## Linhas de pesquisa

| | |
|---|---|
| 1. | Função Social dos Institutos de Direito Privado |
| 2. | Efetividade do Direito e Liberdades Civis |
| 3. | LP 1: ESTRUTURAS DO DIREITO EMPRESARIAL |
| | Objetivo: A Linha de Pesquisa 1 ?Estruturas do Direito Empresarial? correspondente ao compromisso do PPGD com a investigação científica jurídica refinada, de padrão internacional, quanto à manifestação do Direito Empresarial, de forma abrangente, superando a dicotomia entre o público e o privado, a partir da multidimensionalidade do fenômeno econômico da empresa, em seu critical point de influência transnacional, no âmbito das estruturas de mercado, diante da singularidade jurídica quântica entre a empresarialidade com seus interesses econômicos, sustentabilidade e desenvolvimento humano, tendo em vista que a ordem econômica constitucional brasileira, ainda que inserida em um capitalismo transnacional, embora fundar-se na livre iniciativa e ter por princípio a propriedade privada, é de capitalismo humanista uma vez que seu fim é o de assegurar a todos existência digna conforme os ditames da justiça social. Sob este olhar, entrelaçado pela particular investigação do abuso do poder econômico e manipulação de mercado, em seus diversos desdobramentos, especialmente no âmbito transnacional, assim como do sistema mercantil de insolvência; pela presente Linha se pesquisa, à luz do capitalismo humanista, a compreensão quântica das estruturas da disciplina jurídica da empresarialidade, em seus múltiplos espectros, inclusive o da fiscalização e da resposta penal para os delitos econômicos.. |

## Projetos de pesquisa

**2020 - Atual**

Sistemas de Insolvência

Descrição: 1. Evolução do direito concursal. Alterações das legislações de insolvência. Globalização e reformas de insolvência. Principles and Guidelines para alteração das leis de insolvência: direito dos credores, gerenciamento de risco e treinamentos corporativos, estruturas institucionais e de regulamentação. 2. Fundamentos do Direito das empresas em crise. Justificativa para um procedimento concursal. A opção pela superação do estado de crise da empresa. Superação do modelo liquidatório-solutório. Preservação da empresa como norte dos sistemas de insolvência. 3. Interesses envolvidos no processo de insolvência. Interesse dos credores na superação do estado de crise da empresa. A recuperação do crédito e o papel dos credores. Interesse público na superação da crise das empresas. Interesse coletivo e os stakeholders. O equilíbrio de interesses e o papel do juiz da insolvência. 4. A estrutura dos sistemas de insolvência. Eficiências e necessárias alterações. Procedimentos uno e bipartido. Análise estruturalista da insolvência. Suficiência do modelo brasileiro e sugestões de alteração. Poder econômico e insolvência. 5. Função da insolvência. Conceitos de insolvência, insolvabilidade e inadimplemento. Análise econômica da insolvência. Função social da empresa e a insolvência. Direitos dos trabalhadores na insolvência. O fisco e a insolvência. A insolvência da macro empresa. 6. A universalidade do juízo da insolvência. Histórico. Noções gerais. Problemas de competência. Aspectos materiais e processuais. Análise funcional da universalidade. Soluções estruturais. Critério objetivo para fixação da competência do juízo concursal. Coordenação entre os juízos e cadastro de insolvências. 7. Questões institucionais da insolvência. Reflexos econômicos da insolvência. O papel do Poder Judiciário no sistema de insolvência. Organização do poder judiciário e especialização das varas. Papel dos órgãos regulatórios ou de supervisão. O administrador judicial e demais auxiliares do juízo no processo de saneamento da crise. Critérios para nomeação do administrador judicial: visão crítica. Honorários advocatícios do administrador judicial. Soluções do direito estrangeiro. O custo do processo de insolvência. 8. Sistemas de insolvência no direito comparado. Estudo dos sistemas de insolvência estrangeiros. O modelo norte-americano como paradigma para os sistemas de insolvência: visão crítica. Convergência de sistemas. O papel do Banco Mundial na uniformização dos sistemas de insolvência. Interesses envolvidos. Alterações legislativas em matéria concursal ao redor do mundo a partir das crises econômico-financeiras: Lições e perspectivas. 9. Sistema brasileiro de insolvência. A crise do Decreto-Lei n. 7.661/45 e as justificativas para edição da Nova Lei. Principais alterações. Princípios e objetivo da Lei. Adoção da noção de empresa e abandono do conceito de comerciante. A situação das cooperativas. Os agentes econômicos e a insolvência. Nova leitura da teoria da empresa. Alterações legislativas em curso. 10. Procedimentos de insolvência. Recuperação judicial e extrajudicial. Procedimento previsto na Lei n. 11.101/05. Problemas e soluções para o caso brasileiro. Detecção do estado de crise e medidas extrajudiciais. Procedimento de recuperação judicial para as pequenas e microempresas. Insuficiência do direito posto. O problema do financiamento das empresas em crise. Atividade bancária e insolvência. 11. Insolvência transnacional. Soberania e insolvência. Empresas transnacionais. Lei Modelo UNCITRAL. Modelos de cooperação internacional. A experiência norte-americana (Chapter 15 do Bankruptcy Code): Ancillary and other cross-border cases. O Regulamento (CE) n. 848/2015 e normativas subsequentes. Regras de conexão. Fórum shopping e insolvência. Estudo de casos envolvendo insolvências transnacionais. O sistema brasileiro de insolvência transnacional..

Situação: Em andamento; Natureza: Pesquisa.

Integrantes: Manoel de Queiroz Pereira Calças - Coordenador.

**2011 - 2019**

Alternativas judiciais para empresa em crise econômico-financeira

Descrição: O projeto objetiva investigar os institutos da falência e da recuperação da empresa sob o prisma dos princípios constitucionais da ordem econômica e financeira: i) da função social da propriedade (empresa); ii) da busca do pleno emprego; iii) do tratamento favorecido das ME e EPP. A partir da distinção conceitual entre empresário e empresa (organização), refletir-se-á sobre o papel do Estado como promotor do desenvolvimento nacional em busca da melhor exegese da Lei nº 11.101/2005 para a superação da crise econômico-financeira da empresa, de molde a se harmonizar a manutenção da fonte produtora, do emprego dos trabalhadores e dos interesses dos credores. Aplicar-se-á o método do caso: o diálogo será conduzido pelo professor com base nas decisões judiciais de casos reais, incentivando-se o aluno a desenvolver estratégias para analisar, interpretar e construir argumentos jurídicos..

Situação: Concluído; Natureza: Pesquisa.

Integrantes: Manoel de Queiroz Pereira Calças - Coordenador.

**2010 - 2019**

Responsabilidade e Funcionalização do Direito

Descrição: O objetivo Responsabilidade Social da Empresa, a sua Responsabilidade Social Corporativa e Sustentabilidade, possuindo como problema principal descobrir o papel do Direito na funcionalização destas atividades. A pesquisa realizada pelo grupo também terá por objeto o alinhamento das atividades empresariais no Brasil com os valores e fins internacionalmente acordados no Pacto Global, no que diz respeito aos direitos humanos, proteção ambiental, direitos trabalhistas e combate à corrupção. Como repercussão pretende-se mapear o estado da arte no nosso país, quais os avanços alcançados e quais ações ainda estão por realizar..
Situação: Concluído; Natureza: Pesquisa.
Alunos envolvidos: Graduação: (4) .

Integrantes: Manoel de Queiroz Pereira Calças - Integrante / Vladmir Oliveira da Silveira - Coordenador / Frederico da Costa Carvalho Neto - Integrante / Irene Patrícia Nohara - Integrante / Maitê Cecilia Fabbri Moro - Integrante / Marcelo Benacchio - Integrante / Newton De Lucca - Integrante / Orides Mezzaroba - Integrante / Samyra Haydêe Dal Farra Naspolini Sanches - Integrante.

## Membro de corpo editorial

| | |
|---|---|
| **2013 - 2014** | Periódico: REVISTA DE DIREITO MERCANTIL INDUSTRIAL, ECONÔMICO E FINANCEIRO |
| **2012 - Atual** | Periódico: Revista de Direito Bancário e do Mercado de Capitais |
| **2010 - Atual** | Periódico: Revista de Direito Empresarial - Juruá - Curitiba |

## Membro de comitê de assessoramento

| | |
|---|---|
| **2014 - Atual** | Agência de fomento: Instituto dos Advogados de São Paulo |

## Áreas de atuação

| | |
|---|---|
| **1.** | Grande área: Ciências Sociais Aplicadas / Área: Direito / Subárea: Direito Privado/Especialidade: Direito Comercial. |

## Idiomas

| | |
|---|---|
| **Espanhol** | Compreende Bem, Fala Razoavelmente, Lê Bem, Escreve Razoavelmente. |
| **Francês** | Compreende Bem, Fala Razoavelmente, Lê Bem, Escreve Razoavelmente. |
| **Italiano** | Compreende Bem, Fala Pouco, Lê Bem, Escreve Bem. |
| **Inglês** | Compreende Bem, Fala Razoavelmente, Lê Bem, Escreve Razoavelmente. |

## Prêmios e títulos

| | |
|---|---|
| **2021** | Professor Emérito, Universidade Nove de Julho. |
| **2019** | Medalha de Honra ao Mérito Desembargador Décio Antônio Erpen, Colégio Permanente de Corregedores-Gerais dos Tribunais de Justiça do Brasil - CCOGE. |
| **2019** | Colar do Mérito Judiciário Militar Paulista, Justiça Militar do Estado de São Paulo. |
| **2019** | Medalha Especial de Mérito da Magistratura da Bahia - TJBA 410 anos, Tribunal de Justiça do Estado da Bahia. |
| **2019** | Medalha Constitucionalista, Sociedade Veteranos de 1932 M.M.D.C.. |
| **2019** | Ordem do Mérito do Trabalho Getúlio Vargas - Grau de Grande Oficial, Presidente da República Federativa do Brasil. |
| **2019** | Medalha do Mérito Comunitário, Polícia Militar do Estado de São Paulo. |
| **2019** | Medalha do 1º Centenário do Regimento de Polícia Montada "9 de Julho", Polícia Militar do Estado de São Paulo. |
| **2019** | Medalha da Ordem do Mérito Judiciário do Trabalho, TRT 2ª região. |
| **2019** | Certificado de "Parceiro do Bem" - Funfarme e Hospital de Base de São José do Rio Preto, Funfarme e Hospital de Base de São José do Rio Preto. |
| **2019** | Homenagem do Poder Judiciário de Guarulhos pela Gestão na Presidência no Biênio 2018/2019, Poder Judiciário de Guarulhos. |
| **2018** | Prêmio Dr. Ives Gandra Martins - Personalidades de destaque 2018 - 27ª Edição, Associação Paulista de Imprensa. |
| **2018** | Medalha do Pacificador, Ministério da Defesa - Exército Brasileiro - Comando Militar do Sudeste (Zona Militar do Centro/1946. |
| **2018** | |

São Paulo, Caixa Beneficente da Polícia Militar do Estado de São Paulo.

| | |
|---|---|
| Medalha General Euclydes Figueiredo, Sociedade Veteranos de 32 - MMDC. | **2017** |
| Medalha do Mérito Judiciário Militar Paulista, Justiça Militar do Estado de São Paulo. | **2017** |
| Grau de Grande-Oficial, Tribunal Regional do Trabalho da 2ª Região - Conselho da Ordem do Mérito Judiciário do Trabalho. | **2016** |
| Medalha "Paulo Bomfim - Príncipe dos Poetas", Núcleo MMDC Tribunal de Justiça de São Paulo - Sociedade Veteranos de 32.. | **2016** |
| Medalha Brigadeiro Tobias, Polícia Militar do Estado de São Paulo. | **2008** |
| Aprovado em 1º lugar no concurso de seleção de Professor de Direito Comercial para o curso de graduação, Pontifícia Universidade Católica de São Paulo - PUCSP. | **2007** |

Aprovado em 1º lugar no concurso de credenciamento para Professor na área de Direito Comercial do Programa de Estudos Pós-graduados em Direito, Pontifícia Universidade Católica - PUCSP.

## Produções

Produção bibliográfica



### Artigos completos publicados em periódicos

Ordenar por

Ordem Cronológica ▼

1. **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. ; Pedro Eduardo Clemesha . Reflexões sobre o voto plural: perspectivas para a admissão de estruturas societárias com duas ou mais classes de ações com direito de voto diferenciado no direito brasileiro.. REVISTA DE DIREITO BANCÁRIO DO MERCADO DE CAPITAIS E DA ARBITRAGEM, v. 92, p. 159-184, 2021.

2. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; DEZEM, R. M. M. M. . A supervisão Judicial após a concessão da recuperação judicial a partir das alterações trazidas pela Lei nº 14.112/2020. REVISTA DO ADVOGADO, v. 150, p. 155-161, 2021.

3. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; SILVA, RUTH MARIA JUNQUEIRA DE ANDRADE PEREIRA E ; GARCIA, THIAGO MUNARO . A LIMITAÇÃO DA REMUNERAÇÃO DO ADMINISTRADOR JUDICIAL DA FALÊNCIA E RECUPERAÇÃO JUDICIAL NA PERSPECTIVA DA PRESERVAÇÃO DA EMPRESA. Revista Jurídica- Unicuritiba, v. 1, p. 544-572, 2020.

4. **CALÇAS, M. Q. P.**. Depoimento - Manoel de Queiroz Pereira Calças. CADERNOS FGV PROJETOS, v. ANO 13, p. 24-28, 2018.

5. **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. . Reflexões sobre os Requisitos Legais da Ação Renovatória. Revista Jurídica-Unicuritiba, v. 2, p. 1-14, 2017.

6. **CALÇAS, M. Q. P.**; DEZEM, R. M. M. M. . A contagem dos prazos da Lei de Recuperação Judicial (n. 11.101/05) a partir da vigência do novo Código de Processo Civil.. Revista Thesis Juris, v. 5, p. 832-849, 2016.

7. **CALÇAS, M. Q. P.**. Comentário Doutrinário ao REsp 547.794-PR. Revista do Superior Tribunal de Justiça, v. II, p. 798-803, 2015.

8. **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. . Reflexões sobre a Jurisprudência em Face da Cessão Fiduciária de Créditos na Recuperação Judicial. Revista Brasileira de Direito Comercial, v. 01, p. 44-57, 2014.

9. **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. . O Empresário no Código Civil e na Lei de Falência e Recuperação. Revista Jurídica Empresarial, v. 18, p. 11-26, 2011.

10. **CALÇAS, M. Q. P.**. Novação Recuperacional. Revista do Advogado, v. 105, p. 115-128, 2009.

11. **CALÇAS, M. Q. P.**. Do pedido de restituição e dos embargos de terceiro. Revista de Direito Bancário e do Mercado de Capitais, v. 36, p. 260-278, 2007.

12. **CALÇAS, M. Q. P.**. Do pedido de restituição e dos embargos de terceiro. Revista Autônoma de Processo, v. 4, p. 233-256, 2007.

13. **CALÇAS, M. Q. P.**. A nova lei de recuperação de empresas e falências: repercussão no Direito do Trabalho. Revista do Tribunal Superior do Trabalho, v. 73, p. 39-54, 2007.

14. **CALÇAS, M. Q. P.**. Da ineficácia e da revogação dos atos praticados antes da falência. Revista do Advogado (São Paulo), São Paulo, p. 89-97, 2005.

15. **CALÇAS, M. Q. P.**. O empresário no Código Civil. Revista do Advogado (São Paulo), São Paulo, p. 87-92, 2005.

16. **CALÇAS, M. Q. P.**. A sociedade Simples no Código Civil. Revista do Instituto de Pesquisas e Estudos, v. 41, p. 171-187, 2004.

17. ⭐ **CALÇAS, M. Q. P.**. A capacidade para contratar sociedade limitada no novo Código Civil. Revista do Advogado (São Paulo), São Paulo, v. 71, p. 65-72, 2003.

18. ⭐ **CALÇAS, M. Q. P.**. Arrendamento Mercantil. Revista do Instituto de Pesquisas e Estudos, Bauru, v. 37, p. 341-363, 2003.

Personalidade Jurídica na Sociedade Limitada. Revista do Tribunal Regional do Trabalho da 3. Região, Belo Horizonte, v. 66, p. 33-60, 2002.

**20.** **CALÇAS, M. Q. P.**. Revisão judicial de contratos entre empresários. Revista do Instituto de Pesquisas e Estudos, v. 28, p. 35-67, 2000.

**21.** **CALÇAS, M. Q. P.**. Dos Recursos Extraordinário e Especial à luz da Nova Constituição Federal. Revista de Processo, v. 62, p. 243-249, 1990.

**22.** **CALÇAS, M. Q. P.**. Dos recursos extraordinário e especial à luz da Nova Constituição Federal. Jurisprudência do Tribunal de Justiça, v. 124, p. 13-18, 1990.

## Livros publicados/organizados ou edições

**1.** **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; Mello Guerra ; Sousa Zanetti ; MELO, D. L. M. ; ZULIANI, E. S. ; MENKE, F. ; MARTINS, F. R. ; NANNI, G. E. ; GAMA, G. N. ; WAISBERG, I. ; BENACCHIO, M. . Comentários ao Código Civil Direito Privado Contemporâneo. 3. ed. São Paulo SP: Thomson Reuters Brasil, 2023. v. 1. 1982p .

**2.** **CALÇAS, M. Q. P.**. Direito Empresarial e suas Interfaces Homenagem a Fabio Ulhoa Coelho. 1. ed. São Paulo: Editora Quartier Latin do Brasil, 2022. v. V. 828p .

**3.** **CALÇAS, M. Q. P.**. Justiça Criminalna ótica dos juizes Brasileiros. 1. ed. São Paulo: Revista do Tribunais, 2022. v. I. 495p .

**4.** **CALÇAS, M. Q. P.**; CARDOSO, T. S. ; Nasser de Melo ; Aline Mendes ; Galhardo Palma ; BERNIER, J. R. ; Somesorn Tauk ; COSTA, D. C. ; Juliana Loss ; Herdem Lima ; Lucas Latini ; Oliveira de Rezende ; Rodrigues Filho ; Juliana Biochi ; Juliana Bumachar ; RAMALHO, M. S. ; Amaral Perino ; Rodrigues Garcia ; Oliveira Amado ; Carolina Mascarenhas ; LONGO, S. M. ; CEREZETTI, S. C. N. . Recuperação Empresarial e Falência Aspectos Práticos. 1. ed. Londrina PR: THOTH, 2022. v. 1. 310p .

**5.** Maia da Cunha ; DIAS, M. R. R. P. ; **CALÇAS, MANOEL DE QUEIROZ PEREIRA** . Comentários à Lei de Recuperação de Empresas e Falência. 1. ed. São Paulo SP: Contracorrente, 2022. v. 1. 944p .

**6.** ⭐ **CALÇAS, M. Q. P.**. Sociedade Limitada no Novo Código Civil. 1. ed. São Paulo: Editora Atlas S/A, 2003. v. 1. 212p .

## Capítulos de livros publicados

**1.** **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; CARDOSO, T. S. . O Superior Tribunal de Justiça e a Insolvência Transnacional:In Claris Cessat Interpretatio. In: Daniel Carnio Costa,. (Org.). Sistema Brasileiro de Insolvência Transnacional. 1ed.Curitiba PR: Editora Juruá, 2022, v. 1, p. 97-129.

**2.** **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; Ronaldo Francisco ; COSTA, D. C. . A Atuação Do Ministério Público Em Processos De Falência Transnacional. In: Daniel Carnio Costa,. (Org.). Sistema Brasileiro de Insolvência Transnacional. 1ed.Curitiba PR: Juruá Editora, 2022, v. 1, p. 271-300.

**3.** ⭐ PUGLIESI, A. V. Alberto Camiña Moreira MARIANO, A. A. C. Arthur Migliari Junior Assioni Santos Daltro Borges Filho Eduardo Mattar AZEVEDO, E. V. Fabiana Bruno Solano Pereira SOUZA JUNIOR, F. S. BUSCHINELLI, G. S. K. João Pedro Scalzilli José Anchieta da Silva Juliana Bumachar DIAS, L. A. R. GOUVEIA, L. A. S. SPINELLI, L. F. Luiz Fernando Valente de Paiva BEZERRA FILHO, M. J. SACRAMONE, M. B. ADAMEK, M. V. V. Maria Cristina Zucche RODRIGUES FILHO, O. J. CAMPANA FILHO, P. F. TOLEDO, P. F. C. S. , *et al.*   ; Comentários aos Artigos 129 a 138. In: Paulo Fernando Campos Salles de Toledo. (Org.). Comentários à Lei de Recuperação de Empresas. 1ed.São Paulo: Thomson Reuters Revista Dos Tribunais, 2021, v. 1, p. 741-758.

**4.** **CALÇAS, M. Q. P.**; MARQUES, S. R. M. ; ANDRADE, R. M. J. . A Lei de Liberdade Econômica e a Desjudicialização. In: Roberto Augusto Castellanos Pfeiffer. (Org.). Lei da Liberdade Econômica Anotada - Lei nº 13.874 de 2019. 2ed.São Paulo: Quartier Latin, 2020, v. 2, p. 19-27.

**5.** **CALÇAS, M. Q. P.**. "Arts. 997 a 1.092". In: Giovanni Ettore Nanni. (Org.). Comentários ao Código Civil - Direito Privado Contemporâneo. 1ed.São Paulo: Saraiva, 2019, v. 1, p. 1371-1481.

**6.** **CALÇAS, M. Q. P.**. "Arts. 1.102 a 1.141". In: Giovanni Ettore Nanni. (Org.). Comentários ao Código Civil - Direito Privado Contemporâneo. 1ed.São Paulo: Saraiva, 2019, v. 1, p. 1490-1523.

**7.** **CALÇAS, M. Q. P.**. Organização do poder judiciário e especialização das varas em matéria empresarial. In: André Guilherme Lemos Jorge, João Maurício Adeodato e Renata Mota Maciel Madeira Dezem. (Org.). Direito Empresarial - Estruturas e Regulação. 1ed.São Paulo: Uninove, 2018, v. 1, p. 189-207.

**8.** **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. . Reflexões sobre a evolução jurisprudencial na exegese do Art. 6º, § 4º, da Lei nº 11.101/2005. In: Ivo Waisberg e José Horácio Halfeld Rezende Ribeiro. (Org.). Temas de Direito da Insolvência - Estudos em homenagem ao Professor Manoel Justino Bezerra Filho. 1ed.São Paulo: Editora IASP - Instituto dos Advogados de São Paulo, 2017, v. 1, p. 567-588.

**9.** Paulo Sales de Toledo ; BEZERRA FILHO, M. J. ; **CALÇAS, M. Q. P.** ; PUGLIESI, A. V. . Capítulo XXIV - Dos Crimes Falimentares. In: Modesto Carvalhosa. (Org.). Tratado de Direito Empresarial - Recuperação Empresarial e Falência. 1ed.São Paulo: Thomson Reuters - Revista dos Tribunais, 2016, v. V, p. 521-584.

**10.** **CALÇAS, M. Q. P.**; LUCCA, N. ; COSTA, D. C. ; DEZEM, R. M. M. M. ; NAJJARIAN, I. P. N. ; LANCELLOTTI, R. W. ; MAFFIOLETTI, E. U. ; BOITEUX, F. N. ; SACRAMONE, M. B. ; LUCENA, A. ; LEITAO, L. M. T. M. ; ABREU, J. C. ; DOMINGUES, P. T. ; VASCONCELOS, M. P. ; LAMEIRA, J. A. S. ; EPIFANIO, M. R. ; CAMPOS, I. M. ; COSTA, M. F. ; MARTINS, A. S. ; RAMALHO, T. A. . Créditos Submetidos à Recuperação Judicial. In: Newton de Lucca;Miguel Pestana de Vasconcelos. (Org.). Falência, Insolvência e Recuperação de Empresas - Estudos Luso-Brasileiros. 1ed.São Paulo: Quartier Latin do Brasil, 2015, v. 1, p. 15-460.

**11.** **CALÇAS, M. Q. P.**; YARSHELL, F. L. ; PEREIRA, G. S. J. . Reflexões sobre o Litisconsórcio Ativo entre Empresas Componentes de Grupo Econômico Na Recuperação Judicial. In: Yarshell, Flávio Luiz; Pereira, Guilherme Setoguti J.. (Org.). Processo

12. **CALÇAS, M. Q. P.**. A Novação Recuperacional. In: Fábio Ulhoa Coelho. (Org.). Tratado de Direito Comercial - Falêmcoa e Recuperação de Empresa e Direito Marítimo. 1ed.São Paulo: Saraiva, 2015, v. 7, p. 295-315.

13. **CALÇAS, M. Q. P.**. A controvérsia sobre a natureza jurídica das contribuições devidas ao Fundo de Garantia por Tempo de Serviço por empresa em recuperação judicial. In: Sheila C. Neder Cerezetti; Emanuelle Urbano Maffioletti. (Org.). Dez Anos da Lei nº 11.101/2005 - Estudos sobre a Lei de Recuperação e Falência. 1ed.São Paulo: Almedina, 2015, v. 1, p. 407-414.

14. **CALÇAS, M. Q. P.**. Sociedade Simples. In: FGV Direito SP. (Org.). Tipos Societários. 2ed.São Paulo: Saraiva, 2014, v. , p. 103-152.

15. **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. . Sociedade de propósito específico no setor imobiliário. In: Daniel Aureo de Castro. (Org.). Direito Imobiliário Atual. 1ªed.Rio de Janeiro: Elsevier, 2013, v. 1, p. 171-184.

16. **CALÇAS, M. Q. P.**. Protesto Judicial contra Alienação de Bens, Ações e Quotas em Conflitos Societários. In: Flávio Luiz Yarshell e Guilherme Setoguti J. Pereira. (Org.). Processo Societário. 1ªed.São Paulo: Quartier Latin, 2012, v. , p. 475-488.

17. **CALÇAS, M. Q. P.**. A proteção do sócio minoritário na lei das sociedades anônimas brasileira. In: Fábio Ulhoa Coelho e Maria de Fátima Ribeiro. (Org.). Questões de Direito Societário em Portugal e no Brasil. 1ªed.Coimbra - Portugal: Almedina, 2012, v. , p. 219-251.

18. **CALÇAS, M. Q. P.**; BENTO, S. . A empresa: Responsabilidade solidária e Sustentabilidade. In: Prof. Dra. Gina Vidal Marcílio Pompeu; e Prof. Dr. Ruy Cardozo de Mello Tucunduva Sobrinho. (Org.). Direito e Sustentabilidade. 1ªed.Rio de Janeiro: FUNJAB, 2012, v. , p. 13-33.

19. **CALÇAS, M. Q. P.**. Falência da Sociedade: Extensão aos sócios de responsabilidade ilimitada. In: Marcelo Vieira von Adamek. (Org.). Temas de direito societário e empresarial contemporâneos. 1ªed.São Paulo: Malheiros Editores Ltda., 2011, v. , p. 611-623.

20. **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. . Notas sobre o pedido de restituição e embargos de terceiro. Análise da jurisprudência sob a Lei 11.101/2005.. In: Vladmir Oliveira da Silveira e Orides Mezzaroba. (Org.). Empresa, Sustentabilidade e Funcionalização do Direito. 1ªed.São Paulo: Revista dos Tribunais, 2011, v. 2, p. 168-190.

21. **CALÇAS, M. Q. P.**. Sociedade Simples. In: Maria Eugênia Reis Finkelstein; José Marcelo Martins Proença. (Org.). Direito Societário: Tipos Societários - Série GV law. 1ªed.São Paulo: Editora Saraiva - Fundação Getúlio Vargas, 2009, v. , p. 79-122.

22. **CALÇAS, M. Q. P.**. O contrato de arrendamento mercantil (leasing). In: Arruda Alvim e Angélica Arruda Alvim. (Org.). Atualidades do Direito Civil. Curitiba: Juruá, 2006, v. 1, p. 69-83.

23. **CALÇAS, M. Q. P.**. A Nova sistemática do Direito Privado. Alienação Judiciária na Obra. : Editora Juruá, 2006, v. , p. -.

24. **CALÇAS, M. Q. P.**. Exoneração da Fiança. Trabalhos Jurídicos - Edição comemorativa do Segundo Tribunal de Alçada Civil - Jubileu de Prata 1972 - 1997. 1ed.São Paulo: Editora Oliveira Mendes, 1997, v. 1, p. 173-186.

### Textos em jornais de notícias/revistas

1. **CALÇAS, M. Q. P.**. Empresa Individual de Responsabilidade Limitada. Revista Fórum Jurídico PUCSP, São Paulo, p. 60 - 67, 01 mar. 2012.

2. **CALÇAS, M. Q. P.**. A segurança jurídica é fator de desenvolvimento. Revista Diálogos & Debates da Escola Paulista de Magistratura, São Paulo, p. 6 - 11, 01 mar. 2012.

### Apresentações de Trabalho

1. CALCAS, M. Q. P.; **CALÇAS, M. Q. P.** . Especialização da jurisdição de Direito Empresarial. 2022. (Apresentação de Trabalho/Congresso).

2. **CALÇAS, M. Q. P.**. Evolução da Jurisprudência da Recuperação Judicial para o produtor Rural. 2022. (Apresentação de Trabalho/Congresso).

3. **CALÇAS, M. Q. P.**. Especialização da Jurisdição Empresarial. 2022. (Apresentação de Trabalho/Congresso).

4. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Princípios Constitucionais da Ordem Econômica e Princípios Gerais do Direito Comercial. 2022. (Apresentação de Trabalho/Conferência ou palestra).

5. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Panorama das Principais Auterações Introduzidas pela Lei 14.112/20. 2021. (Apresentação de Trabalho/Conferência ou palestra).

6. CALCAS, M. Q. P.; **CALÇAS, MANOEL DE QUEIROZ PEREIRA** . Leasing e Alienação Fiduciária:Principais questões em matéria empresarial.. 2021. (Apresentação de Trabalho/Conferência ou palestra).

7. **CALÇAS, M. Q. P.**. Alterações na Falência Reforma da Lei 11.101?05. 2021. (Apresentação de Trabalho/Conferência ou palestra).

8. **CALÇAS, M. Q. P.**. Insolvência Empresarial. 2021. (Apresentação de Trabalho/Conferência ou palestra).

9. **CALÇAS, M. Q. P.**. Evolução do Direito Societário na Europa e no pós-pandemia. 2021. (Apresentação de Trabalho/Conferência ou palestra).

10. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Direito Empresarial no STJ: Empresas, Poder Judiciário e Polititicas Públicas. 2021. (Apresentação de Trabalho/Conferência ou palestra).

11. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Diálogos sobre os desafios da Jurimetria em Matéria de Empresarial. 2021. (Apresentação de Trabalho/Conferência ou palestra).

12. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Os Desafios do Tribunal de Justiça de São Paulo. 2021. (Apresentação de Trabalho/Conferência ou palestra).

13. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Congresso de Direito Recuperacional. 2021. (Apresentação de Trabalho/Conferência ou palestra).

14. **CALÇAS, M. Q. P.**. Aula Magna: Os princípios gerais dos contratos e os contratos atípicos. 2016. (Apresentação de Trabalho/Outra).

1. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Elementos de Direito Empresarial. Bauru, 2021. (Prefácio, Pósfacio/Prefácio)>.
2. YARSHELL, F. L. ; PEREIRA, G. S. J. ; **CALÇAS, M. Q. P.** . Processo Societário IV. são Paulo, 2021. (Prefácio, Pósfacio/Prefácio)>.
3. CUNHA, F. A. M. ; **CALÇAS, MANOEL DE QUEIROZ PEREIRA** ; COELHO, Fábio Ulhoa . Autonomia Patrimonial das Sociedades Limitadas. São Paulo, 2021. (Prefácio, Pósfacio/Prefácio)>.
4. **CALÇAS, M. Q. P.**; SILVA, R. M. J. A. P. E. . Reflexões sobre os Requisitos Legais da Ação Renovatória - Revista Opinião Jurídica 4 - Direito Imobiliário. São Paulo: Secovi, 2016 (Texto publicado em revista).
5. **CALÇAS, M. Q. P.**. Da Cessão Fiduciária de Créditos na Recuperação Judicial. São Paulo: Opinião Jurídica, 2015 (Texto publicado em revista).

Produção técnica

## Trabalhos técnicos

1. **CALÇAS, M. Q. P.**. Audiência Pública a convite da Comissão de Constituição e Justiça e de Cidadania. 2011.

## Entrevistas, mesas redondas, programas e comentários na mídia

1. **CALÇAS, M. Q. P.**. Direito Empresarial - IV Seminário de Direito das Empresas das Empresas em Dificuldade. 2018. (Programa de rádio ou TV/Entrevista).
2. **CALÇAS, M. Q. P.**. 'Processo digital fez a Justiça mais eficiente', afirma presidente do TJ. 2018. (Programa de rádio ou TV/Entrevista).
3. **CALÇAS, M. Q. P.**; NUNES, M. G. ; RIBEIRO, J. H. R. . Varas empresariais, avanço para o Brasil. 2018. (Programa de rádio ou TV/Entrevista).
4. **CALÇAS, M. Q. P.**. SP poderá ter 3ª Vara de Recuperação Judicial e Falência. 2017. (Programa de rádio ou TV/Entrevista).
5. **CALÇAS, M. Q. P.**. SP poderá ter 3ª Vara de Recuperação Judicial e Falência. 2017. (Programa de rádio ou TV/Entrevista).
6. **CALÇAS, M. Q. P.**. A outra face da Corregedoria - Pereira Calças discorre sobre o desafio de direcionar 65 mil servidores. 2017. (Programa de rádio ou TV/Entrevista).
7. **CALÇAS, M. Q. P.**. Vamos salvar a organização, não o empresário. 2017. (Programa de rádio ou TV/Entrevista).
8. **CALÇAS, M. Q. P.**. Entrevista - Manoel de Queiroz Pereira Calças. 2016. (Programa de rádio ou TV/Entrevista).
9. **CALÇAS, M. Q. P.**. Os impactos do novo CPC na prática forense. 2016. (Programa de rádio ou TV/Entrevista).
10. **CALÇAS, M. Q. P.**. Tribunais reduzem honorários de administradores judiciais. 2015. (Programa de rádio ou TV/Entrevista).
11. **CALÇAS, M. Q. P.**. Lava Jato e crise econômica elevaram pedidos de recuperação judicial. 2015. (Programa de rádio ou TV/Entrevista).
12. **CALÇAS, M. Q. P.**. Manoel Pereira Calças: Admissibilidade recursal no novo CPC gera preocupação, mas tem solução. 2015. (Programa de rádio ou TV/Entrevista).
13. **CALÇAS, M. Q. P.**. A segurança jurídica é fator de desenvolvimento. 2012. (Programa de rádio ou TV/Entrevista).

Demais tipos de produção técnica

1. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Personalidade Jurídica das Sociedades Empresariais e Desconsideração. 2023. (Palestra).
2. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Aula Magna do 11º curso de Pós-Graduação Lato Sensu em Direito Empresarial. 2023. (Paletra).
3. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Câmaras: Especializadas em Direito Empresarial: A Esperiência do TJESP. 2023. (Palestra).
4. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Desconsideração da Personalidade Jurídica na Recuperação Judicial. 2023. (Palestra).
5. **CALÇAS, M. Q. P.**. Conflitos entre Agências Reguladoras e o Judiciário Relativos à Recuperação Judicial. 2021. (Palestra).
6. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Panorama Geral da lei 11.101/05 e Recentes Alterações decorrentes da lei 14.112/20. 2021. (Palestra).
7. **CALÇAS, M. Q. P.**. Tutelas de urgência e a pandemia. 2020. (Palestra).
8. **CALÇAS, M. Q. P.**. 16º Webinário Enfam - Temas Complexos da Recuperação Judicial. 2020. (Palestra).
9. **CALÇAS, M. Q. P.**. Introdução aos procedimentos de insolvência - Curso Administrador Judicial. 2019. (Curso de curta duração ministrado/Outra).
10. **CALÇAS, M. Q. P.**. Aula Magna - Direito Falimentar e Recuperacional. Evolução do direito concursal no Brasil. 2019. (Palestra).
11. **CALÇAS, M. Q. P.**. Aula Magna - Projeto de Lei Anticrime. 2019. (Palestra).
12. **CALÇAS, M. Q. P.**. Especialização da Matéria de Direito Empresarial nos Tribunais. 2019. (Palestra).
13. **CALÇAS, M. Q. P.**. Mesa de Abertura - Fórum sobre a MP nº 881/2019 - Liberdade Econômica. 2019. (Palestra).
14. **CALÇAS, M. Q. P.**. A Recuperação Judicial do Produtor Rural. 2019. (Palestra).
15. **CALÇAS, M. Q. P.**. A especialização judicial em Direito Empresarial. 2019. (Palestra).
16. **CALÇAS, M. Q. P.**. Segurança, Justiça e Cidadania. 2019. (Palestra).
17. **CALÇAS, M. Q. P.**. XII Curso de Especialização em Polícia Judiciária e Sistema de Justiça Criminal. 2019. (Palestra).
18. **CALÇAS, M. Q. P.**. Media Training. 2018. (Curso de curta duração ministrado/Outra).
19. **CALÇAS, M. Q. P.**. Aula Magna - Os Princípios Gerais dos Contratos. 2018. (Palestra).

20. CALÇAS, M. Q. P.. Direitos empresariais dos acionistas e a Lei 199/2 Marcelo Fortes estruturante.
21. **CALÇAS, M. Q. P.**. Leasing e Alienação Fiduciária. 2018. (Palestra).
22. **CALÇAS, M. Q. P.**. Locação de imóveis não residenciais no regime da Lei 8.245/91: ação de despejo, ação de consignação, ação revisional de aluguel, ação renovatória de locação. 2018. (Palestra).
23. **CALÇAS, M. Q. P.**. Direito e Instituições Públicas. 2018. (Palestra).
24. **CALÇAS, M. Q. P.**. Planejamento no Poder Judiciário: caminho para a eficiência e a segurança jurídica - Abertura da Semana Jurídica da Uninove. 2018. (Palestra).
25. **CALÇAS, M. Q. P.**. O Direito face à corrupção - XVI Semana Jurídica - Tribunal de Contas do Estado de São Paulo. 2018. (Palestra).
26. **CALÇAS, M. Q. P.**. Poder Judiciário e Corrupção - XIV Jornada de Direito Público e Privado de Monte Alto. 2018. (Palestra).
27. **CALÇAS, M. Q. P.**. Aula magna - Princípios constitucionais da ordem econômica e princípios gerais do direito comercial. 2018. (Palestra).
28. **CALÇAS, M. Q. P.**. Gestão no Poder Judiciário. 2018. (Palestra).
29. **CALÇAS, M. Q. P.**. Segurança Jurídica no Agronegócio: especialização da jurisdição na área do meio ambiente em matéria empresarial. 2018. (Palestra).
30. **CALÇAS, M. Q. P.**. O Poder Judiciário face à corrupção - Academia de Polícia Militar do Barro Branco. 2018. (Palestra).
31. **CALÇAS, M. Q. P.**. Sociedade Anônima: características. Administração da S/A. 9º Curso de Pós-Graduação 'Lato Sensu' - Especialização em Direito Empresarial. 2018. (Palestra).
32. **CALÇAS, M. Q. P.**. Curso de Formação Inicial do 187º Concurso de Ingresso na Magistratura - 1ª Etapa - Curso de Iniciação Funcional. 2018. (Palestra).
33. **CALÇAS, M. Q. P.**. Registro público de empresas e reflexões sobre o conceito de agente econômico na teoria da empresa - 9º Curso de Pós-Graduação 'Lato Sensu' - Especialização em Direito Empresarial. 2018. (Palestra).
34. **CALÇAS, M. Q. P.**. 10º Congresso TMA Brasil de Reestruturação e Recuperação de Empresas. 2018. (Palestra).
35. **CALÇAS, M. Q. P.**. Varas Empresariais na Comarca de São Paulo. 2018. (Palestra).
36. **CALÇAS, M. Q. P.**. ?Planejamento no Poder Judiciário: caminho para a eficiência e a segurança jurídica?.. 2018. (Palestra).
37. **CALÇAS, M. Q. P.**. Os desafios da Justiça. 2018. (Palestra).
38. **CALÇAS, M. Q. P.**; BARBOSA FILHO, Marcelo Fortes ; SOUZA JUNIOR, F. S. ; BAPTISTA, L. O. . Arbitragem no Direito Societário. 2017. (Palestra).
39. **CALÇAS, M. Q. P.**. Aula Magna 2017 da Faculdade de Direito de São Bernardo do Campo. 2017. (Palestra).
40. **CALÇAS, M. Q. P.**. Empresa, Empresário e Estabelecimento Empresarial - 8º Curso de Pós-Graduação 'Lato Sensu' - Especialização em Direito Empresarial. 2017. (Palestra).
41. **CALÇAS, M. Q. P.**. Registro Público de Empresas. 2017. (Palestra).
42. **CALÇAS, M. Q. P.**. Sociedade Anônima: características. Administração da S/A.. 2017. (Palestra).
43. **CALÇAS, M. Q. P.**. Recuperação Judicial. 2017. (Palestra).
44. **CALÇAS, M. Q. P.**. Ética e Deontologia. 2017. (Palestra).
45. **CALÇAS, M. Q. P.**. III Seminário das Empresas em Dificuldades. 2017. (Palestra).
46. **CALÇAS, M. Q. P.**. Regime dos créditos: habilitação e verificação de crédito. Classificação dos créditos. 2017. (Palestra).
47. **CALÇAS, M. Q. P.**. Implantação das Varas Empresariais em São Paulo pelo Tribunal de Justiça. 2017. (Palestra).
48. **CALÇAS, M. Q. P.**. Recuperação Judicial: princípios e noções gerais. O pedido e o procedimento comum e especial para a pequena empresa. 2016. (Palestra).
49. **CALÇAS, M. Q. P.**. Crimes falimentares e procedimento penal. 2016. (Palestra).
50. **CALÇAS, M. Q. P.**. Pessoas naturais e Pessoas Jurídicas. Personalidade e Capacidade. Reflexos do Estatuto da Pessoa com Deficiência. Nome e Domicílio. Desconsideração da personalidade jurídica.. 2016. (Palestra).
51. **CALÇAS, M. Q. P.**. Leasing e Alienação Fiduciária. 2016. (Palestra).
52. **CALÇAS, M. Q. P.**. Locação de imóveis não residenciais no regime da Lei 8245/91: ação de despejo, ação de consignação, ação revisional de aluguel, ação renovatória de locação.. 2016. (Palestra).
53. **CALÇAS, M. Q. P.**. Reflexões sobre a Audiência de Custódia: São Paulo na Vanguarda. 2016. (Palestra).
54. **CALÇAS, M. Q. P.**. Os Princípios Gerais dos Contratos e os Contratos Atípicos. 2015. (Palestra).
55. **CALÇAS, M. Q. P.**. Falência e Recuperação. 2015. (Palestra).
56. **CALÇAS, M. Q. P.**. Garantias Fiduciárias e Garantias de Coobrigados na Recuperação Judicial. 2015. (Palestra).
57. **CALÇAS, M. Q. P.**. Sociedade Limitada. 2015. (Palestra).
58. **CALÇAS, M. Q. P.**. Créditos Não Sujeitos aos Efeitos da Recuperação Judicial. 2015. (Palestra).
59. **CALÇAS, M. Q. P.**. Empresa, Empresário e Estabelecimento Empresarial. 2015. (Palestra).
60. **CALÇAS, M. Q. P.**. Empresa, Empresário e Estabelecimento Empresarial. 2015. (Palestra).
61. **CALÇAS, M. Q. P.**. Direito Empresarial e o Novo CPC. 2015. (Palestra).
62. **CALÇAS, M. Q. P.**. Pessoas Naturais e Pessoas Jurídicas. 2015. (Palestra).
63. **CALÇAS, M. Q. P.**. Registros Públicos de Empresas. 2015. (Palestra).
64. **CALÇAS, M. Q. P.**. Sociedades empresárias: espécies, constituição, responsabilidade de sócios e administradores. 2015. (Palestra).
65. **CALÇAS, M. Q. P.**. Sociedade Anonima: caracterísitca. Administração da S/A. 2015. (Palestra).
66. **CALÇAS, M. Q. P.**. Direito Empresarial - As Câmaras de Direito Empresarial e os Contratos Empresariais. Jurisprudência sobre assuntos polêmicos (Franquia, Factoring e outros contratos). 2014. (Palestra).
67. **CALÇAS, M. Q. P.**. Personalidade Jurídica e sua desconsideração. 2014. (Palestra).
68. **CALÇAS, M. Q. P.**. Registro Público de Empresas. 2014. (Palestra).
69. **CALÇAS, M. Q. P.**. Factoring. 2014. (Palestra).
70. **CALÇAS, M. Q. P.**. Liquidação Extrajudicial. 2014. (Palestra).
71. **CALÇAS, M. Q. P.**. Relações Societárias. Acionistas na Justiça. 2014. (Palestra).
72.

(Grupo de Trabalho - Juristas de notório saber).

**73.**      **CALÇAS, M. Q. P.**. O Princípio da Dignidade da Pessoa Humana como Pressuposto da Atuação da Análise Econômica do Direito. 2014. (Grupo de Trabalho - Juristas de notório saber).

**74.**      **CALÇAS, M. Q. P.**. Contratos de compra e venda empresarial. 2013. (Palestra).

**75.**      **CALÇAS, M. Q. P.**. Os contratos empresariais e o Código de Defesa do Consumidor. 2013. (Palestra).

**76.**      **CALÇAS, M. Q. P.**. Noções Gerais de Falências. 2013. (Palestra).

**77.**      **CALÇAS, M. Q. P.**. Desconsideração da Personalidade Jurídica no CDC. 2013. (Palestra).

**78.**      **CALÇAS, M. Q. P.**. Projeto de Lei 1572/2011 - Código Comercial - Câmara dos Deputados. 2012. (Grupo de Trabalho - Juristas de notório saber).

**79.**      **CALÇAS, M. Q. P.**. Aula Magna: Falência e Recuperação Judicial: Análise da Jurisprudência do TJSP, do STJ e do STF.. 2012. (Palestra).

**80.**      **CALÇAS, M. Q. P.**. Palestra: Direito Comercial - Novo Código Comercial (Semana de palestras do 22). 2012. (Palestra).

**81.**      **CALÇAS, M. Q. P.**. Palestra: Falência e Recuperação Judicial. 2011. (Palestra).

**82.**      **CALÇAS, M. Q. P.**. A Câmara reservada de Direito Empresarial TJ/SP - Algumas tendências em matéria de exclusão do acionista de companhia fechada. 2011. (Palestra).

**83.**      **CALÇAS, M. Q. P.**. Locação Empresarial e Ação Renovatória. 2010. (Palestra).

**84.**      **CALÇAS, M. Q. P.**. Sociedade Simples I. 2010. (Palestra).

**85.**      **CALÇAS, M. Q. P.**. Sociedade Simples II. 2010. (Palestra).

**86.**      **CALÇAS, M. Q. P.**. Recuperação Judicial. 2010. (Palestra).

**87.**      **CALÇAS, M. Q. P.**. Crimes Falimentares. 2010. (Palestra).

**88.**      **CALÇAS, M. Q. P.**. Recuperação Judicial: Jurisprudência. 2010. (Palestra).

**89.**      **CALÇAS, M. Q. P.**. Crimes Falimentares e de Recuperação Judicial. 2009. (Palestra).

**90.**      **CALÇAS, M. Q. P.**. Direitos dos Acionistas: A visão do Poder Judiciário. 2009. (Palestra).

**91.**      **CALÇAS, M. Q. P.**. Estratégias Processuais na Advocacia Empresarial: Falência e Recuperação de Empresa. 2009. (Palestra).

**92.**      **CALÇAS, M. Q. P.**. Direito Falimentar. 2009. (Palestra).

**93.**      **CALÇAS, M. Q. P.**. Dissolução das Sociedades Anônimas. 2009. (Palestra).

**94.**      **CALÇAS, M. Q. P.**. Recuperação de Empresas. 2009. (Palestra).

**95.**      **CALÇAS, M. Q. P.**. Dissolução Judicial das Companhias. 2009. (Palestra).

**96.**      **CALÇAS, M. Q. P.**. Responsabilidade dos Administradores de Sociedade Limitada e Anônima. 2009. (Palestra).

**97.**      **CALÇAS, M. Q. P.**. A crise econômica da empresa e o Poder Judiciário. 2009. (Palestra).

**98.**      **CALÇAS, M. Q. P.**. Responsabilidade Civil dos Administradores. 2009. (Palestra).

**99.**      **CALÇAS, M. Q. P.**. Procedimento de Falência: Pedido e Defesas. 2009. (Palestra).

**100.**      **CALÇAS, M. Q. P.**. Administração da Falência. Verificação e Classificação de Créditos. 2009. (Palestra).

**101.**      **CALÇAS, M. Q. P.**. A sucessão nas obrigações do devedor insolvente.. 2009. (Palestra).

**102.**      **CALÇAS, M. Q. P.**. Crimes Falimentares I. 2009. (Palestra).

**103.**      **CALÇAS, M. Q. P.**. Crimes Falimentares II. 2009. (Palestra).

**104.**      **CALÇAS, M. Q. P.**. Palestra: Teoria da Empresa e Empresário no Código Civil. 2008. (Palestra).

**105.**      **CALÇAS, M. Q. P.**. Palestra: Teoria Geral do Direito Societário. 2008. (Palestra).

**106.**      **CALÇAS, M. Q. P.**. Palestra: Sociedade Limitada no Código Civil. 2008. (Palestra).

**107.**      **CALÇAS, M. Q. P.**. Palestra: Lei de Falências e Recuperação de Empresas: Questões Controvertidas. 2008. (Palestra).

**108.**      **CALÇAS, M. Q. P.**. Palestra: Recuperação Judicial: Temas Polêmicos na Jurisprudência. 2008. (Palestra).

**109.**      **CALÇAS, M. Q. P.**. Palestra: Recursos na Nova Lei de Falências. 2008. (Palestra).

**110.**      **CALÇAS, M. Q. P.**. Análise Crítica da Nova Lei de Recuperação e Falências. 2008. (Palestra).

**111.**      **CALÇAS, M. Q. P.**. Recuperação de Empresa: Questões Processuais Polêmicas - Tema: Análise crítica da jurisprudência.. 2008. (Palestra).

**112.**      **CALÇAS, M. Q. P.**. Crimes Falimentares e de Recuperação Judicial. 2008. (Palestra).

**113.**      **CALÇAS, M. Q. P.**. Palestra: Processo da falência: Pedido de falência e sentença de falência. 2007. (Palestra).

**114.**      **CALÇAS, M. Q. P.**. Palestra: Administração da Falência e verificação de créditos. 2007. (Palestra).

**115.**      **CALÇAS, M. Q. P.**. Palestra: Efeitos da falência em relação aos atos e contratos do falido. 2007. (Palestra).

**116.**      **CALÇAS, M. Q. P.**. Palestra: Recuperação Judicial: Introdução e órgãos da recuperação. 2007. (Palestra).

**117.**      **CALÇAS, M. Q. P.**. Palestra: Recuperação Judicial de microempresas e recuperação extrajudicial. 2007. (Palestra).

**118.**      **CALÇAS, M. Q. P.**. Palestra: O funcionamento das Sociedades Limitadas: Papel dos Administradores e dos Sócios. 2007. (Palestra).

**119.**      **CALÇAS, M. Q. P.**. Palestra: Princípios gerais da Nova Lei de Falências. 2007. (Palestra).

**120.**      **CALÇAS, M. Q. P.**. Palestra: Sociedade simples no Código Civil. 2007. (Palestra).

**121.**      **CALÇAS, M. Q. P.**. Palestra: Falência: procedimento. 2007. (Palestra).

**122.**      **CALÇAS, M. Q. P.**. Palestra: A Nova Lei de Falências e Recuperação Judicial: Reflexos no crédito trabalhista. 2007. (Palestra).

**123.**      **CALÇAS, M. Q. P.**. Palestra: Novo Regime de Recuperação Judicial e Falência. 2007. (Palestra).

**124.**      **CALÇAS, M. Q. P.**. Palestra: Responsabilidade dos administradores na S/A. 2007. (Palestra).

**125.**      **CALÇAS, M. Q. P.**. Palestra: Falência: procedimento. 2006. (Palestra).

**126.**      **CALÇAS, M. Q. P.**. Palestra: A responsabilidade dos administradores nas sociedades empresárias. 2006. (Palestra).

**127.**      **CALÇAS, M. Q. P.**. Palestra: Aspectos processuais da Nova Lei de Falências. 2006. (Palestra).

**128.**      **CALÇAS, M. Q. P.**. Palestra: Falência e Recuperação de Empresas. 2006. (Palestra).

**129.**      **CALÇAS, M. Q. P.**. Palestra: Locação e empresa. 2006. (Palestra).

**130.**      **CALÇAS, M. Q. P.**. Palestra: A Nova Lei de Falências. 2005. (Palestra).

**131.**      **CALÇAS, M. Q. P.**. Palestra: O Empresário e as Sociedades Limitadas no Código Civil. 2005. (Palestra).

**132.**      **CALÇAS, M. Q. P.**. Palestra: O Empresário e as Sociedades Limitadas no Código Civil. 2005. (Palestra).

133.
134. **CALÇAS, M. Q. P.**. Palestra: A Nova Lei de Recuperação de Empresas e Falências. 2005. (Palestra).
135. **CALÇAS, M. Q. P.**. Palestra: Efeitos da Falência: Ineficácia e Revocatória. 2005. (Palestra).
136. **CALÇAS, M. Q. P.**. Palestra: Empresa e Locação. 2005. (Palestra).
137. **CALÇAS, M. Q. P.**. Palestra: Títulos de Crédito, de acordo com o Novo Código Civil. 2005. (Palestra).
138. **CALÇAS, M. Q. P.**. Palestra: Aspectos polêmicos da Nova Lei de Falências. 2005. (Palestra).
139. **CALÇAS, M. Q. P.**. Palestra: Nova Lei de Falências e Recuperação Judicial. 2005. (Palestra).
140. **CALÇAS, M. Q. P.**. Palestra: Direitos dos acionistas: a visão do Poder Judiciário. 2005. (Palestra).
141. **CALÇAS, M. Q. P.**. Palestra: As sociedades simples. 2004. (Palestra).
142. **CALÇAS, M. Q. P.**. Palestra: O Empresário e as Sociedades Limitadas no Código Civil. 2004. (Palestra).
143. **CALÇAS, M. Q. P.**. Palestra: O Empresário e as Sociedades Limitadas no Código Civil. 2004. (Palestra).
144. **CALÇAS, M. Q. P.**. Palestra: O Empresário e as Sociedades Limitadas no Código Civil. 2004. (Palestra).
145. **CALÇAS, M. Q. P.**. Palestra: Direito de Empresa e Sociedade Limitada. 2003. (Palestra).
146. **CALÇAS, M. Q. P.**. Palestra: As sociedades simples.. 2003. (Palestra).
147. **CALÇAS, M. Q. P.**. Palestra: Direitos dos acionistas: a visão do Poder Judiciário. 2003. (Palestra).
148. **CALÇAS, M. Q. P.**. Palestra: O Empresário e as Sociedades Limitadas no Código Civil. 2003. (Palestra).
149. **CALÇAS, M. Q. P.**. Palestra: Títulos de Crédito e a Sociedade Limitada no Novo Código Civil. 2003. (Palestra).
150. **CALÇAS, M. Q. P.**. Palestra: O Empresário e as Sociedades Limitadas no Código Civil. 2003. (Palestra).
151. **CALÇAS, M. Q. P.**. Palestra: Contrato de Leasing: Cobrança antecipada do VRG: Questões de Direito Material e de Direito Processual. 2002. (Palestra).
152. **CALÇAS, M. Q. P.**. Palestra: Alterações no Processo de Conhecimento. 2002. (Palestra).
153. **CALÇAS, M. Q. P.**. Palestra: Direitos dos acionistas: a visão do Poder Judiciário. 2001. (Palestra).
154. **CALÇAS, M. Q. P.**. Palestra: Acordo de acionistas e direitos dos minoritários. 2001. (Palestra).
155. **CALÇAS, M. Q. P.**. Palestra intitulada 'Os Contratos Atípicos de Locação: Os Shopping Centers - Garantias Locatícias" no Curso sobre Locações. 1999. (Curso de curta duração ministrado/Extensão).
156. **CALÇAS, M. Q. P.**. Palestra: Petição Inicial. 1999. (Palestra).
157. **CALÇAS, M. Q. P.**. Palestra: A Fiança na Locação. 1998. (Palestra).
158. **CALÇAS, M. Q. P.**. Palestra: CADE e Judiciário: Uma Interação Possível. 1998. (Palestra).
159. **CALÇAS, M. Q. P.**. Palestra: Recurso Especial e Extraordinário. 1990. (Palestra).
160. **CALÇAS, M. Q. P.**. Palestra: Recursos Especial e Extraordinário - Inovações da Atual Carta Magna. 1990. (Palestra).
161. **CALÇAS, M. Q. P.**. Aula Inaugural - Curso de Estágio Profissional de Advogados. 1987. (Palestra).
162. **CALÇAS, M. Q. P.**. Palestra: Das Locações e Lei do Inquilinato. 1987. (Palestra).
163. **CALÇAS, M. Q. P.**. Palestra: O Poder de Polícia e o Estado de Direito. 1987. (Palestra).
164. **CALÇAS, M. Q. P.**. Palestra: Da Ação Renovatória e Aspectos Controvertidos das Locações Regidas pela Lei 6.649/79. 1985. (Palestra).
165. **CALÇAS, M. Q. P.**. Palestra: A Polícia Militar e a Constituinte. 1985. (Palestra).
166. **CALÇAS, M. Q. P.**. Palestra proferida: Dos recursos no Código de Processo Civil. 1982. (Palestra).
167. **CALÇAS, M. Q. P.**. Palestra proferida: Da apelação e do recurso adesivo. 1982. (Palestra).
168. **CALÇAS, M. Q. P.**. Palestra proferida: Do Agravo de Instrumento. 1982. (Palestra).
169. **CALÇAS, M. Q. P.**. Palestra: Do Recurso Extraordinário. 1982. (Palestra).
170. **CALÇAS, M. Q. P.**. Palestra: Da Alegação de Inconstitucionalidade pela Via da Exceção e da Ação Direta de Declaração de Inconstitucionalidade. 1982. (Palestra).

### Demais trabalhos

1. **CALÇAS, M. Q. P.**; WAISBERG, I. ; Alberto Camiña Moreira ; SACRAMONE, M. B. ; VASCONCELOS, R. . Comissão de Estudos para Reforma da Lei de Recuperação Judicial e Falência. 2017 (Membro de Comissão de Estudos) .
2. **CALÇAS, M. Q. P.**. Membro Consultor para a Comissão Especial de Falências e Recuperação Judicial. 2017 (Membro de Comissão de Estudos) .
3. **CALÇAS, M. Q. P.**; WAISBERG, I. ; Alberto Camiña Moreira ; SACRAMONE, M. B. ; VASCONCELOS, R. . Membro da Comissão de Estudos para Reforma da Lei de Recuperação Judicial e Falência. 2016 (Membro de Comissão de Estudos) .

## Bancas

Participação em bancas de trabalhos de conclusão

### Mestrado

1. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; COSTA, D. C.; BEZERRA FILHO, M. J.. Participação em banca de Tadeu Santos Cardoso. A Desconsideração da Personalidade Jurídica e a Aplicabilidade no Processo Falimentar. 2023. Dissertação (Mestrado em Curso no nível de Mestrado) - Universidade Nove de Julho.
2. BENACCHIO, M.; Marco Fabio Morsello; CALCAS, M. Q. P.; **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Participação em banca de Emanuelle Clayre Silva Banhos. Os Contratos Empresariais como meio de Garantia dos direitos humanos no âmbito das

3.  Duarte. Nestor; Marco Fabio Morsello; CALCAS, M. Q. P.; **CALÇAS, M. Q. P.**. Participação em banca de Paulo Sergio Romero Vicente Rodrigues. Contrato de Corretagem Imobiliária. 2022. Dissertação (Mestrado em Mestrado em direito) - Faculdade de Direito da USP.

4.  **CALÇAS, M. Q. P.**; PUGLIESI, A. V.; Juliana Krueger Pela; DEZEM, R. M. M. M.. Participação em banca de Camila Otani Nishi. A Cláusula de sandbagging em contratos de alienação de participação societária. 2022. Dissertação (Mestrado em Mestrado em direito) - Faculdade de Direito da USP.

5.  ANDRADE, R. M. J.; **CALÇAS, M. Q. P.**; Domingues Moreira. Participação em banca de Carlos Alberto Martins Junior. O Controle Judicial da Conorrência Desleal por Similaridade de Trade Dress de Produtos de Consumo. 2022. Dissertação (Mestrado em direito) - Centro Universitário de Bauru.

6.  **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; Sergio da Silveira; Omaz de Oliveira. Participação em banca de Felipe Barbi Scavazzini. A Recuperação Judicial Como Mecanismo de Tutela dos Interesses Coletivos:da Visão Privatista para a Responsabilidade socioeconomica Empresarial. 2022. Dissertação (Mestrado em direito) - Universidade de Ribeirão Preto.

7.  **CALÇAS, M. Q. P.**; MARQUES, S. R. M.; LEITE, F. P. A.. Participação em banca de Ylka Iris Beltrão Lima. Alienação Fiduciária de Bens Imóveis no cenário jurídico e econômico do país. 2021. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho.

8.  PFLUG, S. R. M.; LEITE, F. P. A.; **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Participação em banca de João Fabio Tarelov. A Polícia Militar do Estado de São Paulo e as Novas Competências da Justiça Militar Estadual. 2021. Dissertação (Mestrado em em Direito) - Universidade Nove de Julho.

9.  **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; DEZEM, R. M. M. M.; LEITE, F. P. A.. Participação em banca de Luiz Fernando Salles Giannellini. O Consentimento Previsto na LGPD e sua aplicação nos Contratos eletrônicos. 2021. Dissertação (Mestrado em em Direito) - Universidade Nove de Julho.

10. **CALÇAS, M. Q. P.**; WAISBERG, I.; ALMEIDA, M. E. M.. Participação em banca de Eduardo Azuma Nishi. Novos paradigmas de apuração de haveres na ordem jurídica. 2020. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

11. **CALÇAS, M. Q. P.**; DEZEM, R. M. M. M.; BEZERRA FILHO, M. J.. Participação em banca de Viviane Aparecida Rocha Machado. A efetividade dos crimes falimentares a partir da Lei 11.101/2005. 2019. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho.

12. SOUZA JUNIOR, F. S.; SACRAMONE, M. B.; DEZEM, R. M. M. M.; **CALÇAS, M. Q. P.**. Participação em banca de Adriana Maria Cruz Dias de Oliveira. Créditos sujeitos à recuperação judicial. 2018. Dissertação (Mestrado em Direito) - Faculdade de Direito da Universidade de São Paulo.

13. **CALÇAS, M. Q. P.**; BRAGA, S. P.; GONZAGA, A. L. T. A.. Participação em banca de Francisco Benedito Fernandes. A recuperação judicial da empresa em crise: hipóteses concretas de estímulo à sua preservação. 2018. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho.

14. **CALÇAS, M. Q. P.**; SACRAMONE, M. B.; DEZEM, R. M. M. M.; PFEIFFER, R. A. C.. Participação em banca de Gustavo Pontes Jacunskas. A extensão de efeitos da falência a terceiros. 2018. Dissertação (Mestrado em Direito) - Universidade Nove de Julho.

15. **CALÇAS, M. Q. P.**; SACRAMONE, M. B.; DEZEM, R. M. M. M.; PFEIFFER, R. A. C.. Participação em banca de Carolina Mansur de Cunha Pedro. Abuso do direito de voto afirmativo na assembleia geral de credores. 2018. Dissertação (Mestrado em Direito) - Faculdade de Direito da Universidade de São Paulo.

16. **CALÇAS, M. Q. P.**. Participação em banca de Vinicius Rodrigues de Freitas. Empresa e desenvolvimento. Análise do progresso da sociedade brasileira por meio do pequeno capital empreendido. 2018. Dissertação (Mestrado em Mestrado) - Instituição Toledo de Ensino.

17. **CALÇAS, M. Q. P.**. Participação em banca de Vivian Cristina Garcia de Freitas. Impacto da tecnologia na atividade jurídica: análise sobre o direito e os benefícios para os seus operadores e para as pessoas com deficiência. 2018. Dissertação (Mestrado em Mestrado) - Instituição Toledo de Ensino.

18. **CALÇAS, M. Q. P.**; CARMONA, C. A.; SILVA, F. T.. Participação em banca de Aline Beatriz Henriques Oliveira Dias. Desjudicialização de conflitos repetitivos entre consumidores e bancos: uma proposta. 2017. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

19. SANCHES, S. H. D. F. N.; KNOERR, V. C. S.; TUCUNDUVA, R. C. M.; KNOERR, F. G.; **CALÇAS, M. Q. P.**. Participação em banca de Alexandre Bucci. Responsabilidade social da empresa como dever jurídico: uma leitura a partir da perspectiva da fraternidade humanista.. 2016. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho.

20. SILVEIRA, V. O.; KNOERR, F. G.; SOUZA, J. F. V.; TRAVASSOS, A. L.; **CALÇAS, M. Q. P.**. Participação em banca de Maria Angélica Chichera dos Santos. A responsabilidade corporativa da empresa: sob a ótica do desenvolvimento sustentável. 2016. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho.

21. Shimura, Sérgio; **CALÇAS, M. Q. P.**; Alberto Camiña Moreira. Participação em banca de Candice Buckley Bittencourt Silva. A decisão de concessão da recuperação judicial - sua natureza e efeitos. 2016. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

22. **CALÇAS, M. Q. P.**. Participação em banca de Maria Fabiana Seoane Dominguez Santan. A Natureza Jurídica do Plano de Recuperação Judicial e a Autonomia Negocial. 2015. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

23. **CALÇAS, M. Q. P.**; WAISBERG, I.; BEZERRA FILHO, M. J.. Participação em banca de Luiz Gonzaga Modesto de Paula. Da ineficácia e da revogação dos atos praticados pelo devedor antes da decretação da falência.. 2014. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

24. COELHO, Fábio Ulhoa; BEZERRA FILHO, M. J.; **CALÇAS, M. Q. P.**. Participação em banca de Fernando Antonio Maia da Cunha. Responsabilidade dos sócios na sociedade limitada: desafios da autonomia patrimonial diante da desconsideração da personalidade jurídica. 2014. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

25. **CALÇAS, M. Q. P.**; WAISBERG, I.; Duarte. Nestor. Participação em banca de Pedro Cordelli Alves. A Incidência da oferta Pública Obrigatória na Alienação do Poder de Controle Minoritário. 2014. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

26. Geral de Credores na Recuperação Judicial Sob Análise da Sustentabilidade Econômica. 2014. Dissertação (Mestrado em em Direito) - Universidade Nove de Julho.

27. YARSHELL, F. L.; AZEVEDO, E. V.; **CALÇAS, M. Q. P.**. Participação em banca de Guilherme Setoguti Julio Pereira. Conteúdo do provimento e limites objetivos e subjetivos do provimento e da coisa julgada na impugnação de deliberações e assembleias de sociedades por ações. 2013. Dissertação (Mestrado em Direito Processual) - Universidade de São Paulo.

28. Newton Silveira; GARCIA, B. V.; **CALÇAS, M. Q. P.**. Participação em banca de Ana Paula de Oliveira Comodo. A propriedade intelectual na recuperação judicial e na falência. 2013. Dissertação (Mestrado em Direito Comercial) - Universidade de São Paulo.

29. FORGIONI, P. A.; NUSDEO, Fabio; **CALÇAS, M. Q. P.**. Participação em banca de Paulo Felipe Carneiro de Freitas. Tutela coletiva da responsabilidade civil por infração à ordem econômica. 2013. Dissertação (Mestrado em Direito Comercial) - Universidade de São Paulo.

30. PENTEADO, M. R.; VERCOSA, H. M. D.; **CALÇAS, M. Q. P.**. Participação em banca de Pedro Rebello Bortolini. Anotações sobre a assembleia-geral de credores na Lei de recuperação de empresas e falências (Lei n. 11.101/2005). 2013. Dissertação (Mestrado em Direito Comercial) - Universidade de São Paulo.

31. **CALÇAS, M. Q. P.**; FILARDI, R. A.; BEZERRA FILHO, M. J.. Participação em banca de Carla Smith de Vasconcellos Crippa. O abuso de direito na recuperação judicial. 2013. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

32. MORO, M. C. F.; **CALÇAS, M. Q. P.**; LISBOA, R. S.. Participação em banca de Vanessa Toqueiro Ripari. Inovação Tecnológica e a Lei Federal nº 10.973/2004: Dificuldades Legais e Fáticas. 2013. Dissertação (Mestrado em em Direito) - Universidade Nove de Julho.

33. SANCHES, S. H. D. F. N.; **CALÇAS, M. Q. P.**; SELLOS, V. Participação em banca de Fábio Bonilha Curi. A sanção premial como forma de implementação da função social da empresa. 2013. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho.

34. **CALÇAS, M. Q. P.**; PFLUG, S. R. M.; BEZERRA FILHO, M. J.. Participação em banca de Simone Bento. A supressão da sucessão tributária e trabalhista na alienação da unidade produtiva isolada sob o prisma da preservação da empresa.. 2013. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho.

35. **CALÇAS, M. Q. P.**; FILARDI, R. A.; BEZERRA FILHO, M. J.. Participação em banca de Silvio Dutra. As relações jurídicas na cessão de uso de espaço em shopping center.. 2013. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

36. **CALÇAS, M. Q. P.**; WAISBERG, I.; BEZERRA FILHO, M. J.. Participação em banca de Adriana Paiva Vasconcelos. O papel dos credores no direito falimentar: uma análise histórica e à luz de certos órgãos.. 2013. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

37. **CALÇAS, M. Q. P.**; FILARDI, R. A.; TIMM, L. B.. Participação em banca de Rodolfo Rubens Martins Correa. A Limitação da responsabilidade das sociedades empresárias agrupadas em redes de cooperação empresarial. 2012. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

38. ALVIM, E. A.; SILVEIRA, V. O.; **CALÇAS, M. Q. P.**. Participação em banca de Nathalia Correia Pompeu. As restrições impostas pela Lei 12016/09 à medida liminar no mandado de segurança e a efetivação do acesso à justiça. 2011. Dissertação (Mestrado em Direito) - Faculdade Autônoma de Direito de São Paulo.

39. FORGIONI, P. A.; Francisco Satiro de Souza Júnior; **CALÇAS, M. Q. P.**. Participação em banca de Anna Beatriz Alves Margoni. A desconsideração da personalidade jurídica nos grupos de sociedades. 2011. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

40. **CALÇAS, M. Q. P.**; FILARDI, R. A.; BEZERRA FILHO, M. J.. Participação em banca de Camila Ramos Moreira. A Constitucionalidade e Aplicabilidade da Previsão de Exclusão da Sucessão Trabalhista na Recuperação Judicial. 2011. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

41. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; FILARDI, R. A.. Participação em banca de Pedro Henrique Laranjeira Barbosa. Sucessão Empresarial na Alienação do Estabelecimento Empresarial. 2011. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

42. AZEVEDO, E. V.; Francisco Satiro de Souza Júnior; **CALÇAS, M. Q. P.**. Participação em banca de Evy Cynthia Marques. O Direito de Retirada de Sócios de Sociedade Simples e Sociedade Limitada. 2010. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

43. TOLEDO, P. F. C. S.; Francisco Satiro de Souza Júnior; **CALÇAS, M. Q. P.**. Participação em banca de Fernanda dos Santos Teixeira. Cessão Fiduciária de Crédito e o seu Tratamento nas Hipóteses de Recuperação Judicial e Falência do Devedor-Fiduciante. 2010. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

44. ROMAR, C.T.M.; **CALÇAS, M. Q. P.**; MASCARO, A. N.. Participação em banca de Fernanda Garcez Lopes de Souza. Regime Jurídico dos Diretores das Sociedades Anônimas e Limitadas - trabalhista ou societário?. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

45. COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**; Adalberto Simão Filho. Participação em banca de Tae Young Cho. Governança Corporativa: Abordagem jurídica da experiência brasileira. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

46. **CALÇAS, M. Q. P.**; BEZERRA FILHO, M. J.; ALMEIDA, M. E. M.. Participação em banca de Fernanda Cristina Villa Gonzalez. Ineficácia dos Atos do Falido. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

47. **CALÇAS, M. Q. P.**; FILARDI, R. A.; MASSO, F. D.. Participação em banca de Karina Santos do Prado. A Aplicabilidade das Práticas de Governança nas Sociedades Limitadas. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

48. **CALÇAS, M. Q. P.**; Rovai, Armando Luiz; BEZERRA FILHO, M. J.. Participação em banca de Eduardo Foz Mange. Assembleia-Geral de Credores na Recuperação Judicial. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

49. Responsabilidade Patrimonial e suas Limitações. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

50. **CALÇAS, M. Q. P.**; WAISBERG, I.; AZEVEDO, E. V.. Participação em banca de Paulo Eduardo Ramos de Araújo Penna. Alienação de Controle de Companhia Aberta e Oferta Pública de Ações Obrigatória. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

51. **CALÇAS, M. Q. P.**; FILARDI, R. A.; RIBEIRO, P.Paulo Dias de. Participação em banca de Bruno Menezes Brasil. Juros sobre o capital próprio: Aspectos societários e tributários. 2010. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

52. De Lucca, N.; **CALÇAS, M. Q. P.**; Najjarian, Ilene Patrícia de Noronha. Participação em banca de Wilson Cunha Campos. Novação Recuperacional: Coobrigados, Fiadores e Obrigados de Regresso. 2010. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

53. ALMEIDA, M. E. M.; **CALÇAS, M. Q. P.**; Rovai, Armando Luiz. Participação em banca de Rodrigo Ruete Gasparetto. A validade da cláusula penal compensatória no âmbito dos contratos intitulados built to suit. 2009. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

54. COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**; MUNHOZ, E. S.. Participação em banca de Rodrigo Rocha Monteiro de Castro. Controle Gerencial: Dominação Societária ou Empresarial?. 2009. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

55. Rogério José Ferraz Donnini; **CALÇAS, M. Q. P.**; RIBEIRO, P.Paulo Dias de. Participação em banca de Guilherme de Macedo Soares. Consequências Jurídicas da Inseminação Homóloga e Heteróloga. 2009. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

56. **CALÇAS, M. Q. P.**; FILARDI, R. A.; BARBOSA FILHO, Marcelo Fortes. Participação em banca de Fábio Ferreira Lanzana Pereira. Distribuição Desproporcional de Dividendos em Sociedades por Ações. 2009. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

57. **CALÇAS, M. Q. P.**; WAISBERG, I.; BARBOSA FILHO, Marcelo Fortes. Participação em banca de Tania Lehmann Hernandez. A Participação dos Acionistas nos Lucros da Sociedade Anônima. 2009. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

58. COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**; BEZERRA FILHO, M. J.. Participação em banca de Luiz Fernando Valente de Paiva. Os Efeitos da Falência, da Recuperação Judicial, da Recuperação Extrajudicial sobre a obrigação de contribuição de capital de sócio de sociedade limitada ou acionista de sociedade por ações. 2009. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

59. AZEVEDO, E. V.; Paulo Sales de Toledo; **CALÇAS, M. Q. P.**. Participação em banca de Patrícia Barbi Costa. Os Mútuos dos Sócios e Acionistas na Falência das Sociedades Limitadas e Anônimas. 2009. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

60. COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**; TOLEDO, P. F. C. S.. Participação em banca de Bruno Pierin Furiati. O Conceito de True Sale no Direito Brasileiro. 2009. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

61. **CALÇAS, M. Q. P.**; De Lucca, N.; CAMBLER, E.A.. Participação em banca de Waine Domingos Peron. Estabelecimento Empresarial no Espaço Cibernético. 2009. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

62. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; Francisco Satiro de Souza Júnior. Participação em banca de Livinston Martins Bauermeister. Aquisição das próprias ações pela companhia emissora. 2008. Dissertação (Mestrado em Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

63. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; PENTEADO, M. R.. Participação em banca de Roberta de Oliveira e Corvo Ribas. Apuração de haveres: critérios para a sociedade empresária do tipo limitada. 2008. Dissertação (Mestrado em Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

64. **CALÇAS, M. Q. P.**; ALMEIDA, M. E. M.; RIBEIRO, P.Paulo Dias de. Participação em banca de Roberto Fleury de Almeida Arruda Camargo. O direito do acionista ao dividendo. 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

65. **CALÇAS, M. Q. P.**; Rogério José Ferraz Donnini; RIBEIRO, P.Paulo Dias de. Participação em banca de Kenneth Antunes Ferreira. Contrato Derivativo não Padronizado: A impropriedade de sua classificação como valor mobiliário. 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

66. MASSO, F. D.; Villas Bôas Filho, Orlando; **CALÇAS, M. Q. P.**. Participação em banca de Luiz Gustavo Friggi Rodrigues. Ressignificação da Dogmática Jurídica à Luz do Paradigma da Função Social. 2008. Dissertação (Mestrado em Direito) - Universidade Presbiteriana Mackenzie.

67. **CALÇAS, M. Q. P.**; ALMEIDA, M. E. M.; Carvalhosa, Modesto. Participação em banca de Patrícia Bolina Pellini. Dispersão do capital das companhias abertas brasileiras e medidas estatutárias voluntárias de defesa. 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

68. Shimura, Sérgio; **CALÇAS, M. Q. P.**; Alberto Camiña Moreira. Participação em banca de Paula Villanacci Alves. Planos individuais e coletivos de assistência à saúde causas de extinção e manutenção compulsória dos vínculos (resilição, resolução, aposentadoria e demissão). 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

69. **CALÇAS, M. Q. P.**; Rolando Maria da Luz; BEZERRA FILHO, M. J.. Participação em banca de Paulo Roberto Vigna. A função social da empresa na Lei de Recuperação Judicial e Extrajudicial. 2008. Dissertação (Mestrado em Direito) - Faculdade Autônoma de Direito.

70. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; AZEVEDO, E. V.. Participação em banca de Vivian Labruna. Os direitos essenciais dos acionistas como mecanismos de estabilização de poder nas sociedades anônimas. 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

71. **CALÇAS, M. Q. P.**; AHUALLI, T. M.; FORGIONI, P. A.. Participação em banca de Andreza Sanches Doro. A Função Social da Sociedade Anônima. 2007. Dissertação (Mestrado em Função Social do Direito) - Faculdade Autônoma de Direito.

72. Administração como mecanismo de governança corporativa. 2007. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

73. BARBOSA FILHO, Marcelo Fortes; **CALÇAS, M. Q. P.**; MASSO, F. D.. Participação em banca de Oswaldo André Fabris. Trust: uma visão de Garantia no Ordenamento político social jurídico e econômico nacional. 2007. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

74. BARBOSA FILHO, Marcelo Fortes; **CALÇAS, M. Q. P.**; MASSO, F. D.. Participação em banca de Ivo Cordeiro Pinho Timbo. Regime Jurídico da Informação no Mercado de Capitais. 2007. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

75. **CALÇAS, M. Q. P.**; CELLI JUNIOR, U.; DALLARI, Pedro de Abreu.. Participação em banca de Caio Carlos Cruz Ferreira Silva. O regime jurídico brasileiro de tratamento e proteção dos investimentos internacionais diretos. 2007. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

76. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; PROENÇA, J.M.Martins. Participação em banca de Shirley Meschke Mendes Franklin de Oliveira. A internacionalização da economia e seus reflexos na responsabilidade civil dos administradores das sociedades anônimas. 2007. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

77. **CALÇAS, M. Q. P.**; AHUALLI, T. M.; TEIXEIRA, J. G. B.. Participação em banca de Ralpho Waldo de Barros Monteiro Filho. Os vícios sociais do negócio jurídico - análise sob o prisma da função social do negócio jurídico. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

78. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; FORGIONI, P. A.. Participação em banca de Pedro Marceli Dittrich. Incorporação, fusão e cisão: uma análise da responsabilidade por sucessão de corrente das operações societárias. 2007. Dissertação (Mestrado em Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

79. **CALÇAS, M. Q. P.**; ALVIM, José Manoel de Arruda; TEIXEIRA, J. G. B.. Participação em banca de Daniel Fernandes Claro. Função social da propriedade urbana. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

80. **CALÇAS, M. Q. P.**; Rolando Maria da Luz; RIBEIRO, P.Paulo Dias de. Participação em banca de Fábio Aguiar Munhoz Soares. Pressupostos de admissibilidade da prova ilícita no processo. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

81. **CALÇAS, M. Q. P.**; Rogério José Ferraz Donnini; RIBEIRO, P.Paulo Dias de. Participação em banca de Márcio Eduardo Riego Cots. O tratamento tributário da cooperativa de trabalho face à sua função social. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

82. **CALÇAS, M. Q. P.**; Rogério José Ferraz Donnini; RIBEIRO, P.Paulo Dias de. Participação em banca de José Ailton Garcia. Desapropriação para fins de reforma agrária: aspectos jurídicos e judiciais. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

83. **CALÇAS, M. Q. P.**; De Lucca, N.; RIBEIRO, P.Paulo Dias de. Participação em banca de Piraci Ubiratan de Oliveira. O alcance da autonomia constitucional das associações e a obrigatoriedade de adoção do modelo empresarial. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo.

84. **CALÇAS, M. Q. P.**; Teresa Ancona Lopez; FRONTINI, P. S.. Participação em banca de Luiz Felipe Duarte Martins Costa. Contribuição ao Estudo da Responsabilidade Civil dos Administradores das Companhias Abertas. 2006. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

85. AZEVEDO, E. V.; **CALÇAS, M. Q. P.**; TOMASETTI JUNIOR, A.. Participação em banca de Mauro Bardawil Penteado. Penhor de Ações no Direito Brasileiro. 2006. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

86. **CALÇAS, M. Q. P.**; ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de. Participação em banca de Olivar Augusto Roberti Coneglian. Da Inelegibilidade sob a Ótica da Proporcionalidade e do Abuso de Poder. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

87. **CALÇAS, M. Q. P.**; ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de. Participação em banca de Charles Stevan Prieto Azevedo. A Empresa como Propriedade Privada e sua Responsabilidade Social à luz da Constituição Federal der 1988. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

88. **CALÇAS, M. Q. P.**; ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de. Participação em banca de Célia Cristina Martinho. Reflexões acerca da Coisa Julgada Inconstitucional. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

89. **CALÇAS, M. Q. P.**; ALARCON, P. J. L.; RIBEIRO, P.Paulo Dias de. Participação em banca de Jefferson Fernandes Negri. A Nova Concepção de Família: Construção Hermenêutica da norma do art. 226 da CF à luz da Dignidade da Pessoa Humana e os Direitos Fundamentais. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

90. **CALÇAS, M. Q. P.**; BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio. Participação em banca de Ricardo Scatolini. O Banco Central do Brasil e as Concentrações Bancárias. 2006. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

91. **CALÇAS, M. Q. P.**; Paulo Sales de Toledo; PENTEADO, M. R.. Participação em banca de Marcelo Lucon. O Papel dos Stakeholders na Governança Corporativa. 2006. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

92. **CALÇAS, M. Q. P.**; BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio. Participação em banca de José Marcello Monteiro Gurgel. Função social da SA. 2005. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

93. COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**; MASSO, F. D.. Participação em banca de Ana Lúcia Alves da Costa Arduin. A Teoria Jurídica da Empresa no Direito Comercial Brasileiro. 2005. Dissertação (Mestrado em Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo.

94. **CALÇAS, M. Q. P.**; BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio. Participação em banca de José Marcello Monteiro Gurgel. A Função da SA e a Proteção dos Interesses Extra-Societários. 2005. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

95. **CALÇAS, M. Q. P.**; paulo salvador frontini; AZEVEDO, E. V.. Participação em banca de Tânia Pantano. Dissolução Parcial de Sociedade por Ações. 2005. Dissertação (Mestrado em Direito) - Universidade de São Paulo.

96.

Superendividamento do Consumidor como Hipótese de Revisão dos Contratos de Crédito. 2005. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

**97.** BARBOSA FILHO, Marcelo Fortes; **CALÇAS, M. Q. P.**; Gianpaolo Smanio. Participação em banca de Ricardo Scatolini. A Análise dos Atos de Concentração Bancária no Direito Brasileiro. 2005. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

**98.** **CALÇAS, M. Q. P.**; Gianpaolo Smanio; BARBOSA FILHO, Marcelo Fortes. Participação em banca de Tasso Duarte de Melo. A Arbitragem e as Relações Contratuais de Consumo. 2004. Dissertação (Mestrado em Direito Comercial) - Universidade Presbiteriana Mackenzie.

**99.** **CALÇAS, M. Q. P.**; BARBOSA FILHO, Marcelo Fortes; Milton Paulo de Carvalho. Participação em banca de Simone de Oliveira Lara Marcondes Pereira. O Estabelecimento Empresarial como objeto contratual. 2004 - Universidade Presbiteriana Mackenzie.

**100.** **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; ALMEIDA, M. E. M.. Participação em banca de Sueli Baptista de Souza. A Responsabilidade dos sócios na sociedade limitada: Aspectos legais e constitucionais. 2004. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

**101.** **CALÇAS, M. Q. P.**; MELLO, D.; ALARCON, P. J. L.. Participação em banca de José Carlos Carneiro de Oliveira. As Penas de Interdição Temporária de Direitos e o Direito Constitucional do Trabalho. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

**102.** **CALÇAS, M. Q. P.**; MELLO, D.; ALARCON, P. J. L.. Participação em banca de João Roberto Casali da Silva. A Definição de Autoridade Coatora no Mandado de Segurança. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

**103.** **CALÇAS, M. Q. P.**; MELLO, D.; ALARCON, P. J. L.. Participação em banca de Luiz Célio Bucceroni. O Falido e as Garantias Constitucionais da Privacidade e da Intimidade. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

**104.** **CALÇAS, M. Q. P.**; ALARCON, P. J. L.; MELLO, D.. Participação em banca de José Canorbert Rocha de Araújo. A ação popular como instrumento de cidadania. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

**105.** **CALÇAS, M. Q. P.**; ALARCON, P. J. L.; MELLO, D.. Participação em banca de Fernanda Eloísa Trecenti. As comunidades indígenas e a Constituição: Direitos fundamentais indígenas. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru.

**106.** **CALÇAS, M. Q. P.**; BARBOSA FILHO, Marcelo Fortes; Gianpaolo Smanio. Participação em banca de Arnoldo de Freitas Júnior. As redes contratuais e o consumidor. 2004. Dissertação (Mestrado em Mestrado) - Universidade Presbiteriana Mackenzie.

**107.** **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; Tania Carvalho Siqueira. Participação em banca de Helga Araruna Ferraz de Alvarenga. Direito do acionista à informação. 2004. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo.

**108.** **CALÇAS, M. Q. P.**; Donaldo Armelim; José Roberto Bedaque. Participação em banca de Samantha Lopes Alvares. Ação de Dissolução de Sociedades. 2003 - Pontifícia Universidade Católica de São Paulo.

**109.** **CALÇAS, M. Q. P.**; Donaldo Armelim; Paulo Sales de Toledo. Participação em banca de Paulo Sérgio Restiffe. Aspectos Processuais da Concordata. 2003 - Pontifícia Universidade Católica de São Paulo.

**110.** **CALÇAS, M. Q. P.**; LOPES, J. B.; Sidnei Beneti. Participação em banca de Ruy Coppola Junior. A Tutela Constitucional do Processo Civil e as Medidas Liminares. 2003 - Pontifícia Universidade Católica de São Paulo.

### Teses de doutorado

**1.** FONSECA, P. M. P. C.; GARCIA, B. V.; ARNOLDI, Paulo; José Duarte Neto; Gustavo Saad Diniz; **CALÇAS, M. Q. P.**. Participação em banca de Fábio Garcia Leal Ferraz. A desconsideração da personalidade jurídica e os sócios não gestores da sociedade limitada. 2022. Tese (Doutorado em direito) - Faculdade de Direito da USP.

**2.** ANDRADE, R. M. J.; **CALÇAS, M. Q. P.**; BEZERRA FILHO, M. J.; RIBEIRO, P. D. M.. Participação em banca de Thiago Murano Garcia. Recuperação Juducual Pró-Sociedade:A Natureza Constitucional da Função Social da Empresa. 2022. Tese (Doutorado em direito) - Centro Universitário de Bauru.

**3.** CARMONA, C. A.; Selma Lemes; APRIGLIANO, R. C.; **CALÇAS, M. Q. P.**; SILVA, A. P. M. C. E.; YARSHELL, F. L.. Participação em banca de Renato de Toledo Piza Ferraz. desconsideração da Personalidade Jurídica na Arbitragem. 2022. Tese (Doutorado em Direito Comercial) - Universidade de São Paulo.

**4.** **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; DE LUCCA, N.; Santos de Aragão; Netto Perentoni; DEZEM, R. M. M. M.. Participação em banca de Matheus Souza Ramalho. Preservação da Empresa e Interesse Público:Uma Teoria Sobre a Recuperação Judicial dos Concessionários. 2022. Tese (Doutorado em Direito) - Faculdade de Direito da Universidade de São Paulo.

**5.** SCAFF, F. C.; Marco Fabio Morsello; BARBOSA FILHO, Marcelo Fortes; Fábio Floriano Meli Martins; Flavia Tentini; **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Participação em banca de Francisco de Godoy Bueno. Negócios indiretos no agronegócio:estatégias de desing contratual das empresas agrárias. 2021. Tese (Doutorado em Direito) - Universidade de São Paulo.

**6.** TUCCI, J. R. C. E.; LUCON, P. H. S.; **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; DIDIER JUNIOR, F. S.; MIRANDA, G. D.; CARVALHO FILHO, M. P. Participação em banca de Maria Rita Rebello Pinho Dias. Novas Perspctivas de gerenciamento Judiciário. 2021. Tese (Doutorado em direito) - Faculdade de Direito da USP.

**7.** TUCCI, J. R. C. E.; LUCON, P. H. S.; DIDIER JUNIOR, F. S.; MIRANDA, G. D.; Milton Paulo de Carvalho; **CALÇAS, M. Q. P.**. Participação em banca de Maria Rita Rebello Pinho Dias. Novas Perspctivas de Gerenciamento Jurídico. 2021. Tese (Doutorado em direito) - Faculdade de Direito da USP.

**8.** SILVA, R. M. J. A. P. E.; Claudio Domingues Moreira; RAGAZZI, J. L.; Mario Thadeu Leme de Barros Filho; **CALÇAS, M. Q. P.**. Participação em banca de Alexandre Ferrari Vidotti. A Judicialização Da Assistência Farmacêutica No Estado de São Paulo à Luz da Atual Sistemática dos Precedentes Judiciais. 2021. Tese (Doutorado em direito) - Instituição Toledo de Ensino.

**9.** **CALÇAS, M. Q. P.**; GODOY, C.L.B.; BDINE JR., H.C.; BARBOSA FILHO, Marcelo Fortes; PUSCHEL, F. P.; SCAFF, F. C.. Participação em banca de Hugo Tubone Yamashita. A análise dos arranjos híbridos de contratação: a expressão do fenômeno

10. **CALÇAS, M. Q. P.**; CONTI, J. M.; NALINI, J. R.; LOCHAGIN, G. L.; FREITAS, V. P.; TOLDO, N. O.. Participação em banca de Paulo Cezar Neves Junior. Inovação e governança no planejamento, na execução e no controle da atividade financeira do Poder Judiciário no Brasil. 2020. Tese (Doutorado em Direito) - Universidade de São Paulo.

11. WAISBERG, I.; **CALÇAS, M. Q. P.**; PUGLIESI, A. V.; SOUZA JUNIOR, F. S.; FILARDI, R. A.. Participação em banca de Roberta de Oliveira e Corvo Ribas. A proteção dos credores sociais por meio das demonstrações financeiras: um retorno às bases que garantem a responsabilidade limitada.. 2016. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

12. COELHO, Fábio Ulhoa; AZEVEDO, E. V.; WAISBERG, I.; **CALÇAS, M. Q. P.**; BEZERRA FILHO, M. J.. Participação em banca de Ricardo José Negrão Nogueira. Preservação da empresa: princípio?. 2016. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

13. **CALÇAS, M. Q. P.**; GARBI, C. A.; COELHO, Fábio Ulhoa; BEZERRA FILHO, M. J.; FILARDI, R. A.. Participação em banca de Cinira Gomes Lima Mélo. O Plano de Recuperação Judicial Como Negócio Jurídico Plurilateral: A Análise da Existência, da Validade e da Eficácia. 2016. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

14. De Lucca, N.; **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; FORGIONI, P. A.; PARENTONI, L. N.. Participação em banca de Renata Mota Maciel Madeira Dezem. A extensão da competência do juízo da recuperação judicial. 2016. Tese (Doutorado em Faculdade de Direito - Universidade de São Paulo) - Universidade de São Paulo.

15. **CALÇAS, M. Q. P.**. Participação em banca de Rodrigo Rocha Monteiro de Castro. Regime Jurídico das Reorganizações: A Necessária Distinção das Reorganizações Societárias, Empresariais e Associativas para Proteção Jurídica do Investimento Privado. 2015 - Pontifícia Universidade Católica de São Paulo.

16. **CALÇAS, M. Q. P.**. Participação em banca de Eduardo Silva Bitti. Princípios do Direito Comercial e Dignidade do Empresário. 2015. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

17. COELHO, Fábio Ulhoa; WAISBERG, I.; ARNOLDI, Paulo; Alberto Camiña Moreira; **CALÇAS, M. Q. P.**. Participação em banca de Fernando Melo da Silva. O consumidor e a crise da empresa: análise sobre a proteção dos consumidores na falência. 2014. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

18. AZEVEDO, E. V.; PONTES, E. F.; MARINO, F. P. C.; ADAMEK, M. V. V.; **CALÇAS, M. Q. P.**. Participação em banca de Luis Felipe Spinelli. A exclusão de sócio por falta grave na sociedade limitada: fundamentos, pressupostos e consequências.. 2014. Tese (Doutorado em Direito) - Universidade de São Paulo.

19. MASSO, F. D.; VASCONCELOS, R.; BEZERRA FILHO, M. J.; **CALÇAS, M. Q. P.**. Participação em banca de Luiz Gustavo Friggi Rodrigues. Alcance da atuação judicial em sede de homologação do plano de recuperação judicial aprovado pela assembléia-geral de credores. 2014. Tese (Doutorado em Direito) - Universidade Presbiteriana Mackenzie.

20. YARSHELL, F. L.; RODRIGUES, W. P.; BUENO, C. S.; MANCUSO, R. C.; **CALÇAS, M. Q. P.**. Participação em banca de Antonio de Pádua Soubhie Nogueira. Modulação dos efeitos das decisões no processo civil. 2013. Tese (Doutorado em Direito Processual) - Universidade de São Paulo.

21. AZEVEDO, E. V.; **CALÇAS, M. Q. P.**; PROENÇA, J.M.Martins; Francisco Satiro de Souza Júnior; Otavio Yasbek. Participação em banca de Evandro Fernandes de Pontes. Incorporação de ações no direito brasileiro. 2013. Tese (Doutorado em Direito Comercial) - Universidade de São Paulo.

22. PENTEADO, M. R.; SZTAJN, R.; SALLES, M. P. A.; NERY JUNIOR, N.; **CALÇAS, M. Q. P.**. Participação em banca de Anna Paula Berhnes Romero. A tutela da confiança nos contratos empresariais. 2013. Tese (Doutorado em Direito Comercial) - Universidade de São Paulo.

23. **CALÇAS, M. Q. P.**; FORGIONI, P. A.; BEZERRA FILHO, M. J.; WAISBERG, I.; ALMEIDA, M. E. M.. Participação em banca de Marcelo Papaléo de Souza. A recuperação judicial e os direitos fundamentais trabalhistas. 2013. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

24. LOTUFO, R.; NANNI, G. E.; Teresa Ancona Lopez; BDINE JR., H.C.; **CALÇAS, M. Q. P.**. Participação em banca de Luis Fernando de Lima Carvalho. As funções da responsabilidade civil. As indenizações pecuniárias e a adoção de outros meios reparatórios.. 2013. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

25. MASSO, F. D.; VASCONCELOS, R.; **CALÇAS, M. Q. P.**. Participação em banca de Luiz Gustavo Friggi Rodrigues. Juízo de homologação do plano de recuperação judicial. 2013. Tese (Doutorado em Direito) - Universidade Presbiteriana Mackenzie.

26. LASPRO, O. N. S.; NERY JUNIOR, N.; **CALÇAS, M. Q. P.**; YARSHELL, F. L.; Francisco Satiro de Souza Júnior. Participação em banca de Ronaldo Vasconcelos. Princípios Processuais na Recuperação Judicial. 2012. Tese (Doutorado em Direito) - Universidade de São Paulo.

27. LASPRO, O. N. S.; SICA, H. V. M. F.; TOLEDO, P. F. C. S.; **CALÇAS, M. Q. P.**; Shimura, Sérgio. Participação em banca de Clara Moreira Azzoni. Ação Revocatória: A dimensão da dicotomia: Ineficácia Objetiva e Subjetiva.. 2012. Tese (Doutorado em Direito) - Universidade de São Paulo.

28. FORGIONI, P. A.; **CALÇAS, M. Q. P.**; HUCK, H. M.; AZEVEDO, E. V.; ZANINI, C. K.. Participação em banca de Mariana Conti Craveiro. Pactos parassociais patrimoniais: elementos para sua interpretação no direito societário brasileiro. 2012. Tese (Doutorado em Direito) - Universidade de São Paulo.

29. LOTUFO, R.; **CALÇAS, M. Q. P.**; NANNI, G. E.; Teresa Ancona Lopez; GODOY, C.L.B.. Participação em banca de Alexandre Dartanhan de Mello Guerra. Princípio da conservação dos negócios jurídicos. 2012. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

30. COELHO, Fábio Ulhoa; WAISBERG, I.; **CALÇAS, M. Q. P.**; SADDI, J. S.; SIMONIS, A.. Participação em banca de Marcelo Guedes Nunes. Jurimetria aplicada ao Direito Societário: um estudo estatístico da dissolução de sociedade no Brasil. 2012. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

31. LOPES, J. B.; **CALÇAS, M. Q. P.**; Patrícia Miranda Pizzol; BEZERRA FILHO, M. J.; Luana Pedrosa de Figueiredo Cruz. Participação em banca de Ruy Coppola Junior. A motivação das decisões judiciais como fator de legitimação do processo em sua feição constitucional. 2011. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

32. LOPES, J. B.; **CALÇAS, M. Q. P.**; JABUR, G. H.; MESQUITA, E.M.; MORATO, A. C.. Participação em banca de João Paulo Marín. O Conceito de Dano Ressarcível. 2011. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

33.

Machado de Melo. Interpretação da culpa extracontratual. 2011. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

34. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; WAISBERG, I.; GODOY, C.L.B.; AMORIM, J.R.N.. Participação em banca de Oksandro Osdival Gonçalves. A Relativização da Responsabilidade dos Sócios. 2010. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

35. LOTUFO, R.; **CALÇAS, M. Q. P.**; NANNI, G. E.; POPP, C.; BDINE JR., H.C.. Participação em banca de Rubens Hideo Arai. Responsabilidade Civil Pré-Negocial. 2009. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

36. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; ALMEIDA, M. E. M.; Rovai, Armando Luiz; FORGIONI, P. A.. Participação em banca de Marcos Andrey de Sousa. A Constrição da Cota de Sociedade Empresária Limitada. 2009. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

37. SALOMÃO FILHO, CALIXTO; DEL NERO, J.A.S.; AZEVEDO, E. V.; COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**. Participação em banca de Shiela Christina Neder Cerezetti. A Lei de Recuperação e Falência e o Princípio da Preservação da Empresa: Uma análise da proteção aos interesses envolvidos pela sociedade por ações em recuperação judicial. 2009. Tese (Doutorado em Direito) - Universidade de São Paulo.

38. COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**; Jacques Labrunie; Adalberto Simão Filho; MASSO, F. D.. Participação em banca de Rosemarie Adalardo Filardi. Órgãos Específicos da Administração da Falência e da Recuperação judicial das Empresas. 2008. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

39. **CALÇAS, M. Q. P.**; WAMBIER, T. A. A.; Rosa Maria de Andrade Nery; MEDINA, J. M. G.. Participação em banca de Henrique Fagundes Filho. A sucessão processual. 2007. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

40. **CALÇAS, M. Q. P.**; Donaldo Armelim; Shimura, Sérgio; Alberto Camiña Moreira; Adalberto Simão Filho. Participação em banca de Paulo Sérgio Restiffe. Dissolução Societária parcial e cumprimento de sentença. 2007. Tese (Doutorado em curso de pós-graduação) - Pontifícia Universidade Católica de São Paulo.

41. **CALÇAS, M. Q. P.**; Teresa Celina Arruda Alvim Wambier; LOPES, J. B.; Patrícia Miranda Pizzol; Luiz Manoel Gomes Júnior. Participação em banca de Maria Isabel Ramalho. Legitimidade para agir. 2007. Tese (Doutorado em curso de pós-graduação) - Pontifícia Universidade Católica de São Paulo.

42. **CALÇAS, M. Q. P.**; Adalberto Simão Filho; ALMEIDA, M. E. M.; COELHO, Fábio Ulhoa. Participação em banca de Ésio Carlos Silva Baptista. Abuso de Poder de Controle Externo nas Sociedades Anônimas. 2005. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

43. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; De Lucca, N.; Giselda Maria Fernandes Novaes Hironaka; Ronaldo Porto Macedo Junior. Participação em banca de Paula Castello Miguell. Novo Parâmetro Interpretativo para os Contratos Interempresariais. 2003 - Pontifícia Universidade Católica de São Paulo.

44. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; Jacques Labrunie; BARBOSA FILHO, Marcelo Fortes; Marcos S. Figueiras. Participação em banca de Fabiano Dolenc Del Masso. A Linguagem Publicitária e as Falsas Representações: A Publicidade Clandestina como Técnica Ilícita de Manipulação por Intermédio da Mídia Televisiva Nacional. 2003 - Pontifícia Universidade Católica de São Paulo.

45. **CALÇAS, M. Q. P.**; COELHO, Fábio Ulhoa; Celso Campilongo; Adalberto Simão Filho; Luiz Wambier. Participação em banca de Tânia da Consolação Bahia Carvalho Siqueira. A Defesa da Concorrência no Mercado do Petróleo. 2003 - Pontifícia Universidade Católica de São Paulo.

46. **CALÇAS, M. Q. P.**; ALVIM, José Manoel de Arruda. Participação em banca de Paulo Dias de Moura Ribeiro. Sistema do Negócio Jurídico. 2003. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo.

### Qualificações de Mestrado

1. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; COSTA, D. C.; DE LUCCA, N.. Participação em banca de Cristiano de Castro Jarreta Coelho. A Cláusula de Barreira da Ordem Pública Na Lei de Recuperação Judicial e de Falência. 2023. Exame de qualificação (Mestrando em direito) - Universidade Nove de Julho.

2. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; RIBEIRO, P.Paulo Dias de; COSTA, D. C.. Participação em banca de Clarissa Somesom Talk. A Reabilitação do Falido Como Reflexo da Função Social do Processo de Insolvência:Uma Leitura do Fresh Start na Legislação Brasileira. 2023. Exame de qualificação (Mestrando em direito) - Universidade Nove de Julho.

3. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; DEZEM, R. M. M. M.; PFLUG, S. R. M.. Participação em banca de Eduardo Botão Pelella. Apontamentos Preliminares Sobre a atividade Regulatótia Eleitoral e as Redes Sociais. 2021. Exame de qualificação (Mestrando em Curso no nivel de Mestrado) - Universidade Nove de Julho.

4. ANDRADE, R. M. J.; **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; RAGAZZI, J. L.. Participação em banca de Carlos Alberto Martins Junior. O Controle Judicial da Conocorrência Desleal Por Similaridade de Trade Dress de Produtos de Consumo. 2021. Exame de qualificação (Mestrando em direito) - Centro Universitário de Bauru.

### Trabalhos de conclusão de curso de graduação

1. **CALÇAS, M. Q. P.**. Participação em banca de Victor Hugo Cunha Silva.Seguro D&O e Acordo de Indenidade: Cobertura de Sanções Administrativas e Termos de Compromisso Celebrados no Mercado de Capitais. 2019. Trabalho de Conclusão de Curso (Graduação em Direito) - Faculdade de Direito da Universidade de São Paulo.

2. **CALÇAS, M. Q. P.**. Participação em banca de Matheus de Abreu Peres.Modalidades de Negociação pela Companhia de Ações de sua Própria Emissão - Resgate de Ações. 2019. Trabalho de Conclusão de Curso (Graduação em Direito) - Faculdade de Direito da Universidade de São Paulo.

3. **CALÇAS, M. Q. P.**. Participação em banca de Giovana Martins.O entendimento jurisprudencial do tribunal de Justiça de São Paulo a respeito da força obrigatória dos contratos. 2016. Trabalho de Conclusão de Curso (Graduação em Direito) - Faculdade de Direito da Universidade de São Paulo.

4.  das Sociedades Limitadas. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

5.  **CALÇAS, M. Q. P.**; PFEIFFER, R. A. C.. Participação em banca de Helton Ferreira da Costa.A proteção prestada pelo fundo garantidor de créditos e o contrato de seguro. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

6.  **CALÇAS, M. Q. P.**; PFEIFFER, R. A. C.. Participação em banca de Lucas Zapparoli Claro.Cram down à brasileira: as raízes e aplicações do instituto de relativização dos quesitos de aprovação do plano de recuperação em assembleia geral de credores. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

7.  **CALÇAS, M. Q. P.**; SOUZA JUNIOR, F. S.. Participação em banca de Matheus Zilioti Silva.A possibilidade de emissão de debêntures por sociedade limitada regida supletivamente pela Lei das Sociedades por Ações. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

8.  **CALÇAS, M. Q. P.**; SOUZA JUNIOR, F. S.. Participação em banca de Roberto Dias Pereira.A consecução do tratamento constitucional dispensado às pequenas empresas: análise crítica de pontos fundamentais. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

9.  **CALÇAS, M. Q. P.**; SOUZA JUNIOR, F. S.. Participação em banca de Vinicius Bernardes Vieira da Silva.O direito de preferência na alienação de ações e no aumento de capital da subsidiária integral. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

10. PFEIFFER, R. A. C.; **CALÇAS, M. Q. P.**. Participação em banca de Henrique de Barros Bueno.Os mitos do antitruste: uma perspectiva da Escola Austríaca de Economia. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

11. PFEIFFER, R. A. C.; **CALÇAS, M. Q. P.**. Participação em banca de Mayra Carolina Futema.A publicidade comercial eletrônica sob a ótica da proteção do consumidor no comércio eletrônico. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

12. PFEIFFER, R. A. C.; **CALÇAS, M. Q. P.**. Participação em banca de Patricia Serson Deluca.Reflexos do combate a condutas unilaterais anticompetitivas na reparação de danos ao consumidor. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Universidade de São Paulo.

13. **CALÇAS, M. Q. P.**. Participação em banca de Fabio dos Reis Leitão.A possibilidade de o advogado outsider participar de reuniões do Conselho de Administração assessorando seu cliente. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Pontifícia Universidade Católica de São Paulo.

14. **CALÇAS, M. Q. P.**. Participação em banca de Giuliana Teruel Ribeiro da Silva.A questão da imputabilidade na personalidade antissocial. 2015 - Centro Universitário de Bauru.

15. **CALÇAS, M. Q. P.**. Participação em banca de Luís Eduardo de Oliveira Motta.Da Tipificação Penal do Bullying e sua Repercussão Jurídica. 2015 - Centro Universitário de Bauru.

16. **CALÇAS, M. Q. P.**. Participação em banca de Any Hellen Lorca da Silva.Estabilização da Tutela Antecipada Antecedente. 2015 - Centro Universitário de Bauru.

17. **CALÇAS, M. Q. P.**. Participação em banca de Victor Caon Marcolino.Diminuição da maioridade Penal. 2015 - Centro Universitário de Bauru.

18. **CALÇAS, M. Q. P.**. Participação em banca de Matteus Vicentim Sanches.Eirelli - Uma Oportunidade ao Agronegócio. 2015 - Centro Universitário de Bauru.

19. **CALÇAS, M. Q. P.**. Participação em banca de Regina Celia Benatti Bertonha.Principais Aspectos Jurídicos da Eireli. 2015 - Centro Universitário de Bauru.

20. **CALÇAS, M. Q. P.**. Participação em banca de Luiz Fernando Savini Forte.A Repercussão Geral como Pressuposto de Admissibilidade do Recurso Extraordinário. 2015 - Centro Universitário de Bauru.

21. **CALÇAS, M. Q. P.**. Participação em banca de Marcelo Peloso.A Regulação do Mercado de Controle Societário no Direito Brasileiro. 2015. Trabalho de Conclusão de Curso (Graduação em Direito) - Pontifícia Universidade Católica de São Paulo.

22. **CALÇAS, M. Q. P.**. Participação em banca de Ricardo Moreira Garmes.Governança Corporativa: as novas normas para a constituição e gestão de sociedades de capital aberto. 2014. Trabalho de Conclusão de Curso (Graduação em Direito) - Instituição Toledo de Ensino.

23. **CALÇAS, M. Q. P.**. Participação em banca de Ricardo Moreira Garmes.Governança Corporativa: as novas normas para a constituição e gestão de sociedades de capital aberto. 2014. Trabalho de Conclusão de Curso (Graduação em Direito) - Instituição Toledo de Ensino.

24. **CALÇAS, M. Q. P.**. Participação em banca de Danny Marin do Ó.Uma análise crítica dos intitutos do direito previdenciário sob a ótica do Princípio da Isonomia. 2014. Trabalho de Conclusão de Curso (Graduação em Direito) - Instituição Toledo de Ensino.

25. **CALÇAS, M. Q. P.**. Participação em banca de Bárbara Guerreiro Rodrigues Gato.A proteção conferida ao nome empresarial e às marcas. 2013. Trabalho de Conclusão de Curso (Graduação em Direito) - Instituição Toledo de Ensino.

26. **CALÇAS, M. Q. P.**. Participação em banca de Jordan Hildebrando de Freitas Obeid.Aspectos gerais da desconsideração da personalidade jurídica e sua aplicabilidade nas sociedades anônimas à luz da jurisprudência. 2013. Trabalho de Conclusão de Curso (Graduação em Direito) - Instituição Toledo de Ensino.

27. **CALÇAS, M. Q. P.**. Participação em banca de Priscila Tavares Sanches da Luz.Desconsideração da personalidade jurídica na sociedade limitada. 2013. Trabalho de Conclusão de Curso (Graduação em Direito) - Instituição Toledo de Ensino.

Participação em bancas de comissões julgadoras

**Professor titular**

1.  CALÇAS... a de Credenciamento de Professor para Pós-graduação em Direito de Empresa (Mestrado e Doutorado). 2011. Pontifícia Universidade Católica de São Paulo.

### Concurso público

1.  Rosa Maria de Andrade Nery; **CALÇAS, M. Q. P.**; CANTUARIA, R. A.; CARVALHO, R. G. F.; TEPEDINO, R.. Membro da Comissão Examinadora do 184º Concurso de Ingresso na Magistratura do Estado de São Paulo. 2013. Tribunal de Justiça do Estado de São Paulo.
2.  FRANCO, G. P.; VILLEN, A. C.; LIMA, O. H. S.; YARSHELL, F. L.; **CALÇAS, M. Q. P.**. Membro da Comissão Examinadora do 183º Concurso de Ingresso na Magistratura do Estado de São Paulo. 2012. Tribunal de Justiça do Estado de São Paulo.
3.  FORGIONI, P. A.; TUCCI, J. R. C. E.; **CALÇAS, M. Q. P.**. Candidato: ROBERTO AUGUSTO CASTELLANOS PFEIFFER - Professor Doutor. 2011. Universidade de São Paulo.

### Outras participações

1.  TUCCI, J. R. C. E.; LUCON, P. H. S.; **CALÇAS, MANOEL DE QUEIROZ PEREIRA**; DIDIER JUNIOR, F. S.; MIRANDA, G. D.; CARVALHO FILHO, M. P.. Novas perspectivas de gerenciamento judicial. 2021. Faculdade de Direito da USP.
2.  **CALÇAS, M. Q. P.**. Prêmio Instituto de Direito Societário Aplicado - IDSA. 2015. Instituto de Direito Societário Aplicado.
3.  COELHO, Fábio Ulhoa; **CALÇAS, M. Q. P.**; WAISBERG, I.; ALMEIDA, M. E. M.. Integrante da Banca Examinadora de Credenciamento de Docente no Núcleo de Pesquisa de Direito Comercial do Programa de Estudos Pós-Graduados em Direito da PUC-SP. 2013. Pontifícia Universidade Católica de São Paulo.

## Eventos

Participação em eventos, congressos, exposições e feiras

1.  10º Congresso Brasileiro de Direito Comercial. Limitada Sociedade Anônimas Fechadas. 2022. (Congresso).
2.  4ºCongresso de Direito Empresarial do Centro-Oeste. Direito Empresarial- A verticalização da Justiça especializadaem Direito Empresarial: a visão da magistratura. 2022. (Congresso).
3.  A Turnaround Management Association do Brasil. As novas Camaras Especializadas do TJMG. 2022. (Congresso).
4.  Curso de Pós-graduação.Princípios constitucionais da ordem econômica e princípios gerais do direito comercial.. 2022. (Outra).
5.  XIII Congresso TMA Brasil de Reestruturação e Recuperação de EMpresas. Legado Judicial- Lei 11.101/2005. 2021. (Congresso).
6.  40º Congresso Internacional da Propriedade Intelectual. Padronização Decisória em Propriedade Industrial nos Tribunais. 2020. (Congresso).
7.  Congresso 15 anos da Lei n. 11.101/05: problemas atuais e desafios para o futuro. Painel 1: A estrutura do Poder Judiciário para tratar da crise das empresas. 2020. (Congresso).
8.  Seminário "A recuperação Judicial no Brasil" - Instituto de Estudos Jurídicos Aplicados e Record.A Recuperação Judicial no Estado de São Paulo. 2020. (Seminário).
9.  Webinar - Congresso 15 anos da Lei nº 11.10105 Problemas atuais e Desafios para o Futuro. Congresso 15 anos da Lei nº 11.101/05 Problemas atuais e Desafios para o Futuro. 2020. (Congresso).
10. 63º Congresso Estadual de Municípios. Aula Palestra. 2019. (Congresso).
11. 80º Encoge - Encontro do Colégio Permanente de Corregedores-Gerais dos Tribunais de Justiça do Brasiç.O Colégio e a sua responsabilidade na padronização dos procedimentos. 2019. (Encontro).
12. 8º Fórum Lide de Agronegócios.Segurança Jurídica no Agro. 2019. (Outra).
13. 10º Congresso TMA Brasil de Reestruturação e Recuperação de Empresas. Reestruturação e Recuperação de Empresas. 2018. (Congresso).
14. 14º Congresso Febraban de Direito Bancário. Abertura - Recuperação de crédito bancário. Tutela de credores e devedores.. 2018. (Congresso).
15. 8º Congresso Brasileiro de Direito Comercial - Associação dos Advogados de São Paulo (AASP). Segurança Jurídica no Direito Comercial. 2018. (Congresso).
16. Comissão do Código Comercial - Audiência Pública - Sede da Federação do Comércio de Bens, Serviços e Turismo do Estado de São Paulo - FECOMERCIO..Especialização da Justiça Empresarial. 2018. (Outra).
17. I Seminário - Gestão e Fiscalização de Contratos do TJSP.Abertura. 2018. (Seminário).
18. IV Seminário de Direito das Empresas em Dificuldade.Abertura. 2018. (Seminário).
19. Seminário Judiciário e Cidadania - Uma celebração aos 30 anos da Constituição Federal e aos 15 anos de contribuições do Prêmio Innovare.Abertura. 2018. (Seminário).
20. XII Encontro Nacional do Poder Judiciário - Conselho Nacional de Justiça - Foz do Iguaçu/PR. 2018. (Outra).
21. 74º Encontro do Colégio dos Corregedores-Gerais dos Tribunais de Justiça dos Estados e do Distrito Federal (ENCOGE).A função da Corregedoria Geral da Justiça sob os princípios éticos e morais. 2017. (Encontro).
22. 75º ENCOGE - Encontro do Colégio Permanente de Corregedores-Gerais dos tribunais de Justiça dos Estados e do Distrito Federal.75º ENCOGE - Encontro do Colégio Permanente de Corregedores-Gerais dos tribunais de Justiça dos Estados e do Distrito Federal. 2017. (Encontro).
23.

Corregedoria, o Magistrado e a Sociedade no século XXI.. 2017. (Encontro).

24. 7º Congresso Brasileiro de Direito Comercial. O estabelecimento empresarial e a preservação da empresa. 2017. (Congresso).

25. 7º Congresso Brasileiro de Direito Comercial - AASP. O estabelecimento empresarial e a preservação da empresa.. 2017. (Congresso).

26. A recuperação judicial sob a ótica jurídica, econômica e social.Recuperação Judicial e Jurisprudência (Painel 1). 2017. (Seminário).

27. I Encontro de Corregedores do Serviço do Extrajudicial da Corregedoria Nacional de Justiça. 2017. (Encontro).

28. Seminário nacional - Audiência de custódia, cuidado e inserção social na prevenção do encarceramento e do uso de drogas.Mesa de abertura. 2017. (Seminário).

29. VI Simpósio de Direito Empresarial - O Direito face à corrupção.Abertura. 2017. (Simpósio).

30. XXIII Conferência Nacional da Advocacia Brasileira.Em defesa dos direitos fundamentais: pilares da democracia, conquistas da cidadania.. 2017. (Outra).

31. 6º Congresso Brasileiro de Direito Comercial. Impactos do novo CPC na Falência e na Recuperação Judicial. 2016. (Congresso).

32. 72º Encontro do Colégio Permanente de Corregedores-Gerais dos Tribunais de Justiça do Brasil - ENCOGE.Regulamentação das Modificações do Novo Código de Proceso Civil pelas Corregedorias- Gerais de Justiça dos Estados. 2016. (Encontro).

33. 73º Encontro do Colégio Permanente de Corregedores Gerais dos Tribunais de Justiça do Brasil (ENCOGE).A corregedoria na pós-modernidade: por um novo kairós. 2016. (Encontro).

34. 73º Encontro do Colégio Permanente de Corregedores Gerais dosTribunais de Justiça do Brasil (ENCOGE).A Corregedoria na pós-modernidade: por um novo kairós. 2016. (Encontro).

35. Congresso Brasileiro de Processo e Constituição - Estado Constitucional e o novo Código de Processo Civil: Desafios e inovaçõesões. Estado Constitucional e o Novo Código de Processo Civil: Desafios e Inovações. 2016. (Congresso).

36. II Seminário de Direito das Empresas em dificuldade.II Seminário de Direito das Empresas em dificuldade. 2016. (Seminário).

37. 5º Congresso Brasileiro de Direito Comercial. Continuidade e descontinuidade da administração da empresa em recuperação judicial. 2015. (Congresso).

38. II Congresso Pan-Americano de Arbitragem. Arbitragem como mecanismo de solução da crise-econômico-financeira das empresas: falência e recuperação judicial. 2015. (Congresso).

39. Seminário 10 anos da Lei de Recuperação e Falência.Seminário 10 anos da Lei de Recuperação e Falência. 2015. (Seminário).

40. 1º Congresso Internacional de Direito Privado. Presidente Mesa - Contratos Empresariais. 2014. (Congresso).

41. 4º Congresso Brasileiro de Direito Comercial. Presidente da Mesa: Enunciados da Jornada de Direito Comercial sobre Falência (E. 43, 48 a 50 e 56). 2014. (Congresso).

42. 6º Curso de Pós-Graduação "Lato Sensu" - Especialização em Direito Empresarial.Crimes falimentares e procedimento penal. 2014. (Outra).

43. Arbitragem e o Poder Judiciário.Arbitragem e o Poder Judiciário. 2014. (Seminário).

44. Congresso Internacional "A CISG e o Brasil". O Papel dos Juízes na aplicação da CISG.. 2014. (Congresso).

45. I Congresso Ítalo-Brasileiro de Direito Comparado. Cenário Institucional no Brasil para Investimentos Estrangeiros. 2014. (Congresso).

46. Seminário Luso-Brasileiro "Contratos em Direito Privado".Contratos e Judiciário. 2014. (Seminário).

47. X Jornadas Brasileiras de Direito Processual. Aspectos Polêmicos e Atuais da Arbitragem. 2014. (Congresso).

48. 1o Curso de Pós-Graduação Lato Sensu - Especialização em Direito do Consumidor.Desconsideração da Personalidade Jurídica no CDC. 2013. (Outra).

49. 3o Congresso Brasileiro de Direito Comercial. A cessão fiduciária na recuperação judicial. 2013. (Congresso).

50. IV Simpósio Nacional de Direito Empresarial: o grande papel da pequena e média empresa.Presidente da Mesa. 2013. (Simpósio).

51. Jornada Paulista de Direito Comercial.Participação da Coordenação Científica da Jornada Paulista de Direito Comercial. 2013. (Outra).

52. 2º Congresso Brasileiro de Direito Comercial. A jurisprudência construída em torno da 11.101/2005.. 2012. (Congresso).

53. 6º Simpósio Jurídico e de Gestão Empresarial da Associação Brasileira de Franchising - ABF.A Especialização do Judiciário e o contrato de franquia empresarial. 2012. (Simpósio).

54. Congresso - Do Capitalismo Humanista e Rec de Empresas. A função social da Recuperação Judicial - sustentabilidade. 2012. (Congresso).

55. Jornada de Direito Comercial (22 a 24 de outubro).Membro da Comissão de Trabalho Crise da Empresa: falência e recuperação. 2012. (Outra).

56. Seminário Internacional Diálogo entre Juízes UPM/Uniceub (7 e 8 de nov) - Mackenzie.Diálogos entre juízes no âmbito do mercado de arte, comercial e administrativo-fiscal. 2012. (Seminário).

57. V Simpósio dos Empresários de Fomento Mercantil do Estado de SP.Possibilidade de pedido de falência com base no contrato de fomento mercantil. 2012. (Simpósio).

58. 1º Congresso Brasileiro de Direito Comercial. Seis Anos de Vigência da Lei de Recuperação Judicial. 2011. (Congresso).

59. 35 anos da Lei da S/A.LSA e Companhias Fechadas. 2011. (Simpósio).

60. 59ª Reunião do CONJUR - Conselho Superior de Assuntos Jurídicos e Legislativos.Seis Anos de Vigência da Lei de Recuperação de Empresas. 2011. (Seminário).

61. Jornada PUC/SP: Brasil-Europa. O Consumidor e a Recuperação Judicial. 2011. (Congresso).

62. Questões atuais do Direito Empresarial.A recuperação de empresas e sua efetividade após 6 anos de vigência. 2011. (Simpósio).

63. Seminário: Associação Paulista de Propriedade Intelectual.Jurisprudência sobre Propriedade Industrial. 2011. (Seminário).

64. Seminário Desafios do Direito Comercial.Desafios do Direito Comercial. 2011. (Seminário).

65. Questões atuais do direito empresarial.A recuperação de empresas e sua efetividade após 6 anos de vigência.. 2010. (Simpósio).

66. VIII JORNADAS BRASILEIRAS DE DIREITO PROCESSUAL CIVIL E PENAL. 2010. (Congresso).

67.
68. Insol Buenos Aires Seminar: International Cross-border Insolvency and Restructuring.Coordinación de reorganizaciones transfronterizas. 2008. (Seminário).
69. Dois anos da Lei de Falências - Curso promovido pela AASP.Princípios Gerais da nova Lei. 2007. (Simpósio).
70. Programa de Capacitação Docente em Direito - GVlaw.Programa de Capacitação Docente da GVlaw. 2007. (Oficina).
71. V - Fire 5th. Annual International Corporate Recoveary Forum - Co-Sponsored by National Conference of Bankrupty Judges and American Bankrupty Institute. A Visão do Judiciário Brasileiro - Principais Questões estruturais e práticas relacionadas a empresas em crise e à Nova Lei de Recuperação e Falência - Fatores críticos de sucesso. 2007. (Congresso).
72. Um Ano de Vigência da Lei de Recuperação Judicial - A nova Lei de Falências.A Recuperação Judicial - Reflexões e Propostas. 2006. (Seminário).
73. Simpósio de Direito Empresarial - realização: Fundação de Apoio à Pesquisa e Extensão e pela UNESP.A Sociedade Limitada no Novo Código Civil. 2004. (Simpósio).
74. Primeira Semna Jurídica de Direito Processual da Faculdade de Direito de Bauru - ITE.O Processo de Falência. 2003. (Encontro).
75. 4. Semana Jurídica promovida pelo Instituto de Ciências Jurídicas da UNIP.Empresa no Projeto do Código Civil. 2001. (Encontro).
76. Temas de Direito Imobiliário.Debatedor no Seminário intitulado Temas de Direito Imobiliário. 2000. (Seminário).
77. XI Fórum Jurídico de Seguro Privado.O Contrato de Seguro e o Código de Defesa do Consumidor. 1999. (Outra).
78. Curso sobre Proteção Legal ao Meio Ambiente.A Proteção Legal da Mata Atlântica pelo Judiciário. 1997. (Simpósio).
79. 1.º Encontro dos Grupos Especiais dos Promotores de Justiça do Meio Ambiente de São Paulo.Direito de Propriedade e Meio Ambiente. 1996. (Seminário).
80. Ciclo de Palestras Jurídicas.Recurso Extraordinário e Especial. 1982. (Outra).

Organização de eventos, congressos, exposições e feiras

1. **CALÇAS, M. Q. P.**. Curso de Extensão Universitária em Falência e Recuperação de Empresas - Capital. 2013. (Outro).
2. **CALÇAS, M. Q. P.**. Curso de Extensão Universitária em Falência e Recuperação de Empresas - Interior. 2013. (Outro).

# Orientações

Orientações e supervisões em andamento

## Dissertação de mestrado
1. FELIPE GUINSANI. A SEGURANÇA JURÍDICA NAS RELAÇÕES EMPRESARIAIS. SISTEMA DE PRECEDENTES E VARAS ESPECIALIZADAS. Início: 2021. Dissertação (Mestrado profissional em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Orientador).
2. BRUNA MARCHESE E SILVA. ASPECTOS GERAIS DA RECUPERAÇÃO JUDICIAL DE EMPRESAS CONCESSIONÁRIAS DE SERVIÇOS PÚBLICOS E OS PRINCÍPIOS DA FUNÇÃO SOCIAL E DA PRESERVAÇÃO DA EMPRESA. Início: 2021. Dissertação (Mestrado profissional em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Orientador).
3. EDUARDO BOTÃO PELELLA. INTEGRIDADE E SINCERIDADE NO PROCESSO ELEITORAL: DESAFIOS REGULATÓRIOS CONTEMPORÂNEOS. Início: 2021. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Orientador).
4. TADEU SANTOS CARDOSO. A DESCONSIDERAÇÃO DA PERSONALIDADE JURÍDICA E A FUNCIONALIZAÇÃO DO DIREITO DE PROPRIEDADE NO PROCESSO FALIMENTAR: LIMITES ENTRE O CONTROLE DE LEGALIDADE E O CONTROLE EPISTÊMICO NA ATIVIDADE JURISDICIONAL. Início: 2021. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Orientador).
5. Felipe Barras Freitas de Vilhena. Trabalho de mestrado. Início: 2013. Dissertação (Mestrado profissional em Direito) - Pontifícia Universidade Católica de São Paulo. (Orientador).
6. Adriano Ribeiro Lyra Bezerra. Projeto de Mestrado. Início: 2012. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo. (Orientador).

## Tese de doutorado
1. RONALDO VIEIRA FRANCISCO. CONCRETIZAÇAO HARMÔNICA EM JUÍZO DOS INTERESSES CONFLITANTES NA RECUPERAÇÃO E NA FALÊNCIA. Início: 2021. Tese (Doutorado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Orientador).
2. ALINE MENDES DE GODOY. INSOLVÊNCIA TRANSNACIONAL E O TRATAMENTO DA CRISE DE INVESTIMENTOS NO BRASIL. Início: 2021. Tese (Doutorado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho. (Orientador).
3. Cinira Gomes Lima Melo. Projeto de Doutorado. Início: 2012. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo. (Orientador).
4.

São Paulo. (Orientador).

Orientações e supervisões concluídas

## Dissertação de mestrado

1. Eduardo Botão Pelella. Redes Sociais e Democracia:modelo,estrutura e principais desafios de sua regulação em matéria eleitoral. 2022. Dissertação (Mestrado em Curso no nível de Mestrado) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

2. CAROLINE EMMERICH GOMES LEAL DE MOURA. A REGULAÇÃO DA ATIVIDADE EMPRESARIAL DAS OPERADORAS DE PLANO DE SAÚDE: Avaliação de falhas de mercado, consequências e propostas de políticas. 2021. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

3. LUIZ FERNANDO SALLES GIANNELLINI. O CONSENTIMENTO PREVISTO NA LGPD E SUA APLICAÇÃO NOS CONTRATOS ELETRÔNICOS: DESAFIOS PARA SUA VALIDAÇÃO. 2021. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

4. YLKA IRIS BELTRAO LIMA. ALIENAÇÃO FIDUCIÁRIA DE BENS IMÓVEIS NO CENÁRIO JURÍDICO E ECONÔMICO DO PAÍS. 2021. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

5. QUEREN FORMIGA SANTANA. RECUPERAÇÃO JUDICIAL: ANÁLISE DOS ASPECTOS ESTRUTURAIS À LUZ DA PRESERVAÇÃO DA EMPRESA. 2020. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

6. FRANCISCO BENEDITO FERNANDES. A RECUPERAÇÃO JUDICIAL DA EMPRESA EM CRISE: HIPÓTESES CONCRETAS DE ESTÍMULO À SUA PRESERVAÇÃO. 2018. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

7. Lucilo Perondi Junior. Sustentabilidade Econômica no Plano de Recuperação Judicial como Garantia da Função Social da Empresa. 2016. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

8. Renato de Toledo Piza Ferraz. O Emprego dos Usos e Costumes na Solução de Conflitos por Arbitragem em Matéria Comercial. 2016. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

9. ALEXANDRE BUCCI. RESPONSABILIDADE SOCIAL DA EMPRESA COMO DEVER JURÍDICO: UMA LEITURA A PARTIR DA PERSPECTIVA DA FRATERNIDADE HUMANISTA. 2016. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

10. LUCILO PERONDI JUNIOR. A SUSTENTABILIDADE ECONÔMICA NO PLANO DE RECUPERAÇÃO JUDICIAL COMO GARANTIA DA FUNÇÃO SOCIAL DA EMPRESA. 2016. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

11. MARIA ANGELICA CHICHERA. A RESPONSABILIDADE CORPORATIVA DA EMPRESA: SOB A ÓTICA DO DESENVOLVIMENTO SUSTENTÁVEL. 2016. Dissertação (Mestrado em Programa de Pós-Graduação stricto sensu em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

12. Hugo Tubone Yamashita. A Alteração das Circunstâncias Fáticas nos Contratos Interimpresariais". 2015. Dissertação (Mestrado em Direito) - Universidade de São Paulo, . Coorientador: Manoel de Queiroz Pereira Calças.

13. Eduardo Cherez Pavia. Fundos de Investimento: Estrutura Jurídica e Agentes de Mercado Como Proteção do Investimento Privado. 2015. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Coorientador: Manoel de Queiroz Pereira Calças.

14. Luiz Gonzaga Modesto de Paula. Da ineficácia e da revogação dos atos praticados pelo devedor antes da decretação da falência. 2014. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

15. Camila Aparecida Borges. (Re) pensar o atual modelo de recuperação judicial sob análise da sustentabilidade multidimensional. 2014. Dissertação (Mestrado em Mestrado em Direito) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

16. Pedro Cordelli Alves. A incidência da oferta pública obrigatória na alienação do poder de controle minoritário. 2014. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

17. Silvio Dutra. As relações jurídicas na cessão de uso de espaço em shopping center. 2013. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

18. Adriana Paiva Vasconcelos. O papel dos credores no direito falimentar: uma análise histórica e à luz de certos órgãos. 2013. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

19. Simone Bento. A supressão da sucessão tributária e trabalhista na alienação da unidade produtiva isolada sob o prisma da preservação da empresa. 2013. Dissertação (Mestrado em Curso no nível de Mestrado) - Universidade Nove de Julho, . Orientador: Manoel de Queiroz Pereira Calças.

20.

Carla Smith de ... eito) -
Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

21. Rodolfo Rubens Martins Correa. A limitação da responsabilidade das sociedades empresárias agrupadas em redes de cooperação empresarial. 2011. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

22. Kenneth Antunes Ferreira. Contrato Derivativo não Padronizado: A impropriedade de sua classificação como valor mobiliário. 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

23. Patrícia Bolina Pellini. Dispersão do Capital das companhias abertas brasileiras e medidas estatutárias voluntárias de defesa. 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

24. Paulo Roberto Vigna. A função social da empresa na Lei de Recuperação Judicial e Extrajudicial. 2008. Dissertação (Mestrado em Direito) - Faculdade Autônoma de Direito, . Orientador: Manoel de Queiroz Pereira Calças.

25. Vivian Labruna. Os Direitos essenciais dos acionistas como mecanismos de estabilização de poder nas sociedades anônimas. 2008. Dissertação (Mestrado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

26. Roberta de Oliveira e Corvo Ribas. Apuração de haveres: critérios para a sociedade empresária do tipo limitada. 2008. Dissertação (Mestrado em Programa de Pós-Graduação) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

27. Andreza Sanches Doro. A Função Social da Sociedade Anônima. 2007. Dissertação (Mestrado em Função Social do Direito) - Faculdade Autônoma de Direito, . Orientador: Manoel de Queiroz Pereira Calças.

28. Piraci Ubiratan de Oliveira. O alcance da autonomia constitucional das associações e a obrigatoriedade de adoção do modelo empresarial. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

29. José Ailton Garcia. Desapropriação para fins de reforma agrária: aspectos jurídicos e judiciais. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

30. Márcio Eduardo Riego Cots. O tratamento tributário da cooperativa de trabalho face à sua função social. 2007. Dissertação (Mestrado em Pós Graduação Stricto Sensu) - Faculdade Autônoma de Direito de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

31. Olivar Augusto Roberti Coneglian. Da Inelegibilidade sob a Ótica da Proporcionalidade e do Abuso de Poder. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

32. Charles Stevan Prieto Azevedo. A Empresa como Propriedade Privada e sua Responsabilidade Social à luz da Constituição Federal de 1988. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

33. Célia Cristina Martinho. Reflexões Acerca da Coisa Julgada Inconstitucional. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

34. Jefferson Fernandes Negri. A Nova Concepção de Família: Construção Hermenêutica da Norma do art. 226 da CF à luz da Dignidade da Pessoa Humana e os Direitos Fundamentais. 2006. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

35. José Carlos Carneiro de Oliveira. As Penas de Interdição Temporária de Direitos e o Direito Constitucional ao Trabalho. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

36. João Roberto Casali da Silva. A Definição de Autoridade Coatora no Mandado de Segurança. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

37. Luiz Célio Bucceroni. O Falido e as Garantias Constitucionais da Privacidade e da Intimidade. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

38. José Canrobert Rocha de Araújo. A ação popular como instrumento de cidadania. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

39. Fernanda Eloísa Trecenti. As comunidades indígenas e a Constituição: Direitos fundamentais indígenas. 2004. Dissertação (Mestrado em Mestrado) - Faculdade de Direito de Bauru, . Orientador: Manoel de Queiroz Pereira Calças.

### Tese de doutorado
1. Nathalia Correia Pompeu. Regulação da Economia e da Concorrência: A Competência do Bacen para Analisar Atos de Concentração de Instituições Financeiras. 2015. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

2. Eduardo Silva Bitti. Princípios do Direito Comercial e a Dignidade do Empresário. 2015. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

3. Marcelo Papaléo de Souza. A recuperação judicial e os direitos fundamentais trabalhistas. 2011. Tese (Doutorado em Direito) - Pontifícia Universidade Católica de São Paulo, . Orientador: Manoel de Queiroz Pereira Calças.

### Trabalho de conclusão de curso de graduação

Direito) - Insper Instituto de Ensino e Pesquisa. Orientador: Manoel de Queiroz Pereira Calças.

### Orientações de outra natureza

1. Francisco Antonio de Toledo Soares Neto. Monitoria. 2016. Orientação de outra natureza - Centro Universitário de Bauru. Orientador: Manoel de Queiroz Pereira Calças.

## Educação e Popularização de C & T

### Livros e capítulos

1. ⭐ PUGLIESI, A. V. Alberto Camiña Moreira MARIANO, A. A. C. Arthur Migliari Junior Assioni Santos Daltro Borges Filho Eduardo Mattar AZEVEDO, E. V. Fabiana Bruno Solano Pereira SOUZA JUNIOR, F. S. BUSCHINELLI, G. S. K. João Pedro Scalzilli José Anchieta da Silva Juliana Bumachar DIAS, L. A. R. GOUVEIA, L. A. S. SPINELLI, L. F. Luiz Fernando Valente de Paiva BEZERRA FILHO, M. J. SACRAMONE, M. B. ADAMEK, M. V. V. Maria Cristina Zucche RODRIGUES FILHO, O. J. CAMPANA FILHO, P. F. TOLEDO, P. F. C. S. , *et al.*  ; Comentários aos Artigos 129 a 138. In: Paulo Fernando Campos Salles de Toledo. (Org.). Comentários à Lei de Recuperação de Empresas. 1ed.São Paulo: Thomson Reuters Revista Dos Tribunais, 2021, v. 1, p. 741-758.

### Apresentações de Trabalho

1. **CALÇAS, MANOEL DE QUEIROZ PEREIRA**. Panorama das Principais Auterações Introduzidas pela Lei 14.112/20. 2021. (Apresentação de Trabalho/Conferência ou palestra).
2. **CALÇAS, M. Q. P.**. Alterações na Falência Reforma da Lei 11.101?05. 2021. (Apresentação de Trabalho/Conferência ou palestra).
3. **CALÇAS, M. Q. P.**. Insolvência Empresarial. 2021. (Apresentação de Trabalho/Conferência ou palestra).
4. **CALÇAS, M. Q. P.**. Evolução do Direito Societário na Europa e no pós-pandemia. 2021. (Apresentação de Trabalho/Conferência ou palestra).

### Organização de eventos, congressos, exposições e feiras

1. **CALÇAS, M. Q. P.**. Curso de Extensão Universitária em Falência e Recuperação de Empresas - Capital. 2013. (Outro).
2. **CALÇAS, M. Q. P.**. Curso de Extensão Universitária em Falência e Recuperação de Empresas - Interior. 2013. (Outro).

## Outras informações relevantes

Aprovado em 1º lugar no concurso de credenciamento para Professor na área de Direito Comercial do Programa de Estudos Pós-graduados em Direito da Pontifícia Universidade Católica de São Paulo - PUCSP, realizado nos dias 12, 13 e 22 de novembro de 2007, sendo a Banca constituída pelos Professores: Dr. Paulo de Barros Carvalho, Dr. Fábio Ulhoa Coelho, Dr. José Manoel de Arruda Alvim Netto e Dr. Nelson Luiz Pinto. Aprovado em 1º lugar no concurso de seleção de Professor de Direito Comercial para o curso de graduação da Faculdade de Direito da Pontifícia Universidade Católica de São Paulo - PUCSP, realizado nos dias 12 e 13 de novembro de 2008, sendo a Banca composta pelos professores doutores Fábio Ulhoa Coelho, Clóvis Beznos, Carlos Roberto Husek e Julcira Maria de Mello Vianna. Aprovado no concurso de seleção de Professor Doutor da Faculdade de Direito do Largo São Francisco (FADUSP), realizado no período de 27 de junho a 4 de julho de 2013, sendo a Banca composta pelos professores titulares Newton de Lucca, Fabio Nusdeo, Gilberto Bercovici, Luiz Flávio Yarshell, Fernando Campos Scaff.

Imprimir currículo

# EXHIBIT 1

# Brazilian Bankruptcy Act

**Art. 76.** The bankruptcy court is indivisi le and has jurisdiction to hear all the actions on assets, interests and business of the bankruptcy estate, except for labor, tax cases and cases not regulated by this Law in which the bankruptcy estate is a plaintiff or co-plaintiff.

Sole paragraph. All actions, including those for which exception is made in the **header** of this Article, will continue with the judicial administrator, who must be summ ned to represent the bankruptcy estate, under penalty of nullity of the proceedings.

**Art. 82-A .** The bankruptcy process or effects thereof cannot extend, in whole or in part, to limited liability partners, controllers and administrators of the bankrupt company, however, the piercing of the corporate veil is permitted. (Added by Law No. 14,112, of 2020) (Term)

Sole paragraph. . The piercing of the corporate veil of the bankrupt company, for the purpose of holding third parties, groups, shareholders or directors liable for its obligation, can only be declared by the bankruptcy court in compliance with Art. 50 of Law No. 10,406, of January 10, 2002 (Civil Code) and Articles 133, 134, 135, 136 and 137 of Law No. 13,105, of March 16, 2015 (Code of Civil Procedure), and the suspension referred to in § 3 of Art. 134 of Law No. 13,105, of March 16, 2015 (Code of Civil Procedure) does not apply. (Added by Law No. 14,112, of 2020) (Term)

**Art. 99.** The judgement that declares the debtor's bankruptcy, among other determinations:

II – will fix the legal term of bankruptcy, without being able to retrotract it for more than 90 (ninety) days from the filing for bankruptcy, the filing for judicial recovery or the 1st (first) protest for non-payment, excluding, for this purpose, protests that have been cancelled;

**Art. 129.** Whether or not the contracting party is aware of the debtor's state of economic and financial crisis, and whether or not the debtor intends to defraud creditors, the following is ineffective in relation to the bankruptcy estate:

I – payment of unmatured debts made by the debtor within the legal term, by any means that extinguish the credit rights, including by deduction of the instrument itself;

II – payment of overdue and enforceable debts made within the legal term, in any way other than that provided for by the agreement;

III – establishment of an in rem guarantee, including withholding, within the legal term, in the case of a debt incurred previously; if the mortgaged assets are the subject of other subsequent debts, the bankruptcy estate will receive the part that should be received by the creditor of the revoked mortgage;

IV – performance of acts free of charge, from 2 (two) years before bankruptcy is declared;

V – waiver of inheritance or legacy, up to 2 (two) years before bankruptcy is declared;

VI - the sale or transfer of establishment made without the express consent or payment of all creditors, existing at the time, when the debtor does not have sufficient assets to settle its liabilities, unless, within 30 (thirty) days, there is no opposition from creditors, after being duly notified, judicially or by the official of the Registry of Instruments and Documents;

VII - registration of in rem rights and inter vivos property transfer, for valuable consideration or not, or registration of any property after bankruptcy is declared, unless a previous registration has been made.

Sole paragraph. Ineffectiveness may be declared voluntarily by the judge, alleged in defense or claimed by way of a specific action, or incidentally in the course of the proceedings.

**Art. 130.** Acts performed with the intention of harming creditors may be revoked, once evidence is provided of fraudulent collusion between the debtor and its contracting third party and the effective loss incurred by the bankruptcy estate.

**Art. 132.** Any revocatory action, pursuant to Art. 130 of this Law, may be filed by the judicial administrator, by any creditor or by the Ministry for Public Affairs within 3 (three) years of the declaration of bankruptcy.

**Art. 134.** The revocatory action shall be tried by the bankruptcy court and shall follow  the ordinary procedure set forth under <u>Law No. 5,869, dated January 11, 1973</u> - Code of Civil Procedure.



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Brazilian Bankruptcy law**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

Dan McCourt

Sworn to before me this
July 25, 2023

Signature, Notary Public



Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# ANEXO 1

# Lei Brasileira de Recuperação e Falências

Art. 76. O juízo da falência é indivisível e competente para conhecer todas as ações sobre bens, interesses e negócios do falido, ressalvadas as causas trabalhistas, fiscais e aquelas não reguladas nesta Lei em que o falido figurar como autor ou litisconsorte ativo.

Parágrafo único. Todas as ações, inclusive as excetuadas no caput deste artigo, terão prosseguimento com o administrador judicial, que deverá ser intimado para representar a massa falida, sob pena de nulidade do processo.

. . .

Art. 82-A. É vedada a extensão da falência ou de seus efeitos, no todo ou em parte, aos sócios de responsabilidade limitada, aos controladores e aos administradores da sociedade falida, admitida, contudo, a desconsideração da personalidade jurídica.    (Incluído pela Lei nº 14.112, de 2020)    (Vigência)

Parágrafo único. A desconsideração da personalidade jurídica da sociedade falida, para fins de responsabilização de terceiros, grupo, sócio ou administrador por obrigação desta, somente pode ser decretada pelo juízo falimentar com a observância do art. 50 da Lei nº 10.406, de 10 de janeiro de 2002 (Código Civil) e dos arts. 133, 134, 135, 136 e 137 da Lei nº 13.105, de 16 de março de 2015 (Código de Processo Civil), não aplicada a suspensão de que trata o § 3º do art. 134 da Lei nº 13.105, de 16 de março de 2015 (Código de Processo Civil).    (Incluído pela Lei nº 14.112, de 2020)    (Vigência)

Art. 99. A sentença que decretar a falência do devedor, dentre outras determinações:

II – fixará o termo legal da falência, sem poder retrotraí-lo por mais de 90 (noventa) dias contados do pedido de falência, do pedido de recuperação judicial ou do 1º (primeiro) protesto por falta de pagamento, excluindo-se, para esta finalidade, os protestos que tenham sido cancelados;

Art. 129. São ineficazes em relação à massa falida, tenha ou não o contratante conhecimento do estado de crise econômico-financeira do devedor, seja ou não intenção deste fraudar credores:

I – o pagamento de dívidas não vencidas realizado pelo devedor dentro do termo legal, por qualquer meio extintivo do direito de crédito, ainda que pelo desconto do próprio título;

II – o pagamento de dívidas vencidas e exigíveis realizado dentro do termo legal, por qualquer forma que não seja a prevista pelo contrato;

III – a constituição de direito real de garantia, inclusive a retenção, dentro do termo legal, tratando-se de dívida contraída anteriormente; se os bens dados em hipoteca forem objeto de outras posteriores, a massa falida receberá a parte que devia caber ao credor da hipoteca revogada;

IV – a prática de atos a título gratuito, desde 2 (dois) anos antes da decretação da falência;

V – a renúncia à herança ou a legado, até 2 (dois) anos antes da decretação da falência;

VI – a venda ou transferência de estabelecimento feita sem o consentimento expresso ou o pagamento de todos os credores, a esse tempo existentes, não tendo restado ao devedor bens suficientes para solver o seu passivo, salvo se, no prazo de 30 (trinta) dias, não houver oposição dos credores, após serem devidamente notificados, judicialmente ou pelo oficial do registro de títulos e documentos;

VII – os registros de direitos reais e de transferência de propriedade entre vivos, por título oneroso ou gratuito, ou a averbação relativa a imóveis realizados após a decretação da falência, salvo se tiver havido prenotação anterior.

Parágrafo único. A ineficácia poderá ser declarada de ofício pelo juiz, alegada em defesa ou pleiteada mediante ação própria ou incidentalmente no curso do processo.

Art. 130. São revogáveis os atos praticados com a intenção de prejudicar credores, provando-se o conluio fraudulento entre o devedor e o terceiro que com ele contratar e o efetivo prejuízo sofrido pela massa falida.

Art. 132. A ação revocatória, de que trata o art. 130 desta Lei, deverá ser proposta pelo administrador judicial, por qualquer credor ou pelo Ministério Público no prazo de 3 (três) anos contado da decretação da falência.

Art. 134. A ação revocatória correrá perante o juízo da falência e obedecerá ao procedimento ordinário previsto na Lei nº 5.869, de 11 de janeiro de 1973 - Código de Processo Civil.

# EXHIBIT 2

# Brazilian Civil Code

**Art. 49-A.** The corporate entity should not be confused with its partners, associates, founders or administrators. (Added by Law No. 13,874, of 2019)

Sole paragraph. The autonomy of property of corporate entities is a lawful instrument of allocation and segregation of risks, established by law with the purpose of stimulating business ventures, for the generation of jobs, taxes, income and innovation for the benefit of everybody.

**Art. 50**. In the event of improper use of the corporate status, characterized by deviation of purpose or mingling of assets, the judge, at the request of the party, or of the Public Prosecutor's Office when its intervention in the case is appropriate, may disregard it so that the effects of certain and specific bond relations extend to the private assets of administrators or partners of the legal entity that directly or indirectly benefit from the abuse. (Text provided by Law No. 13,874, of 2019).

§ 1 For the purposes of the provisions of this Article, deviation of purpose is the use of the legal entity to harm creditors and perform unlawful acts of any nature. (Added by Law No. 13,874, of 2019).

§ 2 Mingling of assets is the absence of factual separation between the assets, characterized by: (Added by Law No. 13,874, of 2019).

I - repetitive compliance by the company with the obligations of the partner or administrator or vice versa; (Added by Law No. 13,874, of 2019).

II - transfer of assets or liabilities for no actual consideration, except those of proportionally insignificant value; and (Added by Law No. 13,874, of 2019).

III - other acts of non-compliance with the autonomy of the assets. (Added by Law No. 13,874, of 2019).

§ 3 The provisions of the header and §§ 1 and 2 of this Article also apply to all the obligations of partners or administrators to the legal entity. (Added by Law No. 13,874, of 2019).

§ 4 The mere existence of an economic group without the presence of the requirements referred to in the header of this Article does not authorize the disregard of the corporate status of the legal entity. (Added by Law No. 13,874, of 2019).

§ 5 The mere expansion or alteration of the original purpose of the specific economic activity of the legal entity is not a deviation of purpose. (Added by Law No. 13,874, of 2019).

**Art. 159.** The onerous contracts of the insolvent debtor shall also be annulled, when the insolvency is notorious, or there is reason for it to be known to the other contracting party.

**Art. 166.** A legal transaction is void when:

I **-** entered into by an absolutely unfit person;

II **-** its purpose is unlawful, impossible or indeterminable;

III **-** the prevailing reason, common to both parties, is unlawful;

IV **-** it was not performed in the form prescribed by law

V **-** any solemn act that the law considers essential for its validity is denied;

VI **-** it aims to defraud mandatory law;

VII **-** the law emphatically declares it to be null, or prohibits its performance, without applying a sanction.

**Art. 167**. Any simulated legal transaction is null, but the subject of that simulation shall survive, if its substance and form are valid.

§1 Simulation in legal transactions occurs when:

I - they appear to grant or assign rights to persons other than those to whom they are actually granted, or assigned;

II - they include false statements, condition or clause;

III - private instruments are pre-dated, or post-dated.

§ 2 The rights of third parties in good faith to the contracting parties of the simulated legal transaction are reserved.

.

**Art. 169. An invalid legal transaction cannot be confirmed, nor can the passage of time make it valid.**

**Art. 178.** The statute of limitations for claiming the annulment of the legal transaction is four years, counting from:

I - in the case of coercion, the day on which it ceases;

II - number of error, fraud, fraud against creditors, state of danger or injury, on the day the legal transaction was carried out;

III - in the case of acts of the incapable, from the day the incapability ceases.

.

**Art. 186.** Anyone who, by voluntary action or omission, negligence or recklessness, violates the right and causes harm to another, even if exclusively moral, commits an unlawful act.

**Art. 187.** The holder of a right who, in exercising it, manifestly exceeds the limits imposed by its economic or social purpose, good faith and good manners, also commits an unlawful act.

**Art. 189.** If the right is violated, the holder is entitled to file a claim, which will extinguished by the statute of limitations, within the deadlines referred to in arts. 205 and 206.

**Art. 206.** The following is time-barred:

§1 In one year:

I  - the claim of hosts or suppliers of food intended for consumption in the establishment itself, for the payment of lodging or food;

II - the claim of the insured party against the insurer, or vice versa, as of:

a) with respect to the insured party, in the case of civil liability insurance, the date on which the insured party is notified to respond to the indemnity action filed by the aggrieved third party, or as of the date on which the latter is indemnified, with the consent of the insurer;

b) in the case of other types of insurance, awareness of the fact that triggers the claim;

III - the claim of notary publics, court aides, court servants, arbitrators and experts, for receipt of fees and costs;

IV - the claim against the experts for the evaluation of the assets that were used to make up the share capital of a corporation, as of publication of the minutes of the meeting that approved the expert report;

V - the claim of unpaid creditors against partners or shareholders and liquidators, as of publication of the minutes closing the company's liquidation.

§2 In two years, the claim for alimony, from the date on which it expires.

§3 In three years:

I - the claim relating to urban or rustic building rentals;

II - the claim to receive payments due from temporary or lifetime rents;

III - the claim for interest, dividends or any ancillary installments, payable in periods not exceeding one year, with or without capitalization;

IV - the claim for compensation for enrichment without cause;

V - the claim for civil reparations;

VI - the claim for refund of profits or dividends received in bad faith, as of the date on which the profits or dividends were distributed;

VII - the claim against the following persons for breach of law or bylaws, as of:

a) publication of the articles of incorporation of the corporation, with respect to founders;

b) presentation, to the partners, of the balance sheet for the fiscal year in which the breach was perpetrated, or as of the meeting or general meeting in which such breach should have been informed, with respect to administrators or auditors;

c) the first semi-annual meeting after the breach, with respect to liquidators;

VIII - the claim for payment of credit securities, as its due date, except for specific provisions of law;

IX - the claim of the beneficiary against the insurer, and the claim of the aggrieved third party, in the case of mandatory civil liability insurance.

§ 4 In four years, the claim relating to protection, as of the date of approval of the accounts.

§ 5 In five years:

I - the claim to collect net debts contained in a public or private instrument;

II   - the claim of independent professionals in general, court prosecutors, trustees and teachers for their fees, as of completion of services, termination of the respective agreements or mandate;

III - the winner's claim to receive from the losing party what he spent in court.

**Art. 927.** Whoever causes damage to another by an unlawful act (Articles 186 and 187) is obligated to repari it.

Sole paragraph. There will be an obligation to repair the damage, regardless of fault, in the cases specified by law, or when the activity normally carried out by the perpetrator of the damage implies, by its nature, risk to the rights of others.

**Art. 1,011.** The company administrator must employ, in the execution of his/her duties, the care and diligence that every expeditious and virtuous person would normally employ in the administration of his/her own business.

§1 In addition to persons impaired under special laws, administrators cannot be persons condemned to penalties that, albeit temporarily, preclude them from access to public office; bankruptcy fraud, malfeasance, bribery or graft, corruption or embezzlement; or crimes against the economy, against the national financial system, against anti-trust regulations, against fair trade regulations, public faith or property, as long as the effects of their sentences prevail.

§2 The provisions concerning mandate shall apply to the activity of the directors, as applicable.

**Art. 1,016.** The directors are jointly and severally liable to the company and to injured third parties for any failure in the performance of their duties.

**Art. 1,142.** An entire complex of assets is considered to be organized, for the exercise of the company, by a businessman or by a company. (See Law No. 14,195, of 2021)

§1 The establishment is not to be confused with the place where business activity is conducted, which may be physical or virtual. (Added by Law No. 14,382, of 2022)

§2 When the place where business activities are conducted is virtual, the address provided for the purposes of registration may be, as the case may be, the address of the individual entrepreneur or that of one of the partners of the company. (Added by Law No. 14,382, of 2022)

§3 When the place where business activities are conducted is physical, the establishment of operating hours will be the responsibility of the Municipality, observing the general rules set forth in item II of the introductory paragraph of Art. 3 of Law No. 13,874, dated September 20, 2019. (Added by Law No. 14,382, of 2022)



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Brazilian Civil Code**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
July 25, 2023



_____
Signature, Notary Public

_____
Stamp, Notary Public

# ANEXO 2

# Código Civil Brasileiro

Art. 49-A.  A pessoa jurídica não se confunde com os seus sócios, associados, instituidores ou administradores. (Incluído pela Lei nº 13.874, de 2019)

Parágrafo único. A autonomia patrimonial das pessoas jurídicas é um instrumento lícito de alocação e segregação de riscos, estabelecido pela lei com a finalidade de estimular empreendimentos, para a geração de empregos, tributo, renda e inovação em benefício de todos.

. . .

Art. 50.  Em caso de abuso da personalidade jurídica, caracterizado pelo desvio de finalidade ou pela confusão patrimonial, pode o juiz, a requerimento da parte, ou do Ministério Público quando lhe couber intervir no processo, desconsiderá-la para que os efeitos de certas e determinadas relações de obrigações sejam estendidos aos bens particulares de administradores ou de sócios da pessoa jurídica beneficiados direta ou indiretamente pelo abuso. (Redação dada pela Lei nº 13.874, de 2019)

§ 1º  Para os fins do disposto neste artigo, desvio de finalidade é a utilização da pessoa jurídica com o propósito de lesar credores e para a prática de atos ilícitos de qualquer natureza. (Incluído pela Lei nº 13.874, de 2019)

§ 2º Entende-se por confusão patrimonial a ausência de separação de fato entre os patrimônios, caracterizada por: (Incluído pela Lei nº 13.874, de 2019)

I - cumprimento repetitivo pela sociedade de obrigações do sócio ou do administrador ou vice-versa; (Incluído pela Lei nº 13.874, de 2019)

II - transferência de ativos ou de passivos sem efetivas contraprestações, exceto os de valor proporcionalmente insignificante; e (Incluído pela Lei nº 13.874, de 2019)

III - outros atos de descumprimento da autonomia patrimonial. (Incluído pela Lei nº 13.874, de 2019)

§ 3º  O disposto no caput e nos §§ 1º e 2º deste artigo também se aplica à extensão das obrigações de sócios ou de administradores à pessoa jurídica. (Incluído pela Lei nº 13.874, de 2019)

§ 4º  A mera existência de grupo econômico sem a presença dos requisitos de que trata o caput deste artigo não autoriza a desconsideração da personalidade da pessoa jurídica. (Incluído pela Lei nº 13.874, de 2019)

§ 5º  Não constitui desvio de finalidade a mera expansão ou a alteração da finalidade original da atividade econômica específica da pessoa jurídica. (Incluído pela Lei nº 13.874, de 2019)

Art. 159. Serão igualmente anuláveis os contratos onerosos do devedor insolvente, quando a insolvência for notória, ou houver motivo para ser conhecida do outro contratante.

Art. 166. É nulo o negócio jurídico quando:

I - celebrado por pessoa absolutamente incapaz;

II - for ilícito, impossível ou indeterminável o seu objeto;

III - o motivo determinante, comum a ambas as partes, for ilícito;

IV - não revestir a forma prescrita em lei;

V - for preterida alguma solenidade que a lei considere essencial para a sua validade;

VI - tiver por objetivo fraudar lei imperativa;

VII - a lei taxativamente o declarar nulo, ou proibir-lhe a prática, sem cominar sanção

Art. 167. É nulo o negócio jurídico simulado, mas subsistirá o que se dissimulou, se válido for na substância e na forma.

§ 1 o Haverá simulação nos negócios jurídicos quando:

I - aparentarem conferir ou transmitir direitos a pessoas diversas daquelas às quais realmente se conferem, ou transmitem;

II - contiverem declaração, confissão, condição ou cláusula não verdadeira;

III - os instrumentos particulares forem antedatados, ou pós-datados.

§ 2 o Ressalvam-se os direitos de terceiros de boa-fé em face dos contraentes do negócio jurídico simulado.

Art. 169. O negócio jurídico nulo não é suscetível de confirmação, nem convalesce pelo decurso do tempo.

Art. 178. É de quatro anos o prazo de decadência para pleitear-se a anulação do negócio jurídico, contado:
I - no caso de coação, do dia em que ela cessar;
II - no de erro, dolo, fraude contra credores, estado de perigo ou lesão, do dia em que se realizou o negócio jurídico;
III - no de atos de incapazes, do dia em que cessar a incapacidade.

Art. 186. Aquele que, por ação ou omissão voluntária, negligência ou imprudência, violar direito e causar dano a outrem, ainda que exclusivamente moral, comete ato ilícito.

Art. 187. Também comete ato ilícito o titular de um direito que, ao exercê-lo, excede manifestamente os limites impostos pelo seu fim econômico ou social, pela boa-fé ou pelos bons costumes.

Art. 189. Violado o direito, nasce para o titular a pretensão, a qual se extingue, pela prescrição, nos prazos a que aludem os arts. 205 e 206.

Art. 206. Prescreve:

§ 1 º Em um ano:

I - a pretensão dos hospedeiros ou fornecedores de víveres destinados a consumo no próprio estabelecimento, para o pagamento da hospedagem ou dos alimentos;
II - a pretensão do segurado contra o segurador, ou a deste contra aquele, contado o prazo:
a) para o segurado, no caso de seguro de responsabilidade civil, da data em que é citado para responder à ação de indenização proposta pelo terceiro prejudicado, ou da data que a este indeniza, com a anuência do segurador;
b) quanto aos demais seguros, da ciência do fato gerador da pretensão;
III - a pretensão dos tabeliães, auxiliares da justiça, serventuários judiciais, árbitros e peritos, pela percepção de emolumentos, custas e honorários;
IV - a pretensão contra os peritos, pela avaliação dos bens que entraram para a formação do capital de sociedade anônima, contado da publicação da ata da assembléia que aprovar o laudo;
V - a pretensão dos credores não pagos contra os sócios ou acionistas e os liquidantes, contado o prazo da publicação da ata de encerramento da liquidação da sociedade.

§ 2 º Em dois anos, a pretensão para haver prestações alimentares, a partir da data em que se vencerem.

§ 3 º Em três anos:

I - a pretensão relativa a aluguéis de prédios urbanos ou rústicos;
II - a pretensão para receber prestações vencidas de rendas temporárias ou vitalícias;
III - a pretensão para haver juros, dividendos ou quaisquer prestações acessórias, pagáveis, em períodos não maiores de um ano, com capitalização ou sem ela;
IV - a pretensão de ressarcimento de enriquecimento sem causa;
V - a pretensão de reparação civil;
VI - a pretensão de restituição dos lucros ou dividendos recebidos de má-fé, correndo o prazo da data em que foi deliberada a distribuição;
VII - a pretensão contra as pessoas em seguida indicadas por violação da lei ou do estatuto, contado o prazo:
a) para os fundadores, da publicação dos atos constitutivos da sociedade anônima;
b) para os administradores, ou fiscais, da apresentação, aos sócios, do balanço referente ao exercício em que a violação tenha sido praticada, ou da reunião ou assembléia geral que dela deva tomar conhecimento;
c) para os liquidantes, da primeira assembléia semestral posterior à violação;
VIII - a pretensão para haver o pagamento de título de crédito, a contar do vencimento, ressalvadas as disposições de lei especial;
IX - a pretensão do beneficiário contra o segurador, e a do terceiro prejudicado, no caso de seguro de responsabilidade civil obrigatório.

§ 4º Em quatro anos, a pretensão relativa à tutela, a contar da data da aprovação das contas.

§ 5º Em cinco anos:

I - a pretensão de cobrança de dívidas líquidas constantes de instrumento público ou particular;
II - a pretensão dos profissionais liberais em geral, procuradores judiciais, curadores e professores pelos seus honorários, contado o prazo da conclusão dos serviços, da cessação dos respectivos contratos ou mandato;
III - a pretensão do vencedor para haver do vencido o que despendeu em juízo.

11

Art. 927. Aquele que, por ato ilícito (arts. 186 e 187), causar dano a outrem, fica obrigado a repará-lo.
Parágrafo único. Haverá obrigação de reparar o dano, independentemente de culpa, nos casos especificados em lei, ou quando a atividade normalmente desenvolvida pelo autor do dano implicar, por sua natureza, risco para os direitos de outrem.

Art. 1.011. O administrador da sociedade deverá ter, no exercício de suas funções, o cuidado e a diligência que todo homem ativo e probo costuma empregar na administração de seus próprios negócios.

§ 1 o Não podem ser administradores, além das pessoas impedidas por lei especial, os condenados a pena que vede, ainda que temporariamente, o acesso a cargos públicos; ou por crime falimentar, de prevaricação, peita ou suborno, concussão, peculato; ou contra a economia popular, contra o sistema financeiro nacional, contra as normas de defesa da concorrência, contra as relações de consumo, a fé pública ou a propriedade, enquanto perdurarem os efeitos da condenação.

§ 2 o Aplicam-se à atividade dos administradores, no que couber, as disposições concernentes ao mandato.

Art. 1.016. Os administradores respondem solidariamente perante a sociedade e os terceiros prejudicados, por culpa no desempenho de suas funções.

Art. 1.142. Considera-se estabelecimento todo complexo de bens organizado, para exercício da empresa, por empresário, ou por sociedade empresária.    (Vide Lei nº 14.195, de 2021)

§ 1º O estabelecimento não se confunde com o local onde se exerce a atividade empresarial, que poderá ser físico ou virtual.   (Incluído pela Lei nº 14.382, de 2022)

§ 2º Quando o local onde se exerce a atividade empresarial for virtual, o endereço informado para fins de registro poderá ser, conforme o caso, o endereço do empresário individual ou o de um dos sócios da sociedade empresária.   (Incluído pela Lei nº 14.382, de 2022)

§ 3º Quando o local onde se exerce a atividade empresarial for físico, a fixação do horário de funcionamento competirá ao Município, observada a regra geral prevista no inciso II do caput do art. 3º da Lei nº 13.874, de 20 de setembro de 2019.   (Incluído pela Lei nº 14.382, de 2022)

# EXHIBIT 3

# Brazilian Code of Civil Procedure

**Art. 22.** The Brazilian judicial authority is also responsible for processing and judging the actions:

I - for alimony, when:

a) the creditor has a domicile or residence in Brazil;

b) the defendant has ties in Brazil, such as possession or ownership of assets, receipt of income or obtaining economic benefits;

II - arising from consumer relations, when the consumer has a domicile or residence in Brazil;

III - in which the parties, expressly or tacitly, are subject to national jurisdiction.

Art. 63. The parties may change jurisdiction by reason of amount and territory, and select the jurisdiction where an action arising from rights and obligations is to be filed.

§ 1 The choice of jurisdiction only takes effect when it appears in a written instrument, expressly refers to a certain legal business and retains relevance with the domicile or residence of one of the parties or with the place of obligation, except for consumerist agreement, when favorable to the consumer. (Text provided by Law No. 14.879, of June 4, 2024)

§ 2 Contractual jurisdiction is binding on the heirs and successors of the parties.

§ 3 Prior to the summons, the court selection clause, if abusive, may be considered ineffective at the discretion of the judge, who will order the case files to be forwarded to the court with jurisdiction in the defendant's domicile.

§ 4 Once the defendant is summoned, he/she is responsible for claiming abuse in the court selection clause during the dispute, under penalty of estoppel.

§ 5 The filing of a lawsuit in a random court, understood as one without any connection with the domicile or residence of the parties or the legal business discussed in the complaint, constitutes an abusive practice that justifies declining the jurisdictional authority.

**Art. 109.** The transfer of the object or right under dispute by an inter vivos act, particularly, does not alter the standing of the parties

§ 1 The acquirer or assignee may not be a party to legal proceedings on behalf of the transferor or assignor, without the consent of the opposing party.

§ 2 The acquirer or assignee may intervene in the case as joint litigant with the transferor or assignor.

§ 3 The effects of the decision handed down on the original parties extend to the acquirer or assignee.

**Art. 114.** The joinder of parties will be necessary by provision of law or when, due to the nature of the disputed legal relationship, the effectiveness of the award depends on the summons of all potential co-parties.

**Art. 455.** The party's attorney will inform or summon the witness called by the attorney with regard to the day, time and place of the respective hearing, and not summons will be issued by the court.

§ 1 The summons must be sent with acknowledgement of receipt, and the attorney must file a copy of the summons correspondence and acknowledgment of receipt in the case files at least 3 (three) days prior to the date of the hearing.

§ 2 The party may undertake to transport the witness to the hearing, regardless of the summons referred to in §1, and, in the event the witness fails to appear, it will be assumed that the party has given up on its examination.

§ 3 Any inertia in executing the summons referred to in §1 will result in preclusion of examination of the witness.

§ 4 The summons shall be made by the judicial means when:

I - the summons provided for in §1 of this article is not successful;

II - its need is duly demonstrated by the party to the court;

III - the witnesses include civil servants or military personnel, in which case the court will file a request with the respective head of the department or the military command;

IV - the witness has been called by the Ministry for Public Affairs or the Public Defender's Office;

V - the witness is one of those defined under art. 454 .

§ 5 Any witnesses summoned pursuant to §1 or §4 who fail to appear without a justified reason will be compelled to attend and will be held liable for the costs of any postponement.

**Art. 502.** Res judicata is the rule that renders immutable and undisputed a decision on the merits no longer subject to appeal.

**Art. 503.** Any decision that fully or partially decides on the merits has the force of law within the limits of the principal matter expressly decided.

§ 1 The provisions of the header apply to the decision on a matter of a preliminary ruling, expressly and incidentally decided in the case, if:

I - this decision depends on the decision on the merits;

II - there have been prior and effective adversarial proceedings, not applicable in the event of judgment by default;

III - the court has jurisdiction due to the matter and the person to rule on it as a main issue.

§ 2 The hypothesis of § 1 does not apply if the case includes restrictions as to discovery or limitations as to knowledge that prevent further analysis of the matter of a preliminary ruling.

**Art. 505.** No judge will re-decide the issues already decided in relation to the same case except:

I - if, in the case of a continuing legal relationship, changes in facts or laws occurred, in which case the party may request the review of what was established in the decision;

II - in other cases prescribed by law.

**Art. 506.** The decision is res judicata on the parties on which it is made, not harming third parties.

**Art. 963.** The following are essential requirements for approval of the decision:

I - It must be issued by a competent authority;

II - It must be preceded by a regular citation, even if verified by default;

III - It must be effective in the country where it was issued;

IV - It must not offend the Brazilian *res judicata*;

V - It must be accompanied by an official translation, except for a provision that waives it provided for in the treaty;

VI - It shall not contain a manifest offense to public order.

Sole paragraph. In order to grant the *exequatur* to rogatory letters, the assumptions set out in the caption of this article and in Art. 962, § 2.



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Brazilian Code of Civil Procedure**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_(signature)_

Dan McCourt

Sworn to before me this
July 25, 2023

_(signature)_
_____
Signature, Notary Public



_____
Stamp, Notary Public

**LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS**

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



TRANSPERFECT

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Art. 63 CPC**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Jacqueline Yorke

Sworn to before me this
November 11, 2024

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 2 7

_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.400.8840  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# ANEXO 3

# Código de Processo Civil Brasileiro

Art. 22. Compete, ainda, à autoridade judiciária brasileira processar e julgar as ações:

I - de alimentos, quando:

a) o credor tiver domicílio ou residência no Brasil;

b) o réu mantiver vínculos no Brasil, tais como posse ou propriedade de bens, recebimento de renda ou obtenção de benefícios econômicos;

II - decorrentes de relações de consumo, quando o consumidor tiver domicílio ou residência no Brasil;

III - em que as partes, expressa ou tacitamente, se submeterem à jurisdição nacional.

. . .

Art. 63. As partes podem modificar a competência em razão do valor e do território, elegendo foro onde será proposta ação oriunda de direitos e obrigações.

§ 1º A eleição de foro somente produz efeito quando constar de instrumento escrito, aludir expressamente a determinado negócio jurídico e guardar pertinência com o domicílio ou a residência de uma das partes ou com o local da obrigação, ressalvada a pactuação consumerista, quando favorável ao consumidor.   (Redação dada pela Lei nº 14.879, de 4 de junho de 2024)

§ 2º O foro contratual obriga os herdeiros e sucessores das partes.

§ 3º Antes da citação, a cláusula de eleição de foro, se abusiva, pode ser reputada ineficaz de ofício pelo juiz, que determinará a remessa dos autos ao juízo do foro de domicílio do réu.

§ 4º Citado, incumbe ao réu alegar a abusividade da cláusula de eleição de foro na contestação, sob pena de preclusão.

§ 5º O ajuizamento de ação em juízo aleatório, entendido como aquele sem vinculação com o domicílio ou a residência das partes ou com o negócio jurídico discutido na demanda, constitui prática abusiva que justifica a declinação de competência de ofício.

Art. 109. A alienação da coisa ou do direito litigioso por ato entre vivos, a título particular, não altera a legitimidade das partes.

§ 1º O adquirente ou cessionário não poderá ingressar em juízo, sucedendo o alienante ou cedente, sem que o consinta a parte contrária.

§ 2º O adquirente ou cessionário poderá intervir no processo como assistente litisconsorcial do alienante ou cedente.

§ 3º Estendem-se os efeitos da sentença proferida entre as partes originárias ao adquirente ou cessionário.

Art. 114. O litisconsórcio será necessário por disposição de lei ou quando, pela natureza da relação jurídica controvertida, a eficácia da sentença depender da citação de todos que devam ser litisconsortes.

Art. 455. Cabe ao advogado da parte informar ou intimar a testemunha por ele arrolada do dia, da hora e do local da audiência designada, dispensando-se a intimação do juízo.

§ 1º A intimação deverá ser realizada por carta com aviso de recebimento, cumprindo ao advogado juntar aos autos, com antecedência de pelo menos 3 (três) dias da data da audiência, cópia da correspondência de intimação e do comprovante de recebimento.

§ 2º A parte pode comprometer-se a levar a testemunha à audiência, independentemente da intimação de que trata o § 1º, presumindo-se, caso a testemunha não compareça, que a parte desistiu de sua inquirição.

§ 3º A inércia na realização da intimação a que se refere o § 1º importa desistência da inquirição da testemunha.

§ 4º A intimação será feita pela via judicial quando:

I - for frustrada a intimação prevista no § 1º deste artigo;

II - sua necessidade for devidamente demonstrada pela parte ao juiz;

III - figurar no rol de testemunhas servidor público ou militar, hipótese em que o juiz o requisitará ao chefe da repartição ou ao comando do corpo em que servir;

IV - a testemunha houver sido arrolada pelo Ministério Público ou pela Defensoria Pública;

V - a testemunha for uma daquelas previstas no art. 454 .

§ 5º A testemunha que, intimada na forma do § 1º ou do § 4º, deixar de comparecer sem motivo justificado será conduzida e responderá pelas despesas do adiamento.

Art. 502. Denomina-se coisa julgada material a autoridade que torna imutável e indiscutível a decisão de mérito não mais sujeita a recurso.

Art. 503. A decisão que julgar total ou parcialmente o mérito tem força de lei nos limites da questão principal expressamente decidida.

§ 1º O disposto no caput aplica-se à resolução de questão prejudicial, decidida expressa e incidentemente no processo, se:

I - dessa resolução depender o julgamento do mérito;

II - a seu respeito tiver havido contraditório prévio e efetivo, não se aplicando no caso de revelia;

III - o juízo tiver competência em razão da matéria e da pessoa para resolvê-la como questão principal.

§ 2º A hipótese do § 1º não se aplica se no processo houver restrições probatórias ou limitações à cognição que impeçam o aprofundamento da análise da questão prejudicial.

Art. 505. Nenhum juiz decidirá novamente as questões já decididas relativas à mesma lide, salvo:

I - se, tratando-se de relação jurídica de trato continuado, sobreveio modificação no estado de fato ou de direito, caso em que poderá a parte pedir a revisão do que foi estatuído na sentença;

II - nos demais casos prescritos em lei.

Art. 506. A sentença faz coisa julgada às partes entre as quais é dada, não prejudicando terceiros.

Art. 963. Constituem requisitos indispensáveis à homologação da decisão:

I - ser proferida por autoridade competente;

II - ser precedida de citação regular, ainda que verificada a revelia;

III - ser eficaz no país em que foi proferida;

IV - não ofender a coisa julgada brasileira;

V - estar acompanhada de tradução oficial, salvo disposição que a dispense prevista em tratado;

VI - não conter manifesta ofensa à ordem pública.

Parágrafo único. Para a concessão do exequatur às cartas rogatórias, observar-se-ão os pressupostos previstos no caput deste artigo e no art. 962, § 2º

# EXHIBIT 4

**Brazilian Supreme Court**

**Precedent  335**

The forum selection clause is valid for proceedings arising from the contract.



**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Sumular 335**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
July 25, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# ANEXO 4

# Súmula 335 do Supremo Tribunal Federal

É válida a cláusula de eleição do fôro para os processos oriundos do contrato.

. . .

# EXHIBIT 5

# Brazilian Constitution

 **Art. 105.** The Higher Court of Justice shall:

I **-** process and judge, originally:

i) the ratification of foreign judgements and the granting of authorization for letters rogatory; (Included by Constitutional Amendment No. 45, of 2004)



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Constituição Federal Brasileira**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
July 25, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# ANEXO 5

# Constituição da República Federativa do Brasil de 1988

Art. 105. Compete ao Superior Tribunal de Justiça:

I - processar e julgar, originariamente:

i) a homologação de sentenças estrangeiras e a concessão de exequatur às cartas rogatórias;        (Incluída pela Emenda Constitucional nº 45, de 2004)

. . .

# EXHIBIT 6

# Academic writing

---

**Competent Court**

**Art. 134.** The *actio pauliana* shall be brought before the bankruptcy court and shall follow the ordinary procedure provided for in Law 5,869 of January 11, 1973 - Code of Civil Procedure

---

This is a simple rule on jurisdiction and procedure which is easy to interpret. It was already included in Art. 56 of the former Bankruptcy and Settlement Proceedings Law of 1945. It should be pointed out that the Code of Civil Procedure of 1973 was repealed by Law 13.105, of March 16, 2015, which set out the current Code of Civil Procedure. Contrary to Art. 272 of the repealed Code of Civil Procedure of 1973, which established that the common procedure was an ordinary or summary one, the Code of Civil Procedure, in Art. 318, provides as follows: "Common procedure is applicable to all cases, unless otherwise provided in this Code or in statutory law." There is no longer any differentiation between ordinary and summary procedure. The rule, therefore, is that the ordinary procedure shall apply, which the *actio pauliana* shall be subject to.

The action must be filed before the bankruptcy court, which, in accordance with Art. 76 of Law 11.101/2005, is indivisible and competent to hear all actions concerning the bankrupt's assets, interests and business. The universal bankruptcy court rule applies.

## Juízo competente

**Art. 134.** A ação revocatória correrá perante o juízo da falência e obedecerá ao procedimento ordinário previsto na Lei nº 5.869, de 11 de janeiro de 1973 – Código de Processo Civil.

Trata-se de simples regra de competência e de procedimento, de fácil interpretação. Já constava do art. 56 da antiga Lei de Falências e Concordatas de 1945. Cumpre observar que o Código de Processo Civil de 1973 foi revogado pela Lei 13.105, de 16 de março de 2015, que instituiu o atual Código de Processo Civil. Ao contrário do que previa o art. 272 do revogado Código de Processo Civil de 1973, que estabelecia que o procedimento comum era ordinário ou sumário, o Código de Processo Civil, no art. 318, preceitua: "Aplica-se a todas as causas o procedimento comum, salvo disposição em contrário deste Código ou de lei". Não há mais diferenciação entre procedimento ordinário e sumário. A regra, portanto, é a incidência do procedimento comum, ao qual será submetida a ação revocatória.

A ação deve ser ajuizada perante o juízo da falência, o qual, a teor do art. 76 da Lei 11.101/2005, é indivisível e competente para conhecer todas as ações sobre bens, interesses e negócios do falido. Incide a regra do juízo universal da falência.

## Sentença da ação revocatória

**Art. 135.** A sentença que julgar procedente a ação revocatória determinará o retorno dos bens à massa falida em espécie, com todos os acessórios, ou o valor de mercado, acrescidos das perdas e danos.

**Parágrafo único.** Da sentença cabe apelação.

A sentença que julgar procedente a ação revocatória tem o efeito de restituir a situação anterior ao negócio de direito material impugnado, ordenando o retorno dos bens em espécie e ma...



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Picture 1**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
July 25, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# ANEXO 6

**PEREIRA CALÇAS, M.Q. Comentários à Lei de Recuperação de Empresas. São Paulo: Thomson Reuters/Revista dos Tribunais, 2021, p. 754**



. . .

# EXHIBIT 7

[logo] CJF (*Conselho da Justiça Federal* [Federal Justice Board])
(/precendents/)

First Page (/precendents/)/Precendents 188

## Session

III Session on Civil Law

## General Coordination

Justice Ruy Rosado de Aguiar

## Working Committee

Contract and Civil Liability Law

## Coordinator of the Working Committee

Antônio Junqueira de Azevedo and José Osório de Azevedo Jr.

## Number

188

## Precedent

As a general rule, the existence of a valid and effective legal business activity constitutes just cause for enrichment.

## Legal Reference

Standard: 2002 Civil Code – Law No. 10,406/2002
(http://www.planalto.gov.br/ccivil_03/Leis/2002/L10406.htm) ART: 884;

## Search Terms

ENRICHMENT WITHOUT CAUSE, RESTITUTION, IMPROPER AMOUNT



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Consulta de Enunciados**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Dan McCourt

Sworn to before me this
October 9, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

# ANEXO 7

CJF - Enunciados
(/enunciados/)

Página Inicial (/enunciados/)  /  Enunciado 188

## Jornada

III Jornada de Direito Civil

## Coordenador-Geral

Ministro Ruy Rosado de Aguiar

## Comissão de Trabalho

Direito das Obrigações e Responsabilidade Civil

## Coordenador da Comissão de Trabalho

Antônio Junqueira de Azevedo e José Osório de Azevedo Jr.

## Número

188

## Enunciado

A existência de negócio jurídico válido e eficaz é, em regra, uma justa causa para o enriquecimento.

## Referência Legislativa

Norma: Código Civil 2002 - Lei n. 10.406/2002 (http://www.planalto.gov.br/ccivil_03/Leis/2002/L10406.htm)
ART: 884;

## Palavras de Resgate

ENRIQUECIMENTO SEM CAUSA, RESTITUIÇÃO, VALOR INDEVIDO

# EXHIBIT 8

**DECREE-LAW No. 4.657, DATED SEPTEMBER 4, 1942.**

Introductory Law to the rules of Brazilian Law.

      Art. 9 The laws of the country where the obligations arise will be applied to categorize and govern them.

      Paragraph 1 If the obligation is to be performed in Brazil and depending on key aspects, the latter will be applied, while foreign law peculiarities are accepted as regards external requirements to the act.

      Paragraph 2 The obligation arising from the agreement is deemed constituted at the location of the applicant's residence.



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Lei de Introducao as Normas do Direito Brasileiro**" is, to the best of my knowledge and belief, a true and accurate translation from Portuguese into English.

_____
Jacqueline Yorke

Sworn to before me this
November 13, 2024

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public

# ANEXO 8

DECRETO-LEI Nº 4.657, DE 4 DE SETEMBRO DE 1942

Lei de Introdução às normas do Direito Brasileiro.


Art. 9º  Para qualificar e reger as obrigações, aplicar-se-á a lei do país em que se constituirem.

§ 1º  Destinando-se a obrigação a ser executada no Brasil e dependendo de forma essencial, será esta observada, admitidas as peculiaridades da lei estrangeira quanto aos requisitos extrínsecos do ato.

§ 2º  A obrigação resultante do contrato reputa-se constituida no lugar em que residir o proponente.

# EXHIBIT 9



*MANOEL ANTONIO SCHIMIDT*

**Tradutor Público e Intérprete Comercial**
**Matrícula Nº 490 da Junta Comercial do Estado de São Paulo**

**Praça da Sé, 21 - 14º Andar - Sala 1.409 – Centro - São Paulo -  SP - Tel.: (011) 3291-4420**

**LIVRO Nº**  902          **FOLHA**  1          **TRADUÇÃO Nº  I-213.721/24**

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:

*[The following two pages bear the following content as a header]:*

page 8141 *[up to page 8142]*

[Coat of arms of the COURT OF JUSTICE OF THE STATE OF SÃO PAULO]

**COURT OF JUSTICE OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO
CIVIL CENTRAL FORUM
2nd COURT OF BANKRUPTCY AND JUDICIAL REORGANIZATION
Praça João Mendes s/nº, Salas 1813/1815 – 18º andar, Centro – CEP 01501-900,
Phone: (11) 3538-9313, São Paulo-SP - Email: sp2falencias@tjsp.jus.br

*[End of header]* ----------------------------------------------------------------------

*[Seal]:* DIGITAL SIGNATURE – **TJSP – SAJ**

**CONCLUSION**

On October 17. 2024, I make these final records to the Hon. Judge of the 2nd Court of Bankruptcy and Judicial Reorganization, Dr. PAULO FURTADO DE OLIVEIRA FILHO. I, LUCAS MUNIZ BATISTA, Judicial Assistant, *subscribed.*

**DECISION**

Case No.:              **1088030-29.2016.8.26.0100**

Class - Subject        **Bankruptcy of Entrepreneurs, Business Companies, Micro and Small Businesses - Judicial Reorganization and Bankruptcy**

Applicant:             **Sl 15 Empreendimentos e Participações S.a.**

Bankrupt (Taxpayer):  **Tinto Holding Ltda**

Judge: Dr. **PAULO FURTADO DE OLIVEIRA FILHO**

Seen.

**Pages 7.870/7.872 (last decision)**

**Pages 7920/7928 (Judicial Administrator), Pages 8017/9024 (Natalino Bertin) and Pages 8140 (JBS):** I accept the reasons set forth by the Judicial

This document has been digitally signed by the signatory(ies) listed in the signature protocol. To validate the signatures, go to: https://sdocs.safeweb.com.br/portal/Validador?publicId=6f1d58e1-5474-4f02-a422-1f099fa1121a

INSCRIÇÃO: RG  3.441.239 - CPF  346.307.328-53  -  PMSP (ISS) 8.545.237-8  -  IAPAS  110.591.000-74



*MANOEL ANTONIO SCHIMIDT*

**Tradutor Público e Intérprete Comercial**
**Matrícula Nº 490 da Junta Comercial do Estado de São Paulo**

**Praça da Sé, 21 - 14º Andar - Sala 1.409 – Centro - São Paulo -  SP - Tel.: (011) 3291-4420**

**LIVRO Nº**  902              **FOLHA**  2              **TRADUÇÃO Nº**  **I-213.721/24**

Administrator, to authorize the amendment of the complaint to be filed by this date in the USA, in order to avoid irreparable damage to the Bankruptcy Estate, since the absence of amendment would result in the extinction of the lawsuit which, if judged to be valid, could provide the Bankruptcy Estate with sufficient resources to satisfy all liabilities.

Considering, on the other hand, that measures are underway in Brazil to equate the tax liability, as well as the assumption, by a third party of the obligation to pay the unsecured liability, this court considers it appropriate that the action filed abroad be suspended or a mediation instituted.

For the time being, without a definitive statement from the Treasury on the modalities of satisfaction of the tax credit and without a careful analysis of the financial and equity situation of the Fund that is willing to pay the bankruptcy liabilities (remembering that documents were presented today without time to conclude with certainty about the Fund's ability to pay),  the most prudent solution is the authorization for the amendment, without prejudice to the Judicial Administrator verifying with the Bankruptcy Estate's lawyers the possibility of suspending the action or initiating a mediation.

Within the period of suspension or mediation, it is confident that the measures aimed at closing this bankruptcy will be finalized with the satisfaction of the creditors, avoiding new expenses, with savings of resources that may revert to the benefit of the creditors.

To the Judicial Administrator, for examination of the clarifications and documents attached by Natalino Bertin.

Be it summoned.

São Paulo, October 17, 2024.

**DOCUMENT DIGITALLY SIGNED UNDER THE TERMS OF LAW 11,419/2006, AS PRINTED ON THE RIGHT MARGIN**

*[The document bears the following content, in its two pages, as footnote]:*
**Case No. 1088030-29.2016.8.26.0100 – p. 1** *[until p. 2]*

This document has been digitally signed by the signatory(ies) listed in the signature protocol. To validate the signatures, go to: https://sdocs.safeweb.com.br/portal/Validador?publicID=6f1d58e1-5474-4f02-a422-1f099fa1f21a

INSCRIÇÃO: RG  3.441.239  -  CPF  346.307.328-53   -   PMSP (ISS)  8.545.237-8  -  IAPAS  110.591.000-74



# *MANOEL ANTONIO SCHIMIDT*

**Tradutor Público e Intérprete Comercial**
**Matrícula Nº 490 da Junta Comercial do Estado de São Paulo**

Praça da Sé, 21 - 14º Andar - Sala 1.409 – Centro - São Paulo -  SP - Tel.: (011) 3291-4420

**LIVRO Nº**  902          **FOLHA**  3          **TRADUÇÃO Nº**  **I-213.721/24**

---

*[The document bears at the right-side margin the following content]:*
This document is a copy of the original, digitally signed by PAULO FURTADO DE OLIVEIRA FILHO, released in the records on 10/17/2024 at 03:52 p.m.
To check the original, access the website:
https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do,         enter         case 1088030-29.2016.8.26.0100 and code gqd1cQRX.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
NOTHING ELSE was contained in said original, which I return with this faithful translation. IN WITNESS WHEREOF, I have hereunto set my hand and seal of office, this October 21st, 2024.                                  Satu/3527



*[Digital Signature]*
***MANOEL ANTONIO SCHIMIDT***
***Sworn Translator***

INSCRIÇÃO: RG  3.441.239  -  CPF  346.307.328-53   -   PMSP (ISS)  8.545.237-8  -  IAPAS  110.591.000-74





# SIGNATURES REPORT

**This document has been digitally or electronically signed on the sDoc Signature Portal platform.**

**Digital certification of the authenticity of the documents maintained on the respective page, issued by a certified authority within the scope of the Brazilian Public Key Infrastructure (ICP-Brasil).**

**Check the signatures at:**

https://sdocs.safeweb.com.br/portal/Validador?publicID=6f1d58e1-5474-4f02-a422-1f099fa1f21a

Access Key: 6f1d58e1-5474-4f02-a422-1f099fa1f21a



**Document Hash**

0c46b210b0419b9d4915fcb7c5d7fa3c4e90699c39f2db1c38cecc29115e80fc

Document available at



**Document(s) generated on 10-21-2024, with the following participant(s):**

MANOEL ANTONIO SCHIMIDT - 346.307.328-53 in 10/21/2024 3:15:12 PM UTC-03:00
**Signature Type:** Digital
**Identification:** by e-mail: clenilson.cobra@uts.com.br
**Geolocation:** Latitude: -23.5488395 Longitude: -46.633524
**IP:** 187.34.2.151

**Signature**



Digitally signed electronic document.
Legal validity guaranteed according to
Provisional Measure 2,200-2/2001, which
established ICP-Brasil.

# ANEXO 9



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1813/1815 - 18º andar, Centro - CEP
Fone: (11) 3538-9313, São Paulo-SP - E-mail: sp2falencias@tjsp.jus.br

---

**CONCLUSÃO**

Em 17 de outubro de 2024 faço estes autos conclusos ao MM. Juiz de Direito da 2ª Vara de Falências e Recuperações Judiciais, Dr. PAULO FURTADO DE OLIVEIRA FILHO. Eu, LUCAS MUNIZ BATISTA, Assistente Judiciário, *subscrevi.*

---

**DECISÃO**

| | |
|---|---|
| Processo nº: | **1088030-29.2016.8.26.0100** |
| Classe - Assunto | **Falência de Empresários, Sociedades Empresáriais, Microempresas e Empresas de Pequeno Porte - Recuperação judicial e Falência** |
| Requerente: | **Sl 15 Empreendimentos e Participações S.a.** |
| Falido (Passivo): | **Tinto Holding Ltda** |

Juiz(a) de Direito: Dr(a). **PAULO FURTADO DE OLIVEIRA FILHO**

Vistos.

**Fls. 7.870/7.872 (última decisão)**

**Fls. 7920/7928 (Administradora Judicial), Fls. 8017/9024 (Natalino Bertin) e Fls. 8140 (JBS):** Acolho as razões expostas pela Administradora Judicial, para autorizar a emenda da petição inicial a ser apresentada até esta data nos EUA, a fim de evitar prejuízo irreparável à Massa Falida, pois a ausência de emenda resultaria na extinção de demanda que, se julgada procedente, poderia prover a Massa Falida de recursos suficientes para a satisfação de todo o passivo.

Considerando, por outro lado, que estão em andamento no Brasil medidas para equacionamento do passivo tributário, bem como a assunção, por parte de terceiro, da obrigação do pagamento do passivo quirografário, este juízo considera oportuno que a ação proposta no exterior seja suspensa ou instaurada uma mediação.

Por ora, sem manifestação definitiva das Fazendas acerca das modalidades de satisfação do crédito tributário e sem a detida análise da situação financeira e patrimonial do Fundo que se dispõe a pagar o passivo concursal (lembrando que hoje foram apresentados documentos sem tempo hábil para que se possa concluir com

**Processo nº 1088030-29.2016.8.26.0100 - p. 1**

1



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
2ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Salas 1813/1815 - 18º andar, Centro - CEP 01501-900,
Fone: (11) 3538-9313, São Paulo-SP - E-mail: sp2falencias@tjsp.jus.br

segurança a respeito da capacidade de pagamento do Fundo), a solução mais prudente é a autorização para a emenda, sem prejuízo da Administradora Judicial verificar junto aos advogados da Massa Falida a possibilidade de suspensão da ação ou o início de uma mediação.

No prazo de suspensão ou da mediação, confia-se que serão ultimadas as providências voltadas ao encerramento desta falência com satisfação dos credores, evitando-se novas despesas, com economia de recursos que poderão reverter em proveito dos credores.

À Administradora Judicial, para exame dos esclarecimentos e documentos juntados por Natalino Bertin.

Int.

São Paulo, 17 de outubro de 2024.

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA

Este documento é cópia do original, assinado digitalmente por PAULO FURTADO DE OLIVEIRA FILHO, liberado nos autos em 17/10/2024 às 15:52.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1088030-29.2016.8.26.0100 e código gqd1cQRX.

**Processo nº 1088030-29.2016.8.26.0100 - p. 2**